

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 17 2005

JAMES W. McCORMACK, CLERK
By: _____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

UNITED STATES OF AMERICA　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　CRIMINAL NO. 4:97-cr-00243-GTE
　　　　　　　　　　　　　　　§
DANIEL LEWIS LEE　　　　　　§
　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§
_____　§

## MOTION FOR APPOINTMENT OF COUNSEL TO PURSUE POST-CONVICTION REMEDIES, AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW defendant Daniel Lewis Lee, and hereby moves this Court pursuant to 21 U.S.C. § 848q for an Order appointing attorney David Ruhnke and Larry Komp as lead counsel to pursue all available post-conviction remedies in the above-styled case. In support of same, Mr. Lee provides the following:

On May 4, 1999, Mr. Lee was convicted of murder in this Court under 18 U.S.C. §1959 and sentenced to death pursuant to 18 U.S.C. §3591, *et seq.* His direct appeal to the United States Court of Appeals for the Eighth Circuit was unsuccessful, *see United States v. Lee,* 374 F.3d 637 (8th Cir. 2004). On June 27, 2005, the United States Supreme Court denied review on certiorari. *See Lee v. United States,* ___ U.S. ___, 125 S.Ct. 2962 (June 27, 2005) No. 00-8635.

Having exhausted his avenues of relief on direct appeal, Mr. Lee now wishes to

pursue all available post-conviction remedies, as well as clemency if necessary, and requires the assistance of counsel to do so. In this motion and memorandum he requests that this Court appoint lead counsel on direct appeal, Mr. David Ruhnke, along with Larry Komp.

Applicable federal law requires the appointment of qualified counsel in this case. In 1988 Congress enacted the Anti-Drug Abuse Act. *See* 21 U.S.C. §848. In general, the Act created a number of federal crimes involving drug trafficking, and provided for a federal death penalty in some cases.[1] Section 848(q)(4)(B) relates to the appointment of counsel (and related matters) in death penalty cases, including those arising from federal charges. That section requires, *inter alia*, the appointment of "one or more" attorneys for indigent inmates seeking relief from their federal capital convictions and sentences of death in §2255 proceedings or in any other post-conviction proceedings, including clemency.[2] Mr. Lee is such an inmate. His indigent status was previously determined by this Court and the

---

[1] Although the law was clearly a federal criminal statute, because it related to drugs it was contained in Title 21 of the U.S. Code, dealing with food and drugs, rather than Title 18. Mr. Lee was sentenced to death under a later-enacted federal statute, 18 U.S.C. §3591 *et seq.*. The appointment of post-conviction counsel for §2255 and/or clemency proceedings in his case, however, is governed by 21 U.S.C. §848q(4)(B).

[2] The statute provides:

(B) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

21 U.S.C. §848(q)(4)(B).

United States Court of Appeals for the Eighth Circuit. He is therefore entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

Since its enactment, the U.S. Supreme Court has interpreted provisions of this statute, specifically holding that the appointment of qualified counsel in these cases is mandated by federal law: "[o]n its face, this statute grants indigent capital defendants a mandatory right to qualified legal counsel and related services '[i]n any [federal] post conviction proceeding.'" *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 2571-74 (1994) (emphasis added).

The 1988 law also contains specific provisions regarding qualifications of counsel, *ex parte* proceedings for funds for experts, investigators and other necessary services, and payment of counsel. In particular, the law requires that appointed counsel have sufficient experience and expertise in the appropriate area of law.[3] For a variety of reasons set forth

---

[3] In post-trial cases such as this, sub-section (6) provides:

> at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

21 U.S.C. §848(q)(6). Sub-section (7) provides:

> With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

*Id.*

herein and in the accompanying exhibits, the proper course in this case is for the Court to appoint counsel David Ruhnke and Larry Komp as lead counsel in this matter.

As previously noted, the appointment of Mr. Ruhnke and Mr. Komp makes sense for a variety of reasons. First, both Mr. Ruhnke and Mr. Komp have consulted with Mr. Lee and have established a relationship that will greatly assist in the preparation of the § 2255 petition. Because of the nature of these proceedings, a close working relationship must be established with the client in order to facilitate the presentation of all relevant claims. Both Mr. Ruhnke and Mr. Komp have an experience level that will serve to ease the transition to new counsel.

Second, the record in this case is voluminous. The direct appeal and trial file comprises approximately sixty (60) banker's boxes containing motions, briefs, discovery, correspondence and notes from Mr. Lee's counsel. Both Mr. Ruhnke and Mr. Komp are well aware of the scope of the case and have sufficient time in which to prepare and file the § 2255 petition.

Third, both Mr. Ruhnke and Mr. Komp possess the specialized experience in death penalty cases to provide Mr. Lee with outstanding counsel. (*See* attached resumés). It is clear that both Mr. Ruhnke and Mr. Komp have the necessary experience and qualifications to ensure Mr. Lee receives the quality of counsel required by law. *See* § 848(q)(7).

## Conclusion

This Court is required to appoint counsel in this case under applicable federal statute, 21 U.S.C. §848(q), and under governing federal case law, *see McFarland v. Scott, supra.* Counsel seeks nothing here that is not required by federal law. For reasons of quality of representation, continuity of counsel, and basic efficiency, the appointment of Mr. Ruhnke and Mr. Komp is demonstrably reasonable.

For these reasons, undersigned counsel respectfully requests that this Court appoint David Ruhnke and Larry Komp in the above-styled case. A proposed Order is attached to this Motion, for the Court's convenience.

Respectfully submitted,

Wyrsch Hobbs & Mirakian, P.C.

CHERYL PILATE   MO # 42266
JEREMY S. WEIS         MO # 51514
1101 Walnut, 13ᵗʰ Floor
Kansas City, Missouri 64106
Tel. (816) 221-0080
Fax (816) 221-3280

KENT E. GIPSON MO#34524
305 E. 63ʳᵈ St.
Kansas City, Missouri 64113
Tel. (816) 363-2795
Fax (816) 363-2799

ATTORNEYS FOR MR. LEE

## CERTIFICATE OF SERVICE

I hereby certify that on this 16ᵗʰ day of August, 2005, a true and correct copy of this motion was faxed to the following parties:

DAN STRIPLING
United States Attorney's Office
United States Courthouse
Little Rock, Arkansas 72203

Attorney for Mr. Lee

# RUHNKE & BARRETT
## ATTORNEYS AT LAW

DAVID A. RUHNKE
  MEMBER OF N.J. AND NEW YORK BARS
  davidruhnke@ruhnkeandbarrett.com
JEAN DeSALES BARRETT
  MEMBER OF N.J. AND COLORADO BARS
  jeanbarrett@ruhnkeandbarrett.com

47 PARK STREET
MONTCLAIR, NEW JERSEY 07042

(973)744-1000
(973)746-1490 (FAX)

**Resume of Death Penalty Experience – David A. Ruhnke**
(Revised August 2005)

Education:    B.A., English Literature, Dartmouth College, 1965

J.D. *cum laude*, Seton Hall University, 1975
Class rank -1/250

Work History:

| | |
|---|---|
| 1965-1967: | Management trainee<br>Prudential Ins. Co. of America<br>Newark, New Jersey |
| 1967-1969: | Peace Corps Volunteer<br>Republic of the Philippines |
| 1969-1970: | Instructor of English<br>East-West Cultural Institute<br>Chiba City, Japan |
| 1970-1972: | Free-lance journalist/photographer<br>Part-time construction worker |
| 1972-1975: | Summer employment in law school: project to revise New Jersey child-abuse legislation (summer, 1973); law clerk Office of the Federal Public Defender for the District of New Jersey (summer, 1974) |
| 1975-1976: | Law clerk to Hon. Lawrence A. Carton, Jr., Presiding Judge, Appellate Division New Jersey Superior Court |
| 1976-1983: | Assistant Federal Public Defender for the District of New Jersey |
| 1983-present: | Partner, Ruhnke & Barrett, Montclair, New Jersey |

Teaching:          Adjunct faculty member, Seton Hall University Law School, teaching primarily
                   Criminal Law and Criminal Procedure (inactive at present).

Bar
Admissions:        State of New Jersey, 1975
                   State of New York, 1984
                   District of New Jersey, 1975
                   Eastern District of New York, 1983
                   Southern District of New York, 1983
                   First Circuit, 2004
                   Second Circuit, 1993
                   Third Circuit, 1977
                   Tenth Circuit, 1997
                   United States Supreme Court, 1983

Memberships:    American Bar Association New Jersey Bar Association; National Association of
                Criminal Defense Lawyers; Association of Criminal Defense Lawyers of New Jersey
                (Past President and chair of death-penalty committee); New Jersey State Bar
                Association, Criminal Law Section (former trustee); former member, Death Penalty
                Subcommittee, Federal Defender Advisory Committee, Administrative Office of the
                United States Courts (Defender Services Division).

FEDERAL DEATH-PENALTY CASES (trial level):[1]

- *United States v. Harry Guzman* (D. Mass. 2005).  Court-appointed by Hon. Joseph
  L. Tauro, U.S.D.J.  Defendant suspected of series of arsons in Lawrence, MA, in
  2003, one of which killed a mother and her infant daughter.  Pending review by United
  States Attorney.

- *United States v. Vincent Pagan* (S.D.N.Y. 2004).  Court-appointed by Hon. Loretta
  A. Preska, U.S.D.J.  Single murder occurring in context of drug-dealing.  Case was not
  authorized for capital prosecution.  Defendant was released on house-arrest conditions
  throughout process.

- *United States v. Mauricio Hernandez* (D.P.R. 2004).  Court-appointed by Hon. Juan M.
  Perez-Gimenez.  Carjacking murder of young woman victim whose body has never
  been recovered.  Allegations are that victim was sexually assaulted and tortured prior
  to death.  Pending review by the Department of Justice.

---

[1]The date shown is the year of entry into the case as retained or appointed counsel.

- *United States v. Bing Yi Chen* (S.D.N.Y. 2003). Court-appointed by Hon. Deborah K. Batts, U.S.D.J. Double homicide in context of large-scale drug-dealing. Case was not authorized for capital prosecution.

- *United States v. Christian DelRosario* (S.D.N.Y. 2003). Court-appointed by Hon. Gerard E. Lynch, U.S.D.J. Double homicide in context of large scale drug-dealing. Case was not authorized for capital prosecution.

- *United States v. Albert Burgos* (S.D.N.Y. 2003). Court-appointed by Hon. Loretta A. Preska, U.S.D.J. Single murder occurring in context of drug-dealing and gang activity. Case was not authorized for capital prosecution.

- *United States v. Freddy Abad* (S.D.N.Y. 2002). Court-appointed by Hon. George P. Daniels. Indictment alleges single murder, accompanied by torture and home invasion, of reputed drug dealer in unsuccessful effort to steal drugs and money. Death penalty was not sought after it was demonstrated the defendant was mentally retarded.

- *United States v. John Petrucelli* (S.D.N.Y. 2002). Court-appointed by Hon. Thomas P. Griesa. Defendant accused of single murder occurring in 1995 in an organized crime context. United States did not request authorization to seek the death penalty.

- *United States v. Gary Lee Sampson* (D.Mass. 2001). Court-appointed by Hon. Mark L. Wolf, U.S.D.J. Defendant guilty of committing three murders in Massachusetts and New Hampshire while on run from bank robbery prosecution. Case tried from September through December 23, 2003. Death verdict. Pending briefing on direct appeal.

- *United States v. Michael O'Driscoll* (M.D.Pa. 2001). Court-appointed by Hon. Malcolm Muir, Senior Judge. Prisoner killed fellow prisoner at the United States Penitentiary, Allenwood. Defendant alleged to have a long and serious history of violence, including prior murder. Case authorized for capital prosecution. Life verdict, March 2003.

- *United States v. Elijah Bobby Williams* (S.D.N.Y. 2000). Court-appointed by Hon. Naomi Reice Buchwald, U.S.D.J. Case brought pursuant to the Federal Death Penalty Act of 1994 and involves an allegation of a triple homicide occurring in the context of large-scale drug trafficking and racketeering. Case authorized for capital punishment, over contrary recommendation of United States Attorney. Case went to trial in spring of 2005. At bi-furcated penalty phase, jury rejected sole statutory aggravating factor and case did not proceed to mitigation phase.

- *United States v. Khalfan Khamis Mohamed* (S.D.N.Y. 1999). Court-appointed by

Hon. Leonard Sand, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994 and charged the defendant with participation in the August 1998 bombings of the American Embassies in Kenya and Tanzania, allegedly at the behest of the lead defendant, Usama Bin Laden. Case began trial January 3, 2001. Defendant convicted of the murder of 11 people in the bombing of the embassy in Dar es Salaam. Life verdict July 2001. Defendant later withdrew appeal of underlying conviction.

- *United States v. Anthony Greco* (S.D.N.Y. 1999). Court-appointed by Hon. Lawrence McKenna. Case brought pursuant to Federal Death Penalty Act of 1994. Alleged single murder in organized crime context. United States did not seek capital authorization.

- *United States v. John Tibbs* (D.Mass. 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Department of Justice did not authorize for capital prosecution.

- *United States v. Lee Arthur Taylor* (D.Mass 1999). Court-appointed by Hon. Nancy Gertner, U.S.D.J. Drug "kingpin" case. Single murder. Department of Justice did not authorize for capital prosecution.

- *United States v. Joseph Calco* (E.D.N.Y. 1999). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Three murders set in organized crime/narcotics trafficking context. Defendant entered into cooperation agreement with the United States and death-penalty not sought.

- *United States v. Gurmeet Singh Dhinsa* (E.D.N.Y. 1998). Retained as co-counsel to Gerald Shargel, Esquire. Brought pursuant to Federal Death Penalty Act of 1994. Millionaire Sikh businessman charged with two murders-for-hire to silence witnesses to fraudulent scheme. Convicted after eight-week trial. Penalty phase ended in unanimous life verdict.

- *United States v. Clarence Heatley* (S.D.N.Y. 1996). Court-appointed by Hon. Sonia Sotomayor, U.S.D.J. Drug "kingpin" case. Nineteen murders. Death penalty authorized for Heatley and co-defendant. Both capital defendants plead out to life sentences.

- *United States v. Moses Clary* (D.N.J. 1996). Court-appointed by Hon. Joseph Rodriquez as co-counsel to Federal Public Defender. Brought pursuant to Federal Death Penalty Act of 1994. Bank-robbery shoot-out at suburban shopping mall. Two bystanders and one perp killed. Security guard wounded. (Guard killed one bystander; dead perp killed other. Clary was the survivor.) Death-penalty authorized. Plead to life sentence.

- *United States v. David Paul Hammer* (M.D. Pa. 1996). Court-appointed by Hon. Malcolm Muir, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Prison killing at U.S.P./Allenwood. Defendant charged with strangling cellmate. Defendant confessed in grisly detail, said he did not fear the death-penalty and that, given the opportunity, he would kill again. Was serving equivalent of life sentences from Oklahoma. In federal custody as "transfer" since Oklahoma could not keep him from running economic and other scams from Oklahoma State Prison. IQ of 138. Death-penalty authorized and death verdict returned 7/98. Client withdrew appeal in order to speed his execution. *United States v. Hammer*, 226 F.3d 229 (3d Cir. 2000). Client changed mind again and execution date of 11/15/00 was vacated. Petition for post-conviction relief is presently pending at the district court level.

- *United States v. Chen* (E.D.N.Y. 1995). Court-appointed by Hon. Edward R. Korman, U.S.D.J. Case brought pursuant to Federal Death Penalty Act of 1994. Charged rape/torture/shooting death of Chinese immigrant held captive for ransom and/or repayment of fees owed to smugglers. Department of Justice authorized capital prosecution in summer of 1996. Plead guilty to life sentence.

- *United States v. Christopher Green* (D.N.J. 1995). Court-appointed by the Hon. Joseph H. Rodriguez, U.S.D.J., as co-counsel to Federal Public Defender. Case brought pursuant to Federal Death Penalty Act of 1994. On March 21, 1995, Christopher Green, a 29 year-old man with no criminal record, entered a small postal sub-station in Montclair, New Jersey and announced a robbery. After receiving approximately $5,000, he ordered the five people in the post office — two postal employees and three customers — to the ground and methodically shot each in the head with a 9mm pistol loaded with "Black Talon" bullets. Four of the individuals died instantly; the fifth survived made a full recovery. After several negotiating sessions, the United States Attorney dropped her request for the death penalty and, on June 8, 1995, Green entered a guilty plea to the indictment and was sentenced to a life sentence without parole on September 22, 1995.

- *Moore v. Reynolds* (W.D Ok 1994). Court-appointed by Hon. Robin J. Cauthron, U.S.D.J., to represent death-sentenced Oklahoma inmate on federal habeas. Petition denied January 1997. Decision affirmed by divided panel of Tenth Circuit. *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998). Supreme Court denied *certiorari*. Board of Pardon and Parole refused clemency. Client executed 6/3/99.

- *United States v. Tyrone Walker* (N.D.N.Y. 1994). Court-appointed by Hon. Thomas J. McAvoy, Chief Judge. Drug "kingpin" case. Case went to trial from October 1995 to February 1996. Convicted. At penalty, jury found defendant responsible for two additional murders. Jury returned a non-unanimous life-verdict.

- *United States v. Michael Murray* (M.D.Pa. 1993). Court-appointed by Hon. Sylvia H. Rambo, Chief Judge. Drug "kingpin" case. Young client (19) charged with drug-related shooting of 20 year-old drug-dealer. DOJ withdrew death authorization three days before jury-selection.

- *United States v. Dandeny Munoz-Mosquera* (E.D.N.Y. 1993). Court-appointed by the Hon. Sterling Johnson. Drug "kingpin" case. Defendant alleged "assassin" for the Medillin Cocaine Cartel; co-defendant was the late Pablo Escobar, alleged head of the cartel and then a fugitive in the Republic of Colombia. The capital count charged mid-air bombing of a domestic Colombia airliner (Avianca Airlines) in which 110 people — including two American citizens — were killed. The United States Attorney in Brooklyn eventually declined to seek Justice Department authorization and the case went to trial as non-capital prosecution.

- *United States v. Thomas Pitera* (E.D.N.Y. 1992). Court-appointed by the Hon. Reena Raggi, U.S.D.J. Drug "kingpin" case. First such prosecution in Eastern District of New York., Case alleged nine murders set in context of organized-crime RICO and CCE. Client was 38-year old alleged "made member" of Bonnano organized crime family. At conclusion of guilt-phase, jury convicted client of seven homicides. At death-penalty phase, divided jury returned life verdict.

- *United States v. Bilal Pretlow* (D.N.J. 1992). Court-appointed by the Hon. Harold A. Ackerman, U.S.D.J. Drug "kingpin" case. First such case in District of New Jersey. After several weeks of trial, 21-year old client committed suicide by hanging self in jail cell.

STATE DEATH-PENALTY CASES (trial level):

- *State v. Robert Morton* (New Jersey Superior Court 1999). Designated counsel by Public Defender (with law partner, Jean D. Barrett) Post-conviction challenge to sentence of death. After full re-investigation and five-day evidentiary hearing, death sentence vacated, June 2005.

- *State v. James Minett* (New Jersey Superior Court 1996). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Murder-for-hire of defendant's girlfriend. Shooter cooperated and testified. Life verdict Spring 1998. Conviction affirmed on appeal. Pending federal habeas filing.

- *State v. William David Jones* (New Jersey Superior Court 1995). Designated counsel by Public Defender (with law partner, Jean D. Barrett). On July 19, 1995 defendant was arrested for knife-, bat- and pitchfork-slaying of acquaintance. Related charge of

sexual assault. Case tried in fall of 1999 into early 2000. Jury convicted of capital murder after seven days of deliberations. Jury deliberated slightly over one hour after three-day penalty-phase presentation and did not find any aggravating factors. Guilt-phase verdict pending appeal.

- *State v. Eddie Lee Oliver a/k/a Al Damany Kamau* (New Jersey Superior Court 1993). Designated counsel by Public Defender (with law partner, Jean D. Barrett). Defendant charged with June 3, 1993 murder of a Newark Police Officer as he waited to testify in the hallway outside a courtroom on the 11th floor of the Essex County Courthouse in Newark, New Jersey. In the ensuing escape attempt, a sheriff's officer was shot in the chest. Defense was insanity. Jury convicted after five days of deliberations but, after two days of penalty deliberations, returned a non-unanimous verdict rejecting death penalty.

- *State v. Anthony McDougald* (New Jersey Superior Court 1990). Designated counsel by Public Defender (with law partner, Jean D. Barrett). This was a double-murder by stabbing of the parents of the 13-year old girlfriend of 27-year old defendant. After the murder, he inserted baseball bat into the vagina of the mother with the comment that this was in retaliation for her having given birth to the 13-year-old. Aggravating factors were that the murders were outrageously and wantonly vile and that they were committed to avoid prosecution for another offense. (The statutory rape of the 13-year-old.) This case was a penalty-only re-trial after the New Jersey Supreme Court affirmed the murder convictions but vacated the death verdict. See *State v. McDougald*, 120 N.J. 523, 577 A.2d 419 (1990). On November 18, 1995, following six weeks of jury selection and a two-week trial, the jury returned a verdict for life.

- *State v. Bryan Coyle* (New Jersey Superior Court, 1991). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). This was a shooting death of the husband of a woman with whom defendant was romantically involved. Aggravating factors were that defendant has a prior murder conviction and that the killing was outrageous and wantonly vile in that it was a killing committed purely for the pleasure of killing. First jury convicted and imposed death sentence. This was a re-trial following the New Jersey Supreme Court's reversal of both the guilt- and penalty- phase verdicts. See *State v. Coyle*, 119 N.J. 194, 574 A.2d 951 (1990). After plea negotiations, prosecution withdrew aggravating factors and defendant plead guilty to murder and was sentenced to 30 years.

- *State v. Julius Boeglin* (New Jersey Superior Court 1990). Retained as counsel to handle pre-trial motions and jury-selection only (with law partner, Jean D. Barrett). Aggravating factors were murder-by-hire and avoiding detection for another offense. Allegations were defendant — the son of a millionaire industrialist — paid another to kill victim for informing on defendant's drug activities. Case went to trial with

substituted counsel and jury returned verdict of non-capital murder.

- *State v. James Jerald Koedatich* (New Jersey Superior Court, 1990). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved the kidnaping, sexual assault and stabbing murder of an 18-year old adopted Korean girl. Aggravating factors were the defendant's two prior murder convictions; that murder was committed in a manner that was outrageous and wantonly vile; that murder was committed for the purpose of escaping detection for the other felonies; and that murder was committed in the course of certain other felonies. This was a penalty-phase only re-trial. Because of the massive publicity, venue was moved out of the county where the crime occurred to a rural adjacent county. Trial took place in the summer of 1990. Jury selection took approximately five weeks. There was one week of penalty-phase evidence. Jury was unable to agree unanimously on whether the death penalty should be imposed and, therefore, as required by New Jersey law, defendant was sentenced to life imprisonment.

- *State v. Eneida Berrios* (New Jersey Superior Court, 1983). Designated counsel by the Office of the Public Defender (with law partner, Jean D. Barrett). Case involved the arson-murder of a six-year old child motivated by an argument between two families in the City of Newark. Building was set on fire in the middle of the night. Child was trapped. Aggravating factors were that defendant hired the arsonist and that the murder was outrageously and wantonly vile. Case tried in 1986. Defendant found not guilty at conclusion of guilt phase.

## APPELLATE DEATH-PENALTY EXPERIENCE

- *State of Delaware v. Thomas Capano*, 781 A.2d 556 (Del.Supreme Ct. 2001). Retained as appellate co-counsel to politically prominent attorney found guilty of murdering his girlfriend (appointments secretary to the Governor of Delaware) and disposing of her body at sea. Sentenced to death. Conviction and sentence of death affirmed by Delaware Supreme Court. *Certiorari* petition pending in United States Supreme Court raising *Apprendi* challenge to Delaware capital punishment scheme. Outcome of case will be controlled by analysis of the United States Supreme Court's decision in *Ring v. Arizona*. Case is now in state post-conviction at the trial level.

- *State v. John Martini, Sr.*, 144 N.J. 603, 678 A.2d 164 (1996). Martini was New Jersey's first potential "volunteer" for execution. Served as counsel to *amicus curiae*, the Association of Criminal Defense Lawyers of New Jersey, taking the position that an otherwise competent defendant may not waive a state court post-conviction challenge to a death sentence where the attorneys handling the case are of the view that there are meritorious issues to be presented. Court accepted that argument. Societal interest in reliability of death sentences outweighs individual defendant's wish to forgo

DAVID A. RUHNKE
Death Penalty Resume
Page 9

post-conviction review.  *State v. Martini*, 144 N.J. 603, 678 A.2d 164 (1996).

- *State v. Marshall*, 130 N.J. 109, 613 A.2d 1059 (1992).  *Marshall* was the first death sentence affirmed by the New Jersey Supreme Court.  See, 123 N.J. 1, 586 A.2d 85 (1991).  (Defendant was convicted of hiring others to murder his wife for insurance proceeds and was subject of book and made-for-TV movie entitled "Blind Faith.")  In this aspect of *Marshall*, served as counsel to *amicus curiae*, the American Civil Liberties Union of New Jersey, concerning the methodology to be employed by the New Jersey Supreme Court in carrying out statutorily-mandated proportionality review.

- *State v. Koedatich*, 112 N.J. 225, 548 A.2d 939 (1988).  Defendant originally tried and sentenced to death in 1984.  Firm became involved in the case on direct appeal to the New Jersey Supreme Court.  Above-cited opinion affirmed defendant's underlying convictions by 4-3 vote but unanimously vacated the death penalty.  See also, *State v. Koedatich*, 118 N.J. 513, 572 A.2d 622 (1990).  State appealed trial court's decision to grant motion striking two of four aggravating factors on ground that previous penalty-phase jury had not been able to reach a unanimous finding that those aggravating factors existed.  The New Jersey Supreme Court, in another 4-3 opinion, reversed the trial court and re-instated the dismissed aggravating factors which were then presented to the jury when the penalty-phase was re-tried in the summer of 1990. Jury returned life verdict.

## OTHER RELEVANT EXPERIENCE

- Qualified and testified as expert witness in area of effective assistance of counsel in handling guilt- and penalty-phases of capital-murder cases: *State v. Daniel Webb* (Connecticut Superior Court); *State v. Jermaine Wright* (Delaware Superior Court 1994); *Hooks v. Ward*, (U.S. Dist. Ct., W.D.Ok. 1997); *State v. Jackson*, (Delaware Superior Court 1998); *Mollett v. Ward* (U.S. Dist. Ct. W.D.Ok. 2000); *State v. Donald Loftin* (N.J. Superior Court 2004).

- July 2005.  Faculty Member, Death Penalty College, Santa Clara University School of Law, July 2005.

- July 2005.  Presentation, the Airlie Conference, NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "The Ethics of Representing Volunteers."

- Faculty member and presenter, Federal Strategy Session, Salt Lake City, Utah, November 2004: "The DOJ Authorization Process; What to Disclose and When?"; "The Case for Life - Keeping the Client On Board."

- April, 2004. Faculty Member, Capital Trial Advocacy Program, Plano, Texas. Small group leader and plenary presentations on mitigating evidence and future danger.

- March 2004. Faculty member and presenter Life in the Balance program, Memphis, Tennessee. Presented small group and plenary sessions on mitigation, closing instructions and penalty-phase summation.

- February 2004. Presentation at the mid-winter meeting of the Association of Criminal Defense Lawyers at San Antonio,. Texas, "Putting a Human Face on the Despised."

- July 2003. Presentation, the Airlie Conference, 2003 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "What we are Learning About Mitigation: Findings from the LifeVote Project."

- March 2003. Faculty member at Federal Strategy Session and Life in the Balance programs, Austin, Texas.

- February 2003. Faculty Member, Virginia Death Penalty College, Richmond, Virginia.

- October 2002. Presentation to First Circuit Judicial Conference, Chatham, MA. "The Ability of the Federal Courts to Handle Cases of International Terrorism."

- August 2002. Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA

- April 23, 2002, Presentation, Internal Law Society, Suffolk University Law School, Boston, "International Law Issues Arising from the Embassy Bombing Case."

- National Seminar for Federal Defenders, Philadelphia, March 13-15, 2002. Presentation, "Mitigating Evidence in Death Penalty Cases."

- 2002 Federal Capital Defense Strategy Session, Kansas City, MO, March 8, 9, 2002. Presentations: Discussion Leader, Caucus of First, Second and Third Circuits; "Political and Terrorist Prosecutions," (with Jerry Zerkin and David Bruck); "Mitigation: Federal Jury Findings" (with Margaret O'Donnell and William Brennan); "Ethical Considerations in Federal Capital Cases" (with Carol Kolinchak and David Lewis; "Litigating Racial, Ethnic and Geographic Diversity" (with Sam Gross and Tim Sullivan; "Mitigation that Opens the Door" (with Jerry Zerkin, David Bruck and Mark Cunningham).

- Faculty Member, South Carolina Bar Association's 17ᵗʰ Annual Update on the Criminal

Law, Charleston, South Carolina January 2002, Panel, "The Criminal Law in the Aftermath of September 11."

- Faculty Member, Capital Trial Advocacy Program, Austin Texas, January 2002. Small group leader and plenary presentation, "Thinking About, Discovering and Presenting Mitigating Evidence"

- Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA, August 2001.

- Daylong seminar, "Saving Lives in a New Millennium," co-sponsored by the Association of Criminal Defense Lawyers of New Jersey and the ABA Death Penalty Representation Project, moderator and speaker, "Capital Cases – Answering the Hardest Question," East Brunswick, N.J., March 17, 2001

- Presentation, Federal Death Penalty Strategy Session, "Volunteers – Dealing With the Client Who has Lost the Will to Fight," Albuquerque, NM, March 3, 2001

- August 2000. Presentation, the Airlie Conference, 2000 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, Warrenton, Virginia: "Jury-Selection in Capital Cases."

- Faculty Member, Clarence Darrow Darrow Death Penalty College, University of Michigan Law School, Ann Arbor, MI, May 2000

- Presentation, Federal Death Penalty Strategy Session, "The Department of Justice and the Authorization Process," Crystal City, MD, March, 2000.

- Faculty member, National Death Penalty College, Santa Clara University Law School, Santa Clara, CA, August 1999.

- Presentation to Federal Defense Investigators Conference, New Orleans, LA, May 1999, "Investigating Mitigating Evidence."

- Life in the Balance, Atlanta, GA, May 1999 (National Legal Aid and Defenders Association), faculty member. Presentation at special federal death-penalty seminar and in general sessions on "What to do When a Client Volunteers for Execution?" and "Opening Address to the Jury at a Penalty Phase."

- American Academy of Forensic Psychology, Philadelphia, PA, April 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- American Academy of Forensic Psychology, Palm Springs, CA, January 1998, co-presenter, with Alan Goldstein, Ph.D., of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- American Academy of Forensic Psychology, New Orleans, LA, January 1997, co-presenter, with Alan Goldstein, Ph.D. and Jean D. Barrett, Esquire, of day-long presentation: "The role of the Forensic Psychologists in a Death-Penalty Case."

- Life in the Balance, Dallas, TX, March 1997 (National Legal Aid and Defender Association), faculty member. Presentations on "Cross-examining the Government's Expert;" "Working with Expert Witnesses;" "Brainstorming the Case;" and "Direct Examination of Penalty-Phase Witnesses."

- Presentation, seminar sponsored by Federal Judicial Center, "Appellate Capital Case Issues: the Attorney's Perspective," Miami, FL, August 5, 1996.

- Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, Rochester, NY, March 1996.

- Presentation, the Airlie Conference, 1996 NAACP Legal Defense Fund, Inc. Capital Punishment Conference, "Hard Lessons Learned from Federal Death Penalty Cases," July 26, 1996 at Georgetown University, Washington, D.C.

- Presentation, "Death is Different," at training seminar sponsored by New York Capital Defender Organization, White Plains, NY, October, 1995.

- Presentation, "Counsel in Federal Death Penalty Cases," 1995 meeting of Federal Defenders and Resource Center Directors, Marco Island, FL, January 1995.

- Presentation, "Why Death is Different," New York Association of Criminal Defense Lawyers, N.Y.U. Law School, New York, NY, February 1995.

- Presentation, "Opening Arguments in a Death Penalty Case," Life in the Balance (National Legal Aid and Defender Association), Austin, TX, March 1994.

- Presentation, "The Federal Death Penalty," July 1994 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

- Presentation, "Litigating the Federal Death Penalty Case," Ohio Association of Criminal Defense Lawyers, Columbus, OH, December 2, 1994.

- Presentation, "Opening and Closing in Theme," 1993 Capital Punishment Conference, NAACP Legal Defense Fund, Inc., Warrenton, VA.

- Keynote speaker and panel member, "Saving Client's Lives in the 90's." Day-long seminar presented by the Association of Criminal Defense Attorneys of New Jersey, New Brunswick, N.J., Spring 1993.

# LAURENCE E. KOMP
### ATTORNEY AT LAW
### 423 MADRINA
### BALLWIN, MISSOURI 63201
### 636-207-7330
### LEKOMP@SWBELL.NET

## *PROFESSIONAL EXPERIENCE*

### PRIVATE PRACTICE (St. Louis, Mo.)
*Dec. 2000 to Present.*
- Counsel for death row inmates in state and federal courts in Kentucky, Ohio and Indiana.

### OFFICE OF THE OHIO PUBLIC DEFENDER (Columbus, Ohio)
*Assistant Public Defender, Death Penalty Unit - Sep. 1992 to Dec. 2000.*
- Counsel for death row inmates before Ohio Courts of Appeal, the Ohio Supreme Court, Northern and Southern Federal District Courts of Ohio, United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court.
- Consult and advise private counsel in their federal district court and circuit court practice.
- Argued in Inter-American Court of Human Rights, San Jose, Costa Rica.

### MOLINE, OTTSEN, MAUZE, LEGGAT AND SHOSTAK
### Now: Moline and Shostak (St. Louis, Mo.)
*Law Clerk - Sep. 1991 to June 1992.*
> Drafted state and federal pleadings, conducted investigations, and handled client communications.

### KENTUCKY DEPARTMENT OF PUBLIC ADVOCACY (Frankfort, Ky.)
*Law Clerk - Sep. 1991 to June 1992.*
> Drafted state and federal pleadings, conducted investigations, and handled client communications.

## *SELECTED REPORTED DECISIONS:*

- Davis v. Mitchell, 318 F.3d 682 (6th Cir. 2003)
- Morales v. Coyle, 98 F.Supp.2d 849 (N.D. Ohio 2000)
- Carpenter v. Edwards, 120 S.Ct.1587 (2000)
- Franklin v. Francis, 997 F.Supp. 916 (S.D. Ohio 1998)
- Ohio v. Gillard, 708 N.E.2d 613 (Ohio 1998)
- Ohio v. Wiles, 709 N.E.2d 898 (Ohio Ct. App. 1998)
- State v. Scudder, 643 N.E.2d 524 (Ohio 1994)

## PRESENTATIONS

- Cleveland Bar Association, January 28, 2005; *Topic*: Notices of Appeal, Stays of Execution, Certificates of Appealability, Sixth Circuit Briefing, and Sixth Circuit Oral Arguments.
- Kentucky Department of Public Advocacy, October 8-12, 2001: *Faubush Leadership Conference*: Taught post-conviction investigative techniques, factually developing evidence at hearing and discovery, effective brief writing, and oral argument.
- Kentucky Department of Public Advocacy, June 12-14, 2000: *Topics*: "District Court Practice," and "Effective Circuit Practice."
- Ohio Public Defender, July 16 & 17, 1998; *Topic*: "What To Do When The Judge Calls And You Accept The Appointment."
- Ohio Public Defender, July 16 & 17, 1998; Death Penalty Panel Training, February, 1995; Ohio Association of Criminal Defense Lawyers Death Penalty Conference, December 1994; *Topic*: "Procedural Default."
- Ohio Public Defender, spring 1996; *Topic*: "Effective Motion Practice in a Capital Post-Conviction Proceeding."

## EDUCATION

- **WASHINGTON UNIVERSITY SCHOOL OF LAW**
  St. Louis, Missouri – *Juris Doctor*, 1992
- **QUINCY UNIVERSITY**
  Quincy, Illinois - B.A. Political Science, Cum Laude, 1989

## BAR ADMISSIONS

- United States Supreme Court
- United States Court of Appeals for the Sixth Circuit
- United States Court of Appeals for the Seventh Circuit
- United States District Court for the Southern District of Ohio
- United States District Court for the Northern District of Ohio
- United States District Court for the Southern District of Indiana
- United States District Court for the Eastern District of Kentucky
- State of Kentucky
- State of Ohio
- State of Missouri