Case 4:99-cr-00243-SWW   Document 93   Filed 01/29/2001   Page 1 of 8

AO 245 S (Rev. 4/95) Sheet 1 - Judgment in a Criminal Case

**FILED**

EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT
## Eastern District of Arkansas
### Western Division

JAN 29 2001

JAMES W. McCORMACK, CLERK

By: _____

DEP CLERK

UNITED STATES OF AMERICA

v.

Case Number 4:99CR00122-001 SWW

RICHARD LEE COBURN, JR.
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, **RICHARD LEE COBURN, JR.**, was represented by MARK F. HAMPTON

- The defendant pleaded guilty to count(s) **3.**
- Count(s) **1-2, 4-6** (is) (are) dismissed on the motion of the United States.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1623 | **Perjury, a Class D Felony** | 04/26/99 | 3 |

The defendant is sentenced as provided in pages **2** through **8** of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

JANUARY 25, 2001
Date of Imposition of Judgment

SUSAN WEBBER WRIGHT
Chief United States District Judge

Date: January 25, 2001

Defendant's SSN:
Defendant's Date of Birth: **07/12/63**
Defendant's USM No.: **21744-009**
Defendant's Residence Address: **37 Jeanna Drive; Conway, AR 73220**

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

By _____ D.C.

ENTERED ON THE DOCKET IN COMPLIANCE
WITH RULE 55, FRCrP on 1/29/01

GOVERNMENT
EXHIBIT
B
PENGAD-Bayonne, N.J.

Case 4:97-cr-00243-2-SWW   Document 98   Filed 01/29/2001   Page 2 of 8

AO 245 S (Rev. 11/97) Sheet 2 - Imprisonment

Defendant:  RICHARD LEE COBURN, JR.
Case Number:   4:99CR00122-001 SWW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months** .

■   The Court makes the following recommendations to the Bureau of Prisons: That defendant be incarcerated in the facility located at Millington, Tennessee, or, in the alternative, Forrest City, Arkansas; and that defendant be given credit for time served from the date of indictment on August 3, 1999.

■ The defendant is remanded to the custody of the United States Marshal.

## RETURN

**I have executed this Judgment as follows:**

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy U.S. Marshal

Case 4:99-cr-00122-SWW  Document 98  Filed 01/29/2001  Page 3 of 8

Judgment—Page 3 of 8

AO 245 S (Rev. 4/96) Sheet 3 - Supervised Release

Defendant:  RICHARD LEE COBURN, JR.
Case Number:  4:99CR00122-001 SWW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within *72 hours* of release from the custody of the Bureau of Prisons.

- The defendant shall not commit another federal, state or local crime.

- The defendant shall not illegally posses a controlled substance.

**FOR OFFENSES COMMITTED ON OR AFTER SEPTEMBER 13, 1994**

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within* **15 days** *of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.*

- *The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.*

- The defendant shall not own or possess a firearm, destructive device, or dangerous weapon as defined in 18 U.S.C. 921.

If this judgment imposes a fine, or a restitution obligation, it shall be a condition of supervised release that the defendant pay, any such fine, or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:99-cr-00122-SWW   Document 98   Filed 01/29/2001   Page 4 of 8

Judgment—Page 4 of 8

AO 245B (Rev. 11/97) Sheet 3 - Supervised Release - Special Conditions

Defendant:  RICHARD LEE COBURN, JR.
Case Number:  4:99CR00122-001 SWW

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate, if deemed necessary by the probation officer, in an alcohol abuse treatment program which may include testing, out-patient counseling, and/or residential treatment. Further, defendant shall abstain from the use of alcohol throughout the course of any treatment.

Case 4:99-cr-00122-SWW   Document 98   Filed 01/29/2001   Page 5 of 8

Judgment—Page 5 of 8

AO 245 S (Rev. 11/97) Sheet 5, Part A - Criminal Monetary Penalties

Defendant: RICHARD LEE COBURN, JR.
Case Number: 4:99CR00122-001 SWW

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $2,080.00 |
| If applicable, restitution amount ordered pursuant to plea agreement | | | $0.00 |

## RESTITUTION

■ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

## PAYEES ARE LISTED ON ATTACHED PAGE

AO 245 S (Rev. 1/98) Sheet 5f-a, Part A - Criminal Monetary Penalties

Defendant: RICHARD LEE COBURN, JR.
Case Number: 4:99CR00122-001 SWW

## RESTITUTION PAYEES

| Name of Payee | Total Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|
| U. S. MARSHAL'S SERVICE | 1,176.00 | |
| LECC VICTIM/WITNESS STAFF | 904.00 | |
| TOTAL | 2,080.00 | |

■ THE INTEREST REQUIREMENT IS WAIVED.

Case 4:99-cr-00122-SWW    Document 58    Filed 01/29/2001    Page 7 of 8

Judgment—Page 7 of 8

AO 245 S (Rev. 3/96) Sheet 5, Part B - Criminal Monetary Penalties

Defendant:  RICHARD LEE COBURN, JR.
Case Number:  4:99CR00122-001 SWW

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties

PAYMENT OF TOTAL FINE AND OTHER CRIMINAL MONETARY PENALTIES SHALL BE DUE AS FOLLOWS:

■ $ **100.00** immediately.

■ Restitution ordered shall be payable during **defendant's incarceration and supervised release. Beginning the first month of supervised release, payments will be a minimum of 10 percent of defendant's net monthly household income.  The interest requirement is waived.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245 S (Rev. 4/95) Sheet 7 - Statement of Reasons

Defendant:  RICHARD LEE COBURN, JR.
Case Number:  4:99CR00122-001 SWW

# STATEMENT OF REASONS

■ The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

Total Offense Level:                     **24**

Criminal History Category:               **VI**

Imprisonment Range:                      **60** months

Supervised Release Range:                **2** to **3** years

Fine Range:                              **$ 10,000** to **$ 100,000**

■ The fine is waived or is below the guideline range because of the defendant's inability to pay.

Total Amount of Restitution:             **$ 2,080.00**

■ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

By_____D.C.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 12 2001

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

UNITED STATES OF AMERICA

vs.                                    NO. 4:99CR00122-001 SWW

RICHARD LEE COBURN, JR.


### ORDER MODIFYING JUDGMENT AND COMMITMENT

Before the Court is defendant's motion to modify the Judgment and Commitment entered in this matter, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, and direct that the Bureau of Prisons credit defendant with the jail time as originally ordered at his sentencing hearing.  Defendant states that at sentencing, the Court received a stipulation between the government and the defendant that defendant should receive jail time credit from the date of the indictment filed on August 3, 1999, to the date of commitment. A review of the Judgment and Commitment reflects that the Court made such a recommendation to the Bureau of Prisons.  The response[1] filed by the government indicates there is no objection to defendant's motion and that the Bureau of Prisons has advised the government that it will not provide credit for this time unless expressly ordered to do so by the Court. Therefore, the Court finds that defendant's motion should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the Judgment and Commitment entered  in this  matter on January 29, 2001, be, and it is

---

[1] The government's response to defendant's motion was titled and filed as a motion.  The docket entry should be corrected to reflect Doc. #62 as a response to defendant's motion.

63

Case 4:30-00243-LL-SWW   Document 53   Filed 06/12/2001   Page 2 of 3

- 2 -

hereby, amended, and the Bureau of Prisons is directed to give defendant credit for time served from the date of indictment on August 3, 1999.

Dated this _12th_ day of June, 2001.

SUSAN WEBBER WRIGHT
Chief United States District Judge

ENTERED ON THE DOCKET IN ACCORDANCE
WITH RULE 55, FRCrP, ON _6-13-2001_
BY_____ WILKINS

CW

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

June 13, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:   4:99-cr-00122.

True and correct copies of the attached were mailed by the clerk to the
following: CRD, USM, USP, POST

        Mark F. Hampton, Esq.
        Hampton & Larkowski
        308 South Louisiana
        Little Rock, AR   72201

        Dan Stripling, Esq.
        U. S. Attorney's Office
        Eastern District of Arkansas
        425 West Capitol Avenue, Suite 500
        Post Office Box 1229
        Little Rock, AR   72203-1229

                                        James W. McCormack, Clerk

Date: June 13, 2001

                                        BY: Cory D. Wilkins

Case 4:99-cr-00122-SWW    Document 64    Filed 10/12/2001    Page 1 of 3

A TRUE COPY I CERTIFY
JAMES W. McCORMACK, CLERK

By _____ D.C.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OCT 1 2 2001

JAMES W. McCORMACK, CLERK
By: _____ WILKINS
DEP CLERK

UNITED STATES OF AMERICA

vs.                                          NO. 4:99CR00122-001 SWW

RICHARD LEE COBURN, JR.

## SECOND ORDER MODIFYING JUDGMENT AND COMMITMENT

By order entered June 13, 2001, the Court modified the Judgment and Commitment previously entered in this matter and directed that the Bureau of Prisons credit defendant with jail time as originally ordered at his sentencing hearing from the date of the indictment filed on August 3, 1999, to the date of commitment. It now has come to the Court's attention that in order for defendant to receive the benefit of the Court's original intent, it is necessary to further amend the Judgment and Commitment by resentencing the defendant.

IT IS THEREFORE ORDERED AND ADJUDGED that the Judgment and Commitment entered in this matter on January 29, 2001, be, and it is hereby, amended, and defendant is resentenced to a term of imprisonment of 48 months and 21 days on Count III. The Court finds that this resentencing is not a departure from the sentencing guidelines but is imposed to provide credit for jail time served by defendant prior to his sentencing pursuant to Title 18 U.S.C. §3585(b).

64

- 2 -

All other aspects of defendant's original sentence remain unchanged
and in full force and effect.

Dated this ⸱11ᵗʰ day of October, 2001.

SUSAN WEBBER WRIGHT
Chief United States District Judge

ENTERED ON THE DOCKET IN ACCORDANCE
WITH RULE 55, FRCrP, ON 10-12-2001
BY _____ WILKINS

CW

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


October 12, 2001



* * MAILING CERTIFICATE OF CLERK * *


Re:   4:99-cr-00122.


True and correct copies of the attached were mailed by the clerk to the
following: CRD, USM, USP, POST, FINANCE


        Mark F. Hampton, Esq.
        Hampton & Larkowski
        308 South Louisiana
        Little Rock, AR   72201

        Dan Stripling, Esq.
        U. S. Attorney's Office
        Eastern District of Arkansas
        425 West Capitol Avenue, Suite 500
        Post Office Box 1229
        Little Rock, AR   72203-1229



                                    James W. McCormack, Clerk


Date: October 12, 2001              BY: Cory D. Wilkins