IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,
PLAINTIFF/RESPONDENT

VS.                                    No. 4:97CR-00243-(01)GTE
                                       (Civil Case No. 4:04-CV-493)

CHEVIE O'BRIEN KEHOE
DEFENDANT/PETITIONER.

MOTION TO ALTER OR AMEND PURSUANT TO
RULE 59(e) & 52(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW petitioner, Chevie O'Brien Kehoe, by and through his attorney of record Clifton Harviel and moves this Honorable Court to alter or amend the Memorandum Opinion, and Order denying relief herein.  In support of his motion, petitioner would state:

1.  August 28, 2008, this Court filed its Memorandum Opinion denying Mr. Kehoe's Motion for Relief Pursuant to 28 U.S.C. § 2255. September 4, 2008, a separate Judgment Order was entered, in compliance with Fed.R.Civ.P. 58(a)(1).

2.  Petitioner asks that this motion be considered a motion to vacate, alter or amend, set aside or correct the Memorandum Opinion and Judgment pursuant to the standards set forth by Fed.R.Civ.P. 59(e) & 60(b).  A court may alter or amend its Judgment if, among other things, the court has made a mistake of law or fact.  See *e.g.* Deutsch v. Burlington Northern R Company, 983 F.2d 741, 744 (7th Cir. 1992).   Petitioner respectfully submits that the

Memorandum Opinion and Judgment denying *habeas* relief ignored or overlooked significant legal and factual issues, as discussed in further detail below.

3.   On p.19 of the Memorandum Opinion, the Court found that certain of Mr. Kehoe's claims were "time barred" because it found they were not pled in the original petition and did not relate back within the meaning of Fed.R.Civ.P. 15(c).  The Court listed several issues which it found to be time barred.

In ¶1 on p.19 of the Memorandum Opinion, the Court found that trial counsel's alleged failure to adequately investigate or seek forensic testing with respect to hair or fingerprints samples from other suspects (excluding Feron Lovelace), paint chips, duct tape or "flex cuffs" was time barred.  Petitioner would point to p.38 of the original petition, ¶17.  ¶17 specifically alleges that trial counsel was ineffective for failing to conduct an adequate investigation into Mr. Kehoe's innocence and pleads the failure to "conduct a forensic examination of the rocks, if they still exist, or flecks transferred to the duct tape to establish their likely origin".  Petitioner respectfully submits that "flecks transferred to the duct tape" is a reference to paint chips.  Therefore, petitioner suggests that the flecks/paint chips were in fact pled in the original petition.  Further, petitioner submits that pursuant to  Rule 15(c)(1)(B) of the Fed.R.Civ.P., the subsequent amendment asserts a claim or defense that arises out of the

conduct, transaction or occurrence set out... or attempted to be set out... in the original pleading, as explained above. Therefore, petitioner respectfully submits that the flecks/paint chips in fact do relate back under Fed.R.Civ.P. 15(c).

4. In the Memorandum Opinion, the Court also found on p.20, ¶4 that trial counsel's alleged error in jury selection by failing to inquire "about specific race bias" was time barred because it was not pled in the original petition and did not relate back within the meaning of Fed.R.Civ.P. 15(c). However, petitioner would point to p.35 of the original petition. The second full paragraph on p.35 reads "counsel's decision to stack the jury with minority jurors constituted defective performance of the Strickland Standard. In this case, every minority juror must be considered a potential victim of Kehoe's offenses because of the purported racist basis for them. Consequently, Kehoe submits that counsel was entitled to even inquire about specific race bias of prospective jurors under Turner v. Murrey, 476 U.S. 28 (1986)." Petitioner respectfully submits that specific race bias was pled in the original petition and that the amendment asserts a claim that arises out of the conduct, transaction or occurrence set out in the original pleading and therefore relates back pursuant to Fed.R.Civ.P. 15(c). Petitioner submits this issue should not be considered time barred.

5. On p.20 of the Memorandum Opinion at ¶7, the Court found

that counsel's alleged failure to adequately cross examine Cheyne Kehoe was time barred because it was not pled in the original petition and did not relate back within the meaning of Fed.R.Civ.P. 15(c).  Petitioner would point to ¶6 on p.36 of the original petition.  ¶6 alleges that counsel was ineffective for failing to investigate and examine discrepancies, contradictions and omissions between Gloria's and Cheyne's initial taped interviews and their testimony at trial, including but not limited to Gloria's assertion that Chevy and Danny waited around a few days after the murders for media reaction - a comment the defense did not bring up at trial." Petitioner respectfully submits that this paragraph pleads the failure to investigate and (cross) examine regarding discrepancies and therefore was pled in the original petition.  Further, this issue relates back under Fed.R.Civ.P. 15(c) as it arose out of the conduct, transaction or occurrence set out in the original pleading and therefore should not be considered time barred.

6.    Petitioner asks that this Court amend its original Memorandum Opinion and Order in this matter to indicate the foregoing are not time barred and each relates back to the original petition.

WHEREFORE, PREMISES CONSIDERED, movant respectfully prays:

1.    That this Honorable Court will amend its original Memorandum Opinion herein to reflect that the above discussed issues are not time barred and do relate back to the original

petition, and;

2.  That this Honorable Court will amend its original Judgment denying Mr. Kehoe relief and grant him relief on his 2255 Petition, and/or;

3.  That this Honorable Court grant such other relief herein as truth dictates and justice demands.

Respectfully Submitted,

S/T. Clifton Harviel

_____

T. CLIFTON HARVIEL, - (TN)5589
Lead Counsel for Chevie Kehoe
50 N. Front Street, Suite 850
Memphis, Tennessee 38103
(901) 543-9799

## Certificate of Service

I hereby certify that I have served a copy of the foregoing by electronic means via the Court's electronic filing system Mr. Dan Stripland, Assistant U.S. Attorney, P.O. Box 1229, Little Rock, Arkansas 72203, as well as David Ruhnke, 47 Park Street, Mounclair, New Jersey 07042, and Lawrence Komp, 423 Madrina, Ballwin, Missouri, 63021, Counsels of Record for Daniel Louis Lee.

s/T. Clifton Harviel