IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF / RESPONDENT |
| | ) | |
| VS. | ) | Case No. 4:97-CR-00243(02) GTE |
| | ) | |
| DANIEL LEWIS LEE | ) | DEFENDANT / PETITIONER |

**UNITED STATES' OPPOSITION TO MOVANT DANIEL LEWIS LEE'S MOTION TO ALTER AND AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

The United States, by Jane Duke, United States Attorney, Dan Stripling, Assistant United States Attorney, and Gwynn X Kinsey, Jr., Trial Attorney, United States Department of Justice, submits this Opposition to Movant Daniel Lewis Lee's Motion pursuant to Fed. R. Civ. P. 59(e) to alter and amend the Court's judgment denying Lee's motion for post-conviction relief under 28 U.S.C. § 2255.

As explained below, Lee's Rule 59(e) motion must be denied because it constitutes a second or successive application for Section 2255 relief, which may be considered by this Court only upon authorization by the U.S. Court of Appeals for the Eight Circuit. 28 U.S.C. § 2255(h)[1]; Rule 9 of the Rules Governing Section 2255 Proceedings for the U.S. District Courts[2]; *see Gonzalez v. Crosby*,

---

[1] Section 2255(h) provides as follows:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[2] Rule 9 provides as follows:

Before presenting a second or successive motion, the moving party must obtain an order

545 U.S. 524, 526-38 (2005). Lee has not sought or received such authorization by the Eighth Circuit, and indeed it appears that the claims presented in his Rule 59(e) motion would not qualify for successive Section 2255 review.

In *Gonzalez v. Crosby*, the Supreme Court recognized that a state prisoner's motion under Fed. R. Civ. P. 60(b) for relief from a federal district court's judgment denying habeas relief under 28 U.S.C. § 2254 would constitute a second or successive habeas petition subject to the restrictions of 28 U.S.C. § 2244 if the Rule 60(b) motion asserted or re-asserted claims of error in the underlying criminal conviction.[3] 545 U.S. at 530-33, 538. The Court held that the specific allegations of state prisoner Gonzalez's Rule 60(b) motion did not amount to a successive habeas application because Gonzalez did not attack the "federal court's previous resolution of a claim *on the merits*," but rather the federal court's "failure to reach the merits," *i.e.*, a ruling that the habeas claim was time-barred. *Id.* at 532, 538.

---

from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.

[3] The state-prisoner counterpart to Section 2255(h)'s restriction on second or successive collateral motions is contained in 28 U.S.C. § 2244(b), which provides as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Eighth Circuit has held that this same analysis applies with regard to a federal prisoner's post-judgment motion on Section 2255 review. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002); *see United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002). The Court in *Boyd* explained:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd*, 304 F.3d at 814. Thus, consistently with *Gonzalez*, *Boyd* held that a district court, confronted with a post-judgment motion in a Section 2255 proceeding, must conduct a limited, threshold inquiry into whether the post-judgment motion is in fact a successive collateral attack on the underlying conviction. *Id*. If it is, then no further review can occur without authorization by the Eighth Circuit. *Id*.

Although *Gonzalez* and *Boyd* dealt with post-judgment motions under Rule 60(b), the Eighth Circuit has held that Rule 59(e) motions are subject to the same threshold review for whether they contain second or successive collateral attacks. *Lambros*, 404 F.3d at 1037; *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006); *see United States v. Pedraza*, 466 F.3d 932, 923 (10th Cir. 2006). The *Williams* Court observed:

> Williams's final argument is that his motions were not successive petitions

because they challenged deficiencies in the habeas proceedings rather than directly attacking his underlying conviction and sentence.  Williams concedes that his Rule 60(b) motion is deemed a de facto successive habeas petition pursuant to the United States Supreme Court's ruling in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005).  However, Williams argues that *Gonzalez* does not dictate that his Rule 59(e) motion is also a successive habeas petition.

We believe this argument is foreclosed by our holding in *Bannister v. Armontrout*, 4 F.3d 1434 (8th Cir.1993).  In *Bannister*, we stated: "A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment."  *Id*. at 1440 (internal quotations omitted).

*Williams*, 461 F.3d at 1004.  Thus, Lee's Rule 59(e) motion is clearly subject to the limited, threshold inquiry whether it attacks the underlying criminal conviction or simply a failure by this Court to reach the merits of his collateral review claims.

Applying *Gonzalez* and this Court's decisions, the allegations of Lee's Rule 59(e) motion clearly "assert, or re-assert, claims of error in the movant's . . . conviction" and thus constitute second or successive collateral review claims and not a true basis for post-judgment relief. *Gonzalez*, 545 U.S. at 538.  Lee certainly raises many (albeit non-meritorious) allegations regarding this Court's manner of resolution of his claims, especially with regard to the Court's determination not to convene an evidentiary hearing, but ultimately all of these claims concern this Court's "previous resolution of a claim *on the merits*," and not any erroneous "failure to reach the merits," "fraud on the federal habeas court," or similar "defect in the integrity in the habeas proceedings." *Gonzalez*, 545 U.S. at 532 & nn.4, 5, 538.  He re-asserts numerous particular allegations of ineffective assistance of counsel at the underlying trial and sentencing, which he maintains the Court erroneously rejected without a hearing, relying on untested affidavits, and applying an ostensibly

incorrect standard for constitutionally ineffective assistance of counsel.[4] Rule 59(e) motion at 2-80. He also proffers an expansive collection of affidavits and other papers supplementing the affidavit that accompanied his original Section 2255 motion, yet he does not remotely suggest that he was prevented by "fraud" or a similar "defect in the integrity of the proceedings" from proffering this information in his original motion, whether by affidavit or within the Section 2255 motion itself. In short, the claims raised in Lee's Rule 59(e) motion are, without exception, second or successive claims for collateral relief that the Court cannot (re)adjudicate without prior authorization by the Eighth Circuit.[5]

Lee is unlikely to obtain authorization for review of his Rule 59(e) motion. Under Section 2255(h), review is limited to claims alleging "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." All of the facts and legal principles Lee advances appear to have been

---

[4] Lee's complaint about the Court's failure to conduct an evidentiary hearing challenges the Court's "previous resolution of a claim *on the merits*" insofar as Lee necessarily disputes the Court's conclusion that "there . . . do not exist grounds entitling [Lee] to habeas corpus relief." *Gonzalez*, 545 U.S. at 532 n.4. This is corroborated by Lee's arguments on the hearing issue. Rule 59(e) motion at 6 ("Despite the statutory presumption in favor of granting an evidentiary hearing in a § 2255 proceeding when there are disputed issues of fact, and the demonstrable need for further factual development of the claims alleged in Mr. Lee's § 2255 motion, this Court denied Mr. Lee's request for an evidentiary hearing. This Court's denial of that request constituted legal error.").

[5] Co-defendant Chevie Kehoe's contemporaneously-filed Rule 59(e) motion stands in marked contrast in this regard. Kehoe has conspicuously limited his post-judgment challenge to arguments that the Court declined to resolve the merits of three Section 2255 claims that the Court deemed time-barred. Under *Gonzalez*, post-judgment challenges of this type are not second or successive collateral review claims. 545 U.S. at 538.

fully available for him to present prior to this Court's judgment denying his Section 2255 motion.

As the *Gonzalez* Court noted, "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n.5.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Movant Daniel Lewis Lee's Motion to Alter and Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).

Respectfully submitted,

JANE W. DUKE
UNITED STATES ATTORNEY

By:   */s/ Dan Stripling*
DAN STRIPLING, AR BAR #74142
Assistant U. S. Attorney
P. O. Box 1229
Little Rock,  AR  72203
(501) 340-2600

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy was mailed on this 20th day of October, 2008, to:

T. Clifton Harviel
50 N. Front Street, Suite 850
Memphis, TN 38103

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Laurence E. Komp
Attorney at Law
Post Office Box 1785
Manchester, MO 63011


*/s/ Dan Stripling*
Dan Stripling