IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


UNITED STATES OF AMERICA                          PLAINTIFF/ RESPONDENT

vs.                          NO: 4:97-CR-00243(02) GTE
                                  4:06-CV-1068 GTE

DANIEL LEWIS LEE                                  DEFENDANT/MOVANT


**MOVANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOVANT'S MOTION
TO ALTER OR AMEND JUDGMENT PURSUANT TO FED R. CIV. P. 59(e)**

COMES NOW movant, Daniel Lewis Lee, by and through counsel, and submits this

reply to the government's opposition to his motion pursuant to Fed. R. Civ. P. 59(e) to alter

and amend the Court's judgment, entered on September 4, 2008, denying Mr. Lee's motion

for relief under 28 U.S.C. § 2255.

**I.      Introduction**

In its 7-page opposition to Mr. Lee's Rule 59(e) motion, the government makes no

effort to dispute Mr. Lee's legal and factual claims.  Most importantly, the government does

not respond at all to Mr. Lee's arguments that his § 2255 motion could not have been decided

without a hearing on the numerous disputed factual claims advanced therein. Without even

noting the irony of its position – having relied heavily upon untested affidavits in its previous

efforts to defeat the § 2255 motion – the government complains that the affidavits presented

in support of Mr. Lee's Rule 59(e) motion are "untested." Gov't. Reply 4.  Instead of

discussing the merits of the motion, the government takes the extreme position that a Rule

59(e) motion in the context of a federal habeas challenge to a federal conviction is not a Rule

59(e) motion at all, but, in reality, a "successor petition."

Not only is the government's position without any authority, but the government is asking this Court to *make* law by ruling that a Rule 59(e) motion which seeks reconsideration of the judgment is necessarily a "successive petition." The government's argument relies on a gross distortion of the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), whose scope and applicability was restricted to motions filed pursuant to Rule 60(b), not Rule 59(e). As is explained in more detail below, there are stark and important policy differences between Rule 59 and Rule 60 that explain why a Rule 59(e) motion properly addresses the Court's resolution of the merits of the § 2255 claims, while a Rule 60(b) motion may not. The most notable distinction is that a Rule 59(e) motion expressly *suspends the finality of the judgment* so that errors of law and fact may be brought to the attention of the district court and corrected before a final judgment is entered and the case proceeds to the circuit court.

Before beginning the legal analysis of why the government's sole argument in opposition is incorrect, Mr. Lee would like to note that the government had an opportunity to respond to the substantive errors of law and fact raised in his Rule 59(e) motion, but chose not to, relying instead solely on its outlying procedural argument. Accordingly, the government has foregone its opportunity to respond to the substance of Mr. Lee's Rule 59(e) Motion, despite the fact that it requested and received a 20-day extension from this Court to respond to the Motion. In other words, the government had ample time to review and respond to the Motion, but affirmatively chose not to, and has therefore effectively conceded

the underlying substantive errors of law and fact addressed in Mr. Lee's Motion.  Mr. Lee

respectfully urges this Court to amend its judgment and grant the relief requested.

**II.      The Government's attempt to Extend *Gonzalez v. Crosby* to motions filed pursuant to Rule 59(e) is premised on a distortion of the holding in *Gonzalez* and is fundamentally incorrect.**

In *Gonzalez*, the Supreme Court addressed the narrow question of whether a motion

brought under Fed. R. Civ. P. 60(b) by a state prisoner always constitutes a successive

habeas petition, and thus an attempted "end run" around the strict statutory filing provisions

established under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").  In an

opinion authored by Justice Scalia, the Supreme Court distinguished between motions that

raise claims on the merits, which are effectively successor petitions and thus cannot be

brought under Rule 60(b), and those that challenge the judgment on other grounds (for

example, the district court's ruling on the statute of limitations), which are properly made

pursuant to Rule 60(b).  As the government concedes in its opposition, *Gonzalez* was

restricted solely to motions brought under Rule 60(b).  *See* Gov't. Reply at 3.  The

government, however, asks this Court to extend the holding in *Gonzalez* to motions brought

pursuant to Rule 59(e) by muddying the proverbial waters and combining Rule 60(b) motions

and Rule 59(e) motions as "post-judgment" motions.  *Id*.  The government's conflation of

motions filed pursuant to Rule 59(e) and Rule 60(b), however, has no support in the rules,

case law, policy, or any other authority.

**A.    A Rule 59(e) motion cannot be "successive" because, unlike Rule 60(b) motions, motions filed pursuant to Rule 59(e) suspend the finality of the judgment.**

A key distinction between motions filed pursuant to Rules 59(e) and those filed pursuant to Rule 60(b) is that the former suspend the finality of the district court's judgment, while the latter do not.    As the Federal Rules of Civil Procedure Advisory Committee recognized in its notes to the 1946 Amendment to Rule 60(b), "a motion under Rule 60(b) does not affect the finality of the judgment, but a motion under Rule 59, made within 10 days, *does affect finality* and the running of the time for appeal." (Emphasis added.)

This difference illustrates why, under *Gonzalez*, AEDPA's restrictions on second or successive petitions could not apply to Rule 59(e) motions that challenge the errors of law and fact in the district court's resolution of the § 2255 claims on the merits.[1]  At the time that the Rule 59(e) motion is filed, the finality of the judgment is suspended until the district court either grants or denies the motion.  *See  Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[a] Rule 59(e) motion . . ., in effect, 'suspends' the finality of the initial judgment" until the district court either grants or denies the motion).  Because the judgment is not final, the Rule 59(e) motion cannot be "successive" because there is no final judgment to which the Rule 59(e) motion could be "successive."  In other words, since a Rule 59(e) motion, filed within ten days, suspends the finality of the judgment, it may not,

---

[1] The government does not contend that Mr. Lee has raised any new legal claims in his Rule 59(e) motion, but rather that he "*re-asserts* numerous particular allegations of ineffective assistance of counsel at the underlying trial and sentencing, which he maintain the Court erroneously rejected without a hearing," Gov't. Reply at 4 (emphasis added).

as a technical matter, qualify as a "successive" or second petition within the meaning of the

AEDPA.

A Rule 60(b) motion, on the other hand, does not suspend finality and can be filed

even over a year after judgment.  Thus, where a Rule 60(b) motion advances one or more

claims, it is deemed  a second or successive habeas application so as not to run afoul of the

AEDPA's statute of limitations and other relevant provisions.  *See Gonzalez* at 530-31.  As

the Seventh Circuit explained in *Curry v. United States*, 307, F.3d 664, 665 (7th Cir. 2002):

> A Rule 60(b) motion is a collateral attack on a judgment that has
> become final through exhaustion of judicial remedies.  A Rule
> 59(e) motion is not; filed as it must be within 10 days of the
> judgment, it suspends the time for appealing.  Since such a
> motion does not seek collateral relief, it is not subject to the
> statutory limitations on such relief.

For these reasons, Mr. Lee's Rule 59(e) motion does not constitute a second or successive

§ 2255 motion to vacate his sentence.  Rather, Mr. Lee's motion is, as is explained in the

next section, consistent with the purpose and policy of Rule 59(e) – that is, to ask the Court

to reconsider its just-entered judgment on the basis of claimed errors of law and fact.

**B.      The fundamental purpose of the successive petition rule, which informed *Gonzalez*, does not apply here because the purpose and policy behind Rule 59(e) is to provide district courts with an opportunity to correct errors of law and fact before the judgment becomes final.**

The government's attempt to extend *Gonzalez* to Rule 59(e), under the guise that both

that rule and Rule 60(b) govern "post-judgment" motions, misconstrues the different

purposes and polices behind each rule.  One of the purposes of Rule 59(e) is to provide

district courts the opportunity to correct significant errors of fact or law that are brought to

their immediate attention, and thus spare the parties and appellate courts the burden of unnecessary appeals. *See*, *e.g.*, *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Effectuation of this purpose does not in any way undermine AEDPA's intent to avoid repetitive or multiple petitions, the rationale behind the successive petition rule. Indeed, there is no policy of purpose of AEDPA or the successive petition rule that would be furthered by depriving district courts of the ability to correct errors of law or fact that are promptly brought to the fore within 10 days of initial judgment. The purpose is to provide an opportunity to revisit the ultimate judgment prior to the taking of any appeal.

The government's position, that a Rule 59(e) motion that is addressed to the merits of the prior judgment necessarily constitutes a second or successive petition, is simply wrong. Mr. Lee seeks reconsideration of his previously presented claims because, respectfully, he believes that the denial of his § 2255 motion and request for an evidentiary hearing is based on significant errors of fact and law. That is precisely the purpose and policy behind Rule 59(e). Indeed, the ten-day limit of Rule 59(e) applies to an inherent power that a district court has even prior to the entry of judgment. *K.C. 1986 L.P v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008).

Extending the holding of *Gonzalez* to Rule 59(e) motions would attribute to the Supreme Court and Congress the unlikely intent to broadly preclude the reconsideration of just-entered judgments. Such an extension of *Gonzalez* would make it almost always

-6-

impossible for a district court to reconsider its denial and correct errors of law and fact. Under the government's view, permission to do so would have to be sought from the court of appeals and such permission could only be granted in the limited circumstances provided by 28 U.S.C. § 2255(h).  Such a result is inconsistent with the purpose and policy behind Rule 59(e), which is to allow the district court to correct its own errors, sparing the parties and appellate court the burden of unnecessary appellate proceedings.  Extending *Gonzalez* as the government asks would fundamentally alter the landscape of federal court practice and the Rules of Civil Procedure, as well as impose inefficiencies on the judicial system.

> **C.**     **The Government's reliance on Circuit authority to extend *Gonzalez* to Rule 59(e) motions is misplaced because each of the cases to which it cites is distinguishable.**

The government relies on *Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006), for the proposition that a Rule 59(e) motion must be limited to grounds challenging procedural deficiencies in the habeas proceeding rather than merits of the judgment.  The government's reliance on *Williams*, however, is misplaced, as it simply does not stand for the principle for which it is cited.  In *Williams*, the issue was whether the petitioner could raise – for the first time – in a post-judgment renewed motion for relief the claim that he could not be executed because he was mentally retarded.[2]  The district court denied that renewed motion on the

_____

[2] In *Williams*, the petitioner filed a Rule 59(e) motion challenging the denial of his § 2254 petition.  Nearly a month after his Rule 59(e) motion was denied, the petitioner filed a*nother* motion for relief, *outside the ten-day filing period*, in which the petitioner "raised for the first time the claim that [the petitioner] could not be executed as a result of the United States Supreme court's ruling in *Atkins v. Virginia*[,]" 461 F.3d at 1001, which prohibited the execution of the mentally retarded.

basis that it was a successive habeas petition, 461 F.3d at 1000-1, but granted a certificate of appealability on the issue of whether the petitioner could argue his claim of mental retardation at that stage of the proceedings.

On appeal, the petitioner made a variety of arguments as to why the new mental retardation claim should be construed as an amendment to the original § 2254 petition, rather than as a successive petition, each of which the Eighth Circuit rejected.[3]  Citing to *Bannister v. Armontrout*, 4 F.3d 1434 (8th Cir. 1993), a pre-*Gonzalez* case, the Court stated: "A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment."  461 F.3d at 1004.  In other words, the Eighth Circuit was merely affirming the well-settled principle that a petitioner cannot raise an entirely *new* legal claim after the petition has already been filed and the statute of limitations has run.  In *Williams*, the Rule 59(e) motion was deemed a successive petition precisely because it argued a new legal claim which was not raised in the initial petition – i.e., that the petitioner could not be executed because he was mentally retarded.  Unlike *Williams*, however, Mr. Lee's Rule 59(e) motion does not raise any new legal claims – each of the claims argued in his Rule 59(e) motion are in the § 2255 motion itself.  Thus, *Williams* is

---

[3] The petitioner argued that: (1) the post-judgment motions should have been treated as motions to amend the initial habeas petition under Fed. R. Civ. P. 15 because they were filed prior to the formal entry of a separate judgment per Fed. R. Civ. P. 58, 461 F.3d at 1001-2; (2) he should be permitted to amend his petition because he received ineffective assistance of counsel in filing his initial petition, *id.* at 1002-3; (3) his motions were not successive habeas petitions because the denial of his initial petition had not yet been affirmed on appeal, *id.* at 1003-4; and (4) that his post-judgment motion attacked deficiencies in the habeas proceedings rather than the underlying conviction, *id.* at 1004.

inapposite.

The government's position is further eroded by looking at the *Bannister* case cited in *Williams*. In *Bannister v. Armontrout*, 4 F.3d 1434 (8th Cir. 1993), the petitioner appealed a judgment of the district court denying his § 2254 petition. The federal petition challenged certain inculpatory statements that the petitioner made to law enforcement officers on the ground that at the time of the interrogation, he had already requested and been appointed counsel at his initial arraignment, and that the admission of his statements violated his Sixth Amendment right to counsel. 4 F.3d at 1439. The state argued that review of the petitioner's claim concerning the effect of his initial arraignment was procedurally barred because the petitioner failed to previously present to the *state* courts the factual and legal bases of his Sixth Amendment claim that he was appointed counsel at his initial arraignment. The Eighth Circuit agreed that the claim was procedurally barred because the petitioner failed to previously raise his Sixth Amendment claim in his state habeas petition.

In ruling on the case, the *Bannister* court began by noting that in deciding a habeas petition brought under § 2254, federal law requires that the federal petition only raise claims that were already presented to the state courts. 4 F.3d at 1439 (citing *Bolder v. Armontrout*, 921 F.2d 1359, 1364 (8th Cir. 1990)). The petitioner, however, had neither presented his Sixth Amendment claim to the state courts, nor had he sought to develop the facts upon which this claim relied (the date and time of his arraignment at which counsel was allegedly appointed) in state court. Indeed, the first time that the petitioner had raised his new legal argument and facts in support of that argument (in the form of an unsigned affidavit), was

in connection with his Rule 59(e) motion filed in federal court.[4]  4 F.3d at 1440.  The question presented and resolved in *Bannister*, therefore, was not whether the Rule 59(e) motion was a successive petition, but rather whether the petitioner had defaulted his Sixth Amendment claim by failing to previously present that claim and the material facts in support in state court before raising them in federal court.[5]

The government cites to three additional Eighth Circuit cases (*Boyd, Patton* and *Lambros*), and one Tenth Circuit case (*Pedraza*) in support of its position.  None of these cases, however, stand for the proposition that *Gonzalez* extends to Rule 59(e) motions.  In

---

[4] It should be noted that *Bannister* was decided under § 2254, which requires that a petitioner develop the material facts in support of a constitutional claim in a state court evidentiary hearing so that the state courts have "a full and fair opportunity to address and resolve the claim on the merits." *Bannister*, 4 F.3d at 1439 (quoting *Keeney v. Tamayo-Reyes*, 112 S. Ct. 1715, 1720 (1992)).  Unlike § 2254 litigants, movants under § 2255 have no prior opportunity to develop the facts in support of their habeas claims because is there is no prior state court proceeding involved.  Thus, as Mr. Lee has consistently argued in this case, an evidentiary hearing was, and is, warranted in order to develop the factual record necessary before his legal claims can be properly and adequately resolved on the merits.

[5] *Bannister*, in turn, cites to two cases – *Woods v. City of Michigan City*, 940 F.2d 275, 280 (7th Cir. 1991), and *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) – which further undermine the government's position.  In *Woods*, the Seventh Circuit affirmed the denial of the plaintiff's Rule 59(e) motion because the Rule 59(e) motion raised a new legal argument – a new theory of municipal liability – that had not been presented as an independent ground for liability in the pleadings preceding summary judgment.  940 F.2d at 279-80.  In *Simon*, the Fifth Circuit affirmed the denial of the appellant's Rule 59(e) motion in medical malpractice case because the Rule 59(e) motion was based on a legal theory – an affirmative defense – that was not raised or argued at the trial.  891 F.2d at 1158-59.  Neither of these cases is apposite here, as Mr. Lee's Rule 59(e) motion does not raise new legal claims.  Rather, Mr. Lee's Rule 59(e) motion request that the court reconsider its judgment of the legal claims that were pleaded in his § 2255 motion – which is precisely the purpose of a Rule59 (e) motion.

*Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002), the issue before the Court was whether the movant's Rule 60(b) motion was a successive petition; there is literally no mention of Rule 59(e) in the decision.  304 F.3d at 814.  In *United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002), the issue before the Court was whether the movant's Rule 12(b)(2)[6] motion was an attempt to bypass the successive petition rule; again, there is literally no mention of Rule 59(e) in the decision.  309 F.3d at 1094.

In *United States v. Lambros*, 404 F.3d 1034 (8th Cir. 2005), the movant filed a Rule 60(b) motion asking the district court to vacate a prior order denying his first Rule 60(b) motion.  When the district court denied the second Rule 60(b) motion, the movant then filed a Rule 59(e) motion to alter or amend the district court's order denying his second Rule 60(b) motion.  404 F.3d 1035-36.  Those facts are entirely distinct from Mr. Lee's case, as the movant in *Lambros* did not file a Rule 59(e) motion asking the district court to alter or amend its denial of his § 2255 motion within 10 days – i.e., while the judgment could be suspended – but rather the *Lambros* motion was directed to a second Rule 60(b) motion, long after the judgment denying the § 2255 motion became final.

Similarly, in *United States v. Pedraza*, 466 F.3d 932 (10th Cir. 2006), the movant

---

[6] Rule 12(b)(2) permits the district court to notice a jurisdictional challenge at any time during the pendency of the proceedings.  In *Patton*, the movant filed a § 2255 motion, which was denied, and the filed the 12(b)(2) motion challenging the district court's jurisdiction to impose the sentence and fine.  The district court denied that motion because the proceeding that lead to the movant's conviction and sentence was no longer pending.  As the Eighth circuit noted, it appeared that the movant sought relief under Rule 12(b)(2) in order to avoid the requirement under § 2244(b)(3) that he obtain authorization from the circuit court to file a second or successive § 2255 motion.

filed a Rule 59(e) motion seeking reconsideration of the district court's order construing his Rule 60(b) motion as a successive petition. That is simply not the situation presented by Mr. Lee's case here. Unlike the movants in *Lambros* and *Pedraza*, Mr. Lee is not seeking reconsideration of a post-judgment motion that was already deemed successive by the district court, long after the denial of the § 2255 motion became final. Rather, Mr. Lee is timely seeking reconsideration of a just-entered judgment in order to bring the Court's attention to errors of fact and law which warrant alteration or amendment of the judgment. None of the cases cited by the government establishes that this is an improper use of a Rule 59(e) motion, much less that such a motion for reconsideration constitutes a second or successive petition.

**D.     The government's attempt to extend *Gonzalez* to Rule 59(e) motions was rejected by the Advisory Committee on Criminal Rules at their last meeting in April 2008.**

Earlier this year, the Justice Department launched an effort to amend the Rules Governing § 2255 Proceedings For The United States Courts (hereafter "§ 2255 Rules") to accomplish the same result that the government argues here is simply a matter of judicial construction. Specifically, the DOJ proposed amending Rule 11 of the § 2255 Rules to prohibit movants from litigating any post-judgment motions that addressed the merits of rejected claims. *See* Agenda Materials for the Advisory Committee on Criminal Rules, Washington, D.C., April 29-29, 2008 at 138 (available online at: http://www.uscourts.gov/rules/Agenda%20Books/CR2008-04.pdf) (last visited October 23, 2008). Just as the government does now, the DOJ claimed that its proposed amendment to preclude litigants from addressing the merits of the district court's judgment in any

-12-

reconsideration motion – including one filed pursuant to Rule 59(e) – was merely a codification of the "successive petition" rule articulated in *Gonzalez*. *Id*.

In considering the proposed rule change, the Advisory Committee on Criminal Rules was briefed on the arguments against adopting the proposal. Specifically, the Committee was informed that Rules 52 and 59 were not addressed in *Gonzalez*, and that extending *Gonzalez* beyond Rule 60(b) would not only unnecessarily eliminate remedial routes currently available to movants in district court, but would also introduce inefficiencies into the legal system: "[Rules 52 and 59] give the district court the opportunity to correct significant errors of fact or law that are brought to their immediate attention. Under the proposed rule a litigant would have to appeal to the Court of Appeals rather than bring a clear error of fact or law to the attention of the district court, resulting in a waste of judicial resources." *Id*. at 141.

After careful consideration and debate on the proposed rule change, the Committee rejected the Department's proposed amendment. *See* Minutes of the Advisory Committee on Criminal Rules, Washington, D.C., April 28-29, 2008 at 11 (available online at: http://www.uscourts.gov/rules/Minutes/CR04-2008-min.pdf) (last visited on October 23, 2008). As noted in the Committee's Minutes, one of the key arguments made against the proposed amendment was that "by eliminating Rules 52 and 59 as avenues for relief, the proposed Rule 11(b) amendment would be going far beyond merely codifying *Gonzalez*." *Id*.

The fact that the government sought, just this year, to amend the § 2255 Rules in order

to accomplish the result which they now claim is dictated by the existing rules scheme, is compelling evidence that the government's interpretation of Rule 59(e) is fundamentally incorrect. Moreover, the fact that the Advisory Committee roundly rejected the same interpretation of *Gonzalez* that the government advances now, as well as the drastic re-writing of the § 2255 Rules which the government claims is simply a matter of judicial construction, lends further credence to Mr. Lee's argument that the government is asking this Court to make new law by extending *Gonzalez* in a manner not contemplated by the Supreme Court or any of the applicable federal rules of procedure. This Court should not embrace the government's ill-conceived effort to deny Mr. Lee the careful scrutiny and attention to his sentence of death that our rules and statutes allow.

### III. Mr. Lee's Rule 59(e) motion also properly challenges a defect in the integrity of the habeas proceeding.

As has been argued above, the government's contention that a Rule 59(e) motion may not attack the merits of the district court's decision, but must, per *Gonzalez*, be limited to a procedural error in the proceeding which precluded a determination of a claim on the merits, or a defect in the integrity of the proceedings, is wrong. As demonstrated above, *Gonzalez* did not address Rule 59(e), and the distinct purposes and policies behind Rule 59 and Rule 60 countenance against extending *Gonzalez* beyond Rule 60(b) motions. Nevertheless, even under the government's fundamentally flawed position, Mr. Lee's motion would still be proper because his claim that the Court erred in failing to grant an evidentiary hearing on his § 2255 claims is addressed to a defect in the integrity of his proceeding.

### A.    The Court's denial of an evidentiary hearing constitutes a defect in the integrity of the habeas proceeding per *Gonzalez*.

As noted above, the government's claim regarding the proper scope of a Rule 59(e) motion is a gross distortion of *Gonzalez*, and its characterization of Mr. Lee's motion as a "successive petition" is wrong. However, the government takes its flawed argument one step further in claiming that the portion of Mr. Lee's Rule 59(e) motion which is addressed to the Court's denial of an evidentiary hearing constitutes a successive petition. Gov't. Reply at 5 n.4. Without any explanation or authority, the government asserts that a Rule 59(e) motion which challenges the denial of an evidentiary hearing constitutes an attack on the Court's "previous resolution of a claim on the merits," per *Gonzalez*. *Id*. Absent from the government's claim is any citation to authority which supports its position. Indeed, the government has not cited any such cases because the extant authority contradicts its position as to *all* post-judgment motions, not just those filed under Rule 59(e). *See*, *e.g.*, *Mitchell v. Rees*, 261 Fed. Appx. 825, 829 (6th Cir. 2008) (petitioner's Rule 60(b) motion, which challenged the district court's denial of an evidentiary hearing, did not constitute an attack the district court's previous resolution of the petition on the merits, but rather asserted "an error in the federal habeas proceedings," and was therefore not a successive petition per *Gonzalez*); *Woodbury v. Bruce*, 203 Fed. Appx. 186, 190 (10th Cir. 2006) (petitioner's claim that he was entitled to an evidentiary hearing is a "true 60(b) claim"); *United States v. Lopez*, 2007 U.S. Dist. LEXIS 80664, *14-*15 (E.D. Pa. 2007) (movant's Rule 60(b) motion, which alleged that the court erroneously failed to grant an evidentiary hearing on his ineffective

assistance of counsel claims, addressed "a defect in the integrity of the habeas proceedings possibly justifying Rule 60(b) relief").

A challenge to a district court's denial of an evidentiary hearing does not constitute a second or successive petition under *Gonzalez*. Such a challenge does not attack the district court's resolution of the petition on the merits, but, rather, asserts a defect in the integrity of the proceedings, namely a lack of adequate *process* before the district court rendered its judgment. As the above-cited cases demonstrate, such challenges to a denial of an evidentiary hearing have been found to be well within the scope of a proper Rule 60(b) as articulated in *Gonzalez*, so it follows *a fortiori* in Mr. Lee's case as well.

It bears repeating that the government has failed to respond to any of the substantive arguments in Mr. Lee's Rule 59(e) motion which establish that an evidentiary hearing is warranted on his § 2255 claims. It has not responded to the numerous issues of material fact that are in dispute in this case, nor has it even attempted to address the ample authority cited in Mr. Lee's motion which establishes that on the present facts, it was error to deny an evidentiary hearing. *See* Movant's Motion to Alter and Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) at 3-17. As noted in Mr. Lee's motion, it was respectfully submitted that this Court's denial of an evidentiary hearing was improper because: (1) the Court erroneously grafted an "affidavit requirement" onto the standard that governs evidentiary hearings in § 2255 proceedings; and (2) the Court made credibility determinations on the basis of government proffered affidavits alone. The government has made no attempt to address these defects in the denial of the evidentiary hearing, so it can only be assumed that

-16-

the government agrees with Mr. Lee's position that there is no "affidavit requirement" that must be met in order to obtain an evidentiary hearing, and that the Court cannot make credibility determinations about the government's witnesses solely on the basis of its proffered "untested affidavits." In light of these concessions by the government, it is respectfully submitted that this Court erred in denying an evidentiary hearing, and that this Court should grant Mr. Lee's Rule 59(e) motion and afford him a hearing for the factual development of his claims.

Moreover, as documented within each section devoted to the individual § 2255 claims, there are important material facts in dispute in this case which cannot be conclusively resolved on the basis of the existing record, but rather require an evidentiary hearing to permit further factual development to create an adequate record. For example, Mr. Lee alleges that trial counsel were ineffective for failing to properly and adequately challenge the psychopathy evidence admitted against him at trial. Consistent with the dictates of Rule 59(c), which permits a litigant to submit affidavits in support of a Rule 59(e) request that the court reconsider its judgment, Mr. Lee submitted a number of affidavits which establish that the existing record regarding this claim is inadequate to properly resolve it, and that Mr. Lee must be permitted to make a full record. Specifically, the affidavits establish that the government's own expert at trial, Dr. Thomas Ryan, has since disavowed the use of the PCL-R and highly inflammatory psychopathy evidence in capital proceedings because of its impropriety and unreliability as a tool to predict future dangerousness, and, furthermore, that the basis for challenging such evidence on scientific grounds was available to trial counsel

-17-

at the time of Mr. Lee's evidence.  *See* Movant's Rule 59(e) Motion at 19-46 and Attached

Exhibits.  As noted earlier, the government requested and received a 20-day extension in

order to respond to these compelling and significant facts, but instead filed a 7-page response

devoted exclusively to a specious procedural argument in an effort to divert this Court's

attention from the significant and troubling facts in this case which warrant a reconsideration

of both the denial of the § 2255 motion and the evidentiary hearing.

**B.      Mr. Lee properly attached affidavits to his Rule 59(e) motion in support of his claims therein.**

The government makes the argument that Mr. Lee's submission of affidavits and

exhibits to his Rule 59(e) motion was somehow improper because "he does not remotely

suggest that he was prevented by 'fraud' or a similar 'defect in the integrity of the

proceedings' from proffering this information in his original motion, whether by affidavit or

within the Section 2255 motion itself."  Gov't. Reply at 5.  The government's position is a

"straw man" argument, as there is simply no requirement that Mr. Lee allege "fraud" or a

"defect in the integrity of the proceedings" in order to present his affidavits to the Court as

part of a Rule 59(e) motion.  Indeed, the plain language of subsection (c) of Rule 59

contemplates the filing  of affidavits with the motion.  *See* Rule 59 (c) ("Time to Serve

Affidavits").[7]  Mr. Lee's submission of his affidavits is therefore in compliance with the

dictates of Rule 59.

_____

[7] Indeed, subsection (c) even affords the government the ability  to file "opposing affidavits," but it waived that opportunity and chose not to take advantage of this provision.

Moreover, to the extent that the government implies that Mr. Lee was required to submit the affidavits as part of his § 2255 motion, this argument was already extensively refuted in Mr. Lee's Rule 59(e) motion. *See* Rule 59(e) motion at 7-12. There is no such "affidavit requirement," whether by statute or local rule. Indeed, it is respectfully submitted that the fact that the Court erroneously grafted such a requirement onto the statutory standard governing evidentiary hearings in § 2255 proceedings constitutes a defect in the integrity of the proceedings.

**C.     Mr. Lee presents a compelling basis for the Court to grant his Rule 59(e) motion.**

The government, as noted earlier, has failed to respond in any fashion regarding the merits of Mr. Lee's Rule 59 motion. The reality is  Mr. Lee presents compelling arguments. While resting on his on his original Rule 59 motion, Mr. Lee would like to focus the Court on two particular legal claims.

First, as pled in his habeas petition and supported by the Rule 59 exhibits, a diagnosis of psychopathy, as measured by the PCL-R, is not – and never has been – probative or predictive of an individual's future dangerousness in prison. In spite of that undisputed truth, the record is clear that the PCL-R and psychopathy evidence were a central part of the government's case and Mr. Lee's death sentence. Stating it bluntly, the government sought to frighten the jury that Mr. Lee, a "psychopath," would wreak havoc on others even if confined. Of the 53 persons currently on federal death row, Mr. Lee is the only individual whose capital sentencing proceedings were infected by any evidence of psychopathy or the

PCL-R.  Every other federal capital case involving such evidence has either been reversed after judgment, or the evidence was precluded from ever being presented to the jury in the first place.

Second, as pled in his habeas petition and supported by the Rule 59 exhibits, Mr. Lee's trial counsel deliberately violated *Georgia v. McCollum*, 505 U.S. 42 (1992), by deliberately utilizing peremptory challenges in a racially prejudiced manner.  The attorneys' sole apparent[8] criteria for accepting or excluding jurors was premised on a racially stereotypical view that blacks were more likely discredit government testimony and less likely to impose death.  On this basis, peremptory challenges were exercised against whites. This practice legitimized racial classifications – as to both whites and blacks – on the assumption that all persons of a certain race possessed certain characteristics.  How can it ever be considered tactically legitimate to exercise challenges in a racially discriminatory manner?  This "choice" was particularly unreasonable in light of the fact that Mr. Lee's attorneys represented a white supremacist with visible racist tattoos, who would be sitting in front of and displaying those tattoos to the jury, and where counsel know the government intended to present multiple photographs of non-visible tattoos.

To conclude, Mr. Lee presents a meritorious basis for the Court to exercise its discretion under Rule 59.  As previously noted, this Court has the authority to act  (*see also*

---

[8] The qualifier "apparent" is employed because there was no hearing.  Therefore, the only information this Court has about the criteria employed for jury-selection by the defense attorneys is the affidavit of Mr. Hampton, an attorney for Mr. Lee's co-defendant.  The only criteria discussed in that affidavit was race.

*Morales v. Mitchell*, 507 F.3d 916 (6th Cir. 2007) (Capital case brought pursuant to § 2254

AEDPA case where the appellate court affirmed the district court's grant of habeas relief that

was premised on the habeas petitioner's successful Rule 59), and should act.

**Conclusion**

Because the Court's Judgment is based on mistakes of law and fact, relief under Fed.

R. Civ. P. Rule 59(e) is appropriate. In particular, petitioner asks the Court to provide the

following relief:

• alter, amend and set aside its Judgment on all the issues addressed herein; and,

• grant Mr. Lee an evidentiary hearing; or,

• reopen the proceedings and grant whatever relief this Court deems just and proper.

Respectfully submitted,

/s/ David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000
(973)746-1490 (fax)
davidruhnke@ruhnkeandbarrett.com

-and-

/s/ Laurence E. Komp
Laurence E. Komp
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636)207–7330
(636)207–7351 (fax)
lekomp@swbell.net

COUNSEL FOR MOVANT

## CERTIFICATE OF SERVICE

Movant's counsel have filed this Reply to the Government's Opposition to Movant's Motion to Alter and/or Amend on today's date via ECF, thereby serving the United States and all parties.

/s/ David A. Ruhnke
COUNSEL FOR MOVANT

Dated:       Little Rock, Arkansas (filed via ECF)
             October 25, 2008