FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEC 1 5 2008

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES OF AMERICA
            Plaintiff/Respondent,

v.                                          NO. 4:97-CR-00243-(2)GTE
                                            (Civil Case No. 4:06-CV-1608)
DANIEL LOUIS LEE,
            Defendant/Movant

SWORN STATEMENT/DECLARATION OF DANIEL LOUIS LEE
IN SUPPORT OF MOVANT'S MOTION FOR RECONSIDERATION

Comes Now, Daniel Louis Lee, Defendant/Movant Pro Se and respectfully submits his second Sworn Statement/Declaration in support of his Motion for Reconsideration pursuant to Federal Rules of Civil Procedure Rule 59. The matters setforth herein are relevant to issues raised in the Section 2255 Motion and the Rule 59 Motion.

Daniel Louis Lee, being competent to make this Sworn Statement/Declaration and having personal knowledge of matters herein, states and declares pursuant to 28 U.S.C. § 1746 the following:

1. I am the defendant/movant in this case. I am represented by Court Appointed Attorneys David A. Ruhnke and Laurence E. Komp. We have discussed the information in this Sworn Statement/Declaration, but to date they have taken no action to advise the Court of these very important matters. Since my life is at issue in these proceedings and because my last opportunity to present this information to this Court is at hand, I offer the following facts and information.

2. I was present each and every day of my trial and I paid very close attention to the testimony which was presented. Based upon my personal recollection of that

testimony I know that the trial transcripts of certain testimony has never been pro-
vided to my Court Appointed Attorneys who represented me on direct appeal and to Mr.
Ruhnke and Mr. Komp who represented me in these proceedings. Those transcripts are
a crucial part of evidence which supports my Section 2255 Motion/Petition. A summary
of the testimony contained in the missing transcripts is as follows:

Testimony concerning the searches of the storage unit in Old Town, Idaho:

Testimony concerning searches of the Albeni Falls Mini Storage unit was provided by
Government witnesses. It is undisputed that this storage unit was located in Old Town,
Idaho. The testimony of a Special Agent with the FBI established that he and a team
of agents searched the Old Town, Idaho storage unit. I do not know the name of the
FBI Special Agent, but his testimony came just before ATF Special Agent Michael Spring-
er's testimony. In fact the sequence of testimony went as follows: The FBI Special
Agent testified first, he stepped down and waited in the hallway while ATF Special Agent
Michael Springer testified. He then stepped down and waited in the hallway while the
FBI Special Agent concluded his testimony, ATF Special Agent Springer then took the
stand to conclude his testimony. Attorney Hampton conducted the questioning of these
two agents on behalf of the defendants.

The FBI Special Agent's initial testimony was that he was in charge of the FBI's
search of the Old Town, Idaho storage unit. He provided information about the search,
the names/identities of the members of his search team, who took notes, who video taped
the search, who authored the written reports of the search, etc..

His testimony was that upon arrival at the storage unit facility he spoke with the
manager and then proceeded to the unit to conduct the search. The unit was locked
and that he documented the serial number on the lock. The lock was cut by the FBI
and the search was conducted. It was videotaped from start to finish. No illegal items
were recovered or removed by the FBI search team. The storage unit contained only an

(2)

array of household items, toys, tires an such. The FBI Special Agent testified that he placed the cut lock on the sewing machine exited the storage unit and placed a second padlock on the door. He documented the serial number of this lock in his report. This Agent's testimony and the FBI search report specifically addresses the two locks. This is an important fact. Upon cross examination by Mr. Hampton the FBI Special Agent testified about the information contained in the FBI report e.g. the address of the storage unit facility, the number of the storage unit, the day, date and time of the search, information about the locks and their serial numbers, and that the lock was cut and then left in the storage unit at the end of the search, and that he placed a new lock on the door and documented the serial number. Mr. Hampton dismissed the witness, subject to him being recalled later to finish his testimony. ATF Special Agent Michael Springer, an agent with the Spokane, Washington Field Office of the ATF provided testimony of the ATF's search of the Old Town, Idaho storage unit which occurred within four to five hours of the FBI's search. (The Section 2255 Motion mistakenly states that this search was conducted "a few days later" Motion at P.23 ¶3:) ATF Special Agent Springer (Agent Springer) testified about the ATF search, the ATF written report of the search, but that no videotape of the search was available as the batteries in the videocamera were not working. His testimony establishes the date, time, location and manner of the search. The ATF written report and the Agent's courtroom testimony established that Agent Springer cut off the padlock on the door, that a second lock which had previous been cut was located on the sewing machine in the storage unit. These locks had serial numbers which were documented by Agent Springer in the ATF search report. The ATF was unaware of the FBI's search just hours before and/or the results of that search. Even though the FBI had found no illegal or incriminating items hours earlier, the ATF search report includes all of the items listed on the FBI's search report, but additionally it lists numerous illegal and incriminating

(3)

items including the display case on which my finger prints were alleged to have been found. By questioning the FBI Special Agent and his report side-by-side with the ATF Agent's report Mr. Hampton was able to establish that the lock which the ATF had cut to gain entry into the storage unit was in fact the lock placed upon the unit by the FBI Special Agent. Mr. Hampton repetedly questioned the FBI Special Agent about the locks, their serial numbers and how they were cut and applied and by whom.

Mr. Hampton recalled Agent Springer and established that there were three locks in question the first lock which he cut (which had been placed on the unit by the FBI) the second lock found inside the unit on the sewing machine (which had been cut off by the FBI and left in the unit) and the third lock being the one placed on the unit at the conclusion of the ATF's search. The locks were each identified by the serial numbers in the FBI and ATF reports.

Agent Springer was never able to explain how the evidence he claimed to have found in the storage unit had come to be there within the few hours between the FBI search and the ATF search. Nor could he explain how it could have happened when the lock placed upon the storage unit by the FBI was in place when the ATF arrived to conduct its search and when it was the ATF that removed the lock placed there by the FBI.

The trial transcripts of this testimony, the FBI and ATF search reports and the video-tape of the FBI search have never been provided to the attorneys appointed to repre-sent me on my direct appeal or my section 2255. When I informed them about this evi-dence they tell me it isn't in any of the materials they have been provided.

I request that these transcripts, the FBI and ATF search reports and the videotape made by the FBI of its search be provided to my counsel, and to this Court as these items are relevant to the issues contained in my Section 2255 Motion and the Rule 59 Motion. It supports my IAC claims and questions evidence used against me at trial.

Noone has been required to explain how incriminating evidence mysteriously appeared in the

Old Town, Idaho storage unit which had been padlocked by the FBI and wasn't opened again until the ATF cut the FBI's lock. These circumstances brings into question the only physical evidence alleged to have connected me to the Muellers. The hair has been excluded, by way of DNA testing, as having been mine.

3. My section 2255 motion does not adequately reflect all of the information which I provided to my attorneys about Michael Brescia and the fact that William Mueller was in fear for his life from Brescia. The U.S. Attorney's office was in possession of this information prior to and during my trial. This is supported by the fact that Michel Brescia was brought by way of a writ to Little Rock and held in custody there during the time of a witness' testimony who could have made this claim. Brescia was on standby as a government witness because the government knew that Mr. Mueller was in fear for his life from Brescia and others. Such knowledge by the U.S. Attorney and/or her agents was Brady Material which was never provided prior to my trial. Brescia was held in the same unit at the same jail as Chevie Kehoe and me during a portion of our trial.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 20TH day of November, 2008 at Terre Haute, Indiana.

Respectfully Submitted,

Daniel Louis Lee #21303-009
Federal Correctional Complex
Special Confinement Unit
Post Office Box 33
Terre Haute, In 47808-0033

Notarized this 20th day of November, 2008.
Bruce Ryherd, Notary Public
Vigo County, Indiana
Commission Expires April 5, 2012.

## CERTIFICATE OF MAILING

I Daniel Louis Lee, do hereby state and certify that on this 20th day of November, 2008 a true and correct copy of the foregoing Sworn Statement/Declaration of Daniel Louis Lee in Support of Movant's Motion for Reconsideration was sent by First Class prepaid mail to each of the following:

Dan Stripling, Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203

Gwynn X. (Charlie) Kinsey, Jr., Attorney
U.S. Department of Justice, Criminal Division
1331 First Street, NW
Washington, DC 20530

The Honorable G. Thomas Eisele
United States District Court Judge
Eastern District of Arkansas
600 West Capitol, Room 509
Little Rock, Arkansas  72201

David A. Ruhnke, Attorney
Ruhnke and Barrett
47 Park Street
Monclair, NJ  07042

Laurence E. Komp, Attorney
423 Madrina
Ballwin, MO  63021

Daniel Louis Lee