**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF/RESPONDENT**


**v.**                                 **CASE NO.  4:06-CV-1608 GTE**
                                       **(Criminal Case No. 4:97-CR-243-02 GTE)**


**DANIEL LEWIS LEE**                                          **DEFENDANT/MOVANT**


**ORDER DENYING POST-JUDGMENT RELIEF**

Currently before this Court is Petitioner's Amended Motion to Alter or Amend Judgment

pursuant to Fed. R. Civ. P. 59(e) ("Rule 59 motion").[1]  Respondent opposes the motion, contending

that it is a successive petition the Eighth Circuit Court of Appeals has not authorized.  Alternatively,

Respondent contends that the Rule 59 motion, to the extent it is not successive, is completely lacking

in merit.  The issues presented have been fully briefed.  In addition to the Rule 59 motion, the record

includes:  Respondent's Response;[2] Petitioner's Reply;[3] Petitioner's Motion to Supplement the

---

[1] Doc. 1165.  All references to docket entries ("Doc. #") refer to filings in this case, Case
No. 4:97-CR-00243 (2) GTE.

[2] Doc. 1170.

[3] Doc. 1172.

1

Record;[4] Affidavit of Petitioner Lee;[5] Respondent's Response to Affidavit;[6] and Petitioner's Notice of Additional Authority.[7]

After carefully considering the issues presented, the Court concludes that Petitioner's motion must be **DENIED**.

## I.     Rule 59(e) Motion

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (omitting internal quotation marks and additional citation). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* "A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993) (omitting internal quotations); *see also Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006) (citing *Bannister* and observing that its holding is not weakened by the fact that it is a pre-AEDPA case). Finally, in the habeas context, a Rule 59(e) motion is subject to the well established restrictions on filing successive motions for postconviction relief. *United States v. Lambros*, 404 F.3d 1034, 1036, 1037 (8th Cir. 2005), cert. denied, 516 U.S. 1135 (2005) (affirming the district court's dismissal of petitioner's Rule 59(e) motion as an effort to file a

---

[4]  Doc. 1174.

[5]  Doc. 1178.

[6]  Doc. 1181.

[7]  Doc. 1182.

successive motion for post-conviction relief, observing that motion "sought ultimately to resurrect the denial of his earlier § 2255 motion").

It seems clear, based on existing case law and despite Petitioner's arguments to the contrary, that a district court should examine a Rule 59(e) motion filed in a § 2255 proceeding preliminarily, just as it would a Rule 60(b) motion, to ensure that it is not a successive petition. And it further seems clear that the substance of the allegations contained in the motion, rather than its caption, controls whether such allegations are deemed successive. See, e.g., *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (collecting cases) ("It is the relief sought, not [petitioner's] pleading's title, that determines whether the pleading is a § 2255 motion.").

## II. PETITIONER'S ARGUMENTS

### A. Failure to Have Evidentiary Hearing

Petitioner Lee argues that the Court committed legal error when it denied his § 2255 motion without indulging his request for an evidentiary hearing. Lee further contends that such denial raises to the level of a defect in the integrity of the habeas proceeding within the meaning of *Gonzalez v. Crosby*, 545 U.S. 524 (2005)[8] and may not therefore be considered successive.[9] Although the issue of whether this should be considered a successive argument is not free from doubt,[10] the Court will

---

[8] Assuming *Gonzalez* applies to Rule 59(e) motions in § 2255 proceedings, which Petitioner disputes.

[9] See Petitioner's Reply, Doc. No. 1172, at 14-16.

[10] See, e.g., *In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (per curiam) (holding that Rule 60(b) challenge that district court erred in denying § 2255 motion without an evidentiary hearing necessarily was an attack on court's analysis of the merits and therefore successive).

address this argument on the merits as Petitioner contends the Court applied the wrong standard in determining whether an evidentiary hearing was warranted.

An evidentiary hearing is required "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. It is appropriate to deny § 2255 relief without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (1998). In *Delgado*, the denial of a hearing was affirmed. Delgado's ineffective assistance claims failed on both the performance and prejudice prongs because he "made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result." *Id.*

The Court was purposefully lenient in permitting the parties to expand the record as they wished before taking up the merits of Petitioner's motion. The Court permitted Petitioner to conduct any and all discovery that he requested prior to ruling on the § 2255 motion. For example, the Court granted Petitioner's request to conduct mitochondrial DNA testing (mtDNA) on a hair sample.[11] Later, in an Order dated May 15, 2008, the Court sought to clarify the record as to one of Petitioner's ineffective assistance allegations. The Court pointed out that the record was unclear as to whether an alleged tape-recorded interview of Gloria Kehoe existed and directed Petitioner to produce the interview referenced, but not produced.[12] Finally, in an Order dated May 22, 2008, the Court

---

[11] See Petitioner's motion, Doc. 1118, at 20 ("This Court has recently approved a request by Movant's present counsel to fund mtDNA testing and arrangements are being made" for such testing).

[12] Order, Doc. 1154.

4

provided Petitioner with "one final opportunity to put before the Court additional legal authority or argument in support of the grounds for relief currently before the Court."[13]

The Court considered the entire record, as expanded, in making its ruling. The Court gave Petitioner the benefit of all allegations of fact, that is, the Court assumed that Petitioner could prove the substance of any factual assertion. The Court did not, however, engage in speculation about what witnesses, if called to testify, might have said. Nor did the Court credit Petitioner's conclusions. Because the Court concluded on the basis of all the submissions that Petitioner had failed to establish any legally cognizable basis for post-conviction relief, it declined to have an evidentiary hearing.

Petitioner Lee raises numerous objections to the Court's failure to provide an evidentiary hearing. Petitioner contends that the Court erroneously grafted an "affidavit requirement" onto the standard for obtaining an evidentiary hearing. The Court agrees with Petitioner that there is no such requirement in the Eighth Circuit. That is, affidavits are one way, but not the only way, that a petitioner may present facts to support a claim that his counsel was constitutionally deficient.

Petitioner's obligation, however, is greater than simply placing the Court on notice of claims alleged to merit post-conviction relief. At the time he filed his petition for § 2255 relief, Petitioner was obligated to "specify all the grounds for relief available to the petitioner . . . and state the facts supporting each ground." Rule 2(b) of the Rules Governing Section 2255 Proceedings. "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 2(c) of the Rules Governing Section 2254 Proceedings, which is identical to Rule 2(b) of the Rules Governing Section 2255 Cases); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (also citing Rule 2(c)).

---

[13] Order, Doc. 1156.

In the context of his ineffective assistance of counsel claims, Petitioner was obliged to state the facts showing both that his counsel's performance was deficient and explaining how such deficiencies prejudiced his defense. Petitioner failed to adequately present facts sufficient to support his ineffective assistance of counsel claims. For example, Petitioner contended that his trial counsel were ineffective in failing to locate, interview, effectively examine or present a total of 19 witnesses. The Court noted in denying § 2255 relief that Petitioner "failed to include supporting affidavits *or other independent support*" in connection with some of these witnesses.[14] Some of Petitioner's contentions were too vague to raise any issue about either his counsel's performance or prejudice as a result thereof. For example, Petitioner identified Peter Langan as a member of the Aryan Republican Army serving a life sentence in federal prison. Petitioner alleged that "efforts should have been made to locate and interview Mr. Langan who was, throughout most of the period leading up to this trial, incarcerated on federal charges."[15] Petitioner made no effort to explain how Langan possessed information relevant to the charges against him or how such information, if presented at trial, could have altered the outcome. Similarly, with respect to numerous other witnesses, Petitioner merely presented conclusory allegations.

The Court's point was simply that it was incumbent upon Petitioner to provide sufficient information about the alleged substance of any omitted testimony to permit the Court to evaluate both the performance and prejudice prongs of the *Strickland* ineffective assistance standard.

---

[14] Order denying§ 2255 relief, Doc. 1163, at 18 (emphasis added). The Court subsequently stated that Petitioner's failure to provide affidavits was an "arguably fatal" omission. This was probably overstated, but in the context of the entire opinion it was or should have been clear that the Court did not reject Petitioner's contentions without a hearing solely because he failed to include affidavits.

[15] Original petition, Doc. 1118, at 14.

*Strickland v. Washington*, 466 U.S. 668 (1984); see also *Williams v. United States*, 452 F.3d 1009, 1012 (8th Cir. 2006) (referencing both *Strickland* requirements as necessary to prove ineffective assistance of counsel claims).

In *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), the Eighth Circuit affirmed the district court's denial of a § 2255 petition in a death penalty case. The district court rejected the petitioner's ineffective assistance claims based on trial counsel's failure to call witnesses to bolster his defense, both at the guilt and sentencing phases. The Government in opposing the motion did not offer an affidavit from petitioner's trial counsel. Instead, it defended counsel's competence by observing that counsel had persuaded the jury to find several mitigating factors and proffering its own strategic reasons defense counsel might have declined to call witnesses. The district court denied § 2255 relief without conducting an evidentiary hearing. The Eighth Circuit affirmed the ruling even though the record on appeal was "not developed concerning counsel's contemporaneous rationale for the actions that [petitioner] now challenges." *Id.*, at 837. *Paul* reaffirms that ineffective assistance claims may be resolved without an evidentiary hearing or even an affidavit from trial counsel where "the record shows conclusively that [petitioner] did not suffer prejudice from what he now alleges was deficient performance by counsel." *Id.* at 838.

The Court did not apply an affidavit requirement in considering whether there was a need for an evidentiary hearing. Rather, it applied well established Eighth Circuit law. See, e.g., *Delgado, supra*, 162 F.3d at 983 (no evidentiary hearing necessary for Petitioner who "made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result.").

7

Petitioner's contention that the Court "never put Mr. Lee on notice that affidavits or other alternative measures would be considered, or imposed any scheduling order requiring that affidavits be submitted" rings hollow. Petitioner's counsel was on notice of the law and pleading requirements for § 2255 motions.    The Court specifically advised that it would determine based on the submissions whether an evidentiary hearing was required.[16]    Subsequently, the Court directed Petitioner to produce certain information related to Gloria Kehoe because the Court recognized its potential importance.    Finally, before ruling, the Court provided Petitioner with yet another opportunity to submit anything he wished in support of his Petition.

Additionally, Petitioner Lee argues the Court also improperly credited the affidavits proffered by counsel. The Court disagrees. The Government obtained and submitted affidavits from defense counsel.[17]    Therein, counsel explained why they elected not to call certain witnesses, described matters that they investigated and provided other insights into trial strategies.[18] The Court evaluated all assertions made by both parties to determine whether there was any need for an evidentiary hearing. The Court did not weigh evidence or make credibility findings. There was no need to do so because Petitioner failed to present any facts which, if true, would have entitled him to relief. Petitioner's obligation was to present facts to demonstrate the need for an evidentiary hearing. He failed to do so. Petitioner failed completely to demonstrate that he suffered any prejudice as a result

---

[16] Order dated February 29, 2008, Doc. 1153.

[17] The Government submitted two affidavits, one from an attorney for Petitioner Lee and another from an attorney for co-defendant Chevie Kehoe. See Exhibits C and D to Government's response, doc. 1126.

[18] Because of these affidavits, the record in this case is far more developed than in *Paul*, where the Government defended counsel's trial strategy and no affidavits were tendered.

of his counsel's alleged deficiencies. There simply were no issues of fact that needed to be resolved in order to dispose of his post-conviction motion. Even without reviewing the affidavits proffered by trial counsel, the Court still would have found no need for an evidentiary hearing.

In support of his Rule 59 motion, Petitioner has attached numerous affidavits, presented in 65 pages. Such affidavits are submitted by: (1) a private investigator, Daniel Clark, regarding his investigation into potential witnesses Faron Lovelace and Jeff Brown; (2) Kevin McNally, an attorney, opining on the jury selection strategy used by defense counsel; (3) Dr. Thomas Ryan, disavowing the use of PCL-R[19] for measuring future dangerousness and psychopathy; (4) John Edens, Ph.D., a licensed psychologist, opining on inappropriateness of using PCL-R to predict future dangerousness; (5) a group of 5 experts opining on the inappropriateness of relying on the PCL-R to predict future dangerousness, allegedly filed with a motion in limine seeking to exclude Dr. Ryan's testimony in another federal capital case;[20] and (6) Russell Stetler, an attorney, outlining deficiencies in defense counsel during the sentencing phase and their failure to develop mitigation evidence.

Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for § 2255 relief. Had they been, the Court might have determined that an evidentiary hearing was required. However, the Court is

---

[19]  The PCL-R refers to the Hare Pscyhopathy Checklist-Revised. "The PCL-R is a 20-item instrument intended to assess traits associated with the construct of psychopathy." See Affidavit of John Edens, at ¶ 5, attached to Rule 59 motion, Doc. No. 1165.

[20]  Petitioner contends the affidavits were submitted in support of a motion in limine filed in the case of *United States v. Willis Haynes*, No. PJM-98-0520 (D. Md.) On May 24, 2000.

foreclosed by existing legal principles from considering the information now, absent permission and direction from the Eighth Circuit to do so.

### B.  Ineffective Assistance of Counsel Standard

The Court rejects Petitioner's argument that it applied the wrong standard in resolving his ineffective assistance of counsel claims.  Additionally, the Court finds that all other arguments related to such claims are successive.

Petitioner failed, both in his original petition and his Rule 59(e) petition, to make a sufficient showing that absent counsel's deficient conduct there is "a reasonable probability that at least one juror would have struck a different balance." *Wiggins v. Smith*, 539 U.S. 510, 537 (2003) (discussing that prejudice occurred when counsel failed to put into evidence Wiggins' "excruciating life history" during sentencing).  Petitioner failed to make a sufficient showing that counsel's actions prejudiced him.  He also failed to show what the evidence would have been had counsel completed further investigation or placed certain persons on the witness stand.  He failed to show what the testimony would have been, the availability of persons and evidence, or whether the potential witnesses and evidence were credible.

The Court did not apply an incorrect standard.  Petitioner simply failed to produce facts sufficient to warrant any relief.

### C.  Recanted Testimony of Dr. Ryan

The Court comments specifically on Petitioner's arguments related to Dr. Ryan.  Although such contentions should, in the Court's view, be deemed successive, they are also lacking in merit.

Petitioner contends that his counsel was ineffective for failing to fully and adequately object to the psychopathy evidence presented during the cross-examination of defense expert Dr. Mark

10

Cunningham. The Government questioned Dr. Cunningham about the fact that Dr. Thomas Ryan, an expert for the prosecution, had concluded that Petitioner was a psychopath based upon his answers to the Hare Psychopathy Checklist-Revised (or PCL-R). Petitioner claims that Dr. Ryan later disavowed the use of the PCL-R in capital cases. Petitioner further claims that "the basis for challenging the use of psychopathy evidence as a valid predictor for further dangerousness existed at least as early as September of 1998"[21]

Lee's original § 2255 Petition included only one sentence referencing this argument. That lone reference appeared in a footnote and read:

> At a hearing, Movant's counsel are prepared to offer evidence that Dr. Ryan, in sworn testimony and affidavits filed after his testimony in this case, has stated that the Hare Psychopathy Checklist is not an appropriate instrument to be utilized in evaluating the future danger of capital defendants and that he no longer stands by such testimony or analysis.[22]

Petitioner now devotes over 25 pages to this argument.[23] Clearly, the theory is much more developed now than the cursory reference made in requesting 2255 relief. Again, Petitioner does not explain why the information he now includes was not included in connection with his original petition. Petitioner's conclusory statement that Dr. Ryan, subsequent to his testimony in this case, stopped using the PCL-R to evaluate future dangerousness was not sufficient to place the Court on notice of the full argument that Petitioner now presents.

However, the claim, even if considered on the merits, is problematic. Dr. Ryan's recently submitted declaration describes how, in the Spring of 2000, he concluded that it was inappropriate

---

[21] Petitioner's Rule 59 motion, Doc. 1165 at 22.

[22] Petitioner's Motion, Doc. 1118 at 34, n. 14.

[23] Petitioner's Rule 56 motion, Doc. 1165 at 19-45.

11

to rely on the PCL-R to assess the future dangerousness of capital defendants. The jury returned its verdict of death against Petitioner on May 14, 1999. Petitioner has not explained how counsel could have been expected, almost one year before Dr. Ryan himself rejected the PCL-R as an effective predictor of future conduct, to challenge the scientific underpinnings for his testimony.

## III. CONCLUSION

The Court rejects Petitioner's contention that it applied incorrect legal standards or committed error which rises to the level of a defect in the integrity of the federal habeas proceedings. Nor has Petitioner presented anything that would require the Court to revisit a previously asserted claim, such as showing manifest errors of law or fact. The remainder of Petitioner's contentions are successive. They are either reiterations of previous arguments or attempts to introduce new evidence or legal theories which could have been raised prior to the entry of judgment.

The Court is required by the 2009 Amendments to Rule 11(a) of the Rules Governing 2255 Proceedings to "issue or deny a certificate of appealability when it issues a final order adverse to the applicant."[24] After considering the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). The Court therefore declines to grant a certificate of appealability.

For the reasons stated above,

IT IS HEREBY ORDERED THAT Petitioner's Rule 59 motion (Doc. 1165) be, and it is hereby, **DENIED.**

---

[24] This rule was not in effect at the time the Court entered Judgment denying Petitioner's § 2255 motion.

IT IS FURTHER ORDERED that Petitioner is hereby denied a certificate of appealability as to all claims for relief.

IT IS SO ORDERED this 22nd day of December, 2010.

_Barnett Thomas Eisele_
UNITED STATES DISTRICT JUDGE