UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                                          Case No.  4:97-CR-00243-(1)
                                            (Civil Case No. 4:04-CV000493)

CHEVIE O'BRIEN KEHOE                         DEFENDANT/PETITIONERS

## ORDER

Before the Court is Chevie Kehoe's motion to alter or amend this Court's Memorandum Opinion[1] denying post-conviction relief.

Petitioner Kehoe argues that the Court erred in finding that certain claims asserted in the amended petition were "time barred" because they did not relate back to the original petition. Specifically, Kehoe references: (1) trial counsel's alleged failure to adequately investigate or seek forensic testing with respect to hair or fingerprint samples from other suspects (excluding Faron Lovelace), paint chips, duct tape or "flex cuffs"; (2) trial counsel's alleged error in jury selection by failing to inquire about "specific race bias"; and (3) trial counsel's alleged failure to adequately cross examine Cheyne Kehoe.

After careful review, the Court concludes that it erred when it concluded that these three categories of trial counsel error could be rejected on the basis that they were untimely raised.[2]

---

[1] Memorandum Opinion as to Kehoe, docket no. 1162.

[2] The Court notes that the issue as to the cross-examination of Cheyne Kehoe is a very close issue.

- 1 -

However, this finding does not alter the Court's previous conclusion. As the Court specifically noted in its Memorandum Opinion, all issues held to be time-barred were also considered and rejected on the merits.[3] The Court has reconsidered each of these issues on the merits. It still finds them to be completely without merit. The Court specifically finds that Chevie Kehoe suffered no prejudice as a result of the alleged errors.

IT IS THEREFORE ORDERED THAT the Motions to Alter or Amend filed by Petitioner Chevie Kehoe (docket no. 1164) be, and it is hereby, GRANTED.

The Court's Memorandum Opinion (docket no. 1162), is hereby, CORRECTED to reflect that the three categories of alleged errors by trial counsel were timely raised. The Court, having reconsidered each of these arguments on the merits, concludes that its original alternative conclusion that such errors would not entitle Kehoe to post-conviction relief, was correct.

The Court is required by the 2009 Amendments to Rule 11(a) of the Rules Governing 2255 Proceedings to "issue or deny a certificate of appealability when it issues a final order adverse to the applicant."[4] After considering the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). The Court therefore declines to grant a certificate of appealability.

IT IS SO ORDERED THIS   22nd   day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Memorandum Opinion, doc. no. 1162, at 20.

[4] This rule was not in effect at the time the Court entered Judgment denying Petitioner's § 2255 motion.