## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                                    CASE NO.  4:06-CV-1608 GTE
                                      (Criminal Case No. 4:97-CR-243-(02) GTE)

DANIEL LEWIS LEE                                            DEFENDANT/MOVANT

### ORDER

Petitioner Daniel Lewis Lee has filed a Motion to Reconsider the Denial of a Certificate of Appealability ("COA").[1] No response has been filed. The case is presently on appeal, but the Eighth Circuit has granted Lee's motion to hold the appeal in abeyance pending a ruling by this Court on the motion for reconsideration.[2]

Lee argues that this Court erred when it issued a blanket denial of a certificate of appealability. Lee suggests that the Court conflated the standard for issuance of a COA with its merits determination denying § 2255 relief. The Court recognizes that the COA determination is an additional and separate step in the process. The Court applied the standard, as it appears in 28 U.S.C. § 2253, to each of Petitioner's claims and found that Petitioner had failed to demonstrate a substantial showing of the denial of a constitutional right. With one exception, the Court finds no reason to revisit its previous denial of a COA.

---

[1] Doc. # 1194 in Case No. 4:97-CR-00243-(2) GTE. All references to docket entries are to the docket for the criminal case.

[2] Doc. # 1203.

1

Petitioner points to the Court's statements questioning the fairness of the sentencing disparity between Petitioner and his co-defendant Chevie Kehoe to support his argument that a COA should issue on his claim that his death sentence is arbitrary and capricious. In its original Memorandum Opinion,[3] this Court carefully analyzed the law in this area before concluding that § 2255 relief was foreclosed. When the Court previously denied a COA, it did so based on its construction of the statutory language permitting the issuance of a certificate of appealability "*only* if the applicant has made a *substantial* showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) (emphasis added). The Court construed this language to permit the issuance of a COA where jurists might disagree on whether a constitutional right was denied, but not to question the rationality of established law. Upon closer examination of *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Court's discretion arguably is broader. "A petitioner satisfies the standard [for a COA] by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims <u>or</u> that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, at 327 (emphasis added). Because the COA determination is "distinct from the underlying merits," the focus should be "on the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342.

The Court finds that reasonable jurists could conclude that the issue of whether the death penalty is being unconstitutionally applied in this case deserves further judicial attention.

IT IS THEREFORE ORDERED THAT Petitioner Daniel Lewis Lee's Motion to Reconsider the Denial of a Certificate of Appealability (Doc. # 1194) be, and it is hereby, GRANTED IN PART

---

[3] Doc. # 1163.

2

AND DENIED IN PART. A Certificate of Appealability is granted solely as to the issue of whether

the death penalty is being unconstitutionally applied.

IT IS SO ORDERED this 9th day of March, 2011.

UNITED STATES DISTRICT JUDGE