**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 7 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **DANIEL LEWIS LEE** | **MOVANT** |

**vs.**          **Case No: 4:06-CV-1608-GTE
Criminal Case No. 4:97-CR-00243-(2) JLH**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **RESPONDENT** |

## MOVANT'S MOTION FOR INDICATIVE RULING

COMES NOW Daniel Lewis Lee ("Mr. Lee"), by his undersigned counsel, and hereby moves the Court, pursuant to Federal Rule of Civil Procedure 62.1 ("Rule 62.1"), for an indicative ruling on his *Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)* ("60(b) Motion"), filed simultaneously with this instant Motion. In support of this *Motion for Indicative Ruling*, Mr. Lee states the following:

Mr. Lee is a federally death-sentenced prisoner. After his conviction and sentence were affirmed on direct appeal, Mr. Lee was appointed counsel to represent him in his § 2255 proceedings. One of the claims raised in his § 2255 motion was that trial counsel was ineffective for failing to adequately challenge aggravating evidence at sentencing that Mr. Lee's score on a psychological instrument – the Hare Psychopathy Checklist-Revised ("PCL-R") – established that he was a "psychopath" and proved that he would be a future danger in prison. The PCL-R, however, is not – and never was – probative of future dangerousness in prison, and even the government's own expert who administered the PCL-R to Mr. Lee has since disavowed its use for this purpose. Despite available evidence at the time of Mr. Lee's trial in 1999 that there was no empirical evidence or scientific basis for claiming that a diagnosis of psychopathy or a high PCL-R score was predictive of future dangerousness in prison, trial counsel never objected to

1

this evidence on those grounds or challenged the premise that the PCL-R was probative of future dangerousness. Trial counsel's failure to challenge the reliability of the psychopathy/PCL-R evidence was objectively unreasonable, and there is no question that trial counsel's deficient performance prejudiced Mr. Lee. Judge Eisele, who presided over the trial, later noted that absent the introduction of the psychopathy/PCL-R evidence, it was "very questionable whether the jury would have given Defendant Lee the death penalty[.]" *United States v. Lee*, 89 F.Supp.2d 1017 (E.D. Ark. 2000) (Memorandum Opinion and Order Regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds,* 274 F.3d 485, 495 (8th Cir. 2001) (finding Government's cross-examination did not exceed scope of direct).[1] Indeed, Mr. Lee remains the only prisoner on federal death row whose sentence relied on the disavowed psychopathy "evidence."

Despite raising this claim regarding the ineffective assistance of trial counsel ("IATC"), § 2255 counsel failed to plead and proffer any relevant facts in support of the claim, and Judge Eisele denied the claim without an evidentiary hearing. Thereafter, § 2255 counsel filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59 Motion") which,

---

[1] As is explained in more detail in the accompanying 60(b) Motion, Judge Eisele previously granted Mr. Lee's Motion for a New Sentencing Phase Trial on the grounds that the government improperly introduced the psychopathy/PCL-R evidence regarding his alleged propensity for future dangerousness. *Lee,* 89 F.Supp. 2d at 1031. That ruling, however, was based on an *evidentiary* objection raised by trial counsel – namely, that the government's elicitation of this evidence during its cross-examination of the defense mental health expert and its rebuttal examination of its own expert should have been disallowed because it exceeded the scope of direct examination. *Id.* The Eighth Circuit reversed Judge Eisele's ruling and stated that the admission of the psychopathy/PCL-R evidence did not exceed the scope of direct, and was, in fact, probative of future dangerousness. *Lee, 274* F.3d at 495. The Eighth Circuit had no reason to hold otherwise, because neither trial nor appellate counsel ever challenged the probative value of this evidence. However, reasonably competent counsel would have challenged its reliability because it was based on a premise that is categorically untrue: that there is a scientific basis for claiming that the PCL-R evidence is probative of future dangerousness in prison. No such basis exists. The Eighth Circuit has never had occasion to consider this more fundamental objection to the psychopathy/PCL-R evidence.

2

for the first time, provided factual information in support of the claim, and attached to it a

number of expert declarations and other supporting information that established, *inter alia*, that:

(1) there is no empirical evidence or scientific basis for claiming that the PCL-R is probative of

future dangerousness in prison; (2) a challenge to the PCL-R on these grounds could have been

raised at the time of Mr. Lee's trial in 1999; and (3) the government's own expert – Dr. Thomas

Ryan[2] – had since disavowed his use of the PCL-R and had recanted his former testimony in

other capital cases regarding the PCL-R as a predictor for future dangerousness in prison,

including in a capital trial that preceded Mr. Lee's trial.

> Denying the Rule 59 Motion, the Court stated:
>
> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for 2255 relief. Had they been, the Court might have determined that an evidentiary hearing was required. However, the Court is foreclosed by existing legal principle from considering the information now, absent permission and direction from the Eighth Circuit to do so.

*United States v. Lee*, 2010 WL 5347174 at *5 (E.D. Ark., Dec. 22, 2010) (Order Denying Post-

Judgment Relief). The Court ruled that it was precluded from considering the relevant

declarations and other supporting information due to § 2255 counsel's failure to timely present

them to the court, and that but for § 2255 counsel's error, the Court would have reviewed these

exhibits and might have granted an evidentiary hearing on the IATC claim. In other words, §

2255 counsel's untimeliness resulted in a default, and the Court was precluded from considering

those facts due to § 2255 counsel's default.

---

[2] As is explained in the 60(b) Motion, Dr. Ryan administered the PCL-R to Mr. Lee and diagnosed him as being a "psychopath." The bulk of the evidence regarding the PCL-R and psychopathy, however, was introduced at trial during the government's cross-examination of the defense expert, Dr. Mark Cunningham.

Throughout its ruling on the Rule 59 Motion, the Court pointed out § 2255 counsel's failure to comply with the pleading requirements of § 2255 and proffer the relevant facts in support of the ineffective assistance of counsel claim prior to judgment. The Court noted that the standard for granting an evidentiary hearing under § 2255 is relatively easy to satisfy. *See United States v. Lee*, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010), at *2 ("An evidentiary hearing is required 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' 28 U.S.C. § 2255."). The Court concluded that § 2255 counsel failed to meet even that basic standard, noting that "[p]etitioner failed to adequately present facts sufficient to support his ineffective assistance of counsel claims." *Id.* at *3. The Court was "purposefully lenient in permitting the parties to expand the record as they wished," and helpfully pointed out potential pleading deficiencies in certain claims. *Id.* at *2. In an order dated May 22, 2008, the Court gave § 2255 counsel "one final opportunity to put before the Court additional legal authority or argument in support of the grounds for relief..." *Id.* Yet § 2255 counsel still "failed to include supporting affidavits or *other independent support*." *Id* at *3 (emphasis in original). It could not be clearer that "[p]etitioner's counsel was on notice of the law and pleading requirements for § 2255 motions," yet simply failed to comply. *Id.* at * 4.

Mr. Lee appealed the denial of his § 2255 Motion to the Eighth Circuit, where it was denied after argument.[3] Within weeks of that denial, the Supreme Court issued its opinion in

---

[3] In the recent decision on Mr. Lee's § 2255 proceedings, the Circuit Court noted that Mr. Lee had raised this issue in a certificate of appealability (COA) that was denied. *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013). The COA was denied, however, on a record which the district court found to be devoid of any facts sufficient to support the claim. *United States v. Lee*, 2010 WL 5347174 at *3. The Circuit also noted, in *dicta*, that the direct appeal opinion had determined that the evidence was not unfairly prejudicial and therefore was properly considered as an aggravating factor. *Lee,* 715 F.3d at 224. As noted *supra,* however, the direct appeal opinion resolved only an evidentiary issue, i.e., assuming the reliability of the evidence, whether the fact that its introduction was beyond the scope of direct examination was unduly prejudicial

4

*Trevino v. Thaler*, 569 U.S. ___, 133 S. Ct. 1911 (2013), which held that in jurisdictions where a prisoner may raise a claim of ineffective assistance of trial counsel on direct review, but the structure, design and operation of that system does not offer a meaningful opportunity to do so, a procedural default due to *post-conviction counsel's ineffectiveness* will not bar a court from hearing a substantial claim of IATC. In other words, after *Trevino*, § 2255 counsel's ineffectiveness can excuse a procedural default to allow a district court to conduct a full merits review of an IATC claim.

Mr. Lee's appellate counsel, which were composed of his original § 2255 counsel in the district court proceedings, as well as undersigned counsel who joined Mr. Lee's legal team after the district court proceedings concluded, promptly reviewed *Trevino* and discussed its potential implications for Mr. Lee's case. During the course of their ongoing discussions, it became apparent that original § 2255 counsel might have a potential ethical conflict. Specifically, any litigation that relied on *Trevino* to overcome the default in the district court that precluded the Court from considering the untimely presented relevant declarations and supporting information implicated original § 2255 counsel's effectiveness. While Mr. Lee's time for filing a petition for rehearing was pending, Mr. Lee's legal team consulted with expert counsel regarding § 2255 counsel's ethical and professional obligations. Mr. Lee's counsel filed a motion for extension of time and notified the Eighth Circuit that there was a potential conflict of interest and that all

---

to Mr. Lee. *See United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001) (holding that "[s]ince the [trial] court's *evidentiary rulings* in respect to Dr. Cunningham's testimony were not erroneous," a new trial was not required) (emphasis added). The Circuit's prior opinion assumed it to be true that the PCL-R was probative of future dangerousness. *Id.* at 495 ("Lee's potential psychopathy was probative of his future dangerousness[.]"). It is that very assumption, however, which has never been reviewed by any court and that is the basis of the IATC claim. The IATC claim on which § 2255 counsel committed the default, and which therefore has never been fully considered on the merits, will demonstrate that the PCL-R evidence introduced against Mr. Lee was unreliable, scientifically invalid, and not probative of future dangerousness in prison.

counsel were consulting with expert counsel to resolve the issue. The Circuit granted the extension. Thereafter, original § 2255 counsel ultimately determined that they had an ethical obligation to withdraw as counsel due to the conflict of interest.

The remainder of Mr. Lee's legal team – the undersigned – determined that the appropriate vehicle for overcoming original § 2255 counsel's default on the IATC claim based on *Trevino* was a motion to reopen the judgment pursuant to Civil Rule 60(b). The undersigned began researching and preparing the 60(b) Motion, which has now been filed with this Court. Mr. Lee's 60(b) Motion raises several legal issues that require an analysis of both the law and the facts as they pertain to the underlying IATC claim. Among the issues raised are: (1) whether § 2255 counsel were ineffective in failing to timely present the relevant declarations and supporting information establishing the factual basis for Mr. Lee's underlying IATC claim; (2) whether, under *Trevino*, § 2255 counsel's ineffectiveness is cause to excuse that default and permit this Court to now consider the relevant evidence; (3) whether the underlying IATC claim is "substantial" under *Trevino* in light of the relevant declarations and supporting information; and (4) whether the intervening change in law represented by *Trevino*, combined with other equitable factors, warrants relief under Rule 60(b) to reopen the judgment and permit Mr. Lee to finally receive a full merits review of his IATC claim.

Due to the fact that Mr. Lee's case is still pending in the Eighth Circuit, this Court does not have jurisdiction to consider the 60(b) Motion. However, this Court may obtain jurisdiction to consider Mr. Lee's 60(b) Motion pursuant to procedure set forth in Rule 62.1. As is explained below, Rule 62.1 allows movants to seek an "indicative ruling" from the district court that its 60(b) Motion raises a substantial issue or that the Court would grant the 60(b) Motion. Once such an indicative ruling is obtained, the circuit court may remand the case to the district court,

6

thus providing the district court with the necessary jurisdiction to consider the 60(b) Motion on the merits. Given the procedural posture of Mr. Lee's case, the significant role the psychopathy evidence played at his sentencing, and fact that his 60(b) Motion raises a number of complex legal and factual issues, it is respectfully submitted that this Court should issue an indicative ruling pursuant to Rule 62.1 that it would grant Mr. Lee's 60(b) Motion if the court of appeals remanded for that purpose, or, alternatively, that the motion raises a substantial issue warranting further consideration by this Court.[4]

## I.    THE MECHANICS OF RULE 62.1.

An appeal of the above-captioned matter is currently pending before the Eighth Circuit Court of Appeals. Therefore, this court does not possess jurisdiction over Mr. Lee's 60(b) Motion, except to the extent that Rule 62.1 of the Federal Rules of Civil Procedure permits. Rule 62.1 allows a district court to issue an indicative ruling on a motion for relief from judgment when ruling on such a motion is barred by a pending appeal. Pursuant to this rule,

> (a) If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>> (2) deny the motion; or
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

*Id.*

---

[4] Mr. Lee submits that in addition to raising a substantial issue, his 60(b) Motion entitles him to 60(b) relief. Accordingly, Mr. Lee also requests an indicative ruling that this Court would grant the 60(b) Motion if the court of appeals remands for that purpose. The undersigned will not repeat all the arguments in favor of 60(b) relief in this present motion, as those arguments are before this Court in Mr. Lee's detailed 60(b) Motion. Additionally, the undersigned recognize that because the 60(b) Motion raises complex legal and factual issues, and because this Court inherited this case and therefore did not preside over Mr. Lee's trial or § 2255 proceedings, this Court may decide to issue an indicative ruling that the 60(b) Motion raises a substantial issue to allow for further familiarization with the record before issuing a merits-based ruling on the 60(b) Motion.

Under this Rule, if the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the circuit clerk of the indicative ruling. Rule 62.1(b). The court of appeals may then remand the case for further proceedings in the district court to allow it to decide the motion. Rule 62.1(c); Fed. R. App. P. 12.1(b).[5]

Rule 62.1was created precisely for situations such as this one, where a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. *See* Notes of Advisory Committee, Rule 62.1 ("This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal."). Thus, this request made pursuant to Rule 62.1 is an appropriate and necessary step to allow Mr. Lee's 60(b) Motion to be reviewed on the merits by this Court.

## II.    MR. LEE'S 60(b) MOTION RAISES A SUBSTANTIAL ISSUE.

Although Rule 62.1 does not define what constitutes a "substantial issue," the Advisory Committee Notes suggest that a district court is justified in issuing an indicative ruling that a motion raises a substantial issue when the motion "present[s] complex issues that require extensive litigation[.]" Notes of Advisory Committee, Rule 62.1. District courts that have considered this question have found that a motion for relief from judgment raises a substantial issue under Rule 62.1 when, for example, it: (1) is based on an intervening change of law that

---

[5] Rule 12.1 of the Federal Rules of Appellate Procedure describes the procedure for a remand in the circuit court after an indicative ruling has been issued by the district court pursuant to Rule 62.1. It was adopted simultaneously with Rule 62.1, as the two rules correspond with one another.

puts the reasoning of the prior judgment "on less sure footing";[6] (2) raises matters that cannot be resolved absent a "thorough analysis";[7] (3) involves evidence that was not previously presented to and considered by district court prior to its judgment;[8] or (4) concerns the prospective effect of a judgment that is no longer warranted.[9]

Notably, an indicative ruling that a motion raises a substantial issue "does not bind the district court to any holding – it merely recognizes that the movant has raised an issue that merits reconsideration of the order." *Russell Rd Food & Bev., LLC v. Galam*, No. 2:13-CV-776-JCM (NJK), 2013 U.S. Dist. LEXIS 83354, *8 (D. Nev. 2013) (citation omitted). *See also* Notes of Advisory Committee, Rule 62.1 ("The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.").

It is respectfully submitted that, based on the criteria which the Advisory Committee and federal courts have identified as relevant to this determination, Mr. Lee's Rule 60(b) Motion raises a substantial issue and warrants an indicative ruling pursuant to Rule 62.1. Among the issues raised are:

(1)    whether § 2255 counsel were ineffective in failing to timely present the relevant declarations and supporting information establishing the factual basis for Mr.

---

[6] *In re DirectTV Early Cancellation Fee Marketing & Sales Practices Litigation*, 810 F. Supp. 2d 1060 (C.D. Cal. 2011); *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 2011 U.S. Dist. LEXIS 74147 (M.D. Pa. 2011).

[7] *In re DirectTV Early Cancellation Fee Marketing & Sales Practices Litigation*, 810 F. Supp. 2d 1060 (C.D. Cal. 2011).

[8] *Russell Rd. Food & Bev., LLC. v. Galam*, No. 2:13-CV-776-JCM (NJK), 2013 U.S. Dist. LEXIS 83354 (D. Nev. 2013); *United States v. Beeman*, 2012 U.S. Dist. LEXIS 16321 (W.D. Pa. 2012).

[9] *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 283 F.R.D. 499 (E.D. Ark. 2012).

Lee's underlying IATC claim, thus providing cause to excuse the default found by this Court;

(2) whether the underlying IATC claim is "substantial" under *Trevino* in light of the relevant declarations and supporting information;

(3) whether the relevant declarations and supporting information establish that there is no empirical evidence or scientific basis for claiming that the PCL-R is probative of future dangerousness in prison, and that a challenge to the PCL-R on these grounds could have been raised at the time of Mr. Lee's trial in 1999;

(4) whether the intervening change in law represented by *Trevino*, combined with other equitable factors, warrants relief under Rule 60(b) to reopen the judgment and permit Mr. Lee to finally receive a full merits review of his IATC claim.

These issues involve complicated legal and factual matters. They involve complex legal questions based on a very recent intervening change in the law, as well as fact-intensive issues regarding what was presented as scientific evidence. Indeed, through no fault of Mr. Lee's, no court has *ever* reviewed the expert declarations and other supporting information that establish that Mr. Lee was sentenced to death based on unreliable, scientifically invalid and highly inflammatory "psychopathy" evidence. There is no question that these legal and factual matters cannot be properly resolved without a thorough analysis. Accordingly Mr. Lee respectfully requests that this Court issue an indicative ruling under Rule 62.1 that it would grant the motion if the Court of Appeals remands for that purpose or, alternatively, that the motion raises a substantial issue warranting a remand for further consideration.[10]

---

[10] A proposed order is attached to this motion as Exhibit 1.

## CONCLUSION

Daniel Lee remains the only federal prisoner facing execution whose death sentence rests on false, pseudo-scientific evidence of future dangerousness which has been thoroughly disavowed.   He faces execution because his counsel should have but did not pursue the issue. Absent this Court's consideration of his 60(b) Motion, no court will ever have reviewed the factual basis for his substantial IATC claim. Because this represents Mr. Lee's first opportunity to litigate the defaults that led to the absence of review, and because his IATC claim directly implicates the reliability of his death sentence, it is respectfully submitted that his 60(b) Motion should be granted. Thus, Mr. Lee respectfully requests that this Court issue an indicative ruling under Rule 62.1 that it would grant the motion if the Court of Appeals remands for that purpose or, alternatively, that the motion raises a substantial issue warranting a remand for further consideration.

Respectfully submitted,

By: KARL SCHWARTZ
Bar # 38994 (PA)
Chief, Capital Habeas Unit
Jennifer Merrigan
Bar # 56733 (MO)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
karl_schwartz@fd.org

Dated: September 27, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

### CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I presented the foregoing, along with two copies, to the Clerk of Court for filing and uploading to the CM/ECF system, which upon information and belief, shall send notification to the following:

> Christopher R. Thyer
> United States Attorney
> Eastern District of Arkansas
> 425 West Capitol Avenue, Suite 500
> Little Rock, AR 72201

I hereby certify that on September 27, 2013, a copy of the foregoing was delivered to the location designated for pick-up by the United States Attorney's Office for the Eastern District of Arkansas, within the Courthouse of the United States District Court for the Eastern District of Arkansas.

Date: September 27, 2013

By: _____
Karl Schwartz #38944 (PA)
Chief, Capital Habeas Unit
Office of the Federal Defender
District of Delaware
800 N. King Street, Suite 200
Wilmington, DE  19801