**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**DANIEL LEWIS LEE**                                                    **MOVANT**

**vs.**                          **Case No: 4:06-cv-01608-GTE**
                                 **(Criminal Case No. 4:97-cr-00243-JLH-2)**


**UNITED STATES OF AMERICA**                                    **RESPONDENT**


**MOVANT'S MOTION TO ALTER OR AMEND PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

COMES NOW Daniel Lewis Lee ("Mr. Lee"), by his undersigned counsel, and hereby

moves the Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend its Judgment issued March

18, 2014, denying Mr. Lee's motion to reopen the district court proceedings in his case. In

support of this Motion, Mr. Lee states the following:

## I.    RELEVANT PROCEDURAL HISTORY

Mr. Lee's motion seeking relief pursuant to 28 U.S.C. § 2255 was denied by Judge Eisele

on August 28, 2008, in an opinion rejecting a claim of trial ineffectiveness regarding the failure

to adequately challenge evidence concerning the PCL-R and psychopathy (hereinafter "PCL-R

IAC claim"). Mr. Lee's § 2255 counsel filed a motion for reconsideration pursuant to Civil Rule

59(e) and for the first time attached numerous affidavits, including a declaration from Dr.

Thomas Ryan that was submitted in another capital case in which he repudiated his prior trial

testimony regarding the PCL-R, and other evidence supporting the psychopathy/PCL-R claim. In

his declaration, Dr. Ryan also attested that the PCL-R could not validly be used to predict an

individual's future dangerousness in prison, and that a challenge to its reliability was available as

early as 1998, one year before Mr. Lee's trial.

This was the first time that any of this information had ever been offered to a court presiding over Mr. Lee's case. As this Court noted, however, § 2255 counsel's belated attempt to support the claim with these documents was untimely, and the Court was thus precluded from considering the newly presented information:

> Petitioner offers no explanation for why such affidavits or other supporting information were not provided to the Court before it ruled on his original motion for 2255 relief. Had they been, the Court might have determined that an evidentiary hearing was required. However, the Court is foreclosed by existing legal principle from considering the information now, absent permission and direction from the Eighth Circuit to do so.

*United States v. Lee*, 2010 WL 5347174 at *5 (E.D. Ark., Dec. 22, 2010) (Order Denying Post-Judgment Relief). *No court has substantively considered this evidence or the impact of the false "psychopathy" testimony in reviewing the merits Mr. Lee's ineffective assistance of trial counsel claim.*

As is clear from Judge Eisele's Order on the reconsideration motion, the denial of Mr. Lee's ineffective assistance of counsel claim was not based on any finding that the information attached to the reconsideration motion was unpersuasive or otherwise lacked merit. On the contrary, the Court indicated that had the information been timely presented by § 2255 counsel, further factual development would likely have been necessary, warranting an evidentiary hearing on the claim. The Court did not consider the newly presented information in ruling on the ineffective assistance of counsel claim on the merits because § 2255 counsel created a default by inexplicably failing to present the relevant information to the Court prior to its ruling on the original § 2255 Motion. Thereafter, the Court entered a judgment denying the motion for reconsideration.

After the Supreme Court issued its decision in *Trevino v. Thaler,* 133 S.Ct. 1911 (2013), Mr. Lee sought to revisit Judge Eisele's finding that he was foreclosed from reviewing the full

merits of the claim, asserting that the rationale of *Trevino* provided an avenue for overcoming the previously imposed procedural barrier. This Court entertained briefing and argument on the issue and, on March 18, 2014, issued a Memorandum Opinion (hereinafter "Mem. Op.") denying Rule 60(b) relief to Mr. Lee.

## II.    STANDARD OF REVIEW

The Supreme Court has noted that Fed. R. Civ. P. 59(e) ("Rule 59(e)") was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't. Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted); *see also Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987). This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). The exercise of the Court's discretion must be "guided in the context of a capital case by considerations arising from the unique nature of the death penalty and the heightened reliability demanded by the Eighth Amendment in the determination whether the death penalty is appropriate in a particular case." *Hearn v. Quarterman*, 2008 WL 679030 at *3 (N.D. Tex. 2008) (quoting *Sumner v. Shuman*, 483 U.S. 66, 72 (1987) (internal quotations omitted).

A Rule 59(e) motion is appropriate in cases where a court has based its order on a factual error. *Norman v. Arkansas Dep't of Educ*. 79 F3d 748 (8th Cir. 1996); *see also Innovative Home*, 141 F.3d at 1286. A Rule 59(e) also lies when a manifest error of law has occurred. *Innovative Home*, 141 F.3d at 1286. Finally, Rule 59(e) relief is appropriate to prevent manifest injustice. *See, e.g., Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Firestone v.*

*Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) (same); *Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C.*, 288 F. Supp. 2d 482 (S.D. NY 2003) (same).

### III.    THIS COURT ERRED AS A MATTER OF LAW AND FACT WHEN IT DEEMED MR. LEE'S 60(b) PLEADING SUCCESSIVE.

This Court denied Mr. Lee's 60(b) motion on the grounds that it was a "second or successive habeas petition under section 2255…" Mem. Op. at 11.  In reaching this conclusion, the Court relied on the Supreme Court's decision in *Gonzalez v. Crosby,* 545 U.S. 524 (2005) and the Eighth Circuit's opinion in *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009). As this Court explained, the *Gonzalez* opinion created a distinction in habeas cases between true 60(b) motions -- which attack a defect in the integrity of the proceedings -- and improper 60(b) motions that seek to add a new ground for relief or merely attack a federal court's previous resolution of a claim on the merits. As the Court further noted, *Gonzalez* suggested that "an attack based on movant's own conduct, or his habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings" and is thus ordinarily successive. Mem. Op. at 8.

Yet Mr. Lee's motion never disputed the holdings of *Gonzalez* nor the definition of what constitutes a successive habeas pleading established by *Gonzalez.* Mr. Lee's argument was based on *Trevino's* reconsideration of what can provide cause for a default and how a court should treat post-conviction counsel's ineffectiveness. Although *Trevino* did nothing to change *Gonzalez's* definition of a successive pleading, it did alter the way a court should examine an assertion of habeas counsel's ineffectiveness. Mr. Lee respectfully suggests that conflating these issues led this Court to errors of law and fact when it held that Mr. Lee's Rule 60(b) motion was successive.  Mr. Lee addresses below the three primary reasons this Court gave for reaching that conclusion: (1) as a matter of law, the omissions of Mr. Lee's habeas counsel cannot constitute a defect in the integrity of the proceedings under *Gonzalez*; (2) Judge Eisele's prior order deeming

4

the Rule 59(e) motion successive is probative of whether the Rule 60(b) motion is successive; and (3) Mr. Lee's 60(b) motion argued that habeas counsel's ineffectiveness alone justified reopening his case.

### A. The Court Erred As A Matter Of Law In Holding That The Omissions Of Mr. Lee's Habeas Counsel Cannot Constitute A Defect In The Integrity Of The Proceedings Under *Gonzalez* and *Ward*.

The thrust of the Memorandum Opinion is that under *Gonzalez* and *Ward*, a Rule 60(b) motion asserting previous habeas counsel's omissions is a second or successive habeas petition for which the movant must obtain authorization from the court of appeals. *See* Mem. Op. at 8. In particular, this Court relied on the Supreme Court's language in *Gonzalez* stating that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Mem. Op. at 8 (citing *Gonzalez,* 545 U.S. at 532 n.5). As this Court further remarked, "neither *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition." Mem. Op. at 11. This Court reasoned that since neither *Martinez* nor *Trevino* overruled or otherwise modified *Gonzalez*, it remains the case that "an attack based on … habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings," and therefore Mr. Lee's 60(b) motion is successive.

Mr. Lee agrees that the relevant language from *Gonzalez* remains good law; that is, even after *Martinez* and *Trevino*, a litigant cannot simply assert that habeas counsel's ineffectiveness during a habeas proceeding justifies reopening the proceeding. But this is not Mr. Lee's argument: he is asserting instead that he meets the requirements of *Gonzalez. Gonzalez* itself left open the possibility that there might be some type of error or omission by habeas counsel that would affect the integrity of the proceedings and therefore give rise to a "true" 60(b) even though

5

"ordinarily" that would not be the case. The import of *Martinez* and *Trevino* is that the Supreme Court, for the first time, identified just such a narrow category of errors and omissions – namely, an error by habeas counsel in the initial collateral review proceeding that results in a federal court being precluded from meaningfully reviewing the full merits of a substantial claim of ineffective assistance of trial counsel. Thus, while neither *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition, they did recognize a type of omission by habeas counsel that fits within the framework of *Gonzalez*. This is precisely the type of omission by habeas counsel that Mr. Lee alleged in his 60(b) motion, and it is respectfully submitted that this Court erred as a matter of law in deeming Mr. Lee's motion successive under *Gonzalez*.

This interpretation of how *Martinez* and *Trevino* fit in with *Gonzalez* has been embraced by  numerous courts.  Indeed, both the Eighth Circuit and the Supreme Court in recent actions have recognized that *Martinez* and *Trevino* identified a particular type of error by habeas counsel that can form the basis of a "true" 60(b) motion under *Gonzalez*. For example, in an analogous recent case, the Eighth Circuit reversed a district court that had dismissed as successive a Rule 60(b) motion relying on *Martinez*.  *See Williams v. Delo*, No. 4:90-cv-239-JAR, 2014 U.S. Dist. LEXIS 44099 at *1-*2 (E.D. Mo. Mar. 31, 2014) (Memorandum and Order) (recounting procedural history). There, the petitioner filed a 60(b) motion that "alleged ineffective assistance of state post conviction relief counsel excused the procedural default of his federal habeas claims in light of *Martinez v. Ryan*." *Id.* Relying on *Gonzalez,* the district court concluded that the motion should be treated as successive and dismissed it. *Williams v. Delo,* No. 4:13-cv-137-JAR (E.D. Mo. Feb. 4, 2013) [Doc. 2 at 2] (attached as Exhibit 1). In an unpublished order reversing the district court, the Eighth Circuit, also relying *on* Gonzalez, held that the petitioner's motion "was a true Rule 60(b) Motion," granted a certificate of appealability, and reversed and

remanded the matter "for the district court to consider Williams's Rule 60(b) motion in the first instance." *Williams v. Delo*, No. 13-2058, Entry ID: 4078411, Slip Op. at 1-2 (8th Cir. Sep. 23, 2013) (attached as Exhibit 2). Habeas counsel's ineffectiveness was thus construed not as a "claim" but as a procedural vehicle for allowing proper consideration of a previously defaulted claim of ineffective assistance of trial counsel.[1]

Moreover, the Supreme Court has remanded at least two cases where a *Trevino* issue was raised in a 60(b) motion, indicating that Rule 60(b) motions can be proper vehicles to remedy a default caused by initial-review counsel's ineffectiveness. *See Balentine v. Thaler,* 133 S.Ct. 2763 (2013) and *Haynes v. Thaler*, 133 S.Ct. 2764 (2103). If this Court's reasoning were correct, the Supreme Court's remands would have been futile and meaningless acts.

Other courts have similarly recognized that Rule 60(b) motions seeking to excuse a default based on post-conviction counsel's omissions are, in fact, addressed to a defect in the integrity of the proceedings, and are therefore *not* successive motions. For example, Mr. Lee previously cited *Barnett v. Roper*, 941 F. Supp. 2d 1099 (E.D. Mo. April 22, 2013), where the court granted 60(b) relief in a situation very similar to Mr. Lee's. The Fifth Circuit, in *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012), a case which ultimately rejected the requested 60(b) relief, held, as a threshold matter, that because a *Martinez* argument merely asserted that a previous ruling precluding meaningful review of an ineffective assistance claim was in error, "Adams's Rule 60(b) motion is not to be construed as an improper successive habeas petition and is properly before the district court." *Id*. at 319.[2]

---

[1] This is similar to a Rule 60(b) motion arguing that a district court has improperly denied an evidentiary hearing: the defect is the failure to hold the hearing which will ultimately lead to full consideration of an underlying claim.  A proper 60(b) motion addresses only the defect.

[2] Indeed, with respect to this threshold issue, district courts from a variety of jurisdictions have found that 60(b) motions relying on habeas counsel's omissions in the initial collateral review proceeding as cause to excuse a previously–imposed default are "true" 60(b) motions. *See*, *e.g.*, *Arthur v. Thomas*, No. 2:01-cv-0983-LSC, 2012

Mr. Lee asserted the very same basis for his 60(b) motion as was asserted in the foregoing cases: that the omissions of his counsel at his initial collateral review proceeding resulted in a default that foreclosed full merits review of a substantial claim of ineffective assistance of trial counsel, and that *Martinez* and *Trevino* now provided a basis for overcoming that default. While *Trevino* and *Martinez* did not change the fact that *Gonzalez* draws a line between successive and non-successive pleadings, they certainly changed on which side of the line Mr. Lee stands. *Gonzalez* distinguished between successive and non-successive 60(b) motions based on whether the motion was addressed to a "defect in the integrity of the federal habeas proceedings." *Gonzalez*, *supra* at 532. The import of *Trevino* and *Martinez* for Mr. Lee's case is that the Supreme Court, for the first time, recognized the narrow category of ineffectiveness of initial-review habeas counsel as one that can constitute a defect in the integrity of the habeas proceedings. Thus, a 60(b) motion which seeks to overcome a previously-imposed default based on such a defect is not successive; it is a "true" 60(b) motion. It is respectfully submitted that this Court's ruling that Mr. Lee's 60(b) motion was successive constitutes an error of law, and that the present Rule 59(e) motion should be granted.

**B.      The Court Erred As A Matter Of Law In Holding That Judge Eisele's Decision Finding The Prior Rule 59(e) Motion Successive Is Probative Of Whether The 60(b) Motion Is Successive.**

In its Memorandum Opinion, this Court noted that Judge Eisele had previously determined "that Mr. Lee's [2010] Rule 59(e) motion was in reality a successive motion under

---

U.S. Dist. LEXIS 85563 at *11 - *13 (N.B. Ala. June 20, 2012) (Memorandum of Opinion), *aff'd by*, 2014 U.S. App. LEXIS 214 (11th Cir. Jan. 6, 2014); *DeJournett v. Luebbers*, No. 4:01-cv-1341-CEJ, 2014 U.S. Dist. LEXIS 2535 at *5 (E.D. Mo. Jan. 9, 2014) (Memorandum and Order); *Vogt v. Coleman*,  No. 08-530, 2012 U.S. Dist. LEXIS 99767 at *5-*6 (W.D. Pa. July 18, 2012) (Memorandum Opinion and Order); *Brown v. Wenerowicz*, No. 07-1098, 2012 U.S. Dist. LEXIS 175017 at *6 n.3 (E.D. Pa. Dec. 11, 2012) (Memorandum); *Allen v. Walsh*, No. 06-4299, 2013 U.S. Dist. LEXIS 49688 at *9 (E.D. Pa. Mar. 15, 2013) (Report and Recommendation), *adopted by* 2013 U.S. Dist. LEXIS 48714 (E.D. Pa. Apr. 4, 2013); *Fuller v. Cartlidge*, No. 0:09-cv-01352-RBH, 2014 U.S. Dist. LEXIS 19541 at *5-*6 (D.S.C. Feb. 18, 2014) (Order); *Figueroa v. Walsh*, No. 00-cv-1160-NGG, 2013 U.S. Dist. LEXIS 72693 at *6-*8 (E.D.N.Y. May 22, 2013) (Order); *Glover v. Filion*, 2014 U.S. Dist. LEXIS 41350 at *6 (W.D.N.Y. Mar. 27, 2014) (Decision and Order).

section 2255," Mem. Op. at 8, and cited that determination in finding Mr. Lee's 60(b) motion successive. *Id.* at 11. This Court reasoned that since Judge Eisele had the benefit of *Gonzalez* at the time that the prior Rule 59(e) motion was decided, and since "neither *Martinez* nor *Trevino* addressed the issue of what constitutes a second or successive habeas petition," Judge Eisele's ruling was still correct and probative of whether Mr. Lee's Rule 60(b) motion is successive. Mem. Op. at 8.  *See also* id. at 11 ("[N]either *Martinez* nor *Trevino* changed the law as to what constitutes a second or successive petition."). Respectfully, this is not the case.

At the time Judge Eisele adjudicated Mr. Lee's Rule 59(e) motion, *Coleman v. Thompson*, 501 U.S. 722 (1991) foreclosed any argument that habeas counsel's omissions could be used to overcome a procedural bar that precluded full merits review of an underlying ineffective assistance of trial counsel claim. Thus, despite the fact that Mr. Lee's habeas counsel's ineffectiveness was the reason Judge Eisele was barred from conducting a full merits review of the underlying IAC claim before him – which he himself recognized and for which he repeatedly chastised habeas counsel throughout his ruling – prevailing law at the time gave the Court no avenue for overcoming that procedural bar. However, the legal landscape has now changed.

The extraordinary (and narrow) circumstance giving rise to Mr. Lee's 60(b) motion is that the uncontested ineffectiveness of his habeas counsel has now been recognized as a defect in the integrity of the habeas proceedings that can excuse a procedural bar. *See*, *e.g.*, *Williams v. Delo, supra* at \*1 (petitioner's motion alleging that ineffective assistance of initial collateral review counsel excused the procedural default of his federal habeas claims in light of *Martinez* "was a true Rule 60(b) Motion"). *Gonazalez* remains good law, nothing has changed; but *Trevino & Martinez* are understood to provide cause for a default, and thus a basis for a 60(b) motion,

that did not exist at the time of Judge Eisele's decision. In light of the developments brought about by *Martinez* and *Trevino*, Judge Eisele's decision finding the prior Rule 59(e) motion successive is no longer probative of whether the 60(b) motion is successive. Respectfully, this Court can and should find what Judge Eisele could not, given the state of the law in 2010: namely, that habeas counsel's omissions in Mr. Lee's case serve as cause to overcome the previously-imposed bar that foreclosed Judge Eisele from conducting a full merits review of the PCL-R IAC claim.

### C.    Mr. Lee's Argument Was Not That A Habeas Counsel's Ineffectiveness Alone Would Warrant Reopening Of A Habeas Proceeding.

This Court held that "[Habeas counsel's] ineffectiveness during the section 2255 proceedings, Lee contends, justifies reopening those proceedings so the Court can consider whether his trial lawyers were ineffective in failing to object to the psychopathy evidence on the grounds that the PCL-R had no scientific validity in predicting future dangerousness in prison." Mem. Op. at 6. Mr. Lee, however, has never asserted that his habeas counsel's ineffectiveness in litigating his PCL-R IAC claim *independently* justifies reopening his case.[3] Rather, Mr. Lee argued that, in light of *Trevino*, the **procedural bar** imposed by Judge Eisele must now be excused due to his habeas counsel's ineffectiveness.

Mr. Lee is not arguing now, nor has he ever argued, that any time a § 2255 movant alleges his habeas counsel were ineffective in litigating an IATC claim that this can serve as a basis to re-open a § 2255 judgment, or that every time a § 2255 lawyer makes a mistake there is "cause" pursuant to *Trevino*. Rather, the only cognizable allegations of habeas counsel's ineffectiveness for Rule 60(b) purposes are errors or omissions that result in a default. Mr. Lee

---

[3] It is also noted that the 60(b) motion did *not* assert ineffective assistance of counsel as a claim of any kind. Rather, it was asserted, consistent with *Trevino* and *Martinez*, as cause to excuse the procedural bar imposed by Judge Eisele.

merely argues – consistent with prevailing case law in this area – that a 60(b) motion can properly be used to remedy a *previously-imposed procedural bar* caused by initial review counsel's ineffectiveness that *foreclosed full merits review* of an underlying substantial IAC claim. The unique situation in Mr. Lee's case that supports his 60(b) motion is the fact that Judge Eisele *foreclosed review* of crucial evidence because of his habeas counsel's ineffectiveness; subsequent Supreme Court case law, however, has established that such ineffectiveness can serve as cause to overcome the procedural bar previously imposed by Judge Eisele.

In footnote 5 of the opinion, this Court noted:

Lee's argument would require the Court to read into sections 2254 and 2255 a distinction that is unsupported by the text. According to Lee, if a section 2255 petition were to omit a substantial claim of ineffective assistance of trial counsel, a subsequent motion under Rule 60(b) would not be a second or successive petition, but if a section 2254 petition were to omit a substantial claim of ineffective assistance of trial counsel, a subsequent motion under Rule 60(b) would be a second or successive petition. Lee points to no portion of the statutes or Rule 60(b), however, as a textual basis for such a distinction.

*Id* at n.5. Mr. Lee, respectfully takes issue with this point. A distinction between the treatment of a 60(b) motion raising the issue of § 2255 counsel's ineffectiveness and a 60(b) motion raising the issue of § 2254 counsel's ineffectiveness is created by the language of *Trevino,* which only permits ineffectiveness as "cause" for counsel's failures in the *initial* collateral proceeding. A § 2254 petitioner could not seek Rule 60(b) relief based on his § 2254 *counsel's* ineffectiveness because *Trevino* only applies to the *initial review* counsel. A § 2254 petitioner's initial review counsel is his state habeas attorney, not his § 2554 lawyer, and thus he has no recourse -- through Rule 60(b) or otherwise --  to remedy his § 2254 counsel's omissions. This distinction is consistent with all the case law cited in this motion. In each of the cited cases, the relevant Rule 60(b) motion was brought to remedy an omission caused by state habeas counsel at the state habeas proceeding that procedurally barred the petitioner from raising the relevant IAC claim in

a § 2254 petition. This distinction between § 2255 and § 2254 cases would not require the Court

to read anything new into the statutes governing habeas actions.

A 60(b) motion is not successive if it seeks to remedy a procedural bar that: (1)

foreclosed review of evidence presented in support of a substantial claim of ineffective

assistance of trial counsel; and (2) habeas counsel's ineffectiveness *at the initial review

collateral proceeding* was the cause of the foreclosure.

## IV.    RULE 59(e) RELIEF IS APPROPRIATE IN MR. LEE'S CASE TO PREVENT A MANIFEST INJUSTICE.

Of the 56 persons currently on federal death row, Mr. Lee is the only individual whose

capital sentencing proceedings relied on aggravating evidence of future dangerousness based on

the PCL-R and so-called psychopathy evidence. Every other federal capital case involving such

evidence has either been reversed after judgment, or the evidence was precluded from ever being

presented to the jury in the first place.

There is a clear consensus in the scientific community that the PCL-R/psychopathy

evidence that was presented at Mr. Lee's trial, and upon which the government relied in urging

the jury to sentence Mr. Lee to death, was unreliable and scientifically invalid. Even the

government's own expert, Dr. Ryan, has wholly disavowed his reliance on the PCL-R as well as

any claims about an individual's future dangerousness in prison based on a diagnosis of

psychopathy, and the government no longer seeks to introduce such evidence. Trial counsel's

failure to adequately challenge this evidence was objectively unreasonable, as the basis for such

a challenge was readily available at the time of Mr. Lee's trial. Moreover, there is no question

that trial counsel's deficient performance prejudiced Mr. Lee, as the government relied heavily

upon it in seeking the death penalty; as this Court has noted, but for the introduction of that PCL-

R/psychopathy evidence, it is "very questionable"[4] that the jury would have chosen to sentence Mr. Lee to death.

The only thing standing between Mr. Lee and a full merits review of his IATC claim on this issue is his § 2255 counsel's default. Under *Trevino*, Mr. Lee can now overcome that default: *Gonzalez v. Crosby* is not an impediment. All Mr. Lee asks is to be put back in the position he was in before his § 2255 counsel's default, so that a reviewing court can finally conduct a full merits review of his PCL-R IATC claim based on the extra-record facts that prior habeas counsel failed to timely provide to the Court. Thus, it is respectfully submitted that this Court should grant Mr. Lee's Rule 59(e) motion to correct the errors of law and fact that resulted in the erroneous conclusion that his 60(b) motion was successive, and thus permit this Court to "consider [Mr. Lee's] Rule 60(b) motion in the first instance." *Williams v. Delo*, *supra*, at 1-2.

---

[4] *United States v. Lee*, 80 F. Supp.2d 1017, 1031 (E.D. Ark. 3/21/00) (Memorandum Opinion and Order regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485, 495 (8th Cir. 2001) (finding gov't cross-examination did not exceed scope of direct).

## CONCLUSION

Because the Court's Judgment is based on mistakes of law and fact, relief under Fed. R.

Civ. P. Rule 59(e) is appropriate. In particular, petitioner asks the Court to provide the following

relief:

1.      Alter, amend and set aside its Judgment on all the issues addressed herein; and,

2.      Grant Mr. Lee an evidentiary hearing; or,

3.      Reopen the proceedings and grant whatever relief this Court deems just.

Respectfully Submitted:

**EDSON BOSTIC**
**DELAWARE FEDERAL DEFENDER**
By:     *Karl Schwartz*_____
KARL SCHWARTZ
Bar # 38994 (PA)
Jennifer Merrigan
Bar # 56733 (MO)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
karl_schwartz@fd.org

Dated: April 15, 2014

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on April 15, 2014. This motion was served via this court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov


By: /s/*Karl Schwartz*_____
KARL SCHWARTZ
Bar # 38994 (PA)
Jennifer Merrigan
Bar # 56733 (MO)
Assistant Federal Public Defender
Delaware Federal Defender Office
800 King Street, Suite 200
Wilmington, DE 19801
(302) 442-6545
karl_schwartz@fd.org