## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DANIEL LEWIS LEE**                                                                 **MOVANT**

**vs.**                                  **Case No: 4:06-cv-01608-GTE**
                                         **(Criminal Case No. 4:97-cr-00243-JLH-2)**

**UNITED STATES OF AMERICA**                                          **RESPONDENT**

### APPLICATION FOR CERTIFICATE OF APPEALABILITY

Movant, Daniel Lewis Lee ("Mr. Lee"), respectfully asks this Court to issue a Certificate

of Appealability ("COA"), pursuant to 28 U.S.C. § 2253(c)(2) as to this Court's decision on

March 18, 2014 finding Mr. Lee's Rule 60(b) motion to be a successive habeas petition. *U.S. v.

Lee*, 2014 WL 1093197 (E.D. Ark. March 18, 2014). Mr. Lee respectfully requests a COA on

this ruling to permit him an opportunity to seek review of the issues therein by the United States

Court of Appeals for the Eighth Circuit. In support of this request Mr. Lee would show this

Court as follows:

### I.     Standard for Granting a Certificate of Appealability.

To be entitled to appeal an adverse decision by the district court, a § 2255 movant must

demonstrate a "substantial showing of the denial of a constitutional right" in the proceedings

underlying his conviction and sentence. 28 U.S.C. § 2253(c)(2). An appeal ought to be allowed

unless the movant's claims "are squarely foreclosed by statute, rule, or authoritative court

decision, of [lack] of any factual basis in the record." *Barefoot v. Estelle,* 463 U.S. 880, 894

(1983) (internal citations omitted). A reviewing court should not reserve a COA only for a claim

upon which it would grant relief. As the Supreme Court has stated "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell,* 537 U.S. 332, 338 (2003).  Further, "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 349.   This Court must therefore grant a COA if, after a threshold inquiry, reasonable jurists would find this Court's assessment of Mr. Lee's claims debatable, not whether Mr. Lee will ultimately prevail on the claim after he has received full consideration.

Finally, the severity and finality of Mr. Lee's death sentence are appropriate considerations in determining whether to grant a COA. *Barefoot*, 463 U.S. at 893; *Ogan v. Cockrell*, 297 F.3d 349, 355 (5th Cir. 2002). Because this is a capital case, any doubts about whether to issue a COA must be resolved in Mr. Lee's favor. *Miller v. Dretke*, 404 F.3d 908, 913 (5th Cir. 2005); *see also Yarborough v. Johnson*, 490 F.Supp.2d 694, 791 (E.D. Va 2007); *Longworth v. Ozmint*, 302 F.Supp.2d. 569, 571 (D.S.C. 2004) (same).

## II.  The Court Should Grant Mr. Lee a Certificate of Appealability

Mr. Lee has submitted substantial briefing in connection with the issue he believes is entitled to COA and he does not wish to lengthen this pleading unnecessarily by reiterating those arguments in detail here. The Court is familiar with the briefing and argument which can be found in Mr. Lee's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt.

No. 1230), his Rule 59 motion (Dkt. No. 1251), as well as Docket Numbers 1165, 1168, 1172, 1246, and 1248. Mr. Lee will also set out below a brief summary of the reasons that warrant granting a COA.

### A. This Court's Ruling That Mr. Lee's Rule 60(b) Motion is a Successive Pleading is debatable amongst Jurists of Reason.

This Court's Memorandum Opinion rejected Mr. Lee's Rule 60(b) motion holding the Court lacked jurisdiction to consider the issues because it was a successive pleading. This Court determined that under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion asserting previous habeas counsel's omissions is a second or successive habeas petition for which the movant must obtain prior authorization from the court of appeals. *See* Mem. Op. at 8. This Court relied on the Supreme Court's language in *Gonzalez* stating that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Mem. Op. at 8 (citing *Gonzalez* at n.5). Because this Court noted that "neither *Martinez* [*v. Ryan,*566 U.S. 1 (2012)]  nor *Trevino* [*v. Thaler*, 133 S.Ct. 1911 (2013)] changed the law as to what constitutes a second or successive petition," Mem. Op. at 11, it reasoned that Mr. Lee's 60(b) motion was therefore successive and this Court was prohibited from reviewing the substance of the issues before it. A COA should issue because reasonable jurists could disagree with the Court's conclusion.

The application of the Supreme Court's decisions in *Martinez* and *Trevino* has created much debate among the lower courts and courts are split on the circumstances in which the remedy announced in *Trevino* can be granted in a Rule 60(b) motion. *Compare Barnett v. Roper*, 941 F. Supp. 2d 1099 (E.D. Mo. April 22, 2013) (granting 60(b) relief under *Martinez*) *with*

*Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012) (rejecting 60(b) relief where specific facts were not found to be extraordinary). However, even though some courts reject Rule 60(b) motions on the facts of a particular *Trevino* issue, the overwhelming majority of courts disagree with this Court's conclusion that a *Trevino/Martinez* issue raised through a Rule 60(b) motion isan improper successive pleading. For example, *Adams v. Thaler*, *supra*, a case which ultimately rejected the requested 60(b) relief, held, as a threshold matter, that because a *Martinez* argument merely asserted that a previous ruling precluding meaningful review of an ineffective assistance claim was in error, "Adams's Rule 60(b) motion is not to be construed as an improper successive habeas petition and is properly before the district court." *Id*. at 319. *See also Arthur v. Thomas*, No. 2:01-cv-0983-LSC, 2012 U.S. Dist. LEXIS 85563 at *11 - *13 (N.D. Ala. June 20, 2012) (Memorandum of Opinion), *aff'd by*, 2014 U.S. App. LEXIS 214 (11th Cir. Jan. 6, 2014); *DeJournett v. Luebbers*, No. 4:01-cv-1341-CEJ, 2014 U.S. Dist. LEXIS 2535 at *5 (E.D. Mo. Jan. 9, 2014) (Memorandum Opinion); *Vogt v. Coleman*, No. 08-530, 2012 U.S. Dist. LEXIS 99767 at *5-*6 (W.D. Pa. July 18, 2012) (Memorandum Opinion and Order); *Brown v. Wenerowicz*, No. 07-1098, 2012 U.S. Dist. LEXIS 175017 at *6 n.3 (E.D. Pa. Dec. 11, 2012) (Memorandum Opinion); *Allen v. Walsh*, No. 06-4299, 2013 U.S. Dist. LEXIS 49688 at *9 (E.D. Pa. Mar. 15, 2013) (Report and Recommendation), *adopted by* 2013 U.S. Dist. LEXIS 48714 (E.D. Pa. Apr. 4, 2013); *Fuller v. Cartlidge*, No. 0:09-cv-01352-RBH, 2014 U.S. Dist. LEXIS 19541 at *5-*6 (D.S.C. Feb. 18, 2014) (Order); *Figueroa v. Walsh*, No. 00-cv-1160-NGG, 2013 U.S. Dist. LEXIS 72693 at *6-*8 (E.D.N.Y. May 22, 2013) (Order); *Glover v. Filion*, 2014 U.S. Dist. LEXIS 41350 at *6 (W.D.N.Y. Mar. 27, 2014) (Decision and Order).

The Eighth Circuit recently granted a COA on this very issue and reversed a district court

that had dismissed as successive a Rule 60(b) motion relying on *Martinez*. *See Williams v. Delo*, No. 4:90-cv-239-JAR, 2014 U.S. Dist. LEXIS 44099 at \*1-\*2 (E.D. Mo. Mar. 31, 2014) (Memorandum Opinion and Order) (recounting procedural history). There, the petitioner filed a 60(b) motion that "alleged ineffective assistance of state post conviction relief counsel excused the procedural default of his federal habeas claims in light of *Martinez v. Ryan*," but the district court concluded that the motion should be treated as successive and dismissed it.  *Id*. In an unpublished order reversing the district court, the Eighth Circuit, *relying on Gonzalez*, held that the petitioner's motion "was a true Rule 60(b) Motion," granted a certificate of appealability, and reversed and remanded the matter "for the district court to consider Williams's Rule 60(b) motion in the first instance." *Williams v. Delo*, No. 13-2058, Entry ID: 4078411, Slip Op. at 1-2 (8th Cir. Sep. 23, 2013).

Because most courts, including the Eighth Circuit, appear to disagree with this Court's opinion that a Rule 60(b) motion is not a proper vehicle to litigate a *Trevino* matter, a COA should issue in Mr. Lee's case.

**B. Reasonable Jurists Could Debate Whether Mr. Lee Has Stated a Valid Claim of the Denial of a Constitutional Right.**

Mr. Lee's underlying ineffective-assistance-of-trial-counsel claim is debatable among jurists of reason and deserves encouragement to proceed further. In fact, the evidence shows that Mr. Lee would prevail on his IATC claim under a straightforward application of *Strickland*, should the Circuit decide that his Rule 60(b) motion is not, in fact, successive.

First, trial counsel's failure to challenge the psychopathy/PCL-R evidence on the grounds that it was unreliable and scientifically invalid was objectively unreasonable. As the declarations of Drs. Edens, Bersoff and Ryan make clear, *see*  Dkt. Nos. 1165, 1168 & 1230, the basis for

raising a challenge to the psychopathy/PCL-R evidence existed at the time of Mr. Lee's trial in 1999 and there was simply no strategic or tactical reason for trial counsel to have refrained from challenging the PCL-R/psychopathy evidence on those grounds. Moreover, given that trial counsel sought to keep this evidence from being presented to the jury based on an evidentiary objection, such a challenge would have been consistent with counsel's trial strategy to exclude this evidence.

As both Dr. Edens and Dr. Bersoff have stated in their respective declarations, had they been approached prior to Mr. Lee's trial in 1999 regarding this issue, they would have informed trial counsel that Dr. Ryan's reliance on the PCL-R to predict future dangerousness in prison was unsupported by empirical evidence and had no scientific basis. Indeed, Dr. Ryan himself conceded in an affidavit in another case that this basis for challenging the PCL-R existed at least one year prior to Mr. Lee's trial – and that had the challenge been made, he would have disavowed his reliance on the PCL-R at that time. This evidence all demonstrates that Mr. Lee's trial counsel's performance fell below an objective standard of reasonableness, and therefore he meets a showing of deficient performance, proving the first prong of *Strickland*. *See Strickland*, 484 U.S. at 690-91.

There is also no question that had trial counsel properly contested this evidence, there is a reasonable probability that the outcome of Mr. Lee's punishment phase would have been different. The PCL-R/psychopathy evidence was as damning as could be and formed a central argument in the government's case for death – so much so that even the District Court, which presided over the trial of Mr. Lee and his more culpable co-defendant (who received a sentence of life imprisonment and whose penalty phase proceeding contained no evidence regarding the

PCL-R or psychopathy as a basis for alleging that he would be a future danger) remarked that in the absence of the presentation of this evidence, it was "very questionable" that the jury would have returned a death verdict in Mr. Lee's case. *United States v. Lee*, 80 F. Supp.2d 1017, 1031 (E.D. Ark. 3/21/00) (Memorandum Opinion and Order regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485, 495 (8th Cir. 2001) (finding gov't cross-examination did not exceed scope of direct).  This alone establishes both that Mr. Lee's claim is debatable among jurists of reason and that his underlying IAC claim deserves further encouragement.

Moreover, the fact that this Court previously held that but for § 2255 counsel's errors the Court might have granted a hearing to consider the untimely proffered declarations and supporting facts, strongly suggests that a court could resolve the issue differently, or – at the very least – that the issue deserves encouragement for further proceedings. *United States v. Lee*, 2010 WL 5347174 at *5 (E.D. Ark. Dec. 22, 2010).

Of the 59 persons currently on federal death row, Mr. Lee is the only individual whose capital sentencing proceedings relied on aggravating evidence of future dangerousness based on the PCL-R and so-called psychopathy evidence. Every other federal capital case involving such evidence has either been reversed after judgment, or the evidence was precluded from ever being presented to the jury in the first place. The unique and compelling circumstances of Mr. Lee's case -- including the undisputed fact that the PCL-R was invalidly used in Mr. Lee's trial, that the more culpable co-defendant received a life sentence, that the local U.S. Attorney did not even want to proceed capitally against Mr. Lee at the time of his sentencing hearing, that neither the government nor the government's expert stand by the psychopathy evidence that Judge Eisele

contemporaneously observed was the linchpin of the death verdict against Mr. Lee, require that any doubt about whether a COA should issue should be resolved in Mr. Lee's favor.

WHEREFORE, Mr. Lee respectfully requests that the Court grant a Certificate of Appealability as to its opinion that Mr. Lee's Rule 60(b) motion was an improper successive habeas petition under 28 U.S.C. § 2255.


Respectfully Submitted,


/s/ Karl Schwartz            /s/ Morris H. Moon

KARL SCHWARTZ             MORRIS H. MOON
Bar # 38994 (PA)             Bar # 24032750  (TX)
Assistant Federal Public Defender    Assistant Federal Public Defender
Delaware Federal Defender Office    Federal Capital Habeas Project
800 King Street, Suite 200        2109 Decatur Street
Wilmington, DE 19801           Houston, TX 77007
(302) 442-6545               (713) 880-3556
Karl_Schwartz@fd.org          Morris_Moon@fd.org


Dated: July 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 14, 2014. This motion was served via this court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

By: /s/*Morris Moon*
MORRIS H. MOON
Bar # 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
2109 Decatur Street
Houston, TX 77007
(713) 880-3556
Morris_Moon@fd.org