# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2853

_____

United States of America                    4:97-cr-243-02

*Plaintiff - Appellee*

v.

Daniel Lewis Lee, also known as Daniel Lewis Graham, also known as Danny Lee, also known as D L Graham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 16, 2015
Filed:  July 13, 2015 (Corrected: December 14, 2015)

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Daniel Lewis Lee appeals the district court's denial of his Rule 60(b) motion seeking relief from the final judgment entered in his 28 U.S.C. § 2255 habeas petition.  In his initial habeas petition, Lee had asserted that his trial counsel was ineffective, but he failed to attach any evidence to support that claim.  The petition was denied, and Lee subsequently filed a Rule 60(b) motion arguing that his initial

habeas counsel had been ineffective for failing to present available evidence.  The district court[1] characterized Lee's motion as a second or successive habeas motion filed without the required precertification by our court, see 28 U.S.C. § 2255(h), and denied it.  Lee appeals, and we affirm.

## I.

Lee and codefendant Chevie Kehoe, members of a white supremacist group, killed a gun dealer, his wife, and their eight year old daughter during a robbery in January 1996.  Lee was convicted on four racketeering charges, including three murders in aid of racketeering, and was sentenced by a jury to death.  We affirmed his conviction and sentence.  United States v. Lee, 374 F.3d 637 (8th Cir. 2004).

In 2006, Lee moved for postconviction relief under 28 U.S.C. § 2255.  Lee's § 2255 petition alleged that his trial counsel had provided ineffective assistance during the penalty phase by not adequately objecting to testimony by government expert witness Dr. Thomas Ryan, and to Dr. Ryan's report regarding the Hare Psychopathy Check List-Revised.  Evidence based on the checklist had been introduced at the penalty phase of Lee's trial and that evidence had indicated he was a "psychopath" and a future danger in prison if he were to receive life imprisonment.  A footnote in Lee's habeas petition stated that Dr. Ryan had signed a sworn declaration repudiating his reliance on the Hare checklist, but neither that declaration nor supporting exhibits were attached to the § 2255 petition.  The district court[2] denied the § 2255 petition without granting an evidentiary hearing.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

[2]At that time the case was before the Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

-2-

After Lee's § 2255 petition was denied, he filed a Rule 59(e) motion for reconsideration in 2008.  Attached for the first time were affidavits supporting his ineffective assistance claim.  They purport to show that the Hare checklist was scientifically invalid and unreliable for predicting future dangerousness in prison.  Also included was a sworn declaration of Dr. Ryan stating that he should not have relied on the Hare checklist in his expert assessment of another defendant, and indicating that the basis for challenging that evidence had been available in 1998, before Lee's 1999 trial.  Although Judge Eisele denied the motion for reconsideration, he commented that had counsel timely presented these affidavits, the court "might have determined that an evidentiary hearing was required."  Our court denied Lee's request for a certificate of appealability on whether he had "received ineffective assistance of counsel relating to the submission of aggravating factors to the jury to support his death sentence." United States v. Lee, 715 F.3d 215, 221 (8th Cir. 2013). We also affirmed the denial of Lee's § 2255 petition.  Id. at 217.

Lee filed this Rule 60(b) motion in 2013 seeking relief from the judgment in his § 2255 case.  He argued that under the Supreme Court decisions in Trevino v. Thaler, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, 132 S. Ct. 1309 (2012), he was entitled to challenge the denial of his habeas claim that trial counsel had been ineffective for failing to make an adequate challenge to the use of the Hare checklist at sentencing.  The district court decided that it lacked jurisdiction to hear the 60(b) motion because it was a second or successive § 2255 motion filed without appellate authorization, but granted Lee a certificate of appealability on the issue of whether Lee's 60(b) motion was a second or successive habeas petition.  Lee now appeals the district court's denial of his Rule 60(b) motion.

## II.

After concluding that Lee's Rule 60(b) motion was a second or successive habeas petition, the district court denied the motion without prejudice because Lee

had not obtained the required precertification from our court.  Lee now presents the same issue to our court – was his motion a second or successive habeas petition?

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b), imposes three requirements on second or successive habeas petitions.  First, any claim "that was presented in a prior application shall be dismissed."  Id. at § 2244(b)(1).  If a claim was not already adjudicated, § 2244(b)(2) requires its dismissal unless it relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence."  Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).  Finally, before filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals.  Id. at § 2244(b)(3).  Under the statutory scheme, a second or successive habeas motion filed by someone in federal custody must also "be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h).

The Supreme Court has decided that AEDPA's procedural requirements for second or successive habeas petitions apply to motions for relief from a judgment filed under Federal Rule of Civil Procedure 60(b).  Gonzalez, 545 U.S. at 531.  The Gonzalez Court explained that Rule 60(b) motions often contain claims which are "in substance a successive habeas petition and should be treated accordingly."  545 U.S. at 530–31.  The Court gave examples of such motions, one being an assertion that owing to excusable neglect "the movant's habeas petition had omitted a claim of constitutional error" and an accompanying request to present the claim.  Id., citing Harris v. United States, 367 F.3d 74, 80–81 (2d Cir. 2004).  Another example is a motion attacking  a "previous resolution of a claim on the merits" 545 U.S. at 532 (emphasis in original).

A Rule 60(b) motion is not treated as second or successive under AEDPA, however, if it does not raise a merits challenge to the resolution of a claim in a prior

-4-

habeas proceeding, but instead attacks "some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532–33. Thus, the Rule 60(b) motion in Gonzalez which sought to challenge a statute of limitations ruling which had prevented review of an initial habeas petition, did not require precertification under § 2244(b)(3). Id. at 533, 538. Lee argues that his Rule 60(b) motion was wrongly denied because it sought to remedy a defect in the initial habeas proceeding caused by counsel's having not adequately raised trial counsel's ineffectiveness.

After consideration, we conclude that Lee's Rule 60(b) motion was correctly denied for lack of precertification since it was seeking to reopen a claim which had been raised in his initial habeas petition and decided by the district court. See Gonzalez, 545 U.S. at 532. Lee acknowledges that his counsel made the claim in his initial § 2255 petition, but he points out that counsel had omitted the required evidentiary support to establish prejudice. We have previously interpreted Gonzalez to provide that omissions by federal habeas counsel are not procedural defects. In Ward v. Norris, 577 F.3d 925, 931 (8th Cir. 2009), the appellant had filed a Rule 60(b) motion asserting that he had been incompetent at the time of his earlier habeas proceeding. He contended that his incompetency claim concerned a defect in his earlier habeas proceeding rather than a challenge to a merits resolution. Id. at 932. Although evidence of the alleged incompetency had been available at that stage, habeas counsel had not moved for a stay. Id. at 934. We concluded that "the substance of Ward's motion [wa]s a claim for ineffective assistance of federal habeas counsel, and thus was correctly dismissed by the district court." Id. Dismissal was proper given the Supreme Court's teaching that "the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id. at 933, quoting Gonzalez, 545 U.S. at 532 n.5 (internal quotation marks omitted).

None of the cases Lee relies upon would save him from a dismissal. His primary focus is on Trevino v. Thaler, 133 S. Ct. 1911 (2013), and Martinez v. Ryan,

132 S. Ct. 1309 (2012), which he argues permitted the district court to have acted on his Rule 60(b) motion.  Those cases are inapposite, however, since they involved federal habeas review of state court decisions under § 2254.  In Martinez, the Supreme Court carved out a "limited qualification" to procedural default, explaining that a procedural default occurs when a state court declines to hear a claim based on a party's failure to comply with state procedural rules.  Id. at 1316, 1319.  A federal habeas court will normally not entertain such defaulted claims on a § 2254 motion, but a default may be overcome if the habeas applicant is able to show cause and prejudice for it.  Id. at 1316.  Under the Martinez rule, state collateral counsel's ineffectiveness in failing to raise a viable claim of ineffective assistance by trial counsel can serve as cause to overcome the procedural default.  Id. at 1315.  If the habeas claimant can also show prejudice, the procedural default may be excused and the merits of the trial level ineffectiveness claim may be reached by the habeas court. Id. at 1320.

The Court limited its ruling in Martinez to state jurisdictions where ineffective assistance claims must be raised on initial collateral proceedings rather than on a direct appeal from a conviction.  132 S. Ct at 1320.  In Trevino, the Court expanded this concept to cover state review processes which make it "virtually impossible" to present a claim of improper assistance of trial counsel on direct appeal.  133 S. Ct. at 1915 (internal quotation marks omitted).  Our court concluded after Martinez that a Rule 60(b) motion seeking relief from a judgment on the grounds that a claim was not reached in an earlier federal habeas due to state court procedural default is not second or successive.  Williams v. Delo, No. 13-2058 (8th Cir. Sept. 23, 2013).

Lee argues for an extension of Trevino and Martinez to federal review of claims not adequately raised in an initial § 2255 proceeding.  He relies on the concern expressed in Trevino that failure to overcome a procedural default in a § 2254 proceeding may deprive a petitioner "of any opportunity at all for review" of a claim for ineffective assistance of trial counsel.  Trevino, 133 S. Ct. at 1921.  According to

-6-

Lee, his current Rule 60(b) motion alleges a procedural defect in his initial habeas proceeding caused by counsel's ineffectiveness by not attaching important affidavits and other supporting evidence to his § 2255 petition.

These arguments fail.  In both Trevino and Martinez, the habeas petitioners adequately raised their claims of ineffective assistance of trial counsel in their initial federal habeas petitions.  Trevino, 133 S. Ct. at 1915–16; Martinez, 132 S. Ct. at 1314.  Here in contrast, Lee's § 2255 motion did not have supporting evidence to establish prejudice, but only indicated in a footnote that such evidence could be provided at a later date.  The district court went on to reach and deny Lee's claim on the merits.  The subsequent denial of Lee's Rule 59(e) motion did not involve a procedural default of the type discussed in Trevino and Martinez.  Rather, in denying the motion the district court relied upon our circuit rule that "Rule 59(e) motions cannot be used to introduce new evidence . . . which could have been offered or raised prior to the entry of judgment," United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006). It also denied a certificate of appealability as did our court.

No evidentiary omission by counsel in Lee's first § 2255 petition amounted to a procedural defect in the integrity of his habeas proceeding, see Gonzalez, 545 U.S. at 532, and any attempt to relitigate the merits denial of the petition would count as a second or successive petition subject to AEDPA's precertification demands, 28 U.S.C. § 2255(h).  For all these reasons, the judgment of the district court is affirmed.

_____

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

### MEMORANDUM

**TO:**        All Counsel of Record

**FROM:**    Melissa E. Rudolph

**DATE:**     December 14, 2015

Re:          14-2853  United States v. Daniel Lee

On July 13, 2015, the Court issued an opinion in the referenced appeal.  Please replace your opinion with the attached corrected opinion.  The original opinion was corrected at page 2, section I, second paragraph, second sentence - added the words ", and to Dr. Ryan's report" after the words "Dr. Thomas Ryan."

cc:     All Circuit Judges
        St. Paul Clerk's Office
        West Publishing
        Missouri Lawyers Weekly

        District Court/Agency Case Number(s):   4:06-cv-01608-GTE



**14-2853 United States v. Daniel Lee "opinion correction filed"**
**(4:06-cv-01608-GTE, Lead: 4:97-cr-00243-GTE-1)**
ca08ml_cmecf_Notify    to:                                          12/14/2015 08:51 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

## Eighth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 12/14/2015

**Case Name:**     United States v. Daniel Lee
**Case Number:**   14-2853
**Document(s):**   Document(s)

**Docket Text:**
CORRECTED OPINION FILED - THE COURT: DIANA E. MURPHY, STEVEN M. COLLOTON and JANE KELLY
Original Opinion filed on: 07/13/2015 Correction to opinion: PAGE 2, section I, second paragraph, second sentence - added the words ", and to Dr. Ryan's report" after the words "Dr. Thomas Ryan." [4345989] [14-2853] (Melissa Rudolph)

**Notice will be electronically mailed to:**

Honorable J. Leon Holmes, U.S. District Judge: Leon_Holmes@ared.uscourts.gov
Mr. George Gust Kouros, Assistant Federal Public Defender: George_Kouros@fd.org
Ms. Linda B. Lipe, Assistant U.S. Attorney: linda.lipe@usdoj.gov, sonya.jeffords2@usdoj.gov, vanessa.collins@usdoj.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Morris H. Moon: moonmorris@aol.com, Morris_Moon@fd.org, Kim_Taylor@fd.org
Mr. John Michael Pellettieri: john.pellettieri@usdoj.gov
Mr. Karl Schwartz: Karl_Schwartz@fd.org, DJ_Siegel@fd.org, Annie_Ruhnke@fd.org, Jenny_Osborne@fd.org, Oliver_Loewy@fd.org

**Notice will be mailed to:**

Mr. Daniel Lewis Lee
U.S. PENITENTIARY

4700 Bureau Road, S.
Terre Haute, IN 47802

The following document(s) are associated with this transaction:
**Document Description:** Corrected opinion filed
**Original Filename:** 142853P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=12/14/2015] [FileNumber=4345989-0]
[b64244375a3e276fa72cd16703698feabd91a96c1b50fc609a961f476b100d0468673981db53c10
84eef3d7d9ef869fb8d6cf78b8fac8d7532485fe00f9016dd]]

**Document Description:** Opinion Correction Memo
**Original Filename:**
/opt/ACECF/live/forms/mrudolph_142853_4345989_OpinionCorrectionFiledMemo_159.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=12/14/2015] [FileNumber=4345989-1]
[b1371b17fa4d5459354480e50b5f56d1f59cea1a97771c31b9fa208dd8bfd54a0a2b30eb1b5ae814
822e409adc8dad411450b3b8011063a8b310eaf1e7d98433]]
**Recipients:**
- Honorable J. Leon Holmes, U.S. District Judge
- Mr. George Gust Kouros, Assistant Federal Public Defender
- Mr. Daniel Lewis Lee
- Ms. Linda B. Lipe, Assistant U.S. Attorney
- Mr. Jim McCormack, Clerk of Court
- Mr. Morris H. Moon
- Mr. John Michael Pellettieri
- Mr. Karl Schwartz

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 4345989
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 5443640, 5443641