**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

No: 14-2853

United States of America

Appellee

v.

Daniel Lewis Lee, also known as Daniel Lewis Graham, also known as Danny
Lee, also known as D L Graham

Appellant

4:97-cr-243-02

_____

Appeal from U.S. District Court for the Eastern District of Arkansas - Little Rock
(4:06-cv-01608-GTE)
_____

**ORDER**

The petition for rehearing by the panel is denied. Judge Kelly dissents from the denial of the petition for rehearing by the panel.

KELLY, Circuit Judge, dissenting from the denial of panel rehearing.

I respectfully dissent from the denial of Lee's petition for rehearing by the panel, because the petition – and the recent Seventh Circuit decision it brings to our attention – provide convincing reasons for us to revisit the issues raised in this case. See Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015).  In particular, I think it is appropriate to reconsider whether Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013), should be limited to petitions for post-

conviction relief filed by state prisoners under 28 U.S.C. § 2254, or whether, perhaps under limited circumstances, these two cases may also apply to similar petitions filed by federal prisoners under 28 U.S.C. § 2255.

If Martinez and Trevino have an animating principle, it is that a prisoner must have at least one opportunity to present a claim that trial counsel was ineffective – and to present it with the assistance of effective counsel.  Martinez pointed out that "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse [a] procedural default in a federal habeas proceeding, no court will review the prisoner's claims," 132 S. Ct. at 1316, and Trevino reiterated that "failure to consider a lawyer's 'ineffectiveness' during an initial-review collateral proceeding as a potential 'cause' for excusing a procedural default will deprive the defendant of any opportunity at all for review of an ineffective-assistance-of-trial-counsel claim," 133 S. Ct. at 1921.  In this case, if one grants that Lee's § 2255 counsel was ineffective in failing to attach the evidence in support of his ineffectiveness claim to his petition, Lee will have completed his journey through the court system without ever having had a chance to present a colorable ineffective assistance of trial counsel claim to a court with the aid of an effective lawyer – which seems to be exactly the problem that Martinez and Trevino sought to remedy.

Whether the concerns that motivated Martinez and Trevino apply equally to the post-conviction procedures afforded to federal prisoners is a question worth examining. See Ramirez, 799 F.3d at 854.  Like the state systems that Trevino discussed, the federal system also strongly discourages ineffectiveness of trial counsel claims on direct appeal.  See Ramirez, 799 F.3d at 852–53.  In our circuit, "[w]e only review ineffective assistance of counsel claims on direct appeal in 'exceptional cases.'" United States v. Mathison, 760 F.3d 828, 831 (8th Cir. 2014).

- 2 -

As a result, the § 2255 motion Lee brought was effectively his first opportunity to bring an ineffective assistance of trial counsel claim.  <u>Martinez</u> was clear that habeas review for similarly-situated prisoners convicted in state court should not be foreclosed unless the prisoners had the benefit of attorney representation in bringing their ineffectiveness claims, and that representation was effective.  <u>Martinez</u>, 132 S. Ct. at 1317 ("To present a claim of ineffective assistance at trial in accordance with the State's procedures, . . . a prisoner likely needs an effective attorney.").[1]

How the doctrine outlined in <u>Martinez</u> and <u>Trevino</u> would apply as a practical matter in the federal context is the next question.  Unlike state collateral review proceedings, § 2255 proceedings lack a subsequent layer of review by another judicial system.  Lee filed a Rule 60(b) motion, but treating his Rule 60(b) motion as the equivalent of a state prisoner's § 2254 petition potentially implicates the restrictions placed on such motions in the habeas context by the Supreme Court's decision in <u>Gonzalez v. Crosby</u>.  <u>See</u> 545 U.S. 524, 532 & n.5 (2005).  Yet while <u>Gonzalez</u> held that a Rule 60(b) motion that is in effect a second or successive habeas petition is subject to the strict requirements of § 2244(b), it also recognized that "Rule 60(b) has an unquestionably valid role to play in habeas cases."  <u>Id.</u> at 534. Even post-<u>Gonzalez</u>, there remains no bar to filing a Rule 60(b) motion that "attacks

---

[1]It may be even less problematic to excuse procedural defaults in federal post-conviction proceedings, since doing so does not implicate concerns about thwarting the states' interests in the finality of their judicial processes.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 747–48 (1991); <u>see also</u> <u>United States v. Doe</u>, No. 13-4274, 2015 WL 5131208, at *14 (3d Cir. Sept. 2, 2015) (noting that § 2255 differs from § 2254 in that "comity and federalism are irrelevant").  In this case, the procedural rule that arguably barred Lee's attempt to bring the evidence omitted from his § 2255 petition to the court's attention was a judicially-created federal one.  If we were to excuse it, the only framework of procedural rules we would impinge on is our own, not another sovereign's.

. . . some defect in the integrity of the federal habeas proceedings." <u>Id.</u> at 532.[2]  And <u>Gonzalez</u> stated only that a Rule 60(b) movant's "habeas counsel's omissions . . . *ordinarily* do[] not  go to the integrity of the proceedings," <u>Gonzalez</u>, 545 U.S. at 532 n.5 (emphasis added).  It did not hold that they can never do so.  Perhaps this limiting language in <u>Gonzalez</u>, combined with our long-standing precedent that "Rule 60(b) is to be given a liberal construction so as to do substantial justice and 'to prevent the judgment from becoming a vehicle of injustice,'" <u>MIF Realty L.P. v. Rochester Assocs.</u>, 92 F.3d 752, 755–56 (8th Cir. 1996), would permit a limited Rule 60(b) motion to reopen an initial-review collateral proceeding:  when the Rule 60(b) motion was the prisoner's first opportunity to present an ineffective assistance of trial counsel claim, where the prisoner was otherwise diligent, and where the claim has "some merit."  <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1318;  <u>see</u> <u>also</u> <u>Ramirez</u>, 799 F.3d at 851; <u>Cox v. Horn</u>, 757 F.3d 113, 123–24 (3d Cir. 2014) (holding that Rule 60(b) requires consideration of defendant-specific equitable principles even post-<u>Gonzalez</u>).  Whether this type of Rule 60(b) motion, post-<u>Martinez</u> and <u>Trevino</u>, would attack a defect in the federal habeas proceedings' integrity and therefore constitute a "true" Rule 60(b) motion merits a closer look.   <u>Gonzalez</u>, 545 U.S. at 532; <u>see also</u> <u>Ramirez</u>, 799 F.3d at 850 (finding valid a Rule 60(b) motion based in

---

[2]As an initial matter, it remains an open question whether <u>Gonzalez</u>, which was decided in the context of § 2254 proceedings, applies to the same extent to § 2255.  <u>Gonzalez</u> itself explicitly stated that it was limiting its consideration only to § 2254, rather than § 2255, cases.  <u>Id.</u> at 529 n.3.  And while the majority of the courts of appeals have extended <u>Gonzalez</u> to the § 2255 context, <u>see</u> <u>United States v. Arrington</u>, 763 F.3d 17, 22 (D.C. Cir. 2014) (collecting cases), those courts were not considering the narrow application of Rule 60(b) to provide for <u>Martinez</u>- and <u>Trevino</u>-like remedies.

Appellate Case: 14-2853     Page: 4     Date Filed: 12/14/2015 Entry ID: 4346003

part on post-conviction counsel's failure to attach documents necessary to support his ineffectiveness of trial counsel claims).[3]

Even if, as our panel opinion holds, Gonzalez precludes Lee's Rule 60(b) motion on the particular facts of this case, I question whether we should foreclose application of Martinez and Trevino to other § 2255 cases where the petitioner may bring a more clearly valid Rule 60(b) motion:  for example, cases where the petitioner's counsel entirely abandoned him or her, as opposed to simply omitting necessary evidentiary support when filing the petition as Lee's counsel did.  See Williams v. Delo, No. 13-2058 (8th Cir. Sept. 23, 2013) (unpublished) (holding that prisoner filed a "true Rule 60(b) motion" and not a successive § 2254 petition when he alleged his post-conviction counsel was ineffective in presenting an in-effectiveness of trial counsel claim); Mackey v. Hoffman, 682 F.3d 1247, 1253 (9th Cir. 2012) (holding that "when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court may grant relief pursuant to Rule 60(b)(6).").

Lee's case presents a difficult procedural issue, with a potentially meritorious claim of effective assistance of counsel underlying it.  Whether a Rule 60(b) motion such as his, filed in the course of § 2255 proceedings, could ever provide a means

---

[3]It is true that Ramirez's post-conviction counsel also abandoned him on appeal, causing him to miss the deadline for appealing the denial of his § 2255 motion.  Id. at 849.  But his counsel's evidentiary omission must have been independently sufficient to support the Seventh Circuit's conclusion that his Rule 60(b) motion was valid, because the court did not simply reinstate the appeal of the denial of his § 2255 motion, but instead instructed the district court to reopen the § 2255 proceedings so that he could cure the evidentiary omission.  Id. at 856.

- 6 -

for bringing meritorious ineffectiveness of counsel claims to the courts' attention for the first time is an important question – one that another court of appeals has answered in the affirmative. <u>Ramirez</u>, 799 F.3d at 850–52.  I recognize that, in order to succeed in his appeal, Lee would have to prevail on various other issues – like whether the district court abused its discretion in denying his Rule 60(b) motion, and whether his ineffectiveness claim has "some merit."  <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1318.  I do not express a position on these issues here.  I merely suggest that by granting Lee's request for rehearing, we could give the issues he raises the consideration I think they warrant.

For these reasons, I respectfully dissent from the denial of the petition for rehearing by the panel.

_____

December 14, 2015

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
        /s/ Michael E. Gans

- 6 -

 14-2853 United States v. Daniel Lee "Judge Order Filed denying for rehearing by panel" (4:06-cv-01608-GTE, Lead: 4:97-cr-00243-GTE-1)
ca08ml_cmecf_Notify    to:                                    12/14/2015 09:36 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 12/14/2015

**Case Name:**    United States v. Daniel Lee
**Case Number:**    14-2853
**Document(s):**    Document(s)

**Docket Text:**
JUDGE ORDER:Denying [4325744-2] petition for rehearing by panel filed by Appellant Mr. Daniel Lewis Lee.,
DISSENT BY: Jane Kelly, PUBLISHED ORDER. Hrg Apr 2015 [4346003] [14-2853] (Melissa Rudolph)

**Notice will be electronically mailed to:**

Mr. George Gust Kouros, Assistant Federal Public Defender: George_Kouros@fd.org
Ms. Linda B. Lipe, Assistant U.S. Attorney: linda.lipe@usdoj.gov, sonya.jeffords2@usdoj.gov, vanessa.collins@usdoj.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Morris H. Moon: moonmorris@aol.com, Morris_Moon@fd.org, Kim_Taylor@fd.org
Mr. John Michael Pellettieri: john.pellettieri@usdoj.gov
Mr. Karl Schwartz: Karl_Schwartz@fd.org, DJ_Siegel@fd.org, Annie_Ruhnke@fd.org, Jenny_Osborne@fd.org, Oliver_Loewy@fd.org
MO Lawyers Weekly: stephanie.maniscalco@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com

**Notice will be mailed to:**

Mr. Daniel Lewis Lee
U.S. PENITENTIARY

4700 Bureau Road, S.
Terre Haute, IN 47802

The following document(s) are associated with this transaction:
**Document Description:** Judge Order
**Original Filename:**
/opt/ACECF/live/forms/mrudolph_142853_4346003_OrderDenyPanelRHRPUB_528.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=12/14/2015] [FileNumber=4346003-0]
[569487393c6e55034a549f715b8387628523745418a9af361634ba34456357f964d6da728554d3b
86cb59e263120c825e61d201aac47179ec6f232dd4850985f]]
**Recipients:**
- Mr. George Gust Kouros, Assistant Federal Public Defender
- Mr. Daniel Lewis Lee
- Ms. Linda B. Lipe, Assistant U.S. Attorney
- MO Lawyers Weekly
- Mr. Jim McCormack, Clerk of Court
- Mr. Morris H. Moon
- Mr. John Michael Pellettieri
- Mr. Karl Schwartz
- West Publishing

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 4346003
**RELIEF(S) DOCKETED:**
  for rehearing by panel
  dissent
  PUBLISHED ORDER
**DOCKET PART(S) ADDED:** 5443659, 5403314, 5443660, 5443661, 5443662