

**U.S. Department of Justice**

Criminal Division

---

*Appellate Section*                                    *Washington, D.C.  20530*

September 28, 2018

The Honorable J. Leon Holmes
United States District Judge
Eastern District of Arkansas
500 West Capitol Avenue, Room D469
Little Rock, AR 72201

> **Re:   United States v. Daniel Lewis Lee, 4:97-CR-00243-JLH**

Dear Judge Holmes:

Pending before the Court is a motion by defendant Daniel Lee to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. *See* Dkt. 1297. The court has ordered the government to respond to Lee's motion by October 12, 2018. Dkt. 1298. The government requests permission to file a response limited to the Court's jurisdiction and also requests an additional 31 days to file its response, which would make it due on or before Monday, November 12, 2018.

The motion now pending before the Court is, at a minimum, Lee's third motion for relief under 28 U.S.C. § 2255. The Court denied Lee's first § 2255 motion on the merits. *United States v. Lee*, No. 97-CR-00243, 2008 WL 4079315 (E.D. Ark. Aug. 28, 2008). The court denied a subsequent § 2255 motion for lack of jurisdiction because Lee neither sought nor obtained certification to file a second or successive motion from the court of appeals. *United States v. Lee*, No. 97-CR-00243, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014). The court of appeals affirmed. *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015), *cert. denied*, 137 S. Ct. 1577 (2017).

In his current § 2255 motion, Lee contends that newly-discovered evidence demonstrates violations of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). Lee argues that his motion is not a second or successive § 2255 motion and is therefore not subject to the jurisdictional certification requirements of 28 U.S.C. § 2255(h). *See* Dkt. 1297, at 23-29.

The government intends to argue that this Court lacks jurisdiction because Lee failed to comply with the certification requirements of 28 U.S.C. § 2255(h). To the extent Lee contends that a § 2255 motion raising a claim based on *Brady*,

*Giglio*, or *Napue* is not subject to the certification requirements for a second or successive motion, he is incorrect.

The government therefore requests permission to file a responsive brief addressing only the Court's jurisdiction. The government further requests a 31-day extension to file its response, which would make it due on or before November 12, 2018. And the government asks that the Court allow the government to file a separate responsive brief on the merits if and only if the Court concludes that it possesses jurisdiction. The government respectfully suggests that this procedure will allow for the most efficient use of the court's and the government's resources.

Respectfully submitted,

s/ John M. Pellettieri
John M. Pellettieri
U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Avenue, N.W.
Rm. 1264
Washington, D.C. 20530

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on September 28, 2018. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ John M. Pellettieri
John M. Pellettieri

3