**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DANIEL LEWIS LEE,**
          **Movant**                    **Case No. 4:18-CV-00649-JLH**
                                        **Criminal Case No. 4:97-CR-00243-JLH-2**

**v.**                                    **CAPITAL CASE**

**UNITED STATES OF AMERICA**
          **Respondent**

**MOVANT DANIEL LEE'S REQUEST FOR ENTRY OF JUDGMENT**
**PURSUANT TO FED. R. CIV. P. RULE 58(d)**

Comes now Daniel Lee, respectfully and through undersigned counsel, and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure ("Fed. Civ. R. P."), moves this Honorable Court to enter a separate judgment in his case as required by Fed. R. Civ. P. 58(a). In support of this motion, Mr. Lee states the following:

1.      On February 26, 2019, this Court entered an order in the criminal docket of Mr. Lee's case denying his Motion to Vacate pursuant to 28 U.S.C. § 2255. *See* Criminal Case No. 4:97-CR-00243-JLH-2, ECF Doc. No. 1313 ("Opinion and Order").

2.      The timing for any post-judgment or appellate motions Mr. Lee might wish to file, however, is governed by the date on which the judgment is entered on the docket, not the date of the Court's order. *See*, *e.g.*, Federal Rule of Appellate Procedure 4(a)(2); Fed. R. Civ. P. 59(e).

3.      Pursuant to Fed. R. Civ. P. 58(a), (b)(1), and (c)(2), the judgment, in a case such as Mr. Lee's, must be "set out in a separate document" and entered "in the civil docket," a duty which is incumbent upon the clerk "without awaiting the court's direction[.]"

4.      It has come to the attention of the undersigned that no such separate judgment has been entered in the civil docket in Mr. Lee's case. *See* Case No. 4:18-CV-00649-JLH.

5.      As the Supreme Court has explicitly held, Rule 58 was intended to clarify when the time for an appeal begins to run and therefore it "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *U.S. v. Indrelunas*, 411 U.S. 216, 222 (1973); *see also Amoco Oil Co. v. Jim Heiling Oil & Gas, Inc.*, 479 U.S. 966 (1986) (Blackmun, J., dissenting from denial of certiorari).

6.      The Eighth Circuit, following the Supreme Court's guidance, has further clarified the requirements of Fed. R. Civ. P. 58 and applied it to § 2255 cases. *See Jeffries v. United States*, 721 F.3d 1008, 1013 ("[w]e conclude that an order denying a § 2255 motion is not entered until it is set out in a separate document[.]"). According to the Eighth Circuit when an order includes "legal reasoning and authority" it is "insufficient to constitute a separate document under Rule 58(a)." *Id*. This requirement "is mandatory and is more than a mere formality in that it plays an important role in making a judgment 'final' for purposes of determining when the time for filing post-judgment motions or notice of appeal starts to run." *Sanders v. Clemco Industries*, 862 F.2d 161, 167 (8th Cir. 1988) (quoting *Moore v. Warwick Pub. School Dist. No. 29*, 794 F.2d 322, 323 n.1 (8th Cir. 1986).

7.      For these reasons, Mr. Lee respectfully requests an entry of a separate judgment in the civil docket of his case pursuant to Fed. R. Civ. P. 58(a) & (d).

Respectfully submitted this 21st day of March, 2019.

\s\ Morris H. Moon                              \s\ George G. Kouros

Morris H. Moon                                  George G. Kouros
Assistant Federal Public Defender               Assistant Federal Public Defender
Federal Capital Habeas Project                  Federal Capital Habeas Project
6411 Ivy Lane, Suite 710                         6411 Ivy Lane, Suite 710
Greenbelt, MD 20770                             Greenbelt, MD 20770
(713) 880-3556                                  (301) 821-0855
Morris_Moon@fd.org                              George_Kouros@fd.org