**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DANIEL LEWIS LEE,**
                  **Movant,**                        **Criminal Case No. 4:97-CR-00243-KGB-2**

**v.**                                    **CAPITAL CASE**
                                             **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA**        **DECEMBER 9, 2019 at 8 am EST**[1]
            **Respondent.**

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER
## PURSUANT TO FED. R. CIV. P. 60(b)

COMES NOW Daniel Lewis Lee, by and through counsel, and hereby moves the Court, pursuant to Fed. R. Civ. P. 60(b), for relief from its Judgment issued December 22, 2010, denying Mr. Lee's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion") (Dkt. 1165).

### I.      Relevant Procedural History

Mr. Lee is a federal death row inmate. In a 1999 trial over which the Honorable G. Thomas Eisele presided, Mr. Lee and a co-defendant, Chevie Kehoe, were convicted of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations Act, 18

---

[1] There is currently an order by the District Court for the District of Columbia enjoining Mr. Lee's execution which remains in effect as of the filing of this Motion. *See* Order Granting Motion for Preliminary Injunction, *In re In The Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-00145, Dkt. 51 (D. D.C. Nov. 20, 2019). However, the Government has moved to vacate the injunction and that Motion is currently pending before the Supreme Court. *See* Application for a Stay or Vacatur of the Injunction, *In re In The Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, 19A-615 (filed Dec. 2, 2019). Additionally, the District Court for the Southern District of Indiana issued a separate order yesterday enjoining Mr. Lee's execution. *See* Opinion and Order Staying Execution of Daniel Lewis Lee, *Daniel Lewis Lee v. Warden USP Terre Haute, et al.*, No. 2:19-cv-00468-JPH-DLP, Dkt. 27 (filed Dec. 5, 2019). The Government appealed the stay order this morning. *See Daniel L. Lee v. T.J. Watson, et al.*, No. 19-3399, Dkt. 3 (filed Dec. 6, 2019). Should the Government succeed in vacating the preliminary injunction that is currently in place, or vacating the stay of execution, Mr. Lee requests in a separate pleading accompanying this motion that this Court stay Mr. Lee's execution until *Banister* is decided and his Rule 60(b) Motion can be given full and proper consideration.

U.S.C. § 1962(c)-(d), and of three murders in aid of racketeering in violation of 18 U.S.C. §

1959. Despite the Government's express acknowledgment that Mr. Kehoe was the more culpable

offender, the jury sentenced him to life imprisonment and then, separately, sentenced Mr. Lee to

death.

A key reason for this perverse result was the jury's belief that Mr. Lee would continue to

be a "future danger" if not executed.[2] During the penalty phase, the Government elicited expert

evidence that Mr. Lee had been clinically diagnosed as a "psychopath" using the Hare

Psychopathy Checklist-Revised (PCL-R), and that this instrument reliably predicted that Mr. Lee

would continue to commit violent acts in prison.[3] As Judge Eisele contemporaneously noted, in

the absence of this evidence "it is very questionable whether the jury would have given

Defendant Lee the death penalty."[4]

The "psychopathy" evidence was not just prejudicial; it was also categorically false. As

the Government's own expert belatedly affirmed in a different federal capital proceeding, there

was no scientific basis in 1999 for claiming that the PCL-R was a valid predictor of future

dangerousness in prison.[5]

In Mr. Lee's subsequent § 2255 proceeding, post-conviction counsel alleged that trial

counsel were ineffective for failing to raise this readily available challenge.[6] This Court denied

relief without an evidentiary hearing because § 2255 counsel had not proffered evidentiary

---

[2] *See United States v. Lee,* 715 F.3d 215, 223 (8th Cir. 2013) (stating that the "jury sentenced the two defendants differently" because it believed Kehoe would not be a future danger, but that Lee would).

[3] No such evidence was introduced during Mr. Kehoe's penalty phase.

[4] *United States v. Lee*, 89 F. Supp. 2d 1017, 1031 (E.D. Ark. 3/21/00) (Memorandum Opinion and Order regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485, 495 (8th Cir. 2001).

[5] *See* Dkt. 1165-4 (Declaration of Thomas V. Ryan, Ph.D.)

[6] *See* Dkt. 1118.

support for the claim.[7] Counsel then moved for reconsideration under Fed. R. Civ. P. 59(e), and at that time attached the relevant supporting information, including the sworn declaration of the Government's expert.[8]

However, relying on *Gonzalez v. Crosby,* 545 U.S. 524 (2005), this Court conducted a "preliminary" analysis to determine a threshold issue: whether the Rule 59(e) motion was "successive."[9] Finding that it was, this Court held that it was foreclosed from even "considering" the proffered affidavits and it denied relief.[10]

This "preliminary analysis" closed the door on a pivotal meritorious § 2255 claim. As the Court acknowledged, had it not been barred from considering the supporting information, it "might have determined that an evidentiary hearing was required."[11] Indeed, given that the Government has never contested that the PCL-R evidence was, in fact, unreliable—as well as this Court's own assessment of the powerful effect this evidence had on the jury's sentencing verdict—there is a reasonable probability that the Court would have granted relief on the underlying Sixth Amendment claim after an evidentiary hearing and full merits review.[12]

---

[7] *See* Dkt. 1163.

[8] *See* Dkt. 1165.

[9] *United States v. Lee*, 2010 WL 5347174, *1-*2, *5 (E.D. Ark. Dec. 22, 2010) (Order Denying Post-judgment Relief).

[10] *Id*. at *5.

[11] *Id*.

[12] To the extent the Court purported to conduct an alternative merits analysis, *see* 2010 WL 5347174 at *5, this was impermissible. Upon deeming the motion successive, it lacked subject-matter jurisdiction to resolve the claim on the merits. *See Steel Co. v Citizens for a Better Environment*, 523 U.S. 83, 93-95 (1998); *see also United States v. Roe*, 913 F.3d 1285, 1300 n.22 (10th Cir. 2019); *United States v. Lopez*, 577 F.3d 1053, 1066 n.12 (9th Cir. 2009). Moreover, the Court's "alternative merits analysis" was clearly erroneous. It mistakenly "found" that the Government's expert had not rejected the PCL-R as unreliable until 2000, when in fact, the expert's declaration made clear that such a challenge was available as early as 1998, one year before Mr. Lee's trial. A full and careful review of the evidence by the Court would eliminate any such significant factual errors.

## II.  The Court's Prior Judgment Rested on an Erroneous Threshold Procedural Ruling.

Although dispositive of the Rule 59(e) motion, this Court's "preliminary analysis" was incorrect. By its own terms, *Gonzalez* extends only to motions made under Rule 60(b), which seek to reopen a final judgment. *Gonzalez*, 545 U.S. at 529 n. 3. By contrast, a Rule 59(e) motion *suspends* the finality of the judgment. This is a material difference. A court cannot

> logically subject a Rule 59(e) motion to the statutory limitations imposed upon second or successive collateral attacks on criminal judgment because, unlike a Rule 60(b) motion, it is neither a collateral attack on the initial habeas judgment, nor a new collateral attack on the underlying criminal judgment— rather it is part and parcel of the petitioner's one full opportunity to seek collateral review.[13]

Indeed, extending *Gonzalez* to Rule 59(e) motions "would attribute to Congress the unlikely intent to preclude broadly the reconsideration of just-entered judgments," and consequently it "would almost always be effectively impossible for a district court to correct flaws in its reasoning."[14] Thus, this Court's application of *Gonzalez* to construe the Rule 59(e) motion as successive was improper.[15]

## III.  Mr. Lee's 60(b) Motion is Proper Because It Addresses a Defect in the Integrity of the § 2255 Proceeding.

Pursuant to Fed. R. Civ. P. 60(b), Mr. Lee seeks relief from this Court's prior judgment denying the Rule 59(e) Motion. This is a "true" Rule 60(b) motion because it does not raise a new claim for relief; rather, it challenges only a threshold procedural ruling of the habeas court

---

[13] *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (internal quotation marks and citation omitted).

[14] *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

[15] As several Circuit Courts—including the Eighth Circuit—have mistakenly extended *Gonzalez* to Rule 59(e) motions, the United States Supreme Court recently granted *certiorari* to consider this precise issue. *See Banister v. Davis*, No. 18-6493, 2019 WL 2570655 (June 24, 2019) ("[T]he petition for a writ of certiorari is granted limited to the following question: Whether and under what circumstances a timely Rule 59(e) motion should be recharacterized as a second or successive habeas petition under *Gonzalez v. Crosby*, 545 U. S. 524 (2005).") This case was argued on December 4, 2019—five days before Mr. Lee's scheduled execution. Since the Supreme Court's decision in *Banister* will be dispositive of Mr. Lee's present 60(b) motion, he has separately moved to hold this motion in abeyance pending the ruling in *Banister*. *See* Dkt. 1353.

4

which precluded a proper merits determination.[16] Specifically, Mr. Lee challenges this Court's erroneous finding that the Rule 59(e) motion was "successive" under *Gonzalez*. That "preliminary analysis" was fundamentally wrong and consequently deprived this Court of the jurisdiction to conduct a full merits review of his underlying ineffective-assistance-of-counsel claim. Respectfully, the prior judgment should be reopened so that Mr. Lee can correct this "nonmerits aspect of the first federal habeas corpus proceeding."[17]

### IV.     Extraordinary Circumstances Justify Reopening the Judgment Pursuant to Rule 60(b)(6).

Rule 60(b)(6) is "properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F .3d 1329, 1332 (8th Cir. 1997) (citing *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989)). Mr. Lee's 60(b) motion meets the required showing of extraordinary circumstances. Significantly, the claim at issue here—trial counsel's ineffectiveness in failing to challenge the indisputably unreliable and highly prejudicial PCL-R evidence introduced in Mr. Lee's sentencing trial—directly implicates the reliability of Mr. Lee's sentence. This Court itself has opined it is "very questionable" whether Mr. Lee would have received a death sentence in the absence of that evidence.[18]

Notably, Mr. Lee remains the only prisoner on federal death row whose sentence was based on PCL-R evidence; the Government no longer even attempts to introduce such evidence in capital prosecutions on account of its unreliability. It would be a manifest injustice to allow Mr. Lee to be executed on the basis of plainly unsound evidence that has been roundly

---

[16] *See Gonzalez*, 545 U.S. at 532 n.4 (Rule 60(b) motion proper if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar").

[17] *Gonzalez*, 545 U.S. at 534.

[18] *Lee*, 89 F. Supp. 2d at 1031.

condemned in the field of forensic psychology,[19] that the Government's own expert no longer stands by, and that the Government itself has abandoned.

This Court's erroneous application of *Gonzalez* to his Rule 59(e) motion prevented full merits review of Mr. Lee's underlying ineffective assistance claim on this issue. The U.S. Supreme Court is now poised to address such mistaken applications of *Gonzalez*. The improper use of the damning PCL-R evidence was pivotal in this case as this Court has expressly recognized. All Mr. Lee asks is to be put back in the position he was in before, so that he can finally present to a reviewing court the extra-record facts that establish his Sixth Amendment claim. The equities require that Rule 60(b)(6) relief be granted.

## CONCLUSION

For the foregoing reasons, Mr. Lee respectfully requests that this Court reopen the judgment in his § 2255 proceeding and reconsider his previously-filed Rule 59(e) motion.

Respectfully submitted this 6th day of December 2019.


/s/ Morris H. Moon                          /s/ George G. Kouros
MORRIS H. MOON                              GEORGE G. KOUROS
Assistant Federal Public Defender          Assistant Federal Public Defender
Federal Capital Habeas Project             Federal Capital Habeas Project
6411 Ivy Lane, Suite 710                    6411 Ivy Lane, Suite 710
Greenbelt, MD 20770                         Greenbelt, MD 20770
(713) 880-3556                              (301) 821-0855
Morris_Moon@fd.org                          George_Kouros@fd.org

Counsel for Daniel Lewis Lee

---

[19] *See* Dkts. 1165-5, 1165-6, & 1165-7.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on December 6th, 2019. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ *George G. Kouros*
GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org