## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DANIEL LEWIS LEE,**

        **Movant,**                  **Criminal Case No. 4:97-CR-00243-KGB-2**

**v.**                                       **CAPITAL CASE**
                                           **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA**      **DECEMBER 9, 2019 at 8:00 am EST**[1]
        **Respondent.**

## MOTION TO STAY EXECUTION AND HOLD PROCEEDINGS IN ABEYANCE

Daniel Lewis Lee, by and through counsel, respectfully requests that this Court stay his execution and hold his simultaneously filed *Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b)* (Dkt. 1352) ("60(b) Motion") in abeyance pending the United States Supreme Court's decision in *Banister v. Davis*, No. 18-6943 (2019).[2] The issue presented in *Banister*–whether and under what circumstances a timely Rule 59(e) motion should be characterized as a second or successive petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005)– is identical to the issue presented in Mr. Lee's 60(b) Motion.

---

[1] There is currently an order by the District Court for the District of Columbia enjoining Mr. Lee's execution which remains in effect as of the filing of this Motion. *See* Order Granting Motion for Preliminary Injunction, *In re In The Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-00145, Dkt. 51 (D. D.C. Nov. 20, 2019). However, the Government has moved to vacate the injunction and that Motion is currently pending before the Supreme Court. *See* Application for a Stay or Vacatur of the Injunction, *In re In The Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, 19A-615 (filed Dec. 2, 2019). Additionally, the District Court for the Southern District of Indiana issued a separate order yesterday enjoining Mr. Lee's execution. *See* Opinion and Order Staying Execution of Daniel Lewis Lee, *Daniel Lewis Lee v. Warden USP Terre Haute, et al.*, No. 2:19-cv-00468-JPH-DLP, Dkt. 27 (filed Dec. 5, 2019). The Government appealed the stay order this morning. *See Daniel L. Lee v. T.J. Watson, et al.*, No. 19-3399, Dkt. 3 (filed Dec. 6, 2019). Should the Government succeed in vacating the preliminary injunction that is currently in place, or vacating the stay of execution, Mr. Lee requests that this Court stay Mr. Lee's execution until *Banister* is decided and his Rule 60(b) Motion can be given full and proper consideration.

[2] The petition for a writ of certiorari was granted on June 24, 2019. The case was heard on December 4, 2019 and will be decided during the Supreme Court's October 2019 term.

*Banister* was argued at the Supreme Court two days ago.[3] Many of the Justices appeared skeptical of the notion that Rule 59(e) motions should be characterized as successive under *Gonzalez*, citing practical, legal, and historical reasons. Although one obviously cannot predict with certainty how the Supreme Court will resolve this case, the transcript strongly suggests that a majority of the Court took the view that a Rule 59(e) motion should not be characterized as a second or successive petition under *Gonzalez*.[4]

The Supreme Court's decision in *Banister* will be controlling; if decided in Mr. Lee's favor, this Court will be required to reconsider the previously-denied Rule 59(e) motion. Absent a stay, there is "an appreciable chance" that Mr. Lee will be executed with receiving the full review to which he is entitled of his substantial Sixth Claim because of the district court's previous improper application of *Gonzalez* to Mr. Lee's Rule 59(e) motion. *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (*per curiam*).

This Court has inherent power to stay pending proceedings. *See Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-

---

[3] The transcript of the oral argument in *Banister v. Davis* is available at: https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/18-6943_d1o2.pdf (last visited Dec. 4, 2019).

[4] *See, e.g.*, Oral Arg. Tr. at 31-32, 38-39 (Justice Gorsuch noting that it is "more efficient" to permit district judges to correct just-entered judgments, and that there is compelling historical evidence that Rules 59 and 60 have been treated differently "since time out of mind," with the understanding that Rule 59 serves the important function of allowing judges to amend or correct their judgments before an appeal is taken); *id.* at 43, 51 (Justice Kavanaugh noting that there was no indication from Congress that it intended to "upend" the "long-standing practice" of treating Rule 59 and 60 motions differently when it passed AEDPA, and that "59(e) motions had not been considered second or successive before"); *id.* at 40 (Justice Kagan noting that AEDPA left undisturbed the historical distinction between Rule 59 and 60); *id.* at 40-41, 44-45 (Justice Ginsburg questioning how a Rule 59(e) motion could be successive when a ruling on such a motion is so "tightly tied to that first judgment" and "merges into that final judgment," and noting that Rule 59 is distinct from Rule 60 because it suspends the finality of the judgment ); *id.* at 35, 47 (Justice Breyer noting that Rule 59 motions are "an efficient way of getting the judge to correct his own errors," and subjecting Rule 59 motions to the pre-authorization requirement for successive motions would result in "a pretty good waste of time and that's why we have Rule 59 to prevent those wastes of time"); *Id*. at 33-34 (Justice Sotomayor noting that Rule 59(e) proceedings are efficient).

55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, it is the routine practice of the Eighth Circuit to hold cases in abeyance pending the resolution of dispositive litigation in the Supreme Court.[5] The same is true of the District Courts of this Circuit.[6]

In *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (*per curiam*), the Eighth Circuit not only held the appellate proceeding in abeyance, it also issued a stay of execution until a dispositive Supreme Court case could be resolved. There, the prisoner filed a motion to recall the

---

[5] *See, e.g.*, *Johnson v. United States*, 774 Fed. Appx. 334 (8th Cir. 2019) (appeal from denial of § 2255 relief stayed held in abeyance pending *United States v. Davis*, 139 S. Ct. 2319 (2019); *Nelson v. United States*, 909 F.3d 964, 969 (8th Cir. 2018) (petition for rehearing of denial of certificate of appealability in capital § 2255 held in abeyance pending *Buck v. Davis*, 137 S. Ct. 759 (2017)); *Wiig v. United States*, No. 16-1009 (8th Cir. July 13, 2016) (Order) (application for authorization to file successive § 2255 motion held in abeyance pending *Beckles v. United States*, 137 S. Ct. 886 (2017)); *Cantrell v. United States*, No. 16-1110 (8th Cir. July 1, 2016) (Order) (same); *Diggs v. United States*, No. 15-3905 (8th Cir. Apr. 11, 2016) (Order) (application for authorization to file successive § 2255 motion held in abeyance pending *Welch v. United States*, 135 S. Ct. 1257 (2016)); *Givens v. United States*, No, 15-2973 (8th Cir. Feb. 17, 2016) (Order) (same); *Moore v. United States*, No. 16-1090 (8th Cir. Feb. 16, 2016) (Order) (same); *United States v. Knowles*, 817 F.3d 1095, 1096 (2016) (appeal held in abeyance pending *Lockhart v. United States*, 136 S. Ct. 958 (2016)); *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (*per curiam*) (appeal held in abeyance pending *Johnson v. United States*, 135 S. Ct. 2551 (2015)); *Jones v. Meinzer*, No. 13-3677 (8th Cir. Mar. 11, 2014) (Order) (appeal stayed pending *Holt v. Hobbs*, 135 S. Ct. 853 (2015)); *United States v. Racy*, 493 Fed. Appx. 812, 813 (8th Cir. 2012) (*per curiam*) (appeal held in abeyance pending *Dorsey v. United States*, 132 S. Ct. 2321 (2012)); *United States v. Mapp*, 682 F.3d 1059, 1060 (8th Cir. 2012) (*per curiam*) (same); *United States v. Duncan*, 684 F.3d 1363 (8th Cir. 2012) (petition for rehearing held in abeyance pending *Dorsey*); *Danforth v. Crist*, 624 F.3d 915, 918 (8th Cir. 2010) (§ 2254 proceedings held in abeyance pending *Danforth v. Minnesota*, 552 U.S. 264 (2008)); *United States v. Hellbusch*, 147 F.3d 782 (8th Cir. 1998) (appeal of denial of § 2255 motion held in abeyance pending *Bousley v. United States*, 523 U.S. 614 (1998)).

[6] *See, e.g., Winters v. United States*, No. CIV. 16-5052, 2019 WL 977879, *2 (D. S.D. Feb. 28, 2019) (Order) (§ 2255 motion held in abeyance pending *United States v. Davis*, 139 S. Ct. 2319 (2019)); *Faria v. McCarrick*, No. 4:16-cv-01175-JAR, 2017 WL 24878, *2 (E.D. Mo. Jan. 3, 2017) (Memorandum and Order) (motion to dismiss held in abeyance pending *Manuel v. Joliet*, 137 S. Ct. 911 (2017)); *Collins v. United States*, No. CR 99-40127, 2010 WL 599391, *1 (D. S.D. Feb. 16, 2010) (Order) (§ 2255 motion held in abeyance pending *United States v. Booker*, 543 U.S. 220 (2005)); *Abukar v. Ashcroft*, No. 01-cv-242-JRT/AJB, 2004 WL 741759, *3 (D. Minn. Mar. 17, 2004) (Memorandum and Order) (habeas petition held in abeyance pending *Jama v. INS*, 543 U.S. 335 (2005)); *Roark v. Barnhart*, 221 F.Supp.2d 1020, 1021 (W.D. Mo. Apr. 27, 2002) (Order) (proceedings held in abeyance pending *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)).

mandate because the Circuit Court had applied a procedural rule that appeared to be called into question by a recent Supreme Court grant of certiorari. *Chambers*, 197 F.3d at 309. Of particular importance to the Court was the fact that the rule in question implicated the prisoner's ability to receive plenary appellate review of claims raised in his habeas petition. As it stated, "We do not believe that the State should be allowed to execute Chambers when there is thus an appreciable chance that he has not received the full review process to which he is entitled." *Id.*

Similar concerns are present here. There is "an appreciable chance" that because of the district court's improper application of *Gonzalez* to Mr. Lee's Rule 59(e) motion, he did not receive the full review process to which he was entitled. The Supreme Court's decision in *Banister* will directly address this dispositive issue. Staying Mr. Lee's execution and holding these proceedings in abeyance until *Banister* is decided is therefore appropriate because it will conserve judicial resources, ensure a resolution of Mr. Lee's case that is consistent with Supreme Court jurisprudence, and further the public interest in the fair administration of justice.

The balance of equities counsels in favor of staying Mr. Lee's execution until *Banister* is decided. Mr. Lee would suffer irreparable injury if the Court were to deny his motion for a stay of execution. He would face the irreversible taking of his life by the Government, without ever having had a meaningful opportunity to remedy grave constitutional violations that infected his trial. *See*, *e.g., Wainright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J., concurring in decision to vacate stay of execution) ("The third requirement—that irreparable harm will result if a stay is not granted—is necessarily present in capital cases."); *Evans v. Bennett*, 440 U.S. 1301, 1306 (1979) (granting stay of execution in light of the "obviously irreversible nature of the death penalty"); *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (in acknowledging that "[t]here can be no doubt that a defendant facing the death penalty at the hands of the state faces

irreparable injury," court notes importance of "substantial grounds" upon which relief may be granted). Mr. Lee's harm is thus, both imminent and would be beyond remediation if a stay did not issue.

On the other hand, the Government's interest in carrying out the execution of Mr. Lee on December 9, 2019, before he has a fair opportunity for judicial review of the merits of his claimed constitutional violation, does not, as explained below, constitute "substantial harm."

Indeed, it should be noted that Mr. Lee is not requesting a permanent injunction. *See, e.g. Harris v. Johnson*, 323 F. Supp. 2d 797, 809 (S.D. Tex. 2004) (finding "little potential for injury" as a result of a delayed execution date). He is merely requesting that the Court stay his execution until *Banister* is decided so that his substantial grounds for relief may be properly considered.

Moreover, Mr. Lee has diligently pursued relief for his alleged Sixth Amendment claim every step of the way in the Arkansas district court, Eighth Circuit, and in the U.S. Supreme Court. In fact, he raised the very same issue on which cert was granted in *Banister* as part of his original Rule 59 litigation in this Court.[7] He then filed his motion pursuant to Fed. R. Civ. P. 60(b) raising the Sixth Amendment claim based on the PCL-R issue on September 27, 2013, within months of *Trevino v. Thaler*[8] being decided, and while his petition for writ of *certiorari* from the denial of his initial § 2255 motion was still pending in the Supreme Court. *See* Dkt. 1230; *see also*, *Lee v. United States*, 135 S. Ct. 72 (2014) (Mem.) (denying petition October 6, 2014). Throughout the course of this prior litigation, the Government, with apparently little sense of urgency, took several filing extensions and never opposed Mr. Lee's requests for additional

---

[7] *See* Dkt. 1172 (arguing that *Gonzalez* does not apply to Rule 59 motions).
[8] 569 U.S. 413 (2013).

time to file pleadings,[9] including nine lengthy extensions in the Supreme Court before it responded to his petition for writ of *certiorari* seeking review of the denial of his 60(b) motion.[10]

It should be noted that Mr. Lee was already in the midst of litigation in the Eighth Circuit on another issue that had yet to be resolved[11] when the U.S. Department of Justice, on July 25, 2019, set an execution date for Mr. Lee and four other men under a new execution protocol, with Mr. Lee's scheduled first.[12] Mr. Lee had no reason to anticipate this development. These actions were especially surprising because the DOJ had been, for more than ten years, engaged in a lawsuit in a district court in the District of Columbia brought by several men under federal death sentence challenging the federal lethal injection protocol.[13] It had, for eight years, been providing regular joint status updates regarding the Federal Bureau of Prisons (BOP)'s execution protocol and assuring the D.C. District Court judge that the DOJ was still in the process of creating a new protocol.[14] Rather than announcing the new protocol in the lethal injection litigation and defending it in the ongoing and transparent process in federal court in Washington, D.C., the DOJ issued a press release simultaneously announcing a new protocol and setting execution dates for five individuals, including Mr. Lee, who were not party to that ongoing litigation. As

---

[9] *See e.g.,* Dkt. 1302 (order granting Government request for extension); Dkt. 1306 order granting Government request for extension); Dkt. 1311 (order granting Lee's unopposed motion for extension); *see also United States v. Lee*, No. 14-2853 (8th Cir.) (9/10/14, 10/14/14, 1/15/15, 8/12/15, 9/10/15 orders granting Lee's unopposed motion for extensions); *id.* (12/9/14 order granting Government extension).

[10] The *cert* petition was filed in the Supreme Court on April 13, 2016. The Government's Brief in Opposition was not filed until March 13, 2017. *See Lee v. United States*, No. 15-8942.

[11] *See United States v. Daniel Lee*, No. 19-2432.

[12] *See* Press Release, U.S. Department of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), available at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse (last visited Dec. 4, 2019); *see also* Notice of Adoption of Revised Protocol, *Roane v. Barr*, Civ. No. 05-2337,  (D. D.C. July 25, 2019) (Dkt. 385) (notifying plaintiffs in ongoing litigation challenging federal lethal injection protocol of revised protocol).

[13] *See, generally*, *Roane v. Barr*, Civ. No. 05-2337, (D. D.C. July 25, 2019).

[14] *See, e.g.,* Parties' Joint Status Report, *Roane v. Barr*, Civ. No. 05-2337 (D. D.C. May 1, 2019) (Dkt. 383).

noted, previously, Mr. Lee would be the first individual executed by the Government in more than sixteen years.

It is under these extenuating circumstances of the Government's own making that have essentially short-circuited Mr. Lee's pursuit of justice. It cannot now credibly claim substantial harm will be done if the Court stays his December 9th execution date to consider his claims. This is a case with substantial grounds for relief alleged, and compelling equities at its core. Indeed, Judge Eisele contemporaneously noted at the time of Mr. Lee's trial that but for the psychopathy evidence, it is "very questionable" whether Mr. Lee would have been sentenced to death.[15] When the Government's lack of harm is compared to the irreparable injury that Mr. Lee would suffer in the absence of a stay, the balance of hardships tips decidedly in his favor and strongly supports the issuance of the stay of execution.

The public interest also weighs in favor of a stay of Mr. Lee's execution. There is no public interest in an unconstitutional execution. A stay, however, would vindicate the public's interest in making sure that federal government does not violate the U.S. Constitution. To the extent that the Government asserts that the public has an interest in executions being carried out, as noted above, Mr. Lee seeks a stay to have a meaningful opportunity to have the Court consider the merits of his claim and a delay of the execution for this purpose would not disserve the public interest. *See e.g., Harris*, 323 F. Supp. 2d at 810; *see also Cooey v. Taft*, 430 F.Supp. 2d 702, 708 (S.D. Ohio 2006) ("…the public interest only is served by enforcing constitutional rights and by the prompt and accurate resolution of disputes concerning those constitutional rights. By comparison, the public interest has never been and could never be served by rushing to

---

[15] *See United States v. Lee*, 89 F. Supp. 2d 1017, 1031 (E.D. Ark. Mar. 21, 2000) (Memorandum Opinion and Order regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001).

judgment at the expense of a condemned inmate's constitutional rights.") Here, the public

interest would not be served by rushing to execution prior to December 9, 2019, where such

extraordinary circumstances and equities exist.

Finally, the interest in finality in this case if far weaker than in most. In this case, the

major stakeholders are actually opposed to Mr. Lee's executions. The presiding judge who

sentenced Mr. Lee to death believes the result was unfair and arbitrary.[16] The lead trial

prosecutor also remains convinced that the disparate sentencing outcomes in this case—Mr.

Lee's death sentence, compared with his more culpable co-defendant's life-without-parole

sentence—were the result of arbitrary factors given the evidence against the two men.[17] Nor, and

perhaps most importantly, can it credibly claim that, as the Attorney General publicly has,[18] that

justice is being pursued on behalf of the family members of the victims. The victims' family

members have made their views known directly in various submissions to the Government.[19]

The matriarch of the family, Earlene Peterson, conveyed her wishes that the execution not move

forward, in a video statement submitted to the Administration.[20] She is supported in this by her

---

[16] Exh. A (Nov. 7, 2014 Letter of Hon. G. Thomas Eisele to Attorney General Eric Holder and U.S. Attorney Christopher Thyer).

[17] Exh. B (Oct. 28, 2014 Letter of AUSA Dan Stripling to Attorney General Eric Holder and U.S. Attorney Christopher Thyer).

[18] *See* Press Release, U.S. Department of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), available at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse (last visited Dec. 4, 2019).

[19] The family members were also quoted in a recent article in the *The New York Times*. (*See* Campbell Robertson, "She Doesn't Want Her Daughter's Killer to Be Put To Death. Should the Government Listen?," https://www.nytimes.com/2019/10/29/us/arkansas-federal-death-penalty.html (last visited Dec. 4, 2019). *See also* Earlene Peterson, Kimma Gurel and Monica Veillette, "Attorney General William Barr Claims This Execution Is For Us—But We Don't Want It," Newsweek (Dec. 5, 2019) (available at: https://www.newsweek.com/william-barr-wants-federal-execution-victim-families-not-us-1475764) (last visited Dec. 6, 2019).

[20] *See* https://vimeo.com/359661291 (last visited Dec. 4, 2019).

family who have also conveyed their belief that Mr. Lee's trial proceeding was unfair and that his execution would be unjust.[21]

The Government is, thus, well aware, that under these extraordinary circumstances, pressing forward urgently toward December 9th is not in the public interest—as it may be in others—given the views of those stakeholders closest to Mr. Lee's case.

## CONCLUSION

For the foregoing reasons, Mr. Lee respectfully requests that his 60(b) Motion be held in abeyance pending the Supreme Court's decision in *Banister v. Davis*, No. 18-6943 (2019). He further requests that in the event the current order enjoining the Government from executing him is vacated, *see supra* n. 6, that this Court stay Mr. Lee's execution until *Banister* is decided and his Rule 60(b) Motion can be given full and proper consideration.

Respectfully submitted this 6th day of December 2019.


/s/ Morris H. Moon
MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

/s/ George G. Kouros
GEORGE G. KOUROS
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Daniel Lewis Lee

---

[21] Exh. C (Sept. 6, 2019 Letter to President Donald J. Trump); Exh. D (Sept. 7, 2019 Letter to President Donald J. Trump).

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on December 6, 2019. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ *George G. Kouros*
GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org