# EXHIBIT B

Dan Stripling
██████████
Little Rock, Arkansas 72217
October 28, 2014

Eric H. Holder, Jr.
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Christopher R. Thyer
United States Attorney
Eastern District of Arkansas
PO Box 1229
Little Rock, Arkansas 72203

General Holder and US Attorney Thyer:

Re: Pending execution of Danny Lee

At the request of Danny Lee's representatives, I am writing you regarding my feelings about the pending execution of Danny Lee. I am pleased to honor their request.

As an Assistant United States Attorney, I was lead prosecutor in the investigation and trialof Chevie Kehoe, Danny Lee, and others who plotted to create an Aryan Nation free of other races or ethnic groups. In the course of numerous, varied criminal activities, the Muller family was killed. The investigation lasted two years, and the trial lasted many weeks. Kehoe was unquestionably the leader of the organization and plotter of the Muller murders. Lee's role was that of the "Aryan Hit Man." Evidence presented at trial established that Lee killed the two adults but was unable to execute the little girl. This Kehoe did after insulting Lee for his weakness.

The United States Attorney sought DOJ approval to seek the death penalty against both Kehoe and Lee. Certification was granted. At the time, and today, I thought this the correct decision. After conviction, the jury found that Kehoe should receive a life sentence rather than the death penalty. Following this jury decision, the United States Attorney sought DOJ decertification of Lee's death penalty request. This was denied. At the time, and today, I think decertification would have been the correct decision.

Kehoe was clearly the leader of the group. The robbery and murder of the Muller family were entirely his plan. Lee was the henchman Kehoe used to assist him in this ghastly undertaking.

The decision to seek DOJ approval to withdraw the capital designation in Lee's case was not lightly made. First Assistant Michael Johnson discussed the issue with the victim's family and those law enforcement officers and agents most involved in the investigation and prosecution. Prior to the return of the Kehoe penalty verdict, Johnson and United States Attorney Paula Casey had discussed the action to be taken should the jury not return a death verdict against Kehoe with line prosecutors. There was agreement that should Kehoe not receive a death sentence, none should be sought against Lee.

Prior to becoming an Assistant United States Attorney, I was a state prosecutor and, for fifteen years, in private practice defending most types of criminal cases. I was lead defense attorney in numerous cases in which a capital charge was a consideration and one that resulted in a capital charge, conviction, and defendant's execution. Over decades, my feelings about capital punishment have matured. I do not feel that capital punishment is inherently wrong or that death rows are teeming with innocent people. However, I find very disturbing the randomness with which defendants are charged, convicted, and sentenced in capital cases. This case perfectly illustrates this unexplainable randomness. It is this unpreventable disparity in outcomes that convinced me that the Lee capital designation should have been decertified. There is simply no knowing why, under the facts before the jury, Lee was given a death sentence and Kehoe not. Kehoe is intelligent, appeared clean cut, and had support of convincing witnesses who genuinely supported him. Lee had none of those benefits. If this was the reason for the jury's decision, life should not be taken because of these disparities.

May God bless you in your decision.

Sincerely,

Dan Stripling

cc: Karl Schwartz, Esq.