IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAPITAL CASE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              Case No. 4:97-cr-00243-02 KGB

DANIEL LEWIS LEE                                                  DEFENDANT

**ORDER**

Pending before the Court is defendant Daniel Lewis Lee's motion to stay execution and hold proceedings in abeyance (Dkt. No. 1353), which was filed the morning of Friday, December 6, 2019. Mr. Lee is scheduled to be executed at 7:00 a.m., Eastern Standard Time, on Monday, December 9, 2019.[1]

There is currently an order by the District Court for the District of Columbia enjoining Mr. Lee's execution, which remains in effect as of the entry of this Order. *See In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00145-TSC, Dkt. Nos. 50, 51 (D.D.C. Nov. 20, 2019). The Government has moved to vacate the injunction, and the motion is currently pending before the Supreme Court. The District Court for the Southern District of Indiana issued a separate order enjoining Mr. Lee's execution. *See Lee v. Warden USP Terre Haute, et al.*, No. 2:19-cv-00468-JLH-DLP, Dkt. No. 27 (S.D. Ind. Dec. 5, 2019). The Government also appealed that order.

Should the Government succeed in vacating the preliminary injunction that is currently in place, or vacating the stay of execution, Mr. Lee requests that this Court stay Mr. Lee's execution

---

[1] Much of the factual and procedural background of this case can be found in the following decisions and will not be repeated here: *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001); *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004); *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013); *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015).

until *Banister v. Davis*, No. 18-6943 (2019), is decided and his Federal Rule of Procedure 60(b) motion can be given full and proper consideration (Dkt. No. 1353). This Court directed that, if the Government intended to respond to this request, it do so by 4:00 p.m., Central Standard Time, today. The Government filed a response in opposition (Dkt. No. 1355).

As an initial matter, this Court notes that, most recently, on November 4, 2019, a three-judge panel of the United States Court of Appeals for the Eighth Circuit issued a decision denying a certificate of appealability in this case, with two judges voting to deny and one judge dissenting (Dkt. No. 1351). That appeal resulted from an Order entered February 26, 2019, denying on procedural grounds Mr. Lee's motion to vacate his conviction and sentence under 28 U.S.C. § 2255, or, in the alternative, for relief under Rule 60 of the Federal Rules of Civil Procedure and an Order entered on May 7, 2019, denying Mr. Lee's motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 1313; 1318; 1319). The mandate has not issued.

To the extent this Court has jurisdiction over this matter, for the following reasons, the Court grants the motion to stay execution and hold proceedings in abeyance (Dkt. No. 1353). Based upon this Court's review, Mr. Lee's assertion that, once resolved by the Supreme Court, the issues presented in *Banister*—"whether and under what circumstances a timely Rule 59(e) motion should be characterized as a second or successive petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005)"—may impact the outcome of Mr. Lee's case (Dkt. No. 1353, at 1). In *Banister*, the petition for a *writ of certiorari* was granted in June 2019, and the case was argued in December 2019 – just days ago. According to Mr. Lee, the case should be decided during the Supreme Court's October 2019 term (*Id.*, at 1 n.2).

Mr. Lee maintains that, if *Banister* is decided in his favor, this Court will be required to reconsider the previously denied Rule 59(e) motion and that, absent a stay of execution, there is

"an appreciable chance" that Mr. Lee will be executed without receiving the full review to which he is entitled of the legal arguments raised in his prior Rule 59(e) motion (*Id.*, at 2).  Mr. Lee's Rule 59(e) motion was ruled upon by this Court on December 22, 2010, 2010 WL 5347174 (E.D. Ark., Dec. 22, 2010), and by the Eighth Circuit on April 29, 2013, 715 F.3d 215 (8th Cir. 2013).

In support of his pending motion to stay execution, Mr. Lee cites *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (per curiam), in which the Eighth Circuit stayed the execution of a sentence of death, pending a decision by the Supreme Court that, if resolved favorably for the convicted inmate, would require the courts to consider additional arguments raised.  The Eighth Circuit determined "that the State should not be allowed to execute [the convicted inmate] when there is thus an appreciable chance that he has not received the full review process to which he is entitled." *Id.,* at 309.  The Court concludes those same circumstances are present here given the pending outcome of *Banister* and that *Chambers* remains controlling law.

To the extent the Government opposes Mr. Lee's request based on delay or equitable considerations, the Court rejects those arguments for much the same reasons the District Court in Indiana rejected those arguments.  Further, this Court concludes that a delay of five months under the circumstances does not constitute unreasonable delay, especially given the overall timeline of this case and all related cases.  The Court rejects the suggestion that the equities weigh against a stay, given the relative positions of the parties on this issue.  In reaching these conclusions, the Court is very mindful that this case involves a sentence of death; that the Government cites no meaningful distinction between this case and the merits of *Chambers* as controlling law; and that the Government does not refute the potential impact of the *Banister* decision on Mr. Lee's case.

For good cause shown, based on the authorities cited and arguments made, the Court grants the motion to stay the execution and directs that the sentence of death as to Daniel Lewis Lee not

be carried out until further order of this Court, the Eighth Circuit, or the Supreme Court. Counsel for the Government are responsible for ensuring that the Warden of the United States Penitentiary in Terre Haute, Indiana, the United States Marshal for this District and the appropriate Indiana District, and all other officials who would have any involvement in Mr. Lee's execution are notified of this stay and comply with its requirements.

It is so ordered this 6th day of December, 2019, at 4:50 p.m.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge