IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:97-CR-00243 |
| | ) | (Capital Case) |
| | ) | |
| DANIEL LEWIS LEE | ) | |

_____

**GOVERNMENT'S MOTION FOR EXTENSION OF TIME**

_____

The United States respectfully requests a 30-day extension of time, until March 13, 2020, to file its responsive brief in the above-captioned case. In support of this motion, the government's undersigned attorney states as follows:

1.      Defendant Daniel Lewis Lee was convicted of three counts of capital murder and sentenced to death in 1999. The court of appeals affirmed on direct appeal and also affirmed this Court's denial of Lee's motion for collateral relief under 28 U.S.C. § 2255. *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004); *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013). In 2013, this Court denied a motion that Lee titled a motion for relief from judgment under Federal Rule of Civil Procedure 60, concluding that the motion was an

unauthorized second or successive motion for relief under § 2255, and the court of appeals affirmed. *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015). This Court denied another § 2255 motion that Lee filed in September 2018, again concluding that it was an unauthorized second or successive motion for relief under § 2255, and the court of appeals denied a certificate of appealability. *Lee v. United States*, No. 19-2432 (8th Cir.) (Nov. 4, 2019).

2. In the meantime, the United States set a date to carry out Lee's capital sentence, scheduling his execution for December 9, 2019. Lee subsequently filed a habeas petition under 28 U.S.C. § 2241 in the Southern District of Indiana, *Lee v. Warden*, No. 2:19-CV-468 (S.D. Ind.) (filed Sept. 26, 2019); a motion for a preliminary injunction barring his execution in a lawsuit in the district court for the District of Columbia challenging the government's execution protocol, *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-MC-145 (D.D.C.) (motion filed Sept. 27, 2019); a lawsuit in the District of Columbia challenging the adequacy of his clemency proceedings, *Lee v. Barr*, No. 1:19-CV-3611 (D.D.C.) (filed Dec. 2, 2019); an application in the Eighth Circuit seeking permission to file a second or successive § 2255 motion, *Lee v. United States*, No. 19-3576 (8th Cir.) (filed Dec. 4. 2019); and a motion in this Court for relief from judgment under Federal Rule of Civil Procedure 60(b), Dkt. 1352 (filed Dec. 6, 2019).

3.    Lee's execution did not go forward on December 9, 2019, because of a preliminary injunction entered by the district court in the District of Columbia in the execution-protocol litigation and a stay that this Court entered pending resolution of the Rule 60(b) motion Lee filed on December 6, 2019. Dkt. 1356. The government has appealed the preliminary injunction and this Court's stay order, and those appeals were argued on January 15 and January 16, 2020, respectively, and remain pending.

4.    On January 29, 2020, Lee filed yet another motion that he titles a Rule 60(b) motion for relief from judgment. Dkt. 1363. On February 4, 2020, this Court directed the government to respond to Lee's motion. Dkt. 1364. The Court's order does not provide a date within which the government must file its response, but under this Court's local rules, a party generally must file a response to a motion within fourteen days from the date the motion is served. E.D. Ark. Local Rule 7.2(b). It therefore appears that the government's response is currently due to be filed on or before February 12, 2020.

5.    The government respectfully requests additional time to prepare a response brief that sufficiently addresses the issues presented in Lee's Rule 60(b) motion. With respect to prior Rule 60(b) motions filed by Lee, the Court has directed the government to file a response and has also allowed more than the 14-day period provided for in the Court's local rules. *See, e.g.*, Dkt. 1298.

The government was therefore unsure whether the Court would want a response until the Court ordered a response on February 4, 2020. In addition, Lee's motion is lengthy, totaling 76 pages, together with 26 exhibits. Responding to the motion in a manner that will be helpful to the Court will therefore require more than the typical 14-day period. The undersigned has also been required to devote time to other matters that were pending at the time Lee's motion was filed, including the government's responses to the petitions for certiorari in *McKown v. United States*, No. 19-6361 (Sup. Ct.) (due to be filed Feb. 12, 2020), and *Clark v. United States*, No. 19-5995 (Sup. Ct.) (due to be filed Feb. 14, 2020).

6.    The undersigned has contacted counsel for Lee, and they do not oppose the government's request for an extension.

Wherefore, the United States respectfully requests that the Court grant this motion for a 30-day extension to March 13, 2020, to file the government's response.

Respectfully submitted,


/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1258
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on February 7, 2020. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1258
Washington, D.C. 20530
(202) 307-3766