# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3618

_____

4:97-cr-00243-02-KGB

United States of America,

*Plaintiff - Appellant*,

v.

Daniel Lewis Lee, also known as Danny Lee, also known as D. L. Graham, also known as Daniel Lewis Graham,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 16, 2020
Filed: June 1, 2020

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Daniel Lee was convicted in federal court of murder in aid of racketeering and sentenced to death. *See United States v. Lee*, 274 F.3d 485 (8th Cir. 2001). On December 6, 2019, with Lee's execution scheduled for three days later, the district court granted Lee's motion to stay the execution. The court ordered that the sentence

of death must "not be carried out until further order of this Court, the Eighth Circuit, or the Supreme Court." The execution date passed, and the government pursued this appeal of the district court's order.

Lee argues that the government's appeal is moot because the execution date has passed and the execution has not been rescheduled. We disagree: the district court's order prevents the government from carrying out the sentence on a rescheduled date. The order was not limited to the execution date of December 9, 2019; it forbids the government to carry out the sentence of death at any time without further order of a court. There is thus a live controversy over the validity of the court's ongoing injunction. That another district court also had enjoined Lee's execution on different grounds, *see In re: Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020) (per curiam), does not preclude the government from appealing this order too. Both orders were live obstacles to carrying out Lee's sentence.

In the district court, Lee moved to stay his execution in part on the ground that a case pending at the Supreme Court, *Banister v. Davis*, No. 18-6943, might impact the outcome of his case. *Banister* concerns whether and under what circumstances a timely motion under Federal Rule of Civil Procedure 59(e) should be characterized as a second or successive petition for a writ of habeas corpus that may not be filed without authorization by a court of appeals. *See* 28 U.S.C. § 2244(b)(2). The district court in this case earlier had rejected a Rule 59(e) motion from Lee on the grounds that it was a successive motion under 28 U.S.C. § 2255(h) and lacking in merit. *United States v. Lee*, No. 4:06-CV-1608GTE, 2010 WL 5347174, at *5-6 (E.D. Ark. Dec. 22, 2010). Lee now seeks under Rule 59(e) to renew his contention that the district court erred in rejecting his claim that trial counsel were ineffective in failing to object to certain testimony of a government expert about future dangerousness.

In staying Lee's execution, the district court relied on *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (per curiam), which blocked an execution of a state

prisoner pending a decision by the Supreme Court. The prisoner unsuccessfully had sought a writ of habeas corpus in federal court, and this court had affirmed the denial of relief after considering several issues identified in a certificate of appealability. *Chambers v. Bowersox*, 157 F.3d 560 (8th Cir. 1998). The case pending at the Supreme Court concerned whether a prisoner in Chambers's position was required to obtain a certificate of appealability in order to appeal an issue. This court's decision granting a stay in *Chambers* reasoned that if the pending case at the Supreme Court were resolved favorably to the prisoner, it would mean that Chambers should have received plenary appellate review of certain issues that the court had declined to consider as outside the certificate of appealability. The court then concluded that the State should not "be allowed to execute Chambers when there is thus an appreciable chance that he has not received the full review process to which he is entitled." 197 F.3d at 309. In this case, the district court concluded that "those same circumstances are present here given the pending outcome of *Banister* and that *Chambers* remains controlling law."

The government challenges the district court's order on several grounds, but we need address only one to determine that the order should be vacated. We conclude that the district court's order applied an incorrect legal standard based on *Chambers* to justify a stay of execution pending a decision by the Supreme Court in *Banister*.

The government argues that *Chambers* has been superseded by later decisions of the Supreme Court that require a prisoner to show a significant possibility of success on the merits before a court may grant a stay. *E.g.*, *Dunn v. McNabb*, 138 S. Ct. 369, 369 (2017); *Hill v. McDonough*, 547 U.S. 573, 584 (2016); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). *Chambers* did not address the prisoner's likelihood of success and focused instead on the "appreciable chance" that he "should have received plenary appellate review of all issues properly raised in his habeas petition." 197 F.3d at 309.

-3-

Even assuming that *Chambers* survives the subsequent decisions, a matter we need not decide, it is limited to its procedural context. The concern in *Chambers* was that the prisoner might not have received the plenary appellate review to which he was entitled on his first petition for writ of habeas corpus, because the court imposed a certificate of appealability requirement that might not have been applicable. *Id*. In this case, by contrast, it was settled that Lee was required to obtain a certificate of appealability, and he received full appellate review on that basis. *See United States v. Lee*, 715 F.3d 215 (8th Cir. 2013). If *Chambers* made an exception to the rule that a prisoner seeking a stay of execution must satisfy the ordinary requirements for a stay, *see Hill*, 547 U.S. at 584, it does not extend beyond the situation in that case. And Lee already received one full round of review on his present claim of ineffective assistance: the district court ruled that the claim was "lacking in merit," *Lee*, 2010 WL 5347174, at *5-6, and this court denied a certificate of appealability on that issue. *See* Motion to Expand Certificate of Appealability, at 70-90, *United States v. Lee*, No. 11-1380 (8th Cir. June 20, 2011); Order, No. 11-1380 (Feb. 17, 2012).

The district court thus did not apply the correct legal standard in evaluating Lee's motion for stay. An appreciable chance that *Banister* could allow for additional judicial consideration of Lee's previously denied Rule 59(e) motion was not sufficient to justify a stay of execution. Accordingly, we vacate the district court's order of December 6, 2019.

———————————————————

-4-

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 01, 2020

Mr. John Michael Pellettieri
U.S. DEPARTMENT OF JUSTICE
Criminal Division, Appellate Section
Room 1264
950 Pennsylvania Avenue, N.W.
Washington, DC  20530-0000

      RE:  19-3618  United States v. Daniel Lewis Lee

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                          Michael E. Gans
                          Clerk of Court

CRJ

Enclosure(s)

cc:    Mr. Jim McCormack

      District Court/Agency Case Number(s):  4:97-cr-00243-KGB-02

# United States Court of Appeals
### For The Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 01, 2020

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE:  19-3618  United States v. Daniel Lewis Lee

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was John Michael Pellettieri, USDOJ, of Washington, DC. The following attorney(s) appeared on the appellant brief;  John Michael Pellettieri, USDOJ, of Washington, DC.

Counsel who presented argument on behalf of the appellee was George Gust Kouros, AFPD, of Greenbelt, MD. The following attorney(s) appeared on the appellee brief;  Morris H. Moon, AFPD, of Greenbelt, MD.,  George Gust Kouros, AFPD, of Greenbelt, MD.

The judge who heard the case in the district court was Honorable Kristine G. Baker. The judgment of the district court was entered on December 6, 2019.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

CRJ

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:97-cr-00243-KGB-02

| From: | ca08ml_cmecf_Notify@ca8.uscourts.gov |
|---|---|
| **Subject:** | 19-3618 United States v. Daniel Lewis Lee "Signed Opinion Filed" (4:97-cr-00243-KGB-02) |
| **Date:** | Monday, June 1, 2020 9:55:41 AM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Eighth Circuit Court of Appeals**

**Notice of Docket Activity**

The following transaction was filed on 06/01/2020

**Case Name:**     United States v. Daniel Lewis Lee

**Case Number:**   19-3618

**Document(s):**   Document(s)


**Docket Text:**
OPINION FILED - THE COURT: Steven M. Colloton, Jane Kelly and Ralph R. Erickson AUTHORING JUDGE:Steven M. Colloton (PUBLISHED) [4918682] [19-3618] (Clifford Jackson)

**Notice will be electronically mailed to:**

Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. John Michael Pellettieri: john.pellettieri@usdoj.gov
MO Lawyers Weekly: michaelh@mesjassociates.com, clash@molawyersmedia.com
West Publishing: us08@westdcs.west.thomson.com


The following document(s) are associated with this transaction:
**Document Description:** Counsel Opinion Letter
**Original Filename:** /opt/ACECF/live/forms/CliffordRJackson_193618_4918682_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/01/2020] [FileNumber=4918682-1]
[4104933fc4fefcf7a3fbb8b78f406230d1186bf1e5e7764ee8129e95d90f45108e92397804ff931b5ce6616f407ee2e93c45462ad1d95300d4a0aead33b38206]]
**Recipients:**

- Mr. Jim McCormack, Clerk of Court
- Mr. John Michael Pellettieri

**Document Description:** Letter To Publishing
**Original Filename:** /opt/ACECF/live/forms/CliffordRJackson_193618_4918682_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/01/2020] [FileNumber=4918682-2]
[828cf55667ef953e3058eaabea66f9e25b44b7344aae5817434daf3efba0e6aa71ae338ff10fda9af97948a3272cf77748e040e14687310fa8dbbabf30f7061d]]
**Recipients:**

- MO Lawyers Weekly
- West Publishing

**Document Description:** Published Opinion
**Original Filename:** 193618P.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=06/01/2020] [FileNumber=4918682-0]
[384ade58f6d50b89b6d7d249bfaa4737b431a67d74dc7a744f7daf5064a5646949b4b93fe8ca9140cc58d2adeaaee6d287a928d79af41ccdd5cc8d332351e827]]


The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 4918682
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 6542523, 6542524, 6542525