**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                  **Case No. 4:97-CR-00243**

**DANIEL LEE LEWIS**

**UNITED STATES' RESPONSE TO MOTION FOR DISCLOSURE
AND TRANSMISSION OF COMMUNICATIONS
PURSUANT TO LOCAL RULE 83.8**

The United States, by and through Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Shannon S. Smith, Assistant United States Attorney for the Eastern District of Arkansas, responds to Lee's motion as follows:

Twenty years ago, Daniel Lewis Lee was convicted of three counts of murder along with Chevie Kehoe in the Eastern District of Arkansas. Subsequently, after weighing the aggravating and mitigating factors, the jury unanimously decided to impose a sentence of death for Lee for each of the three murder charges. Lee's execution is now scheduled for July 13, 2020.

Lee now seeks to have the U.S. Attorney's Office disclose any written or oral communications it has had about him with the Bureau of Prisons, the U.S. Parole Commission, or the U.S. Probation Office since his sentencing. *See* Motion For Disclosure, Doc. No. 1378. Until September 2019, upon information and belief no such communications occurred. To the extent any communications occurred since that time, those communications were not about Lee or his sentence, but about a request by his attorneys for information from Bureau of Prisons employees and the subsequent litigation regarding Lee's clemency petition. As such, the U.S. Attorney's

1

Office asserts those communications are protected by the attorney-client privilege and work product privilege. However, the U.S. Attorney's Office will disclose them to the Court for *in camera* review.

## ANALYSIS

Lee's current motion pertains to the Eastern District of Arkansas Local Rule 83.8. Local Rule 83.8 requires the United States Attorney to furnish to the sentencing judge copies of any communication between his or her office and the United States Bureau of Prisons, the United States Parole Commission, and the United States Probation Office concerning any person remanded to the custody of the Attorney General that occurs after that person has been sentenced. The United States is unaware of a similar provision in the local rules of any other federal district court.

Upon receipt of the motion, representatives from the United States Attorney's Office began their due diligence to determine what, if any, written or oral communications responsive to the rule or request exist. Contact was made with the now retired lead federal prosecutor in this matter, as well as the First Assistant United States Attorney and Criminal Chief, who served from approximately 2011 to 2018. Furthermore, an office wide email was distributed to the U.S. Attorney's office in an abundance of caution. The span of time captured in the search is from the date of sentencing up until the date of this filing and regarding any communications (written or oral) between the United States Attorney, his staff; the United States Bureau of Prisons; the United States Parole Commission; or the United States Probation Office. Upon conducting this good faith search, to the best of its knowledge, the United States Attorney's Office did not communicate

during that time with the three agencies at issue, and has no written or oral communications responsive to the rule or the request other than what is described below. [1]

In full candor to the Court, communications have taken place between the United States Attorney's Office and the United States Bureau of Prisons ("BOP") regarding a request by Lee's attorneys for information from BOP employees in September 2019 and subsequently regarding the matter *Lee v. Barr et. al.,* No. 1:19-CV-3611-TSC, United States District Court for the District of Columbia. In September 2019, Lee's attorneys sought statements from BOP employees at Terre Haute, where Lee is incarcerated, to support his clemency petition. Counsel for the BOP reached out to the U.S. Attorney's Office to determine whether such a request implicated *United States ex rel. Tuohy v. Ragen*, 340 U.S. 462 (1951), which recognizes the ability of federal agencies, such as the Department of Justice, to limit testimony of their employees through federal regulations. *See* 28 C.F.R.§§ 16.21-16.26. After conferring, the U.S. Attorney's Office and BOP counsel determined the request did not fall under *Touhy*. Since the communications were regarding a request by Lee's attorneys for information from BOP employees, these communications are protected by the attorney-client privilege and the work product privilege. Lee then filed suit against employees of the United States in their official capacities, including the BOP, alleging his constitutional rights and the rights of the BOP employees were violated since the BOP did not authorize them to provide statements to Lee's attorneys. Because these communications took place in the defense of a civil matter, they are protected by attorney client privilege, as well as work product privilege and are not subject to L.R. 83.8. *See Antonelli v. Bureau of Alcohol,*

---

[1] If Lee or his counsel are aware of any communications responsive to this request, the government would respectfully ask that the Court have them identify any such communications so that the United States Attorney's Office can comply with L.R. 83.8 and provide those documents to the Court for an *in camera* review.

*Tobacco, Firearms, & Explosives*, 555 F. Supp. 2d 16, 25 (D.D.C. 2008) (holding that an agency properly invoked the attorney work-product privilege to withhold communication from an Assistant United States Attorney to the Bureau of Prisons made in anticipation of litigation). Additional communications have taken place between the U.S. Attorney's Office and the BOP regarding contact with victims to notify them of the previous execution date, December 9, 2019. It is anticipated the same type of communication will occur with the upcoming execution date in July 2020 and those communications will be provided as well, unless the Court determines they are not subject to L.R. 83.8 or Lee's counsel waives the ongoing obligation to provide them. However, the U.S. Attorney's Office has compiled the communications regarding the original request for statements from BOP employees and the litigation pending in D.C. District Court and will submit them to the Court for *in camera* review no later than June 22, 2020.

Respectfully submitted,

CODY HILAND
UNITED STATES ATTORNEY


SHANNON S. SMITH
Assistant United States Attorney
Arkansas Bar No. 94172
Attorney for the United States
P. O. Box 1229
Little Rock, AR 72203
Telephone: (501) 340-2628
E-mail: shannon.smith@usdoj.gov