# EXHIBIT C

1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 15 1999
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                       No. LR-CR-97-243(4)

KIRBY KEITH KEHOE,          Tuesday, August 24, 1999
                            Little Rock, Arkansas
                            1:15 p.m.

           Defendant

TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE G. THOMAS EISELE,
UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES:
On Behalf of the Plaintiff:
    MS. PAULA CASEY, United States Attorney
    MR. DAN STRIPLING, Assistant United States Attorney
      United States Attorney's Office
      TCBY Building
      425 West Capitol Avenue, Suite 500
      Post Office Box 1229
      Little Rock, Arkansas  72203-1229

On Behalf of the Defendant:
    MR. MADISON P. AYDELOTT, III, Attorney at Law
      Aydelott & Hannah
      115 West Arch
      Searcy, Arkansas  72143

Defendant Present

   Proceedings reported by machine stenography.  Transcript
prepared by computer-aided transcription.

Elaine Hinson, RMR, CCR
United States Court Reporter

37

note that the defendant has been the beneficiary of several agreements and understandings.  There's been, upon his pleading guilty to Count 1, two other counts were dropped.  The government has entered certain stipulations and agreements in the plea agreement, which we mentioned.  Now they've filed a 5K1.  So what should I do about the 5K1 first?

The sentencing range that we are dealing with here is with a level of 23 and a criminal history category of II is 51 months to 63 months.  I guess the mean, the average, was around 57 or 58 months.  So a fourth, I'm going to give him a credit of a fourth upon the motion of the government from the mean, so a fourth of 58, let's see, looks like 14 1/2 months, if you reduce it from the mean of 58, would be 44 1/2 months.

I might say that if this were not a guideline case, this Court would be imposing a much heavier sentence in this case, probably not so much revealed in the presentence report, but in the overall picture that the Court has.  What we are dealing here with is the man who is the father of Chevie Kehoe, who essentially raised Chevie Kehoe.  And he can't be totally responsible for how he turned out, but he certainly is a major factor in his child's life.  He is a participant in the charge that he's convicted of here with his son with this racketeering, most serious racketeering count.  But the Congress has told us that they want the sentencing guidelines.  They've told us that they want the government to have the

leverage of making motions for downward reductions, because they feel that in the overall interest of law enforcement they can get cooperation from witnesses that they couldn't otherwise get cooperation from. And they expect, I think, the courts to honor their understanding of how the guidelines should work in that area. So I am accepting that. And I am giving a credit on that basis.

Now, let me ask this. There's been a request. I want to hear from the government. The presentence -- the plea agreement, if I can find it, suggests that the government would recommend, if it's appropriate under the guidelines, that the sentence be concurrent with the sentence he's serving in the state of Washington, out of the state of Washington. I will hear from the parties on that. But my inclination is not to do that. The ordinary, usual way this works is that it is consecutive to, not concurrent with, the prior charges. But I will give each side an opportunity to speak to it if they want to. First, the government.

MR. STRIPLING: Your Honor, as the Court has stated, as part of our plea agreement, we did advise the defendant that we would request of the Court that the sentences be served concurrently, insofar as it's possible that they can be served concurrently. I suppose that's the key issue here.

THE COURT: That's the key issue. It's beyond that, because it also has to be with my agreement. Even if it is

39

possible, I still have to agree to it. I will get to that point later.

MR. STRIPLING: I have reviewed the guidelines. 5G1.3 covers this. My review of the guidelines indicates that clearly (a) is not applicable. That's the first condition, where someone commits a crime while they are out from release on another crime, a parolee or something like that. Section (b) of that guideline is the circumstance under which the Court is required to sentence concurrently. And, again, I don't think, from my reading of the law, that that's applicable here, because there is a requirement there that the existing sentence fully take into account what's taking place here, and certainly that's not occurred. Your Honor, all that's left is section (c). Section (c) is a policy statement. As I read section (c), it says that the Court can do whatever it wants to under these circumstances. I think that's the situation that we are in, Your Honor.

THE COURT: Mr. Aydelott, do you have anything to say?

MR. AYDELOTT: Yes, sir.

THE COURT: You may speak to it.

MR. AYDELOTT: I agree with Mr. Stripling. This is the applicable section. I do agree that you have the authority under section (c) to run all of, part of, or none of this sentence consecutive. The purpose of putting on the testimony

about Mr. Kehoe's health goes to this issue, Your Honor.  I firmly believe that Mr. Kehoe may not survive his current prison sentence.  I am asking the Court on his behalf to run, if not all of it, a significant portion of it concurrent with his present 51-month sentence which has already been imposed and has already started.

Mr. Kehoe cannot help his medical condition.  It existed far before he was involved in this situation.  It occurred during service to his country.  As a Vietnam veteran, he is one of a handful that are suffering from this particular form of skin cancer.  It's ironic that the same country that he fought for is now having him incarcerated and somehow cannot find the resources to treat him for this condition.  I think the Court is in a position to send a message to the BOP.  Run some portion of this concurrent, and quite possibly give Mr. Kehoe an opportunity to survive this sentence.  I am asking for that consideration.

THE COURT:  Well, I am not going to do that.  He is the substantial beneficiary of the entire prosecutorial process.  This sentence of 44 1/2 months, considering the nature of the crime charged here, is so minimal that it doesn't -- I see no possible basis for running it concurrently with the sentence he is presently serving.

Now, with respect to his medical condition, he, as every other prisoner, has the right to have his medical condition