# EXHIBIT D

Case 4:07-cr-00248-PR   Document 1399-5   Filed 06/30/20   Page 2 of 29
Case 3:13-cr-08223-GMS   Document 86   Filed 08/05/16   Page 190 of 28

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,      )
                               )
            Plaintiff,         )  No. CR 13-8223-PCT-GMS
                               )
       vs.                     )  Phoenix, Arizona
                               )  June 23, 2014
Kirby Keith Kehoe,             )  11:52 a.m.
                               )
            Defendant.         )
                               )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE G. MURRAY SNOW

(Sentencing Hearing)

Appearances:

For the Plaintiff:        Lacy Cooper
                          Assistant United States Attorney
                          UNITED STATES ATTORNEY'S OFFICE
                          Two Renaissance Square
                          40 North Central, Suite 1200
                          Phoenix, Arizona  85004-4408
                          (602) 514-7500

For the Defendant:        Deborah L. Williams
                          Assistant Federal Public Defender
                          FEDERAL PUBLIC DEFENDER'S OFFICE
                          850 W. Adams Street
                          Suite 201
                          Phoenix, Arizona  85007
                          (602) 382-2700

Court Reporter:           Gary Moll
                          401 W. Washington Street, SPC #38
                          Phoenix, Arizona  85003
                          (602) 322-7263

Proceedings taken by stenographic court reporter
Transcript prepared by computer-aided transcription

Case 4:87-cr-00243-PR  Document 1399-5  Filed 06/30/20  Page 3 of 29
Case 3:13-cr-08223-GMS  Document 86  Filed 08/05/16  Page 2 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing   2

P R O C E E D I N G S

THE CLERK:  This is CR 13-8223, United States of America versus Kirby Keith Kehoe, on for sentencing.

MS. COOPER:  Good morning again, Your Honor.  Lacy Cooper for the United States, along with Agent Rustin Wayas from ATF.

THE COURT:  Good morning.

MS. WILLIAMS:  Good morning, Your Honor.  Deborah Williams on behalf of and with Kirby Kehoe.

And, Your Honor, I do apologize for my lateness. Hopefully, the Court's aware I had a sentencing that went significantly over.

THE COURT:  I was made aware of that, but I appreciate it, anyway, Ms. Williams.

MS. WILLIAMS:  Your Honor, given that my client is in a wheelchair, would the Court mind if we stay at counsel table?

THE COURT:  I would not, but I would ask that both you and he speak as close as you can to the microphone while you're there.

MS. WILLIAMS:  Absolutely.

THE COURT:  All right.

Mr. Kehoe, good morning, sir.

THE DEFENDANT:  Good morning.

THE COURT:  You're here because you have entered a

Case 4:97-cr-00243-BR Document 1399-5 Filed 06/30/20 Page 4 of 29
Case 3.13-cr-08223-GMS Document 86 Filed 08/05/16 Page 3 of 20
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    3

plea agreement with the United States, and in that plea agreement you agreed to plead guilty to Count 4, which is felon in possession, in violation of several federal statutes.

Can you hear me all right, sir?

THE DEFENDANT:  Yes.

THE COURT:  All right.  In exchange for your plea of guilt, the United States agreed to recommend that you receive a downward adjustment in your criminal offense level to reflect your acceptance of responsibility for the crime.

They further agreed to recommend the low end of the federal sentencing guideline range -- oh, I'm sorry.  I am reading the wrong plea agreement.  I apologize.

Let me start that over.  The United States -- you agreed with the United States to plead guilty to Count 1, which is felon in possession, not Count 4, in violation of federal statutes.

In exchange for your plea of guilt to that count, the United States did agree that you would receive a downward adjustment in your criminal offense level to demonstrate your acceptance of responsibility.

They further stipulated with you under 11(c)(1)(C) that your sentence would not exceed 10 years, and your plea agreement would be contingent upon the successful plea of your co-defendant, which is your son, Cheyne Christopher Kehoe, who was just sentenced here.

Case 4:07-cr-00243-BR Document 1399-5 Filed 06/30/20 Page 5 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 4 of 28
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    4

You had no agreements with the government as to whether the firearms were used in another felony pursuant to 2K2.1(b)(6)(B), but the U.S. did agree that it would dismiss Counts 2, 3, 6, and 7.

You further agreed that you would waive any defenses, any appeal rights, any rights to collaterally attack the sentence, and you agreed to forfeit the firearms and ammunition that were listed on page 5 and 6 of your plea agreement.

Are those the essential terms of your plea agreement with the United States as you understand them, sir?

THE DEFENDANT:  Correct.

THE COURT:  Ms. Williams, have I left anything out?

MS. WILLIAMS:  No, Your Honor.

THE COURT:  Ms. Cooper, have I left anything out that should be stated on the record?

MS. COOPER:  No, Your Honor, but I will point out to the Court there's one error in the plea agreement in the factual basis, and that is that of the 13 firearms that the defendant admitted to possessing, only 12 of those had previously traveled in interstate and foreign commerce.

I spoke with Ms. Williams about that ahead of time.  I don't think it changes any of the circumstances of sentencing today but I wanted to point it out to the Court.

THE COURT:  All right.  Which paragraph needs to be adjusted?

Case 4:07-cr-00243-BR Document 1399-5 Filed 06/30/20 Page 6 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 3 of 20
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    5

MS. COOPER:  Judge, it would be on page 9 of the plea agreement.

MS. WILLIAMS:  I'm sorry, Judge.  I can't hear counsel.

THE COURT:  Do you want a headset?

MS. WILLIAMS:  I would love a headset.

(Pause in proceedings while Ms. Williams and the defendant are provided assisted hearing audio headsets.)

MS. WILLIAMS:  Thank you.

THE DEFENDANT:  Thank you.

THE COURT:  Do you mind repeating what you last said, Ms. Cooper?

MS. COOPER:  Of course, Your Honor.  I was pointing out that there was an error in the factual basis of the plea agreement on page 9, which is the first paragraph of the factual basis.  It refers to 13 firearms which were found in the defendant's trailer, and it says that all of these firearms had previously been shipped or transported in interstate or foreign commerce.  That's an error.  Only 12 of them had traveled in interstate commerce.

THE COURT:  All right.  So we'll make that factual correction unless you object to it, Ms. Williams.

MS. WILLIAMS:  I do not.

THE COURT:  It does not otherwise impact the federal sentencing guideline recommendation, I don't believe.

Case 4:07-cr-00243-BP Document 1399-5 Filed 06/30/20 Page 7 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 8 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    6

MS. WILLIAMS:  I would agree with that.

THE COURT:  Mr. Kehoe, you appeared -- you know, I don't -- let's see.  You did change your plea to one of guilt, and when you did that and the plea was accepted the United States Probation Department began and prepared a presentence investigation report in your case.

What that report does is it tells me what you did to commit the crime that you pled guilty to.  And it further calculates what it believes to be your criminal -- what Probation believes to be the appropriate criminal offense level in your case; it tells me about your past convictions and your past sentences and the length of those sentences; tells me about your family life, your physical, mental, and emotional health; tells me about your education, your economic circumstances, and other matters pertaining to sentencing.

When a draft of the report was completed it was given to Ms. Williams, your counsel, so that she could review it with you.  She is familiar with the sentencing guidelines and the law pertaining to sentencing but, of course, does not have the familiarity with the facts of your life that you do, and so she's instructed to review that report with you in its entirety.

Ms. Williams, did you review the report with Mr. Kehoe in its entirety?

MS. WILLIAMS:  Yes, Judge.

Case 4:07-cr-00243-RP Document 1399-5 Filed 06/30/20 Page 8 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 79 of 28
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    7

THE COURT:  All right.  Now, she did file, Mr. Kehoe, an objection on your behalf.  Before we get and take up the matters that are in that objection, Ms. Cooper, does the united -- I did not receive any objections to the presentence investigation report from the United States.

Do you have any?

MS. COOPER:  I do not, Your Honor.

THE COURT:  All right.  As I understand it, Ms. Williams, you have raised two basic objections in your report -- in your objection.  If I miss any, please let me know.  You object to paragraph 24 in which the defendant is -- or Probation proposes a 4-point enhancement because it finds that -- well, it recommends that I find the defendant possessed firearms in connection with another felony, which is the marijuana grow he had on the property at the same time.

You object to that.  You also object to -- well, you do point out that he -- and I think Probation already made this correction -- that your client used medical marijuana from 2010 to today's date, instead of the initial dates contained in the first draft presentence investigation report.

You also object to your client's character- -- characterization as being a member of the Aryan People's Republic.

Have I stated correctly all the objections or substantive objections that you have to the report?

Case 4:07-cr-00243-PBR Document 1399-5 Filed 06/30/20 Page 9 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 8 of 28
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing   8

MS. WILLIAMS:  Yes.

THE COURT:  All right.  I have read the voluminous paperwork and exhibits submitted both by you and the government in connection with your objections, but I'll hear anything else that you want to say.                                    12:01:04

MS. WILLIAMS:  Your Honor, I will not belabor all of -- belabor the documents that have been filed.  I would, however, point the Court to Exhibit 15 submitted by the government in the midst of a number of photographs that were received.                                             12:01:24

This gives the Court, I think, a slightly better view of the actual distance not in feet, but the distance one has to move from the trailer, which is off the left side of the picture, to the grow area, which is -- appears to be up a slight incline.  There's a road on the right side of the        12:01:49 picture that seems to go up to the grow area.

The Conex Box D, which sits in the middle of the picture and is across the road from the trailer, I believe has been characterized in the pleadings and in the discovery as a locked Conex box, a box that was kept locked -- excuse me --    12:02:14 most, if not all, of the time.

The Court must look at, of course, whether the weapons had any -- had an actual role in another felony or potential emboldening --

THE DEFENDANT:  Just a minute.                        12:02:45

Case 4:97-cr-00243-LPR Document 1399-5 Filed 06/30/20 Page 10 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 9 of 28
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    9

MS. WILLIAMS:  -- role.  Excuse me.

(Off-the-record discussion between Ms. Williams and the defendant.)

MS. WILLIAMS:  And while I suppose, Judge, that one could always argue that any gun had some potential of emboldening or contributing to any other offense that may be going on in the -- in the general location, I believe there needs to be more than that for the government to establish by a preponderance and for the Court to find that there is a connection between the guns and the marijuana.

It's been discussed in the pleadings that it is our position, and I believe the discovery and the evidence supports the fact that these -- that the guns are an offense unto themselves.  They existed independently from whatever else was going on and for whatever purpose the marijuana was being grown, whether it was for distribution or whether it was for personal use.

Other than that, Judge, I will stand on my pleadings.

THE COURT:  Let me ask, I'm looking at Exhibit 15 now.

MS. WILLIAMS:  Yes.

THE COURT:  And I do see the -- I don't know what it is, but I assume it's a roadway, coming down with a different elevation by Conex Box D in the grow areas designated, and I can see the, I don't know, looks like camouflage or sun screening, and the weapons were not just found in Conex

Box D, were they?

MS. WILLIAMS: That's correct.

THE COURT: They were found, distributed in the other -- throughout the remaining properties, including other Conex boxes in the defendant's residence.

MS. WILLIAMS: I think that's a fair comment, yes, with the exception of the grow area. And again, as has been discussed, this is a very remote area.

THE COURT: Let me ask another thing that -- that I read with some care. Your client did plead guilty to Count 1 in Eastern Arkansas, and it is true that the plea agreement that you provided for me -- and I thank you -- says that he is not to be -- the murders that his co-defendants are going to be considered in conjunction with the sentencing of his codefendants are not to be considered in his sentence.

But it never in the plea agreement seeks to withdraw from the specification in Count 1 that your client was in fact a member of the Aryan Republic, does it?

MS. WILLIAMS: It doesn't withdraw that, Your Honor, but nor does that -- nor does the plea agreement or anything else -- well, let me start over.

It has long been my position, Judge, that when one pleads guilty to an offense, even if it is a conspiracy offense, that does not per se embrace each and every allegation made by the government. One doesn't plead guilt- -- one pleads

Case 4:07-cr-00248-1-PR Document 1398-5 Filed 06/30/20 Page 12 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 12 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing    11

guilty to specific offenses, and if a -- if relevant conduct, for example, is going to be embraced, it is done so in a factual basis, or in other statements made by a defendant, for example, at sentencing.  That did not occur here, and Mr. Kehoe has vigorously objected to this characterization each time he has been in court.

THE COURT:  All right.  Ms. Cooper.

MS. COOPER:  Your Honor, the application note for this particular sentencing enhancement says that when the guns are being possessed in connection specifically with a drug trafficking activity, that the close proximity to the drugs, drug paraphernalia, drug manufacturing materials to the firearms, is indicative of those firearms being possessed in connection with the drug trafficking offense.

The defendant in this case, he possessed guns in his trailer.  Now, he possessed a lot of guns on the property, Your Honor, but the guns that the government are alleging were possessed in connection with the drug trafficking offense are the ones -- specifically the loaded firearms that were found in his trailer, which is referred to in the photos as Trailer E.

Trailer E is approximately 20 feet from where some of the marijuana grow drying was -- drying plant materials were found.  It's approximately 70 feet from the actual grow area, which is where the Court pointed out that there's camouflage netting over.

It is in a very close proximity.  The 924(c) cases which are analogous to this sentencing enhancement that the Court should look to say that the Court really should consider the proximity of the guns, the accessibility of the guns, and the strategic location of the guns.

In this case, the guns were very close to the marijuana grow.  They were very accessible to the defendant. The six guns were loaded.  One shotgun right by the front door had a round in the chamber ready to be used at any moment, and they're strategically located in different places around his trailer so that he can grab a gun at any moment in case there was an intruder on his property or law enforcement on his property, and they're strategically located where -- he spends most of his time in his trailer, Your Honor, so that's where he's going to keep his guns to protect his marijuana grow.

We also know that when he leaves his trailer, on at least one occasion he took a gun with him, he took his Glock with him, because he pointed it at his son when his son came on the property unannounced.  So they are strategically located for someone who is growing marijuana on their property.

It's very similar to the facts in Thongsy, where the defendant was keeping a firearm with him in his sleeping quarters, his tent, that was immediately next to a marijuana grow operation on a remote -- remote location.

Judge, with respect to the pictures, I'd just point

Case 4:07-cr-00243-PR Document 1399-5 Filed 06/30/20 Page 14 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 15 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing 13

the Court to Exhibit 14, which shows the defendant's trailer, Trailer E, and the 20 feet to Conex Box D-South. And for clarification, Your Honor, Conex Box D-South did not have any firearms in it. That Conex box is not what they call the bunker, where the other locked -- locked-up firearms were located. Conex Box D-South had marijuana hanging on a makeshift hanging rack for drying purposes so that it could be sold.

There's another Conex box immediately to the top of that picture that is shown in other photos, Your Honor.

The other Conex Box D, Conex Box D-North, also did not have firearms in it. It had additional marijuana plants hanging on makeshift racks for drying.

The pictures that the government has provided to the Court are not of the bunker, because the government's not arguing that any of the weapons in the bunker are possessed in connection with the drug trafficking. The pictures that the government provided are pictures of the large grow area, the area where the marijuana was actually being grown, and the area where it was being processed and hung to dry so that it would be -- it could be sold. There weren't just the makeshift racks; there were also bags of marijuana that had already been taken off of the plant and put into large Ziploc bags so that they could be sold.

The picture, Exhibit 13, sort of shows a good overhead

Case 4:07-cr-00243-PR Document 1399-5 Filed 06/30/20 Page 15 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 14 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing 14

shot of the defendant's trailer and this grow area that includes both Conex Box D-North and Conex Box D-South, as well as the area where the marijuana was being grown.

Your Honor, the six loaded firearms in defendant's trailer are in very close proximity to the marijuana grow operation as a whole. They're strategically placed in his trailer so that he can grab them and use them at any time that he needs to. And when he leaves his trailer he carries a firearm with him so that he's armed.

THE COURT: All right. I am going to overrule both objections. I do find, pursuant to Thongsy, that at least some of the weapons were possessed in sufficient proximity to the grow, which was being done for commercial purposes, to embolden the defendant in that activity.

I further find that there -- that the specification that the defendant in the past has been affiliated with the Aryan Republic is also supported by the evidence.

And that means that I do accept the presentence investigation report and its findings and determinations, which would recommend a guideline range that exceeds the statutory maximum, which is 120 months, and thus the 120-month period becomes the recommended sentence.

Ms. Williams.

MS. WILLIAMS: Your Honor, I also raised in my pleadings, and this is not an objection, but a request that

Case 4:97-cr-00243-1-BR Document 1399-5 Filed 06/30/20 Page 16 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 15 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing 15

Mr. Kehoe's medical records be attached -- be included with the presentence report to go to the Bureau of Prisons, and I wanted to make sure to raise that today.

Mr. Kehoe has some very significant medical issues that will bear directly on his placement, his programming needs, and his treatment needs, and we are requesting that the Court make a judicial recommendation for placement in a BOP medical facility, and I believe specifically Rochester has the equipment and facilities to deal with cancer and similar issues.

I will tell the Court that his -- my client's physical condition has deteriorated immensely since he's been at CCA: his mobility, his back issues; a whole host of issues. So he is certainly going into BOP in worse condition than he came in when he was arrested, and I think these are very significant issues that are likely to only get worse.

Your Honor, the Court has ruled on the objections. Mr. Kehoe continues to dispute the characterization of his membership in organizations, whether existing or being -- whether existing or planned. He certainly has a lot of -- he has his own beliefs, and he lives a lifestyle which is outside what one might call the norm in this country, although at this point in time, some of his beliefs are certain- -- are certainly more widely shared than they have been in the past. This is not a time when people in this country are big fans of

Case 4:07-cr-00243-PP Document 1398-5 Filed 06/30/20 Page 17 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 16 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing   16

the government, shall we say.  It's not a happy time in our country.

He is a man who wants to be left alone, who chooses to live in a very remote area of Arizona, and regardless of the fact that he is a felon in -- a felon, he lives in an area where he believes it is necessary to arm himself for protection and in accordance with his fears and concerns to deal with what he believes will be at some point the collapse of our country as we know it.

I think when you step back and look at this case for what it is, which is a felon in possession case, 10 years is an awful lot of time.  It is not justified by his criminal history, and despite the adjustments, I just think it is an -- it's just more time than is appropriate to the charge and to the facts of this case.  So under 3553, I would ask the Court to consider a sentence below 10 years.

I have nothing further.  Thank you.

THE COURT:  Mr. Kehoe, do you have anything you'd like to say, sir?

THE DEFENDANT:  It would -- it would take too much time.

THE COURT:  Well, sir, I'm willing to listen.

THE DEFENDANT:  Well, there's just too many suppositions and -- and lies involved here.  I'm -- I'm not what -- this whole procedure from the last time I was arrested,

Case 4:07-cr-00242-PR  Document 1398-5  Filed 06/30/20  Page 18 of 29
Case 3:13-cr-08223-GMS  Document 86  Filed 08/05/16  Page 17 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  17

and all the labels that were put on me at that time are -- are not substantiated by witnesses or my behavior.  I never was a member of any of those organizations.

I've never been a member of any of those organizations or even -- I despise them.  They caused my son's downfall. They are the ones that were involved in there after they got out from under the household's control and things exploded and I tried to help him through there, and that's the reason I'm contaminated with this stuff is because I love my sons and I was only trying to help them decide and help them do what was necessary for me to protect them as a father.  And I got labeled with all these things and it is totally -- it's a lie.

I'm not these things.  People that know me personally, a half a dozen I could bring that will tell you that I am not this person they're portraying here, period.  And I have not got justice the last time and I'm not getting justice this time, either.  This is -- this is -- this is -- it's just -- it -- I can't even think the words to place it in context.

I just can't believe this can happen in this country, that things can be thrown labels and people lie and make comments about me and they're taken as fact and put on the record and then I'm having to do this time.  It's -- it's totally wrong.  There's no justice in this at all, only procedure.

THE COURT:  Thank you, sir.

Case 4:07-cr-00243-BP Document 1399-5 Filed 06/30/20 Page 19 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 16 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing 18

Ms. Cooper.

MS. COOPER: Judge, considering the 3553(a) factors, the government does believe that a sentence of 10 years is appropriate in this case. Looking at the nature and circumstances of this particular offense, it's not as though the defendant just possessed one firearm to protect him from wildlife out on his property, or something like that; he was acquiring multiple assault rifles. It was a veritable arsenal that he had on his property. The amount of ammunition alone was too many to count, Your Honor. We had to approximate how many rounds, based on the weight of the ammunition. The defendant had gas masks. He had bullet-proof vests. The circumstances of this particular offense and the possession of firearms is serious.

Looking at the history and characteristics of this particular defendant, obviously he has two prior crimes of violence. He has -- despite what he says today, Your Honor, I think the record supports that he does have a tendency toward -- he has White supremacist views and antigovernment views, and that's included in his prior RICO conviction where he was convicted of being a part of a particular enterprise, that being the Aryan People's Republic. It was not a specific organized group, but it was a fledgling. He was trying to get it to be a new White supremacist group that was recognized.

He has a propensity for violence. His son said

Case 4:07-cr-00248-1-PR Document 1399-5 Filed 06/30/20 Page 20 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 19 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing   19

that -- that he would put his views into action when the time was right.  That would include if he was in ill health and he believed that he had nothing to lose, that he would take violent action against the government using his firearms specifically against judges and law enforcement.

One of his sons said he hinted at things of violence and that he claimed that he didn't is have much time to live, and that he didn't like the government.  And the prior agent who worked on his earlier cases said that he was involved -- he was a White supremacist, had antigovernment extremist views, and that was why he was involved in the earlier activities, including the RICO case.

Looking at the deterrence for this particular defendant, he has previously served a sentence of 95 and a half months, and that didn't deter him from getting out of prison and immediately starting to acquire firearms again even though his -- one of his previous convictions was acquiring firearms that he shouldn't have.

One of the previous counts was that he possessed improvised grenades, and in this case he had black powder for making explosives, Your Honor.  He's continuing down the same path that he was before.  The greatest concern for the government is the need to protect the public from this defendant.  Even though he appears today as a frail man, when he was out of custody he was carrying marijuana up this sloped

roadway and walking around fine on his property. I know he's elderly, he's getting on in age. I'm sure that by the time he gets out of custody he's going to be even frailer than he is today.

But Your Honor, when he is out of custody he is violent. And the fact that he's ill makes him even more violent, according to his sons. In particular for law enforcement, Your Honor, I think that there is a huge concern that this defendant will try either himself or try to influence other people to take out violent action on law enforcement based on all the evidence that the Court has in front of it, and the government does believe that a sentence of 10 years is appropriate.

THE COURT: Mr. Kehoe, there is a sentencing statute that I follow when I sentence anybody. It requires that I consider the nature and circumstances of the offense that I'm sentencing them for and the history and characteristics of the offender. And after I've considered those things, then I have to impose a sentence that is sufficient, but not greater than necessary, to serve a number of different factors.

It has to reflect the seriousness of the offense. In your case, I suspect that -- or I tend to agree with your counsel, Ms. Williams, that certainly a large part of your motivation is your view about the government, your view about lots of other things, but I also have found, and I do find,

Case 4:07-cr-00243-PR Document 1399-5 Filed 06/30/20 Page 22 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 21 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  21

that you did use the firearms.  They emboldened you in growing marijuana, which is also illegal, and selling it.  And that, in light of the fact that you're a prohibited possessor and have had very long previous sentences, I think does require a significant prison sentence in this case.

12:24:01

The other factors I have to consider are promoting respect for the law, providing a just punishment.  I have to deter you, and not only you, but others, from engaging in this kind of conduct, and I have to take steps to protect the public from further crimes that you might commit.

12:24:22

I don't necessarily -- I mean, I think it's appropriate to put down on here that in the past that you've been associated with the Aryan Republic.  That does not mean that imposing your sentence, I necessarily believe that you continue to, or ever necessarily did, hold such views.

12:24:39

But unfortunately, I don't need to consider that at all to determine that you -- and I don't consider it at all to determine that you do need to serve a long prison sentence in this case to protect the public from further crimes that you might commit, just in light of your criminal record and the large extent of firearms that you did have when you were a prohibited possessor.  I have to consider how I sentence other people who are similarly situated.  And after having considered all those things, I do believe that the guideline sentence is the appropriate one in your case.

12:24:58

12:25:17

Case 4:07-cr-00243-PR Document 1399-5 Filed 06/30/20 Page 23 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 22 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing 22

I will append to your presentence investigation report your medical records to be sure that you receive -- and I will direct the Bureau of Prisons, instruct the Bureau of Prisons to appropriately evaluate you so that you can receive appropriate medical care and treatment in an appropriate facility.

But pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that Kirby Keith Kehoe is hereby committed to the Bureau of Prisons for 120 months.

The defendant shall pay a special assessment of $100, which shall be due immediately. The Court finds that the defendant does not have the ability to pay and orders that the fine be waived.

The defendant then shall pay a total of $100 in criminal monetary penalties, due immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: The balance is due in equal monthly installments of $25 over a period of four months, to commence 60 days after release from imprisonment.

During incarceration, payment of criminal monetary penalties is due at a rate of not less than $25 per quarter, and payments shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

Criminal monetary payments shall be made to the Clerk of the United States District Court, Attention: Finance, Suite

Case 4:07-cr-00248-12R Document 1398-5 Filed 06/30/20 Page 24 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 25 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  23

130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118.

Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18, United States Code, Section 3612(c).                    12:26:46

The Court hereby waives the imposition of interest and penalties on any unpaid balance.

Upon your release from imprisonment, you shall be placed on supervised release for three years.  And while on supervised release you shall comply with the standard          12:27:01 conditions of supervision adopted by this Court in General Order 12-13.

Of particular importance:  You shall not commit another federal, state, or local crime during the term of supervision.                                                        12:27:13

The mandatory drug testing provision is suspended, and within 72 hours of your release from the custody of the Bureau of Prisons you shall report in person to the probation office in the district to which you are released.

The defendant shall comply with the following              12:27:26 additional conditions:  You shall submit your person, property, house, residence, vehicle, papers, computers, as defined in 18, United States Code, Section 1030(e)(1), other electronic communications or data storage devices or media or office, to a search conducted by a probation officer.  Failure to submit to    12:27:43

Case 4:07-cr-00243-BR Document 1399-5 Filed 06/30/20 Page 25 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 24 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  24

a search may be grounds for revocation of release.  You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant's interest in the following property shall be forfeited to the United States: one Ithaca, Model: 37, 12 gauge shotgun, serial number 371157249; one Ruger Model: 10/22, 22 caliber long range caliber rifle, serial number 231-02701; one Glock, Model: 21, .45 auto -- automatic caliber pistol, serial number GHT827; one Zastava, Model: M70AB2, 7.62x39mm rifle, serial number 707737; one Rossi, Model: Matched Pair, .410 bore/.22 caliber -- .22 long range caliber shotgun/rifle, serial number SR122418; one Mossberg, Model: 500A, 12 gauge shotgun, serial number 933009; one Marlin, Model: 336, 30-30 caliber rifle, serial number 24079093; one Charter Arms, Model: AR-7 Explorer, .22 caliber long range caliber rifle, serial number A239714; one Norinco, Model: NHM90, 7.62x39mm rifle, serial number MSO17996; one Glock, Model: 17, 9x19 caliber pistol, serial number PS145US; one Del-Ton, Inc., Model: DTI-15, 5.56mm rifle, serial number J05009; one JLD Enterprises, Model: PTR 91, .308 WIN caliber rifle, serial number A6741; one Kel-Tec, Model: Sub-2000, 9mm rifle, serial number E7L73; one Mossberg, Model: 500, 12 gauge shotgun, serial number T559568; one Polytechnologies, Model: M-14S, .308 WIN caliber rifle, serial number 10613; one DPMS, Model: LR-308, .308 WIN caliber rifle, serial number 94884; one

12:27:57

12:29:45

Case 4:97-cr-00243-PR   Document 1399-5   Filed 06/30/20   Page 26 of 29
Case 3:13-cr-08223-GMS   Document 88   Filed 08/05/16   Page 25 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  25

AZ Armory, Model: AA15, receiver with stock, serial number 150443; over 15,000 rounds of assorted ammunition, to wit, 223 caliber, 5.56mm, .308 WIN caliber, 7.62x39 caliber, 9mm, .22 long range caliber, 12 gauge, .45 ACP caliber, .410 BORE caliber, and 30-30 caliber ammunition; 50 rounds of .22 long range ammunition; one American Body Armor (ABA), Model: K-15, ballistic vest, serial number 3122; one Second Chance, Model: ZYL IIA, ballistic vest, serial number 6000574; one Point Blank ballistic vest with no serial number; one one-pound container of Bullseye smokeless powder; two one-pound containers of IMR smokeless powder; and two one-pound containers of Pyrodex powder.

Do you understand the sentence as I've imposed it upon you, sir?

THE DEFENDANT:  This is not justice.  This is the reason people in the United States cannot tolerate the government any longer because there is no justice in this. These people that sit over here and lie, and you'll follow up on lies from the previous case.  This is just totally absurd. This is just no justice, period.

THE COURT:  I take it that that means you do understand the sentence but you don't agree with it, is that correct?

THE DEFENDANT:  Excuse me?

THE COURT:  I take it that that means you do

Case 4:07-cr-00243-JR Document 1399-5 Filed 06/30/20 Page 27 of 29
Case 3:13-cr-08223-GMS Document 86 Filed 08/05/16 Page 26 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing  26

understand the sentence; you just think it's unjust, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Ms. Williams, I do believe that I have accepted the defendant's plea agreement and sentenced him in compliance with it.  Does the defense object to that finding?

MS. WILLIAMS:  No, Your Honor.

THE COURT:  Does the prosecution object to that finding?

MS. COOPER:  No, Your Honor.

THE COURT:  All right.  Mr. Kehoe, the effect of my finding that I've sentenced you in compliance with your plea agreement is that you've waived your right to appeal.

If I have erred in making that finding and you have for some reason maintained your rights to appeal, then you would have also maintained your rights to apply for leave to appeal in forma pauperis.  And were you to do that, the clerk of the court would prepare and file a notice of appeal on your behalf.  But with very few exceptions, any such notice must be filed within 14 days of today's judgment.

Do you understand that as well, sir?

THE DEFENDANT:  Yes.

THE COURT:  I wish you the best of luck.

Anything else, Ms. Williams?

MS. WILLIAMS:  Your Honor, with respect to the

Case 4:07-cr-00243-PR Document 1398-5 Filed 06/30/20 Page 28 of 29
Case 3:13-cr-08223-GMS Document 88 Filed 08/05/16 Page 27 of 29
CR13-8223, U.S. v. Kirby Keith Kehoe, 6/23/14 Sentencing   27

requested recommendation for Rochester?

THE COURT:  I'm not going to recommend a specific facility but I will recommend, as I've already done, that the defendant's medical records be evaluated and that he be placed in an appropriate medical facility where he can receive appropriate medical care.

THE DEFENDANT:  I don't know how you people live with yourselves.

MS. WILLIAMS:  Wait.  Wait.  Wait.  We're not done.

THE DEFENDANT:  I just don't understand.

THE COURT:  Anything else, Ms. Williams?

MS. WILLIAMS:  Not from me, Your Honor.

THE COURT:  Ms. Kehoe, which counts?  We have count -- not -- Ms. Cooper, we have Counts --

MS. COOPER:  2, 3, 6 --

THE COURT:  -- 2, 3, 6, and 7?

MS. COOPER:  -- and 7, Your Honor, the government would move to dismiss.

THE COURT:  Counts 2, 3, 6, and 7 are dismissed.

MS. WILLIAMS:  Thank you, Your Honor.

THE COURT:  Thank you.

THE DEFENDANT:  The hell with all of you tyrants.

(Proceedings concluded at 12:34 p.m.)

Case 4:07-cr-00248-1-PR   Document 1399-5   Filed 06/30/20   Page 29 of 29
Case 3:13-cr-08223-GMS   Document 86   Filed 08/03/16   Page 28 of 29

C E R T I F I C A T E


       I, GARY MOLL, do hereby certify that I am duly

appointed and qualified to act as Official Court Reporter for

the United States District Court for the District of Arizona.

       I FURTHER CERTIFY that the foregoing pages constitute

a full, true, and accurate transcript of all of that portion of

the proceedings contained herein, had in the above-entitled

cause on the date specified therein, and that said transcript

was prepared under my direction and control.



       DATED at Phoenix, Arizona, this 2nd day of August,

2016.



                                   s/Gary Moll
                        _____