**FEDERAL DEATH PENALTY CASE**
**\*\*\*\*EXECUTION SCHEDULED FOR JULY 13, 2020\*\*\*\***

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DANIEL LEWIS LEE,**
     **Movant**

**vs.**

                                        **Criminal Case No. 4:97-cr-00243-KGB-2**
                                        **CAPITAL CASE**

**UNITED STATES OF AMERICA,**
     **Respondent.**

**Motion to Declare the Bureau of Prison's Notice Scheduling Daniel Lee's**
**Execution Null and Void**

COMES NOW Daniel Lee ("Mr. Lee"), by his undersigned counsel, and hereby

respectfully requests that this Court issue an order declaring his currently scheduled execution

date—July 13, 2020—null and void. The Government's attempt to carry out Mr. Lee's execution

on July 13, 2020, pursuant to the purported "notice" it has provided to him and to this Court, is a

unilateral attempt to exercise authority it does not have, and, therefore, is an *ultra vires* action.

The reasons supporting this request are set forth below. A proposed order is attached.

**Introduction**

The power to implement a death sentence vests solely in the courts. This Court's

judgment can be implemented by the Department of Justice (DOJ) (and by extension the Bureau

of Prisons (BOP)) only upon a specific delegation of authority to do so. That delegation can

occur in two ways: by Congressional action or by order of this Court. Neither has occurred here.

DOJ concedes that Congress has never delegated this power to the BOP, as set out below. Thus,

absent a court order, DOJ cannot lawfully implement a death sentence, and any attempt to

unilaterally set an execution date and carry out the sentence is a legal nullity.

As discussed below, this practice is not a mere formality, and obtaining that order is not optional. It is a compulsory step in ensuring that the Court's sole authority to implement a death sentence is properly delegated to the executive agency that seeks to carry out the execution. 28 C.F.R. § 26.2, states in full:

Proposed Judgment and Order.

(a) Whenever this part becomes applicable, the attorney for the government *shall* promptly file with the sentencing court a proposed Judgment and Order. The proposed Judgment and Order shall state, in addition to any other matters required by law or otherwise appropriate, that:

(1) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

(2) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

(3) The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons; and

(4) The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.

(b) The attorney for the government shall append to the proposed Judgment and Order a Return by which the designated United States Marshal may inform the court that the sentence of death has been executed.

28 C.F.R. § 26.2 (emphasis added).

It is only through such an order that agencies and sub-agencies of the executive branch, namely DOJ and the BOP, are provided with the authority to take action toward implementation of the execution, including the selection of a date and location. *Id.*

Unless that transfer of power occurs, the court retains the exclusive authority to decide when and how the sentence shall be carried out.

Counsel for the Government has never moved for, nor obtained, the requisite judgment and order necessary to transfer power from this Court in Mr. Lee's case. This was a crucial omission: DOJ is—quite literally—without any authority to carry out Mr. Lee's death sentence on July 13, 2020. Its June 15, 2020 letter to Mr. Lee informing him of its intention is without legal basis.

**Factual Background**

Daniel Lee was sentenced to death in 2002 in this Court pursuant to the Federal Death Penalty Act ("FDPA"), 18 U.S.C. §§ 3591-3598. On Monday, June 15, 2020, the U.S. Department of Justice ("DOJ") announced publicly that Attorney General William Barr had directed the Federal Bureau of Prisons ("BOP"), a sub-agency within the DOJ, to set execution dates for Mr. Lee and three other men.[1] That same evening, Mr. Lee, who is incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), was delivered a letter from USP Terre Haute Warden T.J. Watson that purported to be his "official notification that pursuant to Title 28, Code of Federal Regulations, Section 26.3(a)(1), the Director of the Federal Bureau of Prisons has set July 13, 2020, as the date for execution by lethal injection."[2] The Court was copied on this letter and a separate notice was filed in this Court. *See United States v. Lee*, No. 4:97-cr-00243, Dkt. 1379 (E.D. Ark. June 15, 2020).

The Government, however, has never filed a proposed judgment and order in this Court as it must to exercise such authority; nor has it obeyed the regulations to which it referred which

---

[1] U.S. Department of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), *available at* https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children (last visited June 29, 2020).

[2] Exh. A (Letter from Warden T.J. Watson to Daniel Lee (June 15, 2020)).

require the same judicial order.[3] Consequently this Court has never entered such an order and the

Government lacks the authority to implement the sentence. [4]

> **I.    ABSENT A FORMAL TRANSFER, THIS COURT RETAINS SOLE AUTHORITY REGARDING HOW AND WHEN MR. LEE'S SENTENCE OF DEATH SHALL BE EXECUTED. BOP'S *ULTRA VIRES* ACTION SETTING A JULY 13, 2020 DATE IS NULL AND VOID.**

It is beyond dispute that the authority regarding when and how to implement Mr. Lee's death

sentence rests solely with this Court and authorization to act can be granted to BOP only through

a proper judicial order. This is made clear by the history of the federal death penalty and is

supported by the arguments the Government relied upon when adopting DOJ regulations

concerning implementation of executions.

> **A. Federal Courts have had sole authority to order implementation of a sentence of death since at least 1830.**

Federal district courts have overseen the implementation of death sentences, including the

setting of execution dates, in federal capital cases since the early years of the Republic. Those

oversight duties and powers have continued unabated over the centuries since their creation

pursuant to the Judiciary Act of 1789, 1 Stat. 73 (1789), and since the earliest federal criminal

---

[3] As the government itself acknowledged just months ago:

> The regulations *require* federal prosecutors to propose to the sentencing court that any death sentence be implemented by lethal injection on a date and at a place designated by the BOP Director. 28 C.F.R. Section 26.2.

Defendants' Opposition to Plaintiff Lee's Motion for a Preliminary Injunction, No. 1:19-mc-00145-TSC, Dkt. 16, p. 20 (D. D.C. Oct. 18, 2019) (emphasis added).

[4] Undersigned have diligently searched their files (which include their predecessors' files), the court dockets, and all correspondence pertaining to the docket in *United States v. Lee*, No. 4:97-cr-00243 (E.D. Ark.) and there is no indication the Government filed a Proposed Judgment and Order pursuant to the various requirements set forth in § 26.2; nor is there any indication that the Court entered an order corresponding with such a Proposed Judgment and Order, which must, pursuant to § 26.2, contain very specific language related to implementation of the death sentence.

statute codifying capital offenses was passed by the First Congress in 1790. *See* 1 Stat. 112 (1790) ("An Act for the Punishment of Certain Crimes Against the United States"). Indeed, historically, it was the sentencing court that selected the execution date and, with the assistance of United States Marshals, implemented the death penalty in cases before it.[5]

In the early 1800s a patchwork system had developed whereby the federal courts simply deferred to state court practice on authority for setting execution dates: In states where governors set execution dates, the President would issue the order, and in states where courts set dates, the federal district court would follow suit.

In 1830, President Andrew Jackson, through his Attorney General, ended this scattershot arrangement declaring that the President would no longer issue warrants of execution in capital cases and the district court would have sole authority to execute the sentence under law:

> I am instructed by [President Jackson] to inform you that he has, after mature deliberation, determined in all cases to leave the execution of the sentence of the law to the direction of the court, in full confidence that the courts will give a reasonable time for the interposition of executive clemency in cases where it ought to be interposed.

---

[5] In the case of Thomas Bird, for example—the first federal execution since the establishment of the federal courts—the Hon. David Sewall issued a "Writ or Warrant of Execution from the District Court to the Marshall" to carry out Thomas Bird's death sentence "at the Time mentioned in the Judgment…"; Mr. Bird was executed on June 25, 1790. *See* "To George Washington from Thomas Bird, 5 June 1790," n.1, *Founders Online,* National Archives, https://founders.archives.gov/documents/Washington/05-05-02-0299. [Original source: *The Papers of George Washington*, Presidential Series, vol. 5, *16 January 1790–30 June 1790*, ed. Dorothy Twohig, Mark A. Mastromarino, and Jack D. Warren. Charlottesville: University Press of Virginia, 1996, pp. 478–481.], *available at* https://founders.archives.gov/documents/Washington/05-05-02-0299 (last visited June 29, 2020). Similarly, in the last execution carried out before the Supreme Court invalidated death penalty statutes in *Furman v. Georgia*, 408 U.S. 238 (1972), Exh. B, Docket Sheet, *United States v. Victor Feguer*, No. 7-6031 (N.D. Iowa), the district court ordered, on November 2, 1963, that "subject to interposition of executive clemency, said imposed death sentence by hanging scheduled for January 15, 1963 at approximately 5:30 a.m. at Iowa State Penitentiary at Fort Madison, Iowa."

J.N. Macpherson Berrien, 20 Op. Atty. Gen. 344 (1830).

In the intervening decades, President Andrew Jackson's order remained controlling law and was incorporated into federal court practice. *See* Caleb Cushing, 7 Op. Atty. Gen. 561 (1855) ("Such is now the established practice. The court sentences, and fixes the day of execution; and unless the President interpose, the Marshal of the United States proceeds to execution in due time.")

This remains the law to this day: the district court has the authority to set the execution date for capital defendants sentenced in its court. This authority remains solely with the Court unless and until it is shared by entry of a judicial order.[6]

### B. DOJ's passage of regulations governing implementation of death sentences confirm its lack of inherent authority to set an execution date.

Between the repeal of the 1937 Act and the passage of the FDPA, DOJ issued rules for "Implementation of Death Sentences in Federal Cases"—the same rules the BOP Director invoked in his June 15, 2020 "notification" letter to Mr. Lee about his execution date,[7] and that the DOJ attorney cited in his Notice Regarding Execution Date filed in this Court.[8] *See* 58 Fed. Reg. 4898-01 (Jan. 19, 1993) (codified at 28 C.F.R. pt. 26). The rules, signed by then-Attorney General William Barr, went into effect on February 18, 1993 and clearly reflect DOJ's understanding that BOP's authority to set an execution date is solely derivative of the long-standing power of the federal district court.

---

[6] It is axiomatic that Congress can limit jurisdictional authority of federal district courts. It has, however, never limited the district court's power to set execution dates, including when it passed the Federal Death Penalty Act ("FDPA") in 1994 which governs Mr. Lee's case.

[7] *See* Exh. A.

[8] *See also United States v. Lee*, No. 4:97-cr-00243, Dkt. 1379 (E.D. Ark. June 15, 2020).

6

For instance, in response to a comment during the rulemaking process suggesting that the

implementation regulations were an improper delegation of congressional authority in violation

of *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.,* 467 U.S. 837 (1984), DOJ

stated that no such problem existed because it was not based on congressional authorization at

all:

> As for the Justice Department's "delegated authority," the Department does not
> need explicit authority to issue regulations establishing death penalty procedures.
> The Department is authorized *to rely on the authority of the federal courts*, acting
> pursuant to the All Writs Act, 28 U.S.C. 1651(a), *to order* that their sentences be
> implemented. *Thus, § 26.2 directs the government's attorney in a capital case to
> file with the court a proposed Judgment and Order consistent with the
> regulations.*

58 Fed. Reg. 4898-01, 4899-900 (emphasis added). In other words, the Department did not need

Congress to delegate authority because its authority came from the courts when they issued the

necessary orders to that effect.

DOJ's responses to other comments made during rulemaking further demonstrate its

recognition that its date-setting authority was not only derivative of, but also subordinate to, the

federal district court. Not only was it abundantly clear that DOJ acknowledged that compliance

with § 26.2 was necessary to avoid the Department's acting outside the scope of its legal power,

it also accepted that its authority could be superseded by the district court:

> …*far from contemplating the unilateral exercise of executive authority…the
> proposed rule directs government attorneys to seek a court order directing that
> execution be by lethal injection, and at a date and place determined by the
> Department of Justice. § 26.2.* Indeed, the very provision the comments find an
> "invasion" of the prerogatives of the federal judiciary begin with the qualifying
> language, "Except to the extent a court orders otherwise * * *" § 26.3(a)(1).
> Section 26.4 also begins with that qualifier.

58 Fed. Reg. 4898-01, 4900 (emphasis added).

Indeed, these provisions are only operational if the court decides to take no action. The

7

text of § 26.3, which makes provisions relating to "date, time, place, and method of execution," for example, is premised on the court's implementation authority: the section expressly states that the sentence of death shall be executed in accordance with those provisions "*Except to the extent a court orders otherwise.*" 28 C.F.R. § 26.3(a) (emphasis added); *see also* 58 Fed. Reg. 4898-01, 4899-900. Another section of the rules, § 26.4, which provides for BOP's notification of the prisoner, for the prisoner's access to his spiritual advisers, attorneys, and family members, among others, and for witnesses to the execution, contains the identical clause, "*Except to the extent a court orders otherwise.*" 28 C.F.R. § 26.4 (emphasis added); *see also* 58 Fed. Reg. 4898-01, 4899-900.[9] The text of DOJ's own rules and its articulated rationale for them thus represent an express recognition of the district court's firmly rooted, and exclusive, authority to implement death sentences.

Yet, here, in Mr. Lee's case, the Government has never requested or obtained the necessary order from this Court.[10] It instead unilaterally scheduled Mr. Lee's execution.[11] DOJ cannot "rely on the authority of the federal court" unless this Court explicitly grants that authority. Because DOJ has never requested such authority and it has never been granted, BOP's

---

[9] *Compare* § 26.5, "Attendance at or participation in executions by Department of Justice personnel." In contrast to §§ 26.3-4, this provision addresses DOJ personnel issues and presumably falls outside of the Court's traditional implementation authority; it also notably does not contain the introductory phrase, "Except to the extent a court orders otherwise."

[10] It should be noted that the Government has sought to enforce every procedural failure on the part of Mr. Lee throughout this litigation, resulting in an inability of this and other courts to review claims. Enforcement of legal requirements must apply to both parties.

[11] Federal prosecutors have, in compliance with § 26.2, regularly filed the requisite Proposed Judgment and Order in other federal death penalty cases. *See, e.g.,* United States' Notice to File Proposed Judgment Pursuant to 28 C.F.R. § 26.2, *United States v. Duncan*, No. 2:07-cr-00023, Dkt. 597 (D. Id. Oct. 29, 2008); *see also* Exh. C, Government's Proposed Judgment and Order Implementing Judgment, *United States v. Fulks*, No. 4:02-cr-00992-JFA-1, Dkt. 696 (D. S.C. Aug. 9, 2004), and Exh. D, Judgment and Order Implementing Judgment, *United States v. Fulks*, No. 4:02-cr-00992-JFA-1, Dkt. 854 (D. S.C. Dec. 20, 2004).

actions setting Mr. Lee's execution date are *ultra vires*: it lacks the authority on its own to set a date. This Court should enter an order declaring its action null and void.

## Conclusion

For the foregoing reasons, Mr. Lee respectfully requests that this Court issue an order declaring the Government's *ultra vires* action setting Mr. Lee's execution on July 13, 2020 null and void.

Respectfully submitted this 1st day of July, 2020.

<table>
<tr><td>MORRIS H. MOON</td><td>GEORGE G. KOUROS</td></tr>
<tr><td>Bar Number 24032750 (TX)</td><td>Bar Number 420813 (CT)</td></tr>
<tr><td>Attorney for Daniel Lee</td><td>Attorney for Daniel Lee</td></tr>
<tr><td>Assistant Federal Public Defender</td><td>Assistant Federal Public Defender</td></tr>
<tr><td>Federal Capital Habeas Project</td><td>Federal Capital Habeas Project</td></tr>
<tr><td>6411 Ivy Lane, Suite 710</td><td>6411 Ivy Lane, Suite 710</td></tr>
<tr><td>Greenbelt, MD 20770</td><td>Greenbelt, MD 20770</td></tr>
<tr><td>Telephone: (713) 880-3556</td><td>Telephone: (301) 821-0855</td></tr>
<tr><td>Email: Morris_Moon@fd.org</td><td>Email: George_Kouros@fd.org</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 1, 2020. This motion was served via this court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

MICHAEL GORDON
JONATHAN D. ROSS
SHANNON S. SMITH
U. S. Attorney's Office
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
(501) 340-2600
michael.gordon@usdoj.gov
Jonathan.D.Ross@usdoj.gov
shannon.smith@usdoj.gov

GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org