# EXHIBIT C

**FILED**

IN THE UNITED STATES DISTRICT COURT    AUG - 9 2004
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION    LARRY W. PROPES, CLERK
COLUMBIA, S. C.

UNITED STATES OF AMERICA    )    CRIMINAL NO:4:02-992-17
                            )
            v.              )
                            )
CHADRICK EVAN FULKS         )
                            )

## GOVERNMENT'S PROPOSED JUDGMENT AND ORDER IMPLEMENTING JUDGMENT

Comes now the United States of America pursuant to 18 U.S.C. §3596 and 28 C.F.R. §26.2 and hereby submits the attached proposed judgment and order implementing judgment. The order incorporates the terms of 28 C.F.R. §§26.2 to 26.5. The government's proposed order relates only to Counts 1 and 2 of the indictment in this case. On June 30, 2004, a jury unanimously recommended that the defendant be sentenced to death on Counts 1 and 2 thereby implicating the provisions of the aforementioned statute and regulations.

Respectfully submitted,

J. STROM THURMOND, JR.
UNITED STATES ATTORNEY

By: _____
Scott N. Schools (#4985)
First Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
803-929-3071

August 7, 2004

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:02-992-17 |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRICK EVAN FULKS | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United

States Attorney for the District of South Carolina and is a person of such age and discretion

as to be competent to serve papers.

That on August 9, 2004, she served copies of the attached

**GOVERNMENT'S PROPOSED JUDGMENT AND ORDER
IMPLEMENTING JUDGMENT**

by placing said copies in a postpaid envelope addressed to the person(s) hereinafter named, at

the place(s) and address(es), and by depositing said envelope and contents in the United States

Mail at U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201:

Addressee(s):

William F. Nettles, IV, Esquire
Federal Public Defender's Office
401 W. Evans St., Room 240
Florence, SC 29503

John H. Blume, III, Esquire
P. O. Box 11744
Columbia, SC 29211

_Gail M. Baker_
GAIL M. BAKER
Legal Secretary

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO:4:02-992-17 |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRICK EVAN FULKS | ) | |
| | ) | |

**JUDGMENT AND ORDER IMPLEMENTING JUDGMENT**

On May 7, 2004, the defendant **CHADRICK EVAN FULKS** pleaded guilty to, among other things, Counts 1 and 2 of the superseding indictment. Pursuant to his guilty plea, the Defendant is adjudged guilty of carjacking resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 2119 (Count 1) and kidnapping resulting in the death of Alice Donovan on or about November 14, 2002, a violation of Title 18, United States Code, Section 1201 (Count 2).

Pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591-3594 and the Special Findings of the jury, returned on June 30, 2004, and the jury's unanimous vote recommending that the Defendant shall be sentenced to death, it is the Judgment of the Court that the Defendant, **CHADRICK EVAN FULKS**, is sentenced to death on Counts One and Two of the Superseding Indictment.

IT IS ORDERED that the Defendant pay to the United States a special assessment

1

in the amount of $100.00 for Count One and $100.00 for Count Two, which shall be paid immediately. The Court declines to impose a fine due to Defendant's inability to pay.

IT IS FURTHER ORDERED that Defendant's sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service. Defendant's sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death. Defendant's sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons which date shall be no sooner than 60 days from the entry of this judgment of death. The sentence shall be executed at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons, by a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal, and by intravenous injection of a lethal substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.

If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted. Unless the President of the United States intervenes, the United States Marshal shall not stay execution of the sentence on the basis that Defendant has filed a petition for executive clemency.

Except to the extent a court orders otherwise:

(a)    The Warden of the designated institution shall notify the Defendant of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify Defendant as soon as possible.

(b)    Beginning seven days before the designated date of execution, Defendant shall have access only to his spiritual advisors (not to exceed two); his defense attorneys; under supervision, members of his family; and the officers and employees of the institution. Upon approval of the Director of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as Defendant may request.

(c)    In addition to the Marshal and the Warden, the following persons shall be present at Defendant's execution;

   (1)    Necessary personnel selected by the Marshal and Warden;

   (2)    those attorneys of the Department of Justice who the Deputy Attorney General determines are necessary;

   (3)    not more than the following number of persons selected by the prisoner;

      (i)    one spiritual advisor
      (ii)    two defense attorneys, and
      (iii)    three adult friends or relatives; and

   (4)    not more than the following number of persons selected by the Warden;

      (1)    eight citizens; and
      (ii)    ten representatives of the press.

(d)    No other person shall be present at Defendant's execution, unless leave for such person's presence is granted by the Director of the Federal Bureau of Prisons or by this Court. No person younger than 18 years of age shall witness the execution.

(e)  The Warden should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of execution.

(f)  No photographic or other visual or audio recording of the execution shall be permitted.

(g)  After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of Defendant's body to determine that death has occurred and shall inform the Marshal and Warden of his determination. Upon notification of Defendant's death, the Marshal shall complete and sign the Return attached hereto as to Exhibit "A" or any similar document and shall file such document with this Court.

(h)  Defendant's remains shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

No officer or employee of the Department of Justice shall be required to be in attendance or to participate in the execution if such attendance or participation is contrary to moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics. For purposes of this section, the term "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

Pursuant to the provisions of 18 U.S.C. § 3596, IT IS ORDERED that the Defendant is committed to the custody of the Attorney General of the United States or his authorized representative for appropriate detention until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence. When the sentence is to be implemented the Attorney General shall release the Defendant to the custody of the

United States Marshal, who shall supervise implementation of the sentence in the manner prescribed by law.

The Defendant is remanded to the custody of the United States Marshal to await placement at the appropriate facility.

Done at Columbia, South Carolina, this _____ day of _____, 2004.

_____
JOSEPH F. ANDERSON, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA  )  CRIMINAL NO:4:02-992-17
           )
     v.      )
           )
CHADRICK EVAN FULKS   )
           )
           )

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

_____

_____

with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By_____
   Deputy United States Marshal