# EXHIBIT D

Copied at the National Archives at Kansas City

# MANUAL
## OF
# POLICIES AND PROCEDURES
### FOR THE
## ADMINISTRATION
### OF THE
## FEDERAL PENAL AND
## CORRECTIONAL SERVICE
### 1942

Copied at the National Archives at Kansas City

# MANUAL

*of*

# POLICIES AND PROCEDURES

*for the*

# ADMINISTRATION

*of the*

# FEDERAL PENAL

# AND CORRECTIONAL SERVICE

James V. Bennett, Director
Bureau of Prisons
Department of Justice
Washington, D. C.
1942

Copied at the National Archives at Kansas City

## SENTENCE, DESIGNATION, AND IDENTIFICATION

c. Where a person on parole is brought before the court on a new charge and sentenced, and is also faced with the prospect of serving the balance of a sentence from which paroled.

It is important in these cases that the court clearly state both in the sentence and the commitment whether the later sentence is to be served consecutively or concurrently.

14. **Subsequent Sentences for Parole Violators.** In cases where a court directs that a subsequent sentence shall be served consecutively or concurrently with an original sentence from which a prisoner had been paroled or conditionally released and the warrant of the United States Board of Parole has not been issued or when warrant has not been executed, the institution officials should refer the sentence to the Bureau of Prisons for interpretation.

15. **Committing Court Must Specify Order of Service.** The case of *United States* v. *Patterson,* decided by the Supreme Court in 1887, holds that the committing court must specify the order in which consecutive sentences are to be served. The clerks of courts have been instructed in this respect.

Unless it is clearly indicated in what manner the sentences are to be served and the order in which they are to be served, the record clerk should immediately get in touch with the clerk of court. (Memo 1-30-34) If a prompt response clarifying the matter is not received, a copy of the sentence and judgment should be forwarded to the Bureau of Prisons for construction.

16. **Reports on Sentences.** The record of court commitment (Record Form No. 1) and other institution reports sent to the Bureau setting forth a prisoner's sentences should clearly state the exact expression of the court as indicated in the judgment. In the absence of specific instructions in the judgment the words "Without specifications" should follow the term of sentence on all reports of plural sentences submitted to the Bureau of Prisons. (Memo 9-8-33)

17. **Date When Original Sentence Resumes Running.** Service of the remainder of the original sentence of any parole violator who is returned to a Federal institution or any other institution will be regarded as having started from the date when he was first in custody exclusively under authority of

a Parole Board warrant. This date must be entered by the marshal on the warrant. Institution officials are cautioned to see that the marshal's entries on the warrant are complete at the time of the prisoner's delivery. (Cir 2831)

18. **Date When Sentence of Returned Escapee Resumes Running.** When a prisoner who escapes is recaptured and lodged in a jail or other institution under Federal custody, his sentence shall be computed as having resumed running on the day on which he was taken into Federal custody. When the prisoner's sentence has been recomputed, a corrected record showing the new dates should be sent to the Bureau of Prisons. (Memo 3-15-33)

19. **Death Penalty Sentence.** The Act of June 19, 1937 (c. 367, 50 Stat. 304; U.S.C., Title 18, Sec. 542) provides that "the manner of inflicting the punishment of death shall be the manner prescribed by the laws of the State within which the sentence is imposed." The statute also provides that "if the laws of the State within which sentence is imposed make no provision for the infliction of the penalty of death, then the court shall designate some other State in which such sentence shall be executed in the manner prescribed by the laws thereof." Since it seems clear that the "manner of inflicting the punishment" refers to the method of imposing death, whether by hanging, electrocution, or otherwise, and not to other procedures incident to the execution prescribed by the State law, the following regulations are prescribed for the guidance of all concerned:

a. **United States Marshal in Charge of Executions.** The United States marshal in the district in which the sentence of death is to be executed shall be in direct charge of the conduct of executions, subject to the procedures herein set forth and to any supplemental instructions issued by the Department of Justice.

b. **Date of Execution.** The day upon which the execution shall take place shall be that fixed in the judgment or order of the court which imposed the sentence. If only the week is designated the marshal shall fix the day of the week. If the court order does not fix the time of day, the execution shall take place at "about sunrise" on the day fixed.

c. **Place of Execution.** The execution shall be carried out at the place fixed in the judgment or order of the court which

6

7

Copied at the National Archives at Kansas City

## SENTENCE, DESIGNATION, AND IDENTIFICATION

imposed the sentence. If no such designation is made by the court, the execution shall be carried out at the place designated by the Department of Justice.

d. **Official and Other Witnesses.** The following persons and no others shall be present at the execution:

(1) The United States marshal charged with the execution of the sentence, or in his absence, the chief deputy marshal.

(2) If the execution is held at a Federal or local penal institution, the warden of that institution.

(3) Not more than eight assistants, including executioner, guards, and so forth.

(4) At least one and not more than three physicians to be designated by the marshal; provided that, if the execution is held at a penal institution one of the number shall be the chief physician of the institution or a member of his staff.

(5) The chaplain of the prison or such other spiritual advisers, not exceeding three in number, as may be requested by the prisoner.

(6) Adult friends and relatives of the prisoner, whom he may request to be present, not exceeding three in number.

(7) Not more than five respectable citizens, to be selected by the marshal, in addition to the above mentioned persons.

(8) Not more than one representative from each of the following press associations: Associated Press, International News Service, and United Press. No other member of the press will be permitted to attend the execution, either as a representative of the press or in any other capacity. No photographs of the execution will be permitted.

(9) The marshal shall give three (3) days' notice to those who are to be present.

e. **Prisoner's Visitors.** Immediately prior to his execution the prisoner shall be permitted access only to the officers of the prison, spiritual advisers, the prisoner's defense attorney, and members of his family. Upon special approval of the Department of Justice, the chief executive officer may be authorized to admit such other proper persons as the prisoner may request to see. (Cir 3125)

8

## SENTENCE, DESIGNATION, AND IDENTIFICATION

20. **Imprisonment for Nonpayment of Fine or Fine and Costs.** The question of detaining a prisoner for nonpayment of fine or fine and costs depends upon the specification by the court in his sentence. If there is nothing in the prisoner's sentence directing that he be held for nonpayment, he should not be held beyond his imprisonment term. When the sentence directs commitment for nonpayment, the prisoner should be held for 30 days solely for nonpayment beyond the date of his regular release before being permitted to appear before the United States commissioner to take the poor debtor's oath. (Cir 2388)

In the case of *Hill* v. *Wampler*, the Supreme Court of the United States held that imprisonment under a commitment solely for failure to pay a fine is unauthorized in any case unless the sentence pronounced by the court and entered in the court's minutes or docket directs such imprisonment.

When any prisoner in custody in a Federal penal or correctional institution, whose sentence includes a fine and whose commitment specifies imprisonment for nonpayment, asserts that the sentence of the court did not provide that he should stand committed for failure to pay such fine, immediate request shall be made by the warden or superintendent upon the proper clerk of court for a certified copy of the sentence. The language of the sentence will be regarded as controlling on this point and the records should conform thereto, irrespective of contrary language written or printed in the commitment. In case of doubt a copy of the sentence should be forwarded to the Bureau of Prisons for instructions. (Bu 252)

21. **Computation of Thirty Days.** The 30 days which a prisoner is required to serve solely for nonpayment of fine should begin on the same day on which the prisoner would have been released if the court had not directed that he stand committed for nonpayment of the fine; for example, if a prisoner becomes eligible for release on January 7, he may be lawfully released at 12:01 a. m. on January 7. If he has an unpaid committed fine, service of the 30-day period would start on January 7, even though he might otherwise not have been released until late on the same date through lack of transportation facilities or other natural causes.

9