# EXHIBIT E



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**WILLIAMSPORT, PA**

**SEP 2 1 2000**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 4:CR-96-239 |
| | : | |
| DAVID PAUL HAMMER, | : | (Judge Muir) |

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

<u>ORDER SETTING DATE</u>
<u>FOR THE IMPLEMENTATION OF THE SENTENCE OF DEATH</u>

September 21, 2000

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On November 4, 1998, this court sentenced David Paul Hammer to die by lethal injection for the first degree murder of Andrew Marti. On November 12, 1998, Mr. Hammer appealed that sentence to the Court of Appeals for this circuit. By opinion of August 31, 2000, the Court of Appeals for this circuit dismissed the appeal of David Paul Hammer and remanded the case to this court "to fix an early new date for the implementation of the sentence of death."

On September 5, 2000, Hammer filed a document entitled "Pro Se Defendant's Motion on Position On Setting of Execution Date." In that document Hammer requested that we set an execution date no later than sixty days from August 31, 2000. By order of September 8, 2000, we denied that motion without prejudice because the Court of Appeals had not issued its mandate and we had no power to act until it did so. We advised Hammer in that order that the date of execution would be no less than 45 days and no more than 90 days from the date we received the mandate. The government was also directed that if it objected to our time frame it file by

September 20, 2000, a document setting forth an alternative time frame.

On September 20, 2000, the government filed a memorandum regarding the setting of an execution date.  In that memorandum the government stated that "the time frame set forth in the Court's order is appropriate under the particular circumstances of this case . . . ."  However, on page 4 of that memorandum the government requests that "any order setting an execution date provide that Hammer's death sentence will have priority over any sentence Hammer is presently serving and any sentence that has been imposed on Hammer but which Hammer has not yet commenced serving."  Hammer's sentence of death already contains such a provision which is still applicable.

The government also requests that we not "specify a particular time of day to conduct the execution" because "[a]n order specifying a particular time of day would unnecesarily restrict the Government in responding to practical contingencies attendant to the execution itself as well as temporary delay resulting from any potential litigation ostensibly brought on Hammer's behalf."  Because the Court of Appeals only specified that we "fix an early new date" for execution and did not direct us to specify a particular time of day we will not do so.

On September 21, 2000, we received a certified copy of the Court of Appeals' judgment in lieu of a formal mandate.  The purpose of this order is to comply with the direction of the Court of Appeals.

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

The Attorney General shall release David Paul Hammer to the custody of a United States Marshal, who shall on November 15, 2000, supervise the implementation of the sentence of death by lethal injection as prescribed by the law of the Commonwealth of Pennsylvania.  This order takes priority over any sentence Hammer is presently serving and any sentence that has been imposed on Hammer but which Hammer has not yet commenced serving.

_____
MUIR, U.S. District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                                        :
            v.                          :   No. 4:CR-96-239
                                        :
DAVID PAUL HAMMER,                      :   (Judge Muir)

R E T U R N

I hereby certify I executed the above Order by transporting
David Paul Hammer from the_____

to the_____ for

the imposition of the sentence imposed and further that on

_____ in accordance with the laws of the Commonwealth of

Pennsylvania, to wit: Title 61, Pennsylvania Statutes, Section

2121.1, as well as 28 C.F.R. § 26.3(a)(4), at _____

_____ David Paul  Hammer was put to death.

        Dated  this _____ day of _____ 2000.


                              _____
                              United States Marshal

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 21, 2000


Re:   4:96-cr-00239    USA v. Hammer



True and correct copies of the attached were mailed by the clerk
to the following:


        Frederick E. Martin, Esq.
        Office of the U.S. Attorney
        P.O. Box 548
        240 West Third St.
        Williamsport, PA  17703-0548

        David Paul Hammer
        c/o David A. Ruhnke, Esq.
        47 Park Street
        Montclair, NJ  07042

        Ronald C. Travis, Esq.
        Rieders Travis Humphrey Harris Watters & Waffenschmidt
        161 W. Third St.
        Williamsport, PA  17701

        David A. Ruhnke, Esq.
        Ruhnke & Barrrett
        47 Park St.
        Montclaire, NJ  07042   Fax No.: 201-746-1490


        Stephen Chadwick Smith, Esq.
        226 E. Water St.
        Lock Haven, PA  17745

```
cc:
Judge                           (   )
Magistrate Judge                (   )
U.S. Marshal                    (   )
Probation                       (   )
U.S. Attorney                   (   )
Atty. for Deft.                 (   )
Defendant                       (   )
Warden                          (   )
Bureau of Prisons               (   )
Ct Reporter                     (   )
Ctroom Deputy                   (   )
Orig-Security                   (   )
Federal Public Defender    (    )
Summons Issued                  (   )  with N/C attached to complt. and served by:
                                       U.S. Marshal (   )     Pltf's Attorney (   )

Standard Order 93-5             (   )
Order to Show Cause             (   )  with Petition attached & mailed certified mail
                                       to:  US Atty Gen   (   )   PA Atty Gen (   )
                                            DA of County  (   )   Respondents (   )

Bankruptcy Court                (   )
Other   Warden Tenehok          ( ✓ )
```

MARY E. D'ANDREA, Clerk

DATE: ___9·21·10___          BY: _____
                                      Deputy Clerk