# EXHIBIT F

DMB:FEM:jmm 1996R08063

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : Crim. No. 4:CR-96-0239 |
| | : |
| v. | : (Muir, J.) |
| | : |
| DAVID PAUL HAMMER | : |

**FILED**
**WILLIAMSPORT, PA**

SEP 2 0 2000

MARY E. D'ANDREA, CLERK
Per___KF___
DEPUTY CLERK

**GOVERNMENT'S MEMORANDUM REGARDING
SETTING OF AN EXECUTION DATE**

COMES NOW, in accordance with this Court's order dated
September 8, 2000, the United States of America, by undersigned
counsel, hereby submits the following memorandum regarding the
setting of a date for the execution of Hammer's death sentence in
this case.

**A.   Procedural history**

On August 31, 2000, the United States Court of Appeals for
the Third Circuit granted Hammer's motion to dismiss his direct
appeal from this Court's November 4, 1998, Order of Judgment of
Conviction and Sentence of Death. *United States v. Hammer,* ___
F.3d ___, 2000 WL 1234611 (3rd Cir. August 31, 2000).  On
September 5, 2000, Hammer filed in this Court a motion requesting
that the Court set a new execution date that will be (a) at least
30 days after the date on which the Court issues the order
setting the new date, and (b) no later than October 30, 2000
(*i.e.,* 60 days after the date on which the Third Circuit issued
its *Hammer* opinion).

By an order dated September 8, 2000, this Court denied Hammer's motion as premature, given that the Third Circuit's mandate had not yet issued.  This Court also noted, however, that it would "set an execution date no less than 45 days and no more than 90 days from the date [the Court] receive[s] the mandate."  This Court directed the Government to file a "document setting forth an alternative time frame" for Hammer's execution in the event that the Government believes that the period identified by the Court is inappropriate.

On September 13, 2000, the Third Circuit granted Hammer's motion to expedite issuance of the mandate, and on the same day that court issued the mandate dismissing Hammer's direct appeal. The mandate directs this Court "to fix an early new date for the implementation of the sentence of death."  The Third Circuit's decision effectively concludes Hammer's direct appeal and, as a practical matter, largely forecloses most collateral review that Hammer could pursue.[1]

B.    **Government's position on the setting of an execution date**

As indicated *supra*, this Court has indicated that it intends to set an execution date within a forty-five (45) to ninety (90) day period that will commence on or about October 28, 2000, and terminate on or about December 12, 2000.  The Government is of

---

[1]  *Amicus curiae* on appeal, the Honorable John J. Gibbons, has filed a petition for rehearing *en banc* in the Third Circuit, which is pending at this time.

the view that the time frame set forth in the Court's Order is appropriate under the particular circumstances of this case, and makes the following requests regarding the setting of an execution date within that time frame.

The Government respectfully requests that this Court schedule the execution for November 15, 2000, or November 28, 2000. The request for these particular dates is made in order to accommodate the institutional and operational needs of the Bureau of Prisons.[2] The proposed dates also will not cut short the recently-promulgated thirty (30) day period within which Hammer may file a clemency petition. *See* 28 C.F.R. § 1.10.

The clemency regulations and accompanying commentary contemplate that an execution date will allow for not only the thirty (30) day period for the filing of a clemency petition, but also an additional ninety (90) days during which the Pardon Attorney and then the President may consider and act on the petition. *See* Rules Governing Petitions for Executive Clemency: Capital Cases, 65 Fed. Reg. 48379, 48380 (August 8, 2000). The

---

[2] Some of the administrative and procedural factors that must be accounted for in preparing for an execution are identified in 28 C.F.R. § 26.4. Hammer has stated in a teleconference with the Government and Hammer's standby counsel that Hammer wishes to avail himself of the visits with family members and others permitted by 28 C.F.R. § 26.4, and the Government will honor Hammer's rights under these provisions. Further, for institutional, operational reasons, it is preferable that an execution date not be set for a Friday, Saturday, Sunday, or Monday.

Government would ordinarily request that the execution date allow for the full 120-day period thus contemplated, and does not do so here solely because Hammer has stated that he "has absolutely no intention of seeking clemency." *United States v. Hammer*, ___ F.3d ___, 2000 WL 1234611, at *4. Given that the Government's position on setting the execution, as set forth above, is predicated on Hammer's continuing desire not to seek clemency, the Government anticipates that Hammer's execution will be delayed for consideration of clemency in the event that Hammer changes his mind and files a timely clemency petition.

The Government also requests that the Court refrain from specifying in the Court's order a particular time of day to conduct the execution, and instead allow the Director of the Federal Bureau of Prisons, the Warden, and the U.S. Marshal to exercise their discretion in determining the particular time of day to conduct the execution. An order specifying a particular time of day would unnecessarily restrict the Government in responding to practical contingencies attendant to the execution itself as well as temporary delay resulting from any potential litigation ostensibly brought on Hammer's behalf.

Finally, the Government requests that any order setting an execution date provide that Hammer's death sentence will have priority over any sentence Hammer is presently serving and any sentence that has been imposed on Hammer but which Hammer has not

yet commenced serving.  This Court included similar language in its November 4, 1998, original judgment in this case, thereby, effectively ruling that the death sentence would have priority over Hammer's unserved Oklahoma terms of incarceration.[3]

---

[3]  The Government notes that the Court need not require Hammer's personal attendance in court in conjunction with the issuance of an order setting a new execution date.  The Government is not aware of any constitutional, statutory, or other requirement that a defendant be present for the setting of a new execution date.  Further, Hammer in a paper filed in this Court on September 5, 2000, stated that he does not need to be present at the issuance of a new execution date, and he thus has indicated his willingness to waive any purported right to be present.  Finally, in the event that the Court believes that a court hearing is required to set a new execution date and that Hammer should participate, Hammer has indicated his willingness to attend by video conference.  This would allow for family visitation, as well as avoid unnecessary security issues attendant with his transportation from Indiana to this area.

5

C.    **Conclusion**

For the reasons set forth above, the United States respectfully requests that the Court set the date for execution of Hammer's death sentence for November 15, 2000, or November 28, 2000, and as otherwise set forth herein.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

By  *Frederick E. Martin*

FREDERICK E. MARTIN
Assistant United States Attorney
Herman T. Schneebeli Federal Building
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916/54

Dated:   September 20, 2000

DMB:FEM:jmm   1996R08063

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        : Crim. No. 4:CR-96-0239
                                :
            v.                  : (Muir, J.)
                                :
DAVID PAUL HAMMER               :

## CERTIFICATE OF SERVICE

I hereby certify that I caused two true and correct copies of the
foregoing

**GOVERNMENT'S MEMORANDUM REGARDING SETTING OF AN EXECUTION DATE**

and to be mailed prepaid, United States postage on September 20,
2000, to:

ADDRESSEES:         David A. Ruhnke, Esquire
                    **RUHNKE & BARRETT**
                    47 Park Street
                    Montclair, New Jersey 07042

                    Ronald C. Travis, Esquire
                    **RIEDERS, TRAVIS, HUMPHREY, HARRIS,**
                        **WATERS & WAFFENSCHMIDT**
                    161 West Third Street
                    Williamsport, Pennsylvania 17701

                    John J. Gibbons, Esquire
                    Lawrence S. Lustberg, Esquire
                    Jessica A. Roth, Esquire
                    **GIBBONS, DEL DEO, DOLAN, GRIFFINGER,**
                     **& VECCHIONE**
                    One Riverfront Plaza
                    Newark, New Jersey 07102

                    David Paul Hammer, *Pro Se*
                    Reg. No. 24507-077
                    United States Penitentiary
                    4200 Bureau Road North
                    Terre Haute, IN 47808

                              FREDERICK E. MARTIN
                              Assistant United States Attorney

7