# EXHIBIT G

DMB:FEM:jmm 1996R08063

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :   Crim. No. 4:CR-96-0239

                : 

      v.                    :   (Muir, J.)

                : 

DAVID PAUL HAMMER         : 

**FILED**
**WILLIAMSPORT, PA**

OCT 1 0 2000

MARY E. D'ANDREA, CLERK
Per_____
                   **DEPUTY CLERK**

### GOVERNMENT'S MEMORANDUM REGARDING
### SETTING OF A PARTICULAR TIME FRAME FOR EXECUTION

COMES NOW, the United States of America, by undersigned counsel, and in accordance with this Court's Order of September 22, 2000, hereby submits the following memorandum regarding Hammer's request to set a particular time frame for the implementation of the death sentence in this case.

**A. Procedural History**

In response to this Court's order of September 8, 2000, the United States filed on September 20, 2000, its position regarding Hammer's request that the Court set a new execution date within a specific time frame. On the following date, September 21, 2000, this Court established November 15, 2000, as the date upon which Hammer is to be executed. This Court specifically declined to set a specific time for this noting that "the Court of Appeals [in its remand of the case] only specified that we fix an early new date for execution and did not direct us to specify a particular time of day. . . ." (Order, p. 2.)

Also, on September 21, 2000, counsel for Hammer filed a response to the submission of the United States objecting only on the basis that "the execution [should] be carried out between 10:00 a.m. and 4:00 p.m. on the scheduled date" and that "Defendant [be given] at least 30 days notice of the presumptive time selected for conducting the execution." (*Pro Se* Motion, ¶¶ 5 and 6.)

Based upon this sequence of events, the Court entered its order of September 22, 2000. Herewith presented is the opposition of the United States to Hammer's request for the particular time frame[1] put forward in his pleadings.

B.    **Government's Opposition to Hammer's Request for Specific Time for Execution**

Before addressing the reasons advanced by Hammer for establishing a time frame for his execution, sometime between 10:00 a.m. and 4:00 p.m., it is well to consider available legal authority. There simply is none which supports Defendant's request.

Section 3594 of Title 18, United States Code, which relates to the "Imposition of a Sentence of death," does not require this

---

[1]    The United States believes that it is appropriate to address the issue raised by Hammer in this pleading as it relates directly to issuance of the Mandate by the Court of Appeals and, consequently, is within this Court's jurisdiction. By the same token, the United States does not believe that this Court is the appropriate forum for considering all claims by Hammer regarding the details of his confinement or proposed execution in Indiana. *See* 28 U.S.C. § 2241.

Court to set even a particular day for an execution. Similarly, there is no requirement for selection of a date certain in § 3596 which references "Implementation of a Sentence of death."

Rules promulgated by the Attorney General in 1993, which relate to those provisions, do not necessitate that the Court fix a specific time or date. 28 C.F.R. § 26.2. Rather this could be selected by the Director of the Bureau of Prisons. 28 C.F.R. § 26.3(a)(1). However, those same rules recognize this Court's inherent authority to do so. 28 C.F.R. § 26.3(a). Finally, in the specific case of Hammer, as this Court previously observed in its order of September 22, 2000, the Third Circuit did not indicate that a particular time of day or time frame need be set for the execution.

Hammer advances two principal reasons[2] for his proposed six hour time frame on November 15, 2000. (Response, ¶¶ 7 and 10.) It is submitted that, whether viewed separately and cumulatively, this Court need not adopt the proposed 10:00 a.m. to 4:00 p.m. time frame.

_____

[2] 28 C.F.R. § 26.4(a) allows for Hammer to know, at least twenty (20) days in advance of his execution, the day upon which it will occur. In fact, Hammer, since September 22, 2000, is aware of that date. While in his pleadings he requests thirty (30) days advance notice of the time frame for execution on November 15, 2000, he presents no specific reasons why this should occur. It is submitted that this earlier, general notice sufficiently allows his witnesses to make appropriate travel plans.

3

Initially, Hammer "is opposed to having the execution conducted under the cloak of darkness and that is why he requests that the Court direct the execution be conducted on the select [sic] date between 10:00 a.m. and 4:00 p.m." (*Pro Se* Motion, ¶ 4.)  While the execution well may take place before darkness falls, the setting of the sun does not constitute a rational, legal basis for otherwise discontinuing an execution on November 15, 2000.  Stated in other terms, Hammer's personal preferences are of no moment since an execution during the hours of darkness does not constitute "cruel and unusual punishment," the only generally recognized legal basis for voiding the implementation of a death sentence.  *See Woratseck v. Stewart*, 118 F.3d 648, 652 (9th Cir. 1997).

That the 4:00 p.m. cut-off date for execution is arbitrary is further established by Hammer's concessions.  That is, defendant acknowledges the "possible 'practical contingencies' attendant to the execution itself or as a result of any temporary delay resulting from, for example, any potential "next friend" litigation ostensibly brought on *pro se* defendant's behalf" (*Pro Se* Motion, ¶ 4) such a lawsuit can be brought up until 5:00 p.m. when the Clerk's Office closes (or thereafter by application directed to the Court).  And yet, under Hammer's proposal, a lawsuit brought at 3:30 p.m. which could delay proceedings for an hour, would defeat the 4:00 p.m. deadline and require, at a

minimum, a request from the United States to this Court to reschedule the execution for another day, presumably at the continuing request of Hammer, during day light hours. This would serve as a significant waste of judicial resources, as well as greatly inconvenience all persons who appear at the execution, including witnesses whom Hammer wishes to be in attendance.

This aspect of the execution procedure, as set forth at 28 C.F.R. § 26.4(c)(3), serves as Hammer's other basis for setting a day light time frame. Specifically he asserts that,

> Including a time frame for the conducting [sic] of the execution on the selected date and requiring 30 days' notice of the presumptive time of execution will enable the witnesses who will be attending the execution to make the necessary travel arrangements to be physically present in Indiana at the appropriate time.

> Failing to restrict the time for conducting the execution on the selected date and failing to require advance notice of the presumptive time of execution would require the *pro se* Defendant's witnesses to assemble at U.S.P-Terre Haute prior [to] midnight of the day preceding the selected date and to remain available for the 24-hour period of the selected date.

(*Pro Se* Motion, ¶¶ 9 and 10.) But Defendant's six (6) chosen persons are not the only individuals whom are likely to attend the execution. Besides Hammer's witnesses, necessary personnel from the Department of Justice, "eight others," and "ten representatives of the press" are authorized to be present. 28 C.F.R. §§ 26.4(c)(1), (2), (4)(i), and 4(ii). The purported adverse consequences, which would flow from a non-specific

5

execution time are equally applicable to all persons entitled to attend, including those whom Hammer has designated.

Choosing November 15, 2000, as the day for Hammer's execution, in itself, establishes a 24-hour period during which the sentence must be implemented.  The United States has no objection to this Court setting a time for execution after 7:00 a.m. on November 15, 2000.  Thus, Hammer's spectre of a 24-hour vigil or a post-midnight but early morning[3] execution, as speculated in his pleadings, (Pro Se Motion, ¶ 10), completely will be obviated.  However beyond that, the United States submits that no further time limitation should be imposed by this Court for two substantial reasons.

First, Hammer identifies no substantial reason to impose the requested limitation, and the Government should receive substantial latitude in ensuring that the execution is carried out in a proper, effective, and efficient manner.  The United States Government has not executed an individual since 1963. David Paul Hammer, barring the unforeseen, will be the first person whose sentence of death will be implemented.  Officials at the Terre Haute Penitentiary are fully confident of their ability to conduct the execution appropriately and desire, under wider

---

[3] The 7:00 a.m. beginning time would comply with Hammer's other stated objection, avoiding "the cloak of darkness." (Pro Se Motion, ¶ 4.)

6

latitude than Hammer would allow, that the conditions are consistent with this most serious of governmental obligations.

Second, there are security issues inherent in setting time frames.  The Warden at Terre Haute has expressed concern over limitations when on November 15th the execution could go forward. If this Court wishes to receive further details, an affidavit will be submitted expanding upon the potential security problems inherent in Hammer's proposal *in camera*.

**C.    Conclusion**

Hammer's reasons for conducting his execution only during a particular six (6) hour time frame on November 15, 2000, are insubstantial.  Particularly given the lack of legal support for this limitation, the novelty of the situation at Terre Haute, as well as general security concerns and potential inconvenience to all, if defendant's proposal were adopted, this Court should allow the Director of the Bureau of Prisons and the Warden at Terre Haute to conduct Hammer's execution at any time which they deem appropriate after 7:00 a.m. on November 15, 2000.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

By _____
FREDERICK E. MARTIN
Assistant United States Attorney
Herman T. Schneebeli Federal Bldg.
240 West Fourth Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916/54

Dated: October _____, 2000

7

DMB:FEM:jmm 1996R08063

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　: Crim. No. 4:CR-96-0239
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　: (Muir, J.)
　　　　　　　　　　　　　　　　:
DAVID PAUL HAMMER　　　　　　　:

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copies of the
foregoing

### GOVERNMENT'S MEMORANDUM REGARDING SETTING OF
### A PARTICULAR TIME FRAME FOR EXECUTION

and to be mailed prepaid, United States postage on October _10_,
2000, to:

ADDRESSEE:　　　　　　David A. Ruhnke, Esquire
　　　　　　　　　　　**RUHNKE & BARRETT**
　　　　　　　　　　　47 Park Street
　　　　　　　　　　　Montclair, New Jersey 07042

　　　　　　　　　　　Ronald C. Travis, Esquire
　　　　　　　　　　　**RIEDERS, TRAVIS, HUMPHREY, HARRIS,**
　　　　　　　　　　　　　**WATERS & WAFFENSCHMIDT**
　　　　　　　　　　　161 West Third Street
　　　　　　　　　　　Williamsport, Pennsylvania 17701

　　　　　　　　　　　John J. Gibbons, Esquire
　　　　　　　　　　　Lawrence S. Lustberg, Esquire
　　　　　　　　　　　Jessica A. Roth, Esquire
　　　　　　　　　　　**GIBBONS, DEL DEO, DOLAN, GRIFFINGER,**
　　　　　　　　　　　 **& VECCHIONE**
　　　　　　　　　　　One Riverfront Plaza
　　　　　　　　　　　Newark, New Jersey 07102

　　　　　　　　　　　David Paul Hammer, _Pro Se_
　　　　　　　　　　　Reg. No. 24507-077
　　　　　　　　　　　United States Penitentiary
　　　　　　　　　　　4200 Bureau Road North
　　　　　　　　　　　Terre Haute, IN 47808


　　　　　　　　　　　_____
　　　　　　　　　　　FREDERICK E. MARTIN
　　　　　　　　　　　Assistant United States Attorney

8