**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CAPITAL CASE**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                        **Case No. 4:97-cr-00243-02 KGB**

**DANIEL LEWIS LEE**                                                    **DEFENDANT**
**ORDER**

On Friday, July 3, 2020, after the close of business, it was brought to my attention by the Clerk of Court that approximately 20 years ago, in defendant Daniel Lewis Lee's underlying criminal case and while in the private practice of law, I was one of the lawyers who filed on behalf of the New York Times Company a motion for leave to intervene, response to government's motion regarding exhibits, and brief in support (Dkt. No. 910).[1] Mr. Lee responded to the motion (Dkt. No. 916).  Judge G. Thomas Eisele granted the motion to intervene, directed the parties to attempt to reach a consent order consistent with his rulings, and then entered an order regarding security and distribution of the trial exhibits (Dkt. Nos. 919, 920, 923).

Cannon 3(C) of the Code of Conduct for United States Judges addresses disqualification and states in pertinent part:

> (1)     A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
>     . . .
>
>     (b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness. . . .

---

[1]  Philip S. Anderson and retired U.S. District Judge J. Leon Holmes, who were in the private practice of law with me at the time, also represented the New York Times Company in filing this motion on September 13, 1999 (Dkt. No. 910).

Essentially this same language appears in the statute governing recusal.  28 U.S.C. § 455(b)(2).

Cannon 3(C)(3)(d) sets forth a definition of "proceeding" to include pretrial, trial, appellate review, or other stages of litigation.  The Code includes no definition of the phrase "matter in controversy" as used in subsection (b) of Cannon 3(C)(1).

Cannon 3(D) addresses remittal of disqualification but does not permit remittal when circumstances arise as specifically set out in subsection (b) of Cannon 3(C)(1), among others.

I do not have any firm memory of the motion to intervene or the resolution of the motion. Based on these circumstances, however, I recuse.  I direct the Clerk of Court to reassign randomly this case.

It is so ordered this 6th day of July, 2020.

_____
Kristine G. Baker
United States District Judge

2