# Exhibit 1



**U.S. Department of Justice**

Federal Bureau of Prisons

_____

*Office of the Director*                              *Washington, DC 20534*

May 11, 2001

MEMORANDUM FOR HARLEY G. LAPPIN, WARDEN
                UNITED STATES PENITENTIARY, TERRE HAUTE

FROM:        Kathleen Hawk Sawyer
             Director

SUBJECT:     Setting of Execution Date

The purpose of this memorandum is to reschedule the date for the
execution of Timothy J. McVeigh, Reg. No. 12076-064.  The date
for the execution had been scheduled for May 16, 2001.  The
sentence of death for inmate McVeigh will now be carried out at
the United States Penitentiary in Terre Haute, Indiana, on
June 11, 2001, at 7:00 a.m. (Central Standard Time).  Please
provide inmate McVeigh notice of the new execution date.


cc:     The Honorable John Ashcroft
        Attorney General

        The Honorable Robert S. Mueller, III
        Acting Deputy Attorney General

        The Honorable Louie T. McKinney
        Acting Director, United States Marshals Service

        Kathryn M. Turman
        Director, Office for Victims of Crime

        Roger C. Adams
        Pardon Attorney

        John C. Keeney
        Acting Assistant Attorney General

cc:    Margaret P. Griffey
       Chief, Capital Case Unit

       Christopher Erlewine
       Assistant Director/General Counsel

       Michael B. Cooksey
       Assistant Director, Correctional Programs

       G.L. Hershberger
       Regional Director, North Central Region

       Margaret C. Hambrick
       Regional Director, Mid-Atlantic Region

# Exhibit 2

# Executive Grant of Clemency

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

*WHEREAS* **JUAN RAUL GARZA** was convicted in the United States District Court for the Southern District of Texas on an indictment (Criminal No. B-93-009) charging violations of Sections 963, 952(a)(2), and 960(b)(1)(G) of Title 21, United States Code (Count 1); Sections 846, 841(a)(1), and 841(b)(1)(A)(vii) of Title 21, United States Code (Count 2); Sections 841(a)(1) and 841(b)(1)(B)(vii) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 3); Sections 841(a)(1) and 841(b)(1)(C) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 4); Sections 841(a)(1) and 841(b)(1)(B)(vii) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 5); Sections 848(a) and 848(c) of Title 21, United States Code (Count 6); Sections 848(a), 848(c), and 848(e)(1)(A) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Counts 7, 8, and 9); and Section 1956(a)(1)(A)(i) and Section 2 of Title 18, United States Code (Count 10); and on August 10, 1993, as recorded in a judgment filed on October 14, 1993, a sentence of death by lethal injection was imposed on Counts 7, 8, and 9; and concurrent terms were imposed of imprisonment for life on Counts 1, 2, and 6, for 40 years on Counts 3 and 5, and for 20 years on Counts 4 and 10; and

*WHEREAS* the judgment of the District Court was affirmed by the United States Court of Appeals for the Fifth Circuit on September 1, 1995, a rehearing en banc was denied by the United States Court of Appeals for the Fifth Circuit on December 15, 1995, and a petition for a writ of certiorari was denied by the United States Supreme Court on October 7, 1996, and a petition for rehearing was denied by the United States Supreme Court on December 2, 1996; and

*WHEREAS* the said prisoner subsequently filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for the Southern District of Texas on April 9, 1998, and a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and motion to alter and amend the judgment under Federal Rule of Civil Procedure 59(e), which were also denied by the District Court; and

*WHEREAS* an application for a certificate of appealability concerning the denial of the said prisoner's motion under 28 U.S.C. § 2255 was denied by the United States Court of Appeals

for the Fifth Circuit on January 14, 1999, and a petition for a writ of certiorari was denied by the United States Supreme Court on November 15, 1999; and

*WHEREAS* the date presently set for execution of the said prisoner's sentence of death is December 12, 2000;

NOW, THEREFORE, BE IT KNOWN that I, William J. Clinton, President of the United States of America, in consideration of the premises, divers other good and sufficient reasons me thereunto moving, do hereby grant a reprieve of the date for execution of the death sentence imposed upon the said **JUAN RAUL GARZA** from December 12, 2000, to June 19, 2001, and do hereby set June 19, 2001, as the new date for execution of the death sentence, said sentence to be carried out on that day at a time set by the Director of the Bureau of Prisons. *And further*, the sentences of imprisonment imposed upon the said prisoner are to continue in effect without interruption. The Director of the United States Marshals Service is hereby commanded to take notice of this action and to cause execution of the said sentence of death to be stayed accordingly.

I HEREBY DIRECT the Pardon Attorney, as my representative, to deliver to the Director of the Bureau of Prisons a certified true copy of this grant of reprieve, for delivery to the said prisoner.

IN TESTIMONY WHEREOF I have hereunto signed my name and caused the seal of the Department of Justice to be affixed.



DONE at the City of Washington this

eleventh day of December

in the year of our Lord Two Thousand

and of the Independence of the United States

the Two Hundred and Twenty-Fifth.

*William J. Clinton*

William J. Clinton
President

# Exhibit 3

# Executive Grant of Clemency

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING:

*WHEREAS* JUAN RAUL GARZA was convicted in the United States District Court for the Southern District of Texas on an indictment (Criminal No. B-93-009) charging violations of Sections 963, 952(a)(2), and 960(b)(1)(G) of Title 21, United States Code (Count 1); Sections 846, 841(a)(1), and 841(b)(1)(A)(vii) of Title 21, United States Code (Count 2); Sections 841(a)(1) and 841(b)(1)(B)(vii) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 3); Sections 841(a)(1) and 841(b)(1)(C) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 4); Sections 841(a)(1) and 841(b)(1)(B)(vii) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Count 5); Sections 848(a) and 848(c) of Title 21, United States Code (Count 6); Sections 848(a), 848(c), and 848(e)(1)(A) of Title 21, United States Code, and Section 2 of Title 18, United States Code (Counts 7, 8, and 9); and Section 1956(a)(1)(A)(i) and Section 2 of Title 18, United States Code (Count 10); and on August 10, 1993, as recorded in a judgment filed on October 14, 1993, a sentence of death by lethal injection was imposed on Counts 7, 8, and 9; and concurrent terms were imposed of imprisonment for life on Counts 1, 2, and 6, for 40 years on Counts 3 and 5, and for 20 years on Counts 4 and 10; and

*WHEREAS* the judgment of the District Court was affirmed by the United States Court of Appeals for the Fifth Circuit on September 1, 1995, a rehearing en banc was denied by the United States Court of Appeals for the Fifth Circuit on December 15, 1995, and a petition for a writ of certiorari was denied by the United States Supreme Court on October 7, 1996, and a petition for rehearing was denied by the United States Supreme Court on December 2, 1996; and

*WHEREAS* the said prisoner subsequently filed a petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for the Southern District of Texas on April 9, 1998, and a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and motion to alter and amend the judgment under Federal Rule of Civil Procedure 59(e), which were also denied by the District Court; and

*WHEREAS* an application for a certificate of appealability concerning the denial of the said prisoner's motion under 28 U.S.C. § 2255 was denied by the United States Court of Appeals for the Fifth Circuit on January 14, 1999, and a petition for a writ of certiorari was denied by the United States Supreme Court on November 15, 1999; and

*WHEREAS* the said prisoner has been confined continuously since his arrest on November 6, 1992, and presently is incarcerated at the United States Penitentiary at Terre Haute, Indiana; and

*WHEREAS* on May 26, 2000, the Honorable Filemon B. Vela set a date of August 5, 2000, for execution of the sentence of death imposed upon said prisoner; and

NOW, THEREFORE, BE IT KNOWN that I, William J. Clinton, President of the United States of America, in consideration of the premises, divers other good and sufficient reasons me thereunto moving, do hereby grant a reprieve of the date for execution of the death sentence imposed upon the said JUAN RAUL GARZA from August 5, 2000, to December 12, 2000, and do hereby set December 12, 2000, as the new date for execution of the death sentence, *and further*, the sentences of imprisonment imposed upon the said prisoner are to continue in effect without interruption. The Director of the United States Marshals Service is hereby commanded to take notice of this action and to cause execution of the said sentence of death to be stayed accordingly.

IN TESTIMONY WHEREOF I have hereunto signed my name and caused the seal of the Department of Justice to be affixed.

DONE at the City of Washington this second day of August in the year of our Lord Two Thousand and of the Independence of the United States the Two Hundred and Twenty-Fifth.



William J. Clinton
President

# Exhibit 4

U.S. Department of Justice

Federal Bureau of Prisons

*Office of the Director*

*Washington, DC 20534*

November 14, 2002

MEMORANDUM FOR KEITH E. OLSON, WARDEN
                    UNITED STATES PENITENTIARY, TERRE HAUTE

FROM:         Kathleen Hawk Sawyer
              Director

SUBJECT:      Setting of Execution Date

The purpose of this memorandum is to schedule the date for the
execution of Louis Jones, Reg. No. 27265-077.  The sentence of
death for inmate Jones will be carried out at the United States
Penitentiary in Terre Haute, Indiana, on March 18, 2003.  Please
provide inmate Jones notice of the execution date.


cc:    The Honorable John Ashcroft
       Attorney General

       The Honorable Larry D. Thompson
       Deputy Attorney General

       The Honorable Benigno G. Reyna
       Director, United States Marshals Service

       John W. Gillis
       Director, Office for Victims of Crime

       Roger C. Adams
       Pardon Attorney

       Michael Chertoff
       Assistant Attorney General

cc:    Margaret P. Griffey
       Chief, Capital Case Unit

       Christopher Erlewine
       Assistant Director/General Counsel

       Michael B. Cooksey
       Assistant Director, Correctional Programs

       G.L. Hershberger
       Regional Director, North Central Region

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:97-CR-00243-KGB |
| | ) | (Capital Case) |
| | ) | |
| DANIEL LEWIS LEE. | ) | |

## DECLARATION OF TOM WATSON

I, Tom Watson, do hereby declare and state as follows:

1.      I am currently employed by the Bureau of Prisons (BOP) as the Complex Warden at the Federal Correctional Complex located in Terre Haute, Indiana (FCC Terre Haute), a position I have held since November 11, 2018. I have been employed by the BOP in areas of increasing responsibility since 1995.

2.      The statements I make hereinafter are made on the basis of my review of the official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3.      I have been advised that certain Plaintiffs in the above referenced lawsuit have raised issues regarding the impact of the COVID-19 pandemic on the availability of legal visits at USP Terre Haute.

4.      On March 13, 2020, as part of its agency-wide modified operation in response to COVID-19, BOP announced that legal visits generally would be suspended to mitigate the risk of exposure to COVID-19 by external visitors. *See* https://www.bop.gov/resources/news/20200313_covid-19.jsp.[1]

---

[1] While, this practice was initially scheduled to last for 30 days, it has been extended a number

1

5. BOP acknowledges that inmates' access to legal counsel remains a paramount requirement, and accordingly allows for case-by-case accommodations of in-person legal visits.

6. Additionally, unmonitored legal calls have been allowed in order to ensure the confidentiality of inmates' communications with their counsel. In accordance with BOP Program Statement 5264.08 "Inmate Telephone Regulations," at 10-11, an inmate's properly placed call to an attorney is not monitored by staff.

7. These directives have been followed at FCC Terre Haute generally, and specifically at the Special Confinement Unit (SCU), which houses all but five federal inmates with a sentence of death, including Mr. Lee. (Doc. 102) in 19-145 D.D.C.

8. Since the BOP modified its operations on March 13, 2020, legal calls for SCU inmates have increased substantially. Staff are currently accommodating approximately between thirty-five (35) to forty (40) scheduled legal calls per week for SCU inmates. In addition to the scheduled calls, staff are routinely granting multiple emergency requests, so the actual number of accommodated calls is higher than the approximately thirty-five (35) to forty (40) scheduled calls. Prior to COVID-19, the number of SCU inmate calls accommodated in an average week was approximately in the mid –twenties.

9. During BOP's modified operations in light of COVID-19, attorneys for SCU inmates have been able to request an exception to allow an in-person legal visit. Such requests would be considered on a case by case basis. However, the institution has received no such requests.[2]

---

of times, and currently continues to July 31, 2020. *See* https://www.bop.gov/resources/news/pdfs/20200414_press_release_action_plan_6.pdf and https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp.

[2] Some attorneys for SCU inmates had legal visits calendared for after modified operations were scheduled to cease, and/or had standing legal visits scheduled outside of previous modified operations

10. During an execution, an inmate's attorney, or attorneys, may be present in the witness room designated for the inmate's witnesses. (AR 1024 and 1038). All witnesses will be provided face masks and can be provided full PPE to include face shields, gowns, and gloves if they desire. Social distancing will be practiced to the greatest extent possible.

11. While an inmate's attorney(s) will not be permitted to maintain their personal cell phone or other electronic devices in the witness room, if legitimate need arises (such as need to contact a court) an attorney may request the use of a phone and will have immediate access to one outside of the witness room.

12. Social visits for all inmates have been suspended throughout the BOP; however, social visits are currently permitted for the inmates with scheduled execution dates. All social visitors are provided a mask if they do not have their own. Visitors are also given access to a restroom with soap and water, as well as hand sanitizer. Additional PPE is available upon request to include, face shield, gloves, and gown. Two of the inmates have already scheduled and participated in social visits. Specifically, Daniel Lee has social visits scheduled to begin July 8, 2020 and continue daily through July 12, 2020.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this __7__ day of July , 2020.

_____
T.J. Watson
Federal Bureau of Prisons

---

presumptive end dates, but those visits were postponed when BOP extended its modified operations.

3