# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

## CAPITAL CASE

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                          **Case No. 4:97-cr-00243-02 LPR**

**DANIEL LEWIS LEE**                                                            **DEFENDANT**

## ORDER

Before the Court is Daniel Lewis Lee's Motion for Disclosure and Transmission of Government Communications Pursuant to Local Rule 83.8.  (Doc. 1378).[1]  Mr. Lee is a federal death-row inmate.  The Director of the Federal Bureau of Prisons, upon direction of the Attorney General, has scheduled Mr. Lee's execution for Monday, July 13, 2020.  (Doc. 1379).  This Motion is one of a number of pending motions that have recently been filed by Mr. Lee.

Local Rule 83.8 is entitled "Communications by United States Attorney Regarding Persons Sentenced by This Court."  The Rule provides as follows:

> The United States Attorney and his staff shall not communicate in writing with the United States Bureau of Prisons, the United States Parole Commission, or the United States Probation Office concerning any person remanded to the custody of the Attorney General by this court following the sentencing of that person unless the United States Attorney shall furnish copies of the communication to the sentencing judge. If the United States Attorney communicates orally with the Bureau of Prisons, the Parole Commission, or the Probation Office concerning such a person, he shall reduce the substance of the communication to writing and furnish copies to the sentencing judge. The sentencing judge shall then determine whether such communications should also be transmitted to the defendant and/or his attorney.

---

[1] On July 6, 2020, Judge Baker recused from this case.  (Doc. 1410).  On the same day, the case was randomly reassigned to me.  (Doc. 1411).  Before the recusal and reassignment, Judge Baker ordered the Government to provide potentially relevant communications to the Court *ex parte* and under seal for *in camera* review.  (Doc. 1388).  Judge Baker held under advisement Mr. Lee's request for transmission of the materials to him or his counsel. (*Id.*).

The Rule was adopted and became effective on February 1, 1982.  It was revised on September 1, 1982.  This Rule appears to be entirely unique to the Eastern District of Arkansas.  And neither Mr. Lee nor the Government offer much in the way of legal analysis, case law, or history on the Rule.

As best I can tell, the 1982 implementation of the Local Rule was a result of concerns of one or more judges that the U.S. Attorney's Office was—after sentencing and thus without judicial supervision or an opportunity for adversarial testing—providing potentially inaccurate information to the Bureau of Prisons, the United States Parole Commission, and the United States Probation Office.  The judge or judges felt this potentially inaccurate information was improperly and directly influencing the practical length of a prisoner's sentence, where the sentence was served, how the prisoner was classified, and other aspects of incarceration.  *See, e.g., U.S. v. Allison*, 547 F. Supp. 269, 270-72 (E.D. Ark. 1982) (Chief Judge Eisele criticizing post-sentencing "communications by the U.S Attorney to the Bureau of Prisons which the Court felt to be improper, and the subsequent reliance upon the information so communicated, and other incorrect information, by the U.S. Parole Commission").

I have my doubts as to whether the Local Rule is consistent with the Federal Rules of Criminal Procedure and with the structural separation of powers enshrined in the United States Constitution.  But the Government has not argued those points.  So I need not, should not, and cannot address them.  Rather, I take the Local Rule as valid for purposes of Mr. Lee's Motion.  In response to the Motion, the Government agreed to disclose to the Court for *in camera* review any written communications (and summaries of oral communications) that might be covered by the Local Rule.  (Doc. 1385 at 1-2).  The Government has now provided such documents, and I have conducted the necessary review.  The documents are not directly related to Mr. Lee's sentence.

Certainly, they are nothing close to the communications described in the *Allison* case.  But they are tangentially and indirectly related to Mr. Lee.  And that's enough to bring them, at least technically, within the plain language of the Local Rule.  Still, it is fair to say that the documents are towards the outer bounds, not the core, of the Rule's language.   They are "concerning" Mr. Lee in an abstract sense, but they are not communications directly addressing Mr. Lee's sentence.

Just because the documents fall under the Local Rule does not mean they get turned over to Mr. Lee or his counsel.  All it means is that the Government must produce the documents for *ex parte* judicial review.  Under the Local Rule, the next step is for me to "determine whether such communications should also be transmitted to the defendant and/or his attorney[s]."  The Rule does not provide any guideposts for the exercise of my discretion.  Neither party has pointed me to any case law that might suggest relevant guideposts.  Nor have they suggested any guideposts of their own conception.  While my discretion is probably not boundless, the Local Rule appears to provide me with ample room for choosing what factors I believe are important to the analysis of whether to force the Government to disclose the documents to Mr. Lee or his attorneys.

The  Government  asserts  that  many  of  the  documents  reveal  attorney-client communications or attorney work product.  The Government is correct, and this is a good reason to not force disclosure of those specific documents.  But even if the documents were not technically attorney-client communications or attorney work product (and some are not), I have concluded that the appropriate exercise of my discretion here is to refrain from forcing disclosure.  The documents contain intra-executive branch communications.  Their relationship to Mr. Lee's confinement and sentence is very tangential and indirect.  They are not the type of communications that raise the specter of false or misleading defendant-related information being provided to the Bureau of Prisons in a way that will go undiscovered, unsupervised, or unchallenged in the

3

adversarial process.  Mr. Lee does not need these documents to alert him to some undisclosed issue or relevant factual information.  It is not apparent how the disclosure of these communications would aid Mr. Lee at all in advancing any claim or protecting any right.  He will not be prejudiced in any way by the decision to refrain from forcing disclosure of these documents.  Given all of the foregoing, I am denying the remaining portion of Mr. Lee's Motion.[2]

IT IS SO ORDERED this 8th day of July 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[2]  I note that, because Local Rule 83.8 is still in effect, the Government has a continuing obligation to timely provide to the Court any further communications or summaries of communications that might fall under the Local Rule's plain text scope.  Every time the Government does so, the Court will conduct the necessary *ex parte* and *in camera* review to determine whether such communications should also be transmitted to the defendant and/or his attorneys.