## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DANIEL LEWIS LEE,**
        **Movant,**

**vs.**

**UNITED STATES OF AMERICA,**
        **Respondent.**

**Criminal Case No. 4:97-cr-00243-LPR**
**CAPITAL CASE**

**EXECUTION SCHEDULED FOR**
**JULY 13, 2020**

### MOVANT'S SUPPLEMENTAL BRIEF

Daniel Lee, by undersigned counsel, files this Supplemental Brief in response to this Court's Order (Dkt. 1407) requesting that counsel answer the following questions:

> [I]s there a constitutional provision, statute, regulation, or judicial precedent that would prevent me from (1) *sua sponte* issuing the Judgment and Order and (2) setting the execution date for July 13, 2020? What would your objections be aside from the COVID-19 related arguments that you have ably presented already?

The Court also invited Mr. Lee to "comment on the questions posed to the other party." Mr. Lee will do both.

First: There is no constitutional provision, statute, regulation, or judicial precedent that would prevent the Court from *sua sponte* issuing the Judgment and Order. However, there is precedent that counsels against setting the execution date for July 13, 2020. And there are strong reasons aside from the COVID-19 related arguments for why the Court shouldn't schedule the execution for that date. To understand why, Mr. Lee must first comment on the questions posed to the Government.

There is a simple answer as to what should be done here: The Government should file a Proposed Order and Judgment. Those are the rules. It should know—it wrote them.

But there's also a simple answer for why the Government likely hasn't taken this step:

filing a Proposed Order and Judgment *now* would preclude it from moving forward with the July 13 execution date.

The problem for the Government is that the notice that BOP provided to Mr. Lee on June 15, 2020 is a legal nullity because it lacked a lawful order authorizing it to implement Mr. Lee's sentence. The agency's action was *ultra vires*. BOP's June 15th letter to Mr. Lee was, in fact, a dead letter.

If the Government were to comply with the law and file a Proposed Order and Judgment today, and it were granted, the BOP would now have in hand a valid order to implement the death sentence and it would be within its right to pick a date and issue notice to Mr. Lee. But per 28 C.F.R. §26.4(a), it would have to provide Mr. Lee with at least *20 days' notice*. Because July 13 is now only four days away, it is not a valid execution date.

Now, of course, this Court could step in and set the date for July 13. But why should it pick *that date*? It is of no particular significance to this case, nor has the Court ever previously indicated a desire to set an execution date at all, let alone on that specific date. *Cf. United States v. Garza*, No. 1:97cv273, Dkt. 11 (S.D. Tex. May 15, 2000) & *United States v. Hammer*, No. 4:96-cr-00239-JHS, Dkt. 706 (M.D. Pa. Sept. 8, 2000) (both courts providing notice regarding intent to set a specific execution date and opportunity for parties to be heard).[1] Indeed, there could be only one purpose for the Court to issue an Order and Judgment for July 13: to cure a defect caused by the Government's failure to follow its own rules. But wouldn't this represent precisely the type of "massive windfall" the Government has argued against in prior pleadings? After all, this is a problem of the *Government's* own creation, when it failed to abide by federal

---

[1] It should be noted that the *Hammer* court provided this notice even though Mr. Hammer had already filed a pro se motion volunteering to be executed. Dkt. 1401-7.

regulations that it promulgated for itself. The appropriate remedy is not for the Court to rescue the Government from its own negligence, but for the Government to simply *follow the rules*.[2] And if that means that it can't go forward with the execution on July 13, then so be it. It has no one to blame but itself. Again, it knew the rules—*it wrote them*.

But the issue with a *sua sponte* Order setting a July 13 execution date is not simply a moral hazard problem, and Mr. Lee is not arguing a "technicality"—it would also deprive Mr. Lee of additional process to which he would otherwise be entitled if the Government had to file a Proposed Order and Judgment. Specifically, he would lose the 20 days' notice.

This is no small matter.

Mr. Lee was informed of his execution date on June 15. This is the shortest notice period in the history of the modern federal death penalty. The *Hammer* court, for example, provided Mr. Hammer with 65 days' notice of his execution date when it issued its Judgment. *See* Dkt. 1401-7. The *Garza* court provided Mr. Garza with 71 days' notice of his execution date. *United States v. Garza*, No. 1:97cv273, Dkt. 18 (S.D. Tex. May 26, 2000).

While the Government's regulations technically allow such a short notice period, there are compelling reasons for more notice.

Mr. Lee has active litigation pending. In fact, just yesterday, he filed his appeal brief in the Seventh Circuit concerning the denial of his § 2241 petition, which had been pending in the district court for almost a year and was not denied until June 26, 2020. The Circuit ordered the Government to file its responsive brief by 5 PM today. Clearly, that Court is attempting to afford Mr. Lee some semblance of an appellate process, to which he is entitled as of right, despite the

---

[2] As former Fifth Circuit Chief Judge Jones has noted, it is not the job of the federal courts to "litigate the State's case if the State does its job poorly." *Young v. Dretke*, 356 F.3d 616, 630 (5th Cir. 2004) (C.J., Jones, concurring).

compressed time schedule. Affording Mr. Lee twenty days in which to allow that process to play out—rather than four—would make an obvious difference to his appellate rights.[3]

The short notice also directly conflicts with the Government's own clemency rules. Although these rules do not appear to grant Mr. Lee enforceable rights, they nevertheless reveal the process the Government envisions in capital cases. Indeed, when President Jackson expressed his comfort with the federal courts setting execution dates he assumed that those dates would be set in a manner that provided "reasonable time for the interposition of executive clemency." 20 Op. Atty. Gen. 344 (1830).

In a pleading before a federal court, the Government has indicated what it believes to be adequate process in a normal case ensuring that "[t]he proposed dates also will not cut short the recently-promulgated thirty (30) day period within which [defendant] may file a clemency petition." Dkt. 1401-8. The Government noted that "the clemency regulations and accompanying commentary contemplate that an execution date will allow for not only the thirty (30) day period for the filing of a clemency petition, but also an additional ninety (90) days during which the Pardon Attorney and then the President may consider and act on the petition" and thus when asking the Court for an execution date it would "ordinarily request that the execution date allow for the full 120-day period…contemplated." *Id*. The Government has apparently jettisoned these standing practices in its haste to execute Mr. Lee.

---

[3] One of the issues on appeal concerns prosecutorial misconduct during the penalty phase. The Hon. J. Leon Holmes opined that but for that due process violation, "the outcome of the proceeding would have been different." Dkt. 1313 at 14. But he found he lacked jurisdiction to reach the merits. *Id*. at 17. The Hon. James P. Hanlon, who presided over Mr. Lee's subsequently filed § 2241 petition, agreed with Judge Holmes about the materiality of the *Brady* claim. *Lee v. Warden USP Terre Haute, et al*., No. 2:19-cv-00468-JLH-DLP, Dkt. No. 27 at 16 (S.D. Ind. Dec. 5, 2019). But he, too, found he lacked jurisdiction. *Id.,* Dkt. 35 at 7. Thus, two federal judges have concluded that the underlying *Brady* claim has merit. And Judge Hanlon's procedural ruling is currently being reviewed by the Seventh Circuit.

If the Court decides to *sua sponte* enter a Judgment and Order legally setting Mr. Lee's execution date for the first time, it should independently choose a date and time that respects at least the minimal process Mr. Lee is entitled to under the agency's rules. But precedent counsels for more than just twenty days. Respectfully, this Court should select a date that is at least in line with the precedent set by prior court-issued Judgments implementing the sentence in comparable federal capital cases.[4]

Mr. Lee will be the first federal prisoner to be executed in nearly two decades, and as a result his case has garnered enormous national interest. Allowing the Government to use a convenient workaround to carry out Mr. Lee's execution on July 13—despite failing to following its own regulations—would erode public confidence in the judicial system. And that's particularly true here: The Government has repeatedly blocked substantive review of Mr. Lee's various post-conviction claims by urging this Court to strictly adhere to procedural rules. But what's sauce for the goose is sauce for the gander. The public must have confidence that the rules are being applied in an even-handed manner and that the Government is not receiving the benefit of a double-standard in a legal proceeding where a life literally hangs in the balance.

---

[4] Of course, this would not obviate counsel's COVID-19 concerns; the legal, ethical, and public health ramifications articulated by Mr. Lee's experts counsel for setting the date in a manner that doesn't require counsel to potentially subject themselves or their family members to harm. At a minimum, however, *Hammer* and *Garza* establish benchmarks for the amount of time that should be given to someone in Mr. Lee's position so that he has meaningful access to the process afforded at this stage of his case.

Respectfully submitted this 9th day of July, 2020.

| | |
|---|---|
| MORRIS H. MOON | GEORGE G. KOUROS |
| Bar Number 24032750 (TX) | Bar Number 420813 (CT) |
| Attorney for Daniel Lee | Attorney for Daniel Lee |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Federal Capital Habeas Project | Federal Capital Habeas Project |
| 6411 Ivy Lane, Suite 710 | 6411 Ivy Lane, Suite 710 |
| Greenbelt, MD 20770 | Greenbelt, MD 20770 |
| Telephone: (713) 880-3556 | Telephone: (301) 821-0855 |
| Email: Morris_Moon@fd.org | Email: George_Kouros@fd.org |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 9, 2020. This motion was served via this court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

MICHAEL GORDON
JONATHAN D. ROSS
SHANNON S. SMITH
U. S. Attorney's Office
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
(501) 340-2600
michael.gordon@usdoj.gov
Jonathan.D.Ross@usdoj.gov
shannon.smith@usdoj.gov

GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org