IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA    )
                        )
                        )
      v.                )      Case No. 4:97-CR-00243-LPR
                        )         (Capital Case)
                        )
DANIEL LEWIS LEE.         )

**GOVERNMENT'S RESPONSE TO QUESTIONS IN COURT'S 7/8/2020 ORDER REGARDING DEFENDANT'S MOTION TO DECLARE HIS EXECUTION DATE NULL AND VOID**

The government submits this response to the questions the Court posed to the parties (Dkt. 1417) regarding defendant Daniel Lewis Lee's motion to declare the July 13, 2020, execution date scheduled by the Federal Bureau of Prisons "null and void." Dkt. 1400. This Court has asked whether there are any obstacles, legal or other, to the government's "filing a Proposed Judgment and Order . . . asking the Court to set the execution date for Monday July 13" and the Court entering such an order. Dkt. 1417. As we have argued, such an order is not necessary; the Executive Branch, acting through the Bureau of Prisons, possesses long-standing lawful authority to schedule execution dates for federal defendants sentenced to death, and the Executive Branch's authority to implement a court's judgment imposing the death penalty by setting the execution date is not dependent on a separate authorization by the Judiciary. Dkt. 1413, at 11-20. Nonetheless, there is no obstacle to this

1

Court entering the type of order envisaged in 28 C.F.R. § 26.2 memorializing the authority of the Bureau of Prisons to set an execution date and its exercise of that authority in this case. The government herewith submits a proposed order to that effect.

This Court entered judgment on May 13, 2002, sentencing Lee to death for three counts of capital murder in aid of racketeering. Dkt. 996, at 1-2. After this Court entered that judgment, the Bureau of Prisons had the authority to set Lee's execution date "no sooner than 60 days from the entry of the judgment of death," 28 C.F.R. § 26.3(a)(1), as it has properly done. *See* Dkt. 1413, at 11-20 (describing Executive Branch's historical, constitutional, statutory, and regulatory authority to set execution dates); 28 C.F.R. § 26.3.

Although this Court may not now alter the currently scheduled execution date unless Lee is able to meet the requirements for an equitable remedy such as a stay, Dkt. 1413, at 21, nothing prevents this Court from issuing an order confirming the Bureau of Prisons' designation of an execution date. According to Lee, the Judiciary has authority to set execution dates, *e.g.*, Dkt. 1400, at 1, and therefore, even under Lee's view, the Court would have the power to confirm an execution date identified by the Bureau of Prisons.[1] And, given that the Bureau of Prisons gave notice of the

---

[1] Although Lee contends (Dkt. 1415, at 1-2) that this Court should vacate the execution date because the Bureau of Prisons' notice of execution was "*ultra vires*,"

2

execution date through its June 15, 2020, letter to Lee, *see* Dkt. 1400-3, an order by this Court confirming that date would not change Lee's expectations.

An order from this Court confirming an execution date set by the Bureau of Prisons, although not necessary, would be consistent with the Department of Justice's 1993 regulations implementing the death penalty. 28 C.F.R., part 26. Section 26.2 provides that the government will "promptly file with the sentencing court a proposed Judgment and Order" stating, "in addition to any other matters required by law or otherwise appropriate," that, *inter alia,* "[t]he sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons." 28 C.F.R. § 26.2(a)(3). And the proposed order attached herewith would accordingly confirm that "[t]he sentence shall be executed on a date . . . designated by the Director of the Federal Bureau of Prisons," who has set a date of July 13, 2020.

To the extent that Lee might object that the government did not seek an order "promptly" (28 C.F.R. § 26.2(a)), that objection would be unavailing. Section 26.2 does not define that term, let alone suggest that the government loses its authority to set an execution date unless it files within a particular timeframe. *See, e.g., Dolan v. United States*, 560 U.S. 605, 611 (2010)

---

an order confirming the Executive Branch's authority to set the date would moot the *ultra vires* claim.

(explaining that where "a statute 'does not specify a consequence for noncompliance with' its 'timing provisions,' 'federal courts will not in the ordinary course impose their own coercive sanction'"). Here, where the requirement was not mandated by Congress and any non-compliance did not prejudice Lee, he would have no basis for objecting to an order confirming an execution date set by the Bureau of Prisons. *See* 5 U.S.C. § 706 (instructing that in review of agency action under the Administrative Procedure Act (APA), "due account shall be taken of the rule of prejudicial error"); *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, Nos. 19-431, 19-454, 2020 WL 3808424, at \*12 (U.S. July 8, 2020) (finding "no 'prejudicial error'" in an agency's failure to publish a document with a particular title because respondents had fair notice in any event); *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009) (the rule of prejudicial error  is an "administrative law . . . harmless error rule") (quotation marks omitted). Indeed, as we argued in a related context in our opposition (Dkt. 1413, at 17-18), the purpose of the regulation was to promote comity and coordination between the Executive Branch and the Judiciary, not to enact rigid rules that hinder such coordination, which would be the result if this Court were to find that it did not have authority to issue an order confirming the execution date set by the Bureau of Prisons in these circumstances. *See* Implementation of Death Sentences in Federal Cases, 58 Fed. Reg. 4898-01, at 4899, 4900 (Jan. 19,

4

1993). And in any event, Lee is poorly situated to seek relief based on any asserted non-compliance with § 26.2, given that he himself failed to "promptly" object to any such non-compliance until the eve of his execution. *Cf. Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (explaining that the equities generally disfavor belated challenges to a government's ability to carry out a death sentence).

For the foregoing reasons, this Court should issue the proposed order stating that the sentence shall be executed on the date designated by the Bureau of Prisons, namely July 13, 2020.

Respectfully submitted,

CODY HILAND
United States Attorney
Eastern District of Arkansas

BRIAN C. RABBITT
Acting Assistant Attorney General

JONATHAN D. ROSS
Assistant United States Attorney
Eastern District of Arkansas

JOHN M. PELLETTIERI
Bar Number 4145371 (NY)
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

July 9, 2020

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 9, 2020, before noon. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

> JOHN M. PELLETTIERI
> Bar Number 4145371 (NY)
> Attorney, Appellate Section
> Criminal Division
> U.S. Department of Justice
> 950 Pennsylvania Ave., N.W.
> Rm. 1260
> Washington, D.C. 20530
> (202) 307-3766
> john.pellettieri@usdoj.gov