**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DANIEL LEWIS LEE,**
      **Movant,**                           **Criminal Case No. 4:97-cr-00243-LPR**
                                             **CAPITAL CASE**

**vs.**

                                             **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA,**      **JULY 13, 2020**
      **Respondent.**

<u>**MOVANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF**</u>

The threshold question before the Court is whether the BOP notice to Mr. Lee authorizes his execution on July 13. The parties need an answer to that question. If the answer is yes, then, respectfully, the Court should enter an order saying so. But if the answer is no, then the Court should say so, too. In which case, the prior notice is null and void and the Government cannot move forward with the July 13 execution date.

The Government, however, wants to have its cake and eat it, too. It claims the BOP notice is valid and this Court is without authority to "alter the currently scheduled execution date," Dkt. 1422 at 2, but graciously states that "nothing prevents this Court from issuing an order confirming the Bureau of Prisons' designation…" *Id.* It maintains that BOP has the inherent authority to set execution dates without the requisite Judgment in hand (rendering the newly-filed Proposed Order and Judgment legally unnecessary and without any discernable purpose), but it also asks the Court to enter such a Judgment (just in case it's wrong).

Of course, the Government doesn't admit that it wants the Proposed Order as an insurance policy. Instead, it employs various euphemisms to characterize what such a judicial act would mean – that it would "confirm" and "memorialize" BOP's choice of an execution date. But make no mistake, the Government is not seeking "confirmation" of its prior notice – *it is*

*seeking to cure it.*[1]

Relatedly, the Government should be required to confirm under what authority it intends to move forward on July 13. If it believes it has the authority under its notice and is proceeding pursuant to that notice (as it certainly appears from the pleadings), the violation Mr. Lee has raised is not remedied simply by this Court granting the Government a backup plan. They would still be executing Mr. Lee illegally, pursuant to a null and void notice. The Government should not be allowed to obfuscate the issue by asking this Court for what, in effect, constitutes an "advisory" order.

The Government's invocation of the "harmless error" rule in the context of administrative law (and the cases cited) are a distraction. Section 26.2 reflects a specific legal reality: BOP's authority to set an execution date derives *solely* from a court's judgment implementing the sentence, pursuant to the All Writs Act. (DOJ has admitted this. *See* Dkt. 1415 at 8.) The issue isn't that BOP has to follow its own rules just for the sake of following them; it's that under these particular circumstances, failure to obtain the relevant Judgment renders any resulting agency action *ultra vires*. It is not § 26.2 that created this legal obligation; that regulation is just a codification of the practice to be followed *so that* the agency's action does not run afoul of established law concerning the Court's exclusive authority to implement a death sentence.

Indeed, that's why § 26.2 (Proposed Order and Judgment) comes before § 26.3 (Date,

---

[1] The Government's two-pronged attack of denying that this Court has inherent authority to control its own Judgment, *see* Dkt. 1422 at 2 ("the Court may not now alter the currently scheduled execution date"), and then reducing the Court to the role of scrivener of an agency's *ultra vires* actions, *id.* at 1-2 (Court should enter an order "memorializing the authority of the Bureau of Prisons to set an execution date"), is an affront to the Separation of Powers. *See United States v. Smith*, 899 F.2d 564, 569 (6th Cir. 1990) ("Under no circumstances should the Judiciary become the handmaiden of the Executive. The independence of the Judiciary must be jealously guarded at all times against efforts by prosecutors to erode its authority.").

time, place, and method of execution)—the regulations set out an order of operations to be followed to ensure that a valid judgment implementing the sentence is obtained from a court, pursuant to its authority under the All Writs Act, *before* the agency seeks to carry it out. The agency can't jump the gun and then hope a valid order is obtained before it crosses the finish line; a false start means the agency has to walk back to the starting line and try again.[2]

Nevertheless, the Government proposes that entry of its Proposed Order setting the date for July 13 would have the effect of resurrecting the BOP's prior notice, like Lazarus from the dead, and conferring it with this Court's authority. It cites no case law for this proposition. That's because it is axiomatic that an agency's *ultra vires* act cannot be made lawful retroactively. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994); *Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Grant v. U.S. Air Force,* 197 F.3d 539, 542 (D.C. Cir. 1999). BOP's June 15 notice is a legal nullity that cannot be revived.

If the Court adopts the Proposed Judgment and Order, filed by the Government pursuant to § 26.2, then BOP must issue a new and proper notice. And if, instead, this Court is inclined to issue an order *sua sponte*, Mr. Lee has already provided multiple, well-supported reasons why the execution date should not be July 13. Setting it for July 13 would be inadequate notice under the 5th Amendment, and would simply substitute one arbitrary, capricious decision for another.

The Government doesn't get to decide the law; the Judiciary does. Respectfully, the Court should decline the Government's invitation to side-step the legal issue squarely presented.

---

[2] The Government suggests that it is Mr. Lee who should have "promptly" notified the Court about its failure to file a Proposed Judgment and Order. But § 26.2 imposes no obligations on Mr. Lee; by contrast, it states that the Government **"shall"** file the Proposed Judgment and Order. The Government's citation to *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019) is inapposite. This is not a lethal injection challenge, or a collateral attack on the conviction and sentence. The BOP had no legal power to set an execution date, and the Government can't invoke "laches" or "diligence" to remedy that *ultra vires* act.

Respectfully submitted this 9th day of July, 2020.

MORRIS H. MOON
Bar Number 24032750 (TX)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (713) 880-3556
Email: Morris_Moon@fd.org

GEORGE G. KOUROS
Bar Number 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 9, 2020. This motion was served via this court's CM/ECF electronic case filing system upon:

JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1264
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

MICHAEL GORDON
JONATHAN D. ROSS
SHANNON S. SMITH
U. S. Attorney's Office
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
(501) 340-2600
michael.gordon@usdoj.gov
Jonathan.D.Ross@usdoj.gov
shannon.smith@usdoj.gov

GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org