IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA ) 
 ) 
 ) 
v. ) Case No. 4:97-CR-00243-LPR
 ) (Capital Case)
 ) 
DANIEL LEWIS LEE. ) 

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING HIS MOTION TO DECLARE HIS EXECUTION DATE NULL AND VOID**

The government's position is that, although not necessary in order for the government to proceed with the currently scheduled execution date, nothing prevents this Court from "entering the type of order envisaged in 28 C.F.R. § 26.2 memorializing the authority of the Bureau of Prisons to set an execution date and its exercise of that authority in this case." Dkt. 1422, at 2. In his supplemental brief, defendant Daniel Lewis Lee essentially concedes this critical point. Specifically, he not only confirms his view that the Court has the authority to issue an order setting the execution date for July 13, 2020, Dkt. 1421, at 2, but also does not dispute that the Court may at this time grant a § 26.2 order confirming the authority of the Bureau of Prisons to set an execution date, Dkt. 1421, at 2. As to that latter point, he states that if the Court were to do so, "the BOP would now have in hand a valid order to implement the death sentence and it would be within its right to pick a date

1

and issue notice to Mr. Lee." Dkt. 1421, at 2. He then proceeds to make various arguments as to why his execution should not go forward on July 13, 2020, but his arguments are unsound.

Contrary to Lee's argument (Dkt. 1421, at 3), he has received the notice required by 28 C.F.R. § 26.4 as to his execution date. As relevant here, § 26.4 provides that "[t]he Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance." 28 C.F.R. § 26.4. Lee has received more than 20 days' notice of his currently scheduled execution date of July 13, 2020. Lee's initial execution date of December 9, 2019, did not go forward because two courts enjoined or stayed execution to consider other claims filed by Lee. After those holds were lifted (by June 1, 2020), the Bureau of Prisons on June 15, 2020, notified Lee that his execution would take place on July 13, 2020, 28 days later. Dkt. 1400-3. Accordingly, Lee received more than the minimum 20 days' notice required by § 26.4. Although Lee apparently believes that § 26.4 requires a 20-day period between issuance of the order contemplated by § 26.2 and his execution date, that requirement is nowhere in the regulations, and indeed, § 26.4 does not even mention the § 26.2 order. Rather, § 26.4 merely requires notification to "the prisoner under sentence of death of the date designated for execution at least 20 days in advance." Accordingly, even if the Bureau of Prisons needed an order of the Court to carry out the

2

execution scheduled for July 13, 2020, there is no lack of notice preventing this Court from issuing such an order.

Lee's other arguments against this Court issuing an order confirming the July 13, 2020 execution date are misplaced. Lee has had a full and fair opportunity to litigate his claims, and his primary claims have repeatedly been rejected not only on procedural grounds but on the merits. *See, e.g.*, Dkt. 1413, at 7-10. Although Lee asserts he has "active litigation" pending, Dkt. 1421, at 3, any claim that he needs more time to resolve that litigation should be handled through the normal mechanism of seeking a stay in the relevant case, and he should have to satisfy the stringent standards for obtaining a stay. Also, Lee acknowledges that he has "no enforceable rights" with respect to the clemency process, Dkt. 1421, at 4, and in any event, Lee did not resubmit a clemency petition after withdrawing a prior petition and does not claim that he is actively pursuing clemency. And finally, as we thoroughly explained, any non-compliance with the provisions of § 26.2 does not warrant postponing the execution, particularly given the regulations do not provide a sanction for non-compliance and Lee had adequate notice and has suffered no prejudice. Dkt. 1422, at 4-5.

3

Respectfully submitted,

CODY HILAND                          BRIAN C. RABBITT
United States Attorney               Acting Assistant Attorney General
Eastern District of Arkansas

                                     JOHN M. PELLETTIERI
JONATHAN D. ROSS                     Bar Number 4145371 (NY)
Assistant United States Attorney     Attorney, Appellate Section
Eastern District of Arkansas         Criminal Division
                                     U.S. Department of Justice
                                     950 Pennsylvania Ave., N.W., Rm. 1260
                                     Washington, D.C. 20530
                                     (202) 307-3766
                                     john.pellettieri@usdoj.gov

July 9, 2020

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on July 9, 2020, before 5 pm. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

JOHN M. PELLETTIERI
Bar Number 4145371 (NY)
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov